IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 21-cr-10158-MLW-JGD |
| ) | |
| WEMERSON DUTRA AGUIAR, *et al.* ) | |
| ) | |
| Defendants ) | |

## ASSENTED-TO MOTION FOR PROTECTIVE ORDER

The government hereby moves for the entry of a protective order, which will enable the government to produce relevant evidence to the defendants while protecting confidential information, including victim Social Security numbers and driver's license numbers, and defendant bank account numbers. As grounds for this motion, the government states as follows:

The indictment alleges that the defendants conspired to commit wire fraud by obtaining images of victims' driver's licenses and Social Security numbers, creating fraudulent driver accounts using these identifiers, and renting or selling those accounts, generally to individuals who did not otherwise qualify to drive for the rideshare and delivery service companies. As part of its investigation, the government has executed search warrants on the iCloud accounts of defendants Wemerson Dutra Aguiar and Priscila Barbosa. These iCloud accounts contain thousands of images of victims' driver's licenses and Social Security cards, as well as WhatsApp chats in which victims' driver's license and Social Security numbers were exchanged between conspirators. Many of these chats are thousands of pages long. The government has also collected a large quantity of bank account information of conspirators, as well as information from the rideshare and delivery companies which contains victims' driver's license and Social Security information and conspirators' bank information.

The government wishes to produce these materials, both in an attempt to move the case toward resolution or trial, and to guard against the possibility that the documents contain information the defendant might argue is material to his defense.  Because of the sensitive nature of the documents in question, however, the government does not wish to produce the materials without a protective order, and the quantity and nature of the materials make redaction infeasible.

For those reasons, the government moves, pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Local Rules 7.2 and 116.6, for a protective order and proposes that the Court enter the order attached.  The proposed protective order differentiates between classes of discovery material, with some materials subject to greater restrictions than others.  The proposed protective order defends against the possibility that the disclosure of victim information leads to their revictimization, either by defendants or by others to whom documents might be disclosed in the absence of a protective order like the one proposed.

    Respectfully submitted,

    NATHANIEL R. MENDELL
    Acting United States Attorney

By:   */s/ David M. Holcomb*
    Kristen A. Kearney
    David M. Holcomb
    Assistant U.S. Attorneys

### Certificate of Service

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: June 15, 2021    */s/ David M. Holcomb*
    Assistant United States Attorney

## Local Rule 7.1 Certification

  I certify that I have conferred with counsel for defendants and counsel assents to this motion.

Dated: June 15, 2021            */s/ David M. Holcomb*
                      Assistant United States Attorney