AO 472 (Rev 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| THIAGO DE SOUZA PRADO ) | Case No.   21-10158-MLW |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator):* There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ (1) the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
      § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ (b) an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ (c) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
      Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
      (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ (d) any felony if such person has been convicted of two or more offenses described in subparagraphs
      (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses
      described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
      jurisdiction had existed, or a combination of such offenses; **or**
    ☐ (e) any felony that is not otherwise a crime of violence but involves:
      (i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
      (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; *and*
  ☐ (2) the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
    § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise
    to Federal jurisdiction had existed; *and*
  ☐ (3) the offense described in paragraph (2) above for which the defendant has been convicted was
    committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*
  ☐ (4) a period of not more than five years has elapsed since the date of conviction, or the release of the
    defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev 11/16) Order of Detention Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ☐ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

  ☐ (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ☐ (4) an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ☐ (5) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

  ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

  **OR**

  ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III – Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

  ☑ Weight of evidence against the defendant is strong
  ☑ Subject to lengthy period of incarceration if convicted
  ☐ Prior criminal history
  ☐ Participation in criminal activity while on probation, parole, or supervision
  ☐ History of violence or use of weapons
  ☐ History of alcohol or substance abuse
  ☑ Lack of stable employment
  ☑ Lack of stable residence
  ☐ Lack of financially responsible sureties

- ☐ Lack of significant community or family ties to this district
- ☒ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☒ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☒ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The defendant is charged in a multi-defendant indictment with conspiracy to commit wire fraud in violation of 18 U.S.C. s. 1349. He was originally charged in a criminal complaint which details a complex scheme involving 18 Brazilian nationals "(1) to open driver accounts with various rideshare and delivery service companies using stolen identities and/or falsified documents; and (2) to make money by renting or selling those fraudulent accounts to individual drivers who might not otherwise qualify to drive for those services, and by exploiting referral bonus programs offered by the companies." Compl. par. 3. As part of this scheme, the defendants used GPS spoofing devices to circumvent the companies' fraud detection systems and provide false GPS data. The government alleges that there are approximately 2,000 victims of this fraud whose identifies have been misued. The government alleges that "as part of the scheme, PRADO prepared and submitted applications using fraudulent identifiers; rented and sold fraudulent driver accounts; purchased and traded driver's licenses and Social Security numbers; sold GPS 'spoofing' technology' to drivers; and exchanged information with other conspirators about how to circumvent the Rideshare/Delivery Companies' fraud detection systems." Compl. par. 77. Prado's phone number is used for various false accounts, and his photograph was used for a number of other drivers' accounts. Compl. par. 78-83. The government has met its burden of proving by a preponderance of evidence that no condition or combination of conditions of release will reasonably assurethe defendant's appearance as required.

Prado has been in the United States since 2003. He is subject to removal proceedings but has filed an application for asylum and has employment authorization. He lives in Florida with his wife, their minor child and he has a minor stepson. He has another son who lives with the son's mother in Massachusetts. Prado's mother and sisters live in Massachusetts as well. He has a minimal criminal record including two charges of domestic assault and battery which were dismissed. The defendant was originally arrested in Florida, where he was ordered released after a hearing. The government appealed and the release was reversed by a Massachusetts District Judge. The defendant then moved for release.

After careful consideration of the record before me, including the opinion of the Magistrate Judge in Florida, I find that the government has met its burden and the defendant's motions for release is denied. Given the complexity of the scheme charged, the extremely large number of false identifications used, which this defendant helped create, and the great amount of cash that the scheme generated, the risk of flight is too high. While the defendant contends that he does not have ties to Brazil any more, other charged defendants have fled to Brazil, a country which will not extradite its citizens. The defendant was an active participant, if not a leader, of the scheme. I do not find that the proposed conditions adequate to assure the defendant's appearance. Without limitation, in light of the fact that the scheme alleged involved manipulating GPS, electronic monitoring is not a viable option. The defendant shall be detained.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:    10/05/2020                                    /s/ Judith Gail Dein
                                                       United States Magistrate Judge