UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------)_____
UNITED STATES OF AMERICA                               )
                                                       )
v.                                                     )   Docket No. 21-10158-7-MLW
                                                       )
                                                       )
THIAGO DE SOUZA PRADO                                  )
_____)
```

## MOTION FOR REVOCATION OF ORDER OF DETENTION
## AND REQUEST FOR HEARING

The Defendant Thiago De Souza Prado ("Defendant" or "Prado") moves this Honorable Court to revoke the order of detention entered on July 1, 2021, and release him on conditions sufficient to ensure his appearance in court. See 18 U.S.C. §3142 (f).

Prado filed a Motion For Release From Custody on July 13, 2021. See Document 141. After the filing of the motion, new counsel was appointed to represent Defendant and a hearing was held on September 28, 2021, before the Magistrate Judge assigned to the case. See Docket Entry 198. On October 5, 2021, the Magistrate Judge denied the Motion For Release From Custody, and issued a further Order Of Detention Pending Trial. See Document 200. The Magistrate Judge found that the government had met its burden of demonstrating that "no condition or combinations of conditions of release will reasonably assure the defendant's appearance as required." Id. at page 3.

The circumstances of Prado's arrest in Florida, transfer to and detention in Massachusetts are set forth in Defendant's Motion For Release From Custody, which is incorporated herein by reference. See Document 141 at pages 1-3.

*Argument*

The Defendant is entitled to file a motion for review of a magistrate's detention order and such motion "shall be determined promptly." 18 U.S.C. §3145(b). The review is de novo. See, e.g., *United States v. Leon*, 766 F.2d 77 (2d Cir. 1985); *United States v. Delker*, 757 F.2d 1390 (3d Cir. 1985); *United States v. Maul*, 773 F.2d 1479 (8th Cir. 1985). This Court should reverse the detention order in this case, where the facts and circumstances clearly merit Defendant's release on pretrial conditions. See Document 141 at pages 7-15.

As a general proposition, the Bail Reform Act requires that a court should "bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225 at 7, as reprinted in 1984 U.S.C.CA.N. 3182, 3189); see *United States v. Salerno*, 481 U.S. 739, 755 (1987) (suggesting that "detention prior to trial or without trial is the carefully limited exception" to liberty before trial). One charged with a crime is, after all, presumed innocent. See generally *Stack v. Boyle*, 342 U.S. 1, 4 (1951). Due to the crucial interests involved, it follows that a "case-by-case" approach is required at any stage of the case in assessing the propriety of pretrial detention. See *United States v. Gonzales-Claudio*, 806 F.2d 334, 340 (2d Cir. 1986) (discussing due process analysis for evaluating propriety of prolonged pretrial detention, and the interests at stake) (citations omitted), cert. dismissed sub nom., *Melendez-Carrion v. United States*, 479 U.S. 978 (1986).

The Magistrate in this case cited in support of her decision, inter alia, that electronic monitoring as proposed by Defendant was "not a viable option", without exploring whether technology or other means exist to ensure that Defendant could not "manipulate" the system.

2

Document 200 at page 3. The Magistrate also seemed to suggest that the nature of the charges and weight of evidence militate against release. See id. The "weight of the evidence" has been deemed "the least important" of the factors to be considered in a detention hearing. See *United States* v. *Townsend*, 897 F. 2d 989, 994 (9th Cir. 1990). Over reliance on the facts of the case to deny release would vitiate the presumption of innocence, as noted above. Moreover, the Magistrate's reliance on the flight of other defendants to support the denial of Defendant's release is "improper" in the absence of evidence that Defendant was aware of their attempts to flee or assisted in those efforts. See *United Sates v. Prado,* ECF No. 6, Docket No. 21-mj-08175-BER (S.D. Fla. May 24, 2021). {hereinafter Release Order"].

The Bail Reform Act requires the Court to impose "the least restrictive [ ] condition, or combination of conditions, that [it] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). The defense submits that there are conditions of release that can be crafted in this case that will mitigate any risk of flight Defendant may pose, and these are set forth in Magistrate Judge Reinhart's decision in his Release Order. The Court could impose restrictions on "personal associations, place of abode, or travel", to include curfews, electronic monitoring, GPS monitoring, and home detention. 18 U.S.C. §3142(c)(1)(B)(iv) & (vii).

In light of the circumstances outlined above, and in Defendant's previously filed Motion For Release From Custody, the Defendant respectfully submits that this Court should revoke the detention order previously entered, and release Defendant on conditions, as imposed by the Magistrate Judge in Florida, or if deemed necessary, additional conditions that will alleviate "any serious risk that the defendant will flee." 18 U.S.C. §3142(f)(2)(A).

Respectfully submitted,

*/s/John F Palmer*
John F. Palmer
B.B.O.#387980
18 Main Street Extension
Suite 201B
Plymouth, MA 02360
Tel: 617-943-2602

CERTIFICATE OF SERVICE

I, John F. Palmer, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on October 25, 2021.

*/s/John F. Palmer*