IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 21-cr-10158-7-MLW-JGD |
| ) | |
| (7) THIAGO DE SOUZA PRADO ) | |
| ) | |
| Defendant ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT THIAGO PRADO'S
MOTION FOR REVOCATION OF ORDER OF DETENTION**

The government respectfully opposes Defendant Thiago Prado's motion to revoke the operative detention order and to release Prado on conditions (ECF No. 211).[1] Prado asks the Court to substitute the judgment of the Magistrate Judge assigned to this case with the earlier conclusion of a Magistrate Judge in the Southern District of Florida following Prado's arrest there in May 2021. The Court should reject Prado's invitation.

The government sought Prado's detention under 18 U.S.C. § 3142(f)(2)(A) based on the serious risk that Prado will flee. As the government detailed in its motion to revoke the release order entered in the Southern District of Florida (ECF No. 69) and during its proffer of evidence at the detention hearing in this District (*see* transcript, attached as Exhibit 1, at 8-15), detention is supported by the nature and circumstances of the offenses with which Prado is charged, the weight

---

[1] Prado's motion references the order of detention that the Court entered on July 1, 2021 following Prado's consent to detention (ECF No. 136). Prado later sought a hearing on the issue of detention (ECF No. 141), and the government opposed Prado's release (ECF No. 152). Following a detention hearing on September 28, 2021, Magistrate Judge Judith G. Dein denied Prado's motion for release and entered an order of detention on October 5, 2021 (ECF No. 200).

1

of the evidence against Prado, and Prado's history and characteristics.[2]  Magistrate Judge Dein concluded that the "risk of flight is too high" and that "the government has met its burden of proving by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure [Prado's] appearance as required."  ECF No. 200 at 3.  Accordingly, Magistrate Judge Dein ordered Prado detained.

Prado specifically objects to two aspects of Magistrate Judge Dein's detention order: (i) the observation that other defendants charged in this case fled to Brazil and (ii) the conclusion that electronic monitoring is "not a viable option" for assuring Prado's appearance.  Neither objection merits revocation of the detention order.

First, Prado's specific circumstances demonstrate a serious risk of flight.  The government alleges that Prado used numerous false or stolen identities and identification documents in the rideshare fraud scheme.  Prado faces a two-year mandatory minimum for aggravated identity theft in addition to a sentence for wire fraud conspiracy, with enhancements based on the number of victims and the use of unauthorized identification devices.  Prado is a citizen of Brazil, which does not extradite its own citizens.  He is not authorized to remain in the United States, and an ICE detainer was lodged in May 2021.  Prado's spouse is also a Brazilian national without immigration status, and Prado's family could return to Brazil with him.  In sum, Prado can readily avoid a sentence altogether by fleeing to Brazil now rather than being removed to Brazil later.

While the Court must make an individualized determination of Prado's risk of flight, the Court need not shut its eyes to the flight of others in similar circumstances, with nearly identical

---

[2] Prado suggests that the October 5 detention order improperly relied on the nature of the charges and the weight of the evidence.  *See* Motion at 3.  However, 18 U.S.C. § 3142(g) expressly instructs the judicial officer to take these factors into account, and the government is unaware of First Circuit authority disfavoring either factor.

incentives. Following arrests of others in this case in May 2021, two co-defendants crossed the border into Mexico without detection and were arrested in Panama while boarding a connecting flight to Brazil. Two other co-defendants crossed into Mexico and evaded arrest by flying directly to Brazil. The government does not ask the Court to impute these individuals' conduct to Prado. Rather, this experience demonstrates the ease and appeal of fleeing, rather than facing prosecution in this case, which is relevant to an informed assessment of Prado's risk of flight.

Second, location monitoring cannot reasonably assure Prado's appearance. The government alleges that Prado and co-defendants used GPS spoofing devices to provide false GPS data and to circumvent fraud detection systems. Prado's willingness and ability to manipulate location data and use false identities cautions that seizing Prado's passport and monitoring his location would be insufficient. Further, the Court need not engage in extensive fact-finding about the electronic monitoring technology to conclude that Prado presents too high a risk of interfering with a location signal or cutting an ankle bracelet in order to avoid serving any sentence. Even the most stringent conditions available—home detention with GPS monitoring—would not sufficiently address the overriding attraction of fleeing to Brazil and the risk that Prado would do so by circumventing or jettisoning a monitoring device.

Accordingly, Prado's motion should be denied.

                                                        Respectfully Submitted,

                                                        NATHANIEL R. MENDELL
                                                        Acting United States Attorney

                              By:    */s/ David M. Holcomb*
                                          DAVID M. HOLCOMB
                                          Assistant U.S. Attorney

Dated: November 5, 2021

## CERTIFICATE OF SERVICE

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: November 5, 2021

                                            */s/ David M. Holcomb*
                                            DAVID M. HOLCOMB
                                            Assistant U.S. Attorney