UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 21-10158-7-MLW |
| ) | |
| THIAGO DE SOUZA PRADO, ) | |
| Defendant. ) | |

MEMORANDUM & ORDER

WOLF, D.J.                                                December 17, 2021

On November 29, 2021, defendant Thiago De Souza Prado filed a motion requesting that he be allowed to represent himself in this criminal case. See Dkt. No. 236. On December 2, 2021, his court-appointed attorney, John Palmer, Esq., moved to withdraw because of Prado's motion to represent himself. See Dkt. No. 239.

On December 17, 2021, the court conducted a hearing on the pending motions. The court warned Prado of the grave risks if he chose to waive his constitutional right to counsel and represent himself, and questioned him extensively to determine whether or not he understood those risks. See, e.g., Faretta v. California, 422 U.S. 806, 836 (1975); United States v. Jones, 778 F.3d 375, 389 (1st Cir. 2015); United States v. Beasley, 12 F.3d 280, 285 (1st Cir. 1993). Prado was resolute in his desire to exercise his constitutional right to represent himself. See Faretta, 422 U.S. at 836. The court concluded that Prado had knowingly and voluntarily waived his right to counsel. Therefore, his motion to proceed pro se is being allowed.

Mr. Palmer offered to continue to serve as standby counsel to assist Prado. Prado said he would welcome Mr. Palmer's assistance in that capacity. Prado does not have a constitutional right to standby counsel. See United States v. Bova, 350 F.3d 224, 226 (1st Cir. 2003). However, the court found that it would serve the interests of the administration of justice to appoint Mr. Palmer as standby counsel for Prado at least with regard to pretrial proceedings.

Therefore, it is hereby ORDERED that:

1. Prado's Motion to Proceed Pro Se (Dkt. No. 236) is ALLOWED.

2. Mr. Palmer's Motion to Withdraw as Counsel (Dkt. No. 239) is ALLOWED. However, Mr. Palmer shall now serve as standby counsel for Prado, at least with regard to pretrial proceedings, and shall continue to be compensated pursuant to the Criminal Justice Act.

3. The parties shall order the transcript of the December 17, 2021 hearing.

                                                  /s/ Mark L. Wolf
                                     UNITED STATES DISTRICT JUDGE