FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2021 DEC 23 PM 12: 37

U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| V. | : Case No. 1:21-cr-10158-MLW |
| | : |
| Thiago De Souza Prado, | : |
| Defendant | : |

# DEFENDANT'S MOTION TO DISMISS FEDERAL INDICTMENT FOR FAILURE TO STATE A FEDERAL SUBSTANTIVE GENERIC LEGALLY COGNIZABLE WIRE FRAUD OR CONSPIRACY OFFENSE

Now into court comes the Defendant Thiago Prado, in the above style and cause moves the Honorable Court to make judicial notice of all facts raised within said motion and now asks the court to use its supervisory powers to dismiss his criminal indictment for failure to state a federal generic cognizable wire fraud or conspiracy offense.

## Reasons for granting Mr. Prado's Motion

**PART "A"**

The title **18 U.S.C. 1349** conspiracy statute only allows Mr. Prado to be charged with either "attempt" or "conspiracy" as a substantive offense – Therefore, conspiracy to : commit wire fraud are not "acts of congress" that could be prosecuted **under 18 U.S.C. 1349** statutory conspiracy statute...

The gravamen of Mr. Prado's argument revolves around congress federal wire fraud conspiracy statute not criminalizing the following wire fraud offenses under title 18 U.S.C. 1349. See **United States v. Whitely, 737 Fed. Appx 147** (4th Cir. 2018).

The Supreme Court in the case of **United States v. Maze, 414 U.S. 395** (1973) made it clear that it is for Congress, not the United States Supreme Court, to extend the federal mail fraud statute **18 U.S.C. 1341** to include fraudulent schemes not presently covered by the statute. Moreover, as the present case of Mr. Prado's argument falls on all four squares with the dicta of the holding of **United States v. Maze, 414 U.S. 395** (1973) that also establishes that

: it is for congress, not the Supreme Court, to extend the federal conspiracy statute **18 U.S.C. 1349** to include "wire fraud" not presently covered in the statute.

However, even if the defendant Mr. Prado had committed wire fraud, which he did not, wire frauds are not proscribed by the provision under which Mr. Prado has been convicted under. *See* **title 18 U.S.C. 1349** – even if Mr. Prado committed wire fraud which he has not are not cognizable offenses under **18 U.S.C. 1349** conspiracy statute. *See* **United States v. Posnjak, 457 F.2d 1110** (2nd Cir. 1972).

The Second Circuit Court of Appeals was confronted with a similar argument as Mr. Prado argues now before the court in Posnjak – In the case of Posnjak, the court reversed Defendant's convictions and ordered the indictment dismissed, holding that the sale was not prescribed by the provisions under which defendant was convicted. The dynamite, which as an objective meter did not fall under the specific categories in **26 U.S.C. 5845** (F), the definition of "destructive device" in the National Firearms Act **26 U.S.C. 5801 et. Seq.**, was not brought within their coverage by defendant's intent. The Gun Control Act, **18 U.S.C. 921 et. Seq.**, did not adequately regulate, or touch at all, the activities proscribed by the Explosives Act, **18 U.S.C. 841 et. Seq.**

Accordingly, Mr. Prado's argument about our Congress/Legislatures Non-Detention Act forbids the prosecution of Mr. Prado substantive conspiracy charges because "the wire fraud crimes" are not cognizable offenses under **18 U.S.C. 1349.** Therefore, Mr. Prado federal criminal charges "conspiracy to commit wire fraud" are not prescribed by the provisions of **18 U.S.C. 1349** conspiracy statute. *See* **United States v. Posnjak, 457 F. 2d 1110** (2nd Cir. 1972).

**PART "B"**

**NON-DETENTION ACTS OF CONGRESS: CONSPIRACY TO COMMIT WIRE FRAUD ARE NOT "COGNIZABLE OFFENSES UNDER 18 U.S.C. 1349" AS A MATTER OF LAW...**

The gravamen of the charged defendant Mr. Prado's novel arguments being raised for the first time within the present petition at hand revolves around our Legislatures not criminalizing Mr. Prado federal indictment charges: Conspiracy to commit wire fraud under **18 U.S.C. 1349** statutory offense. **Bousely v. United States, 523 U.S. 614** (1998).

Under the Nation's Federal System, it is only Congress, and not the Courts, which can make conduct criminal. **United States v. Lanier, 520 U.S. 259,267-278** (1997); **United States v. Hudson, 7 Cranch 32, 3 L Ed 259** (1812). The Legislature possesses the power to define crimes and their punishment. Moreover, the policies favoring strict construction of federal criminal statutes oblige the United States Supreme Court to carry out congressional intent as far as the federal constitution will admit.

The Supreme Court has held that: "with respect to a federal statute which has been codified, the Legislative intent of Congress is to be derived from the language and structure of the statute itself, if possible, not from the assertions of codifiers directly at odds with clear statutory language.

In the case of **Boyce Motor Lines v. United States, 96 LED 367, 342 U.S. 337** (1952), A criminal statute must be sufficiently definite to give notice of the required conduct to one who would avoid its penalties, and to guide the Judge in its application and the lawyer in defending one charged with its violation.

**Little Sisters of the Poor v. Pennsylvania, 207 LED2D 819 (2020) The Supreme Court has held: "it is fundamental principle of statutory interpretation that absent provisions cannot be supplied by the courts. This principle applies not only to adding terms not found in the statute, but also to imposing limits on an agency's discretion that are not found by the text.(such as, the 18 U.S.C. 1349 conspiracy statute that our Congress does not criminalize – "wire fraud offense. . ."**

It is not for the courts to rewrite a statute so that it covers what courts think is necessary to achieve what courts think Congress really intended (Thomas J., joined by Roberts Ch. J., and Alito Gorsuch, and Kavanaugh, JJ.).

Mr. Prado asserts that if our Congress really wanted to make title **18 U.S.C. 1349** conspiracy statute to prohibit "conspiracy to commit wire fraud", Congress would have done so. . . See **Re Heyward, 386 B.R. 919** (11th Cir. 2008).

The starting point in any case involving the meaning of a statute is the language of the statute itself. In construing a federal statute it is appropriate to assume that ordinary meaning of the language that Congress employed accurately expresses its legislative purpose for where the statutes language is plain, the sole function of the courts is to enforce it according to its terms. From Mr. Prado's argument now being raised before the court, this court can only conclude that, at least in this area, Congress says what it says – If Congress wanted to prohibit and make criminal "Conspiracy to commit wire fraud" under **18 U.S.C. 1349** conspiracy statute – our Congress would have said so. . .

Accordingly, the charged defendant Mr. Prado asserts that the government would have to acknowledge that the legislature made it conclusive when enacting **18 U.S.C. 1349** that conspiracy to commit wire fraud are not substantive offenses described in **18 U.S.C. 1349** federal conspiracy statute. Therefore, the District Court must take judicial notice that "Conspiracy to commit Wire Fraud" is not a cognizable wire fraud offense in light of **18 U.S.C. 4001(A)** Non-Detention Act.

Mr. Prado essentially contends that, since **18 U.S.C. 1349** conspiracy statute does not make certain conduct criminal or define offenses such as, conspiracy to commit wire fraud as a

**statutory element/ statutory offense** – The District Court should be barred from prosecution of Mr. Prado based on solid grounds of failing to charge a generic federal conspiracy offense.

The Supreme Court made clear in the case of **Simmons v. Himmelreich, 195 LED 106** (2016) that absent persuasive indications to the contrary, Courts presume Congress says what it means and means what it says. . . The plain text of **18 U.S.C. 1349** in the present case at hand that was created by our legislatures bars the courts from prosecuting Mr. Prado for Non-Detention Acts in light of **18 U.S.C. 4001(A)** *See* **Baldwin v. Franks, 30 LED 766, 120 U.S. 678** (1887).

A statute may be regarded as constitutional for one purpose and not for another. Moreover, all Federal Courts honor the same principle that "if the text of a criminal statute is plain, the sole function of the courts is to enforce it according to its term. **United States v. Safehouse, 985 F.3d 225** (3rd Cir. 2020).

Based upon the above argument and facts of law Mr. Prado requests the District Court to use its supervisory powers to prevent a further Miscarriage of Justice.

## PART "C"

**Mr. Prado moves to dismiss his indictment for failure to state a substantive generic legally cognizable wire fraud offense in light of United States v. Aleynikov, 676 F.3d 71 (2012)**

Mr. Prado argues that count one of his indictment is fatally defective because it charges defendants with a crime that does not exist. However, count one charges Mr. Prado and co-defendants with participating in a wire fraud conspiracy under **18 U.S.C. 1349** by alleging that defendants did knowingly and intentionally conspired together and with one another, to commit wire fraud. . . In violation of **18 U.S.C. 1349** and **18 U.S.C. 1343**.

In light of this Court of Appeals of **United States v. Aleyniko**, Mr. Prado requires the court to determine the scope of Congress federal criminal statute **18 U.S.C. 1349**. Since federal crimes are "solely creatures of statute", **Dowling v. United States, 473 U.S. 207, 213, 105 S. Ct. 3127, 87 L. Ed 2d 152** (1985). (Internal quotation marks omitted), a federal indictment can be challenged on the ground that it fails to allege a crime within the terms of the applicable statute. *See* **United States v. Pirro, 212 F.3d 86, 91-92** (2nd Cir. 2000). The sufficiency of an indictment and the interpretation of a federal statute are both matters of law that we review de novo. *See* **Fiero v. Fin. Indus. Regulatory Auth. Inc., 660 F.3d 569, 573** (2nd Cir. 2011); **Pirro, 212 F.3d at 92.**

Statutory Construction "must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose. **United States v. Albertini, 475 U.S. 675, 105 S. Ct. 86 L. Ed. 2d 582** (1985). "Due

respect for the prerogatives of Congress in defining federal crimes prompt restraint in this area, where we typically find a narrow interpretation appropriate." **Dowling, 473 U.S. at 213** (internal quotation marks omitted).

Because Conspiracy to Commit Wire Fraud are plainly not offenses enumerated by the **18 U.S.C. 1349** Conspiracy Act. This court must acknowledge that; conspiracy to "Wire Fraud" as defined in **18 U.S.C. 1343** is not an offense arising under "the Conspiracy Statute", but a separate and distinct offense. *See* **United States v. Rabinowhich, 59 LED 1211, 238 U.S. 78** (1915). *See* **American Tobacco Co. v. United States, 90 LED 1575, 328 U.S. 781** (1946).

Mr. Prado asserts that even if he had done nay Wire Fraud which he has not, it does not constitute as a federal offense under the federal conspiracy statute **18 U.S.C. 1349** because congress does not legally criminalize wire fraud under **1349.**

However, the District Court has to acknowledge that title **18 U.S.C. 1349** only applies to an "agreement only." Therefore, Mr. Prado's federal indictment for "conspiracy to commit wire fraud" is not a legally cognizable offense under **18 U.S.C. 1349** conspiracy statute.

**Mr. Prado's Federal Indictment Fails to State a Legally Cognizable Generic Federal Conspiracy Statute Offense... Because 18 U.S.C. 1349 Does Not Require an "Overt Act" – it is a Non-Generic Federal Conspiracy**

### FAILURE TO STATE AN OFFENSE:

Legal Standard

Under Federal Rule of Criminal Procedure 12(b)(3), a defendant must raise by "pretrial motion" any "defect in the indictment or information, including... failure to state an offense" Fed. R. Crim. P. 12(b)(3)(B)(v). When considering a rule 12(b)(3) motion, the question for the court is not whether the government has presented enough evidence to support the charge, but merely whether the indictment alleges the required elements of the change, but merely whether the indictment alleges the required elements of the charged offense. **United States v. Stewart, 744 F.3d 17** (1st Cir. 2014). **Boyce Motor Lines, Inc v. United States, 342 U.S. 337, 343 N.16, 72 S. Ct. 329, 96 L. Ed 367** (1952).

The Eighth Circuit Court of Appeals held in the case of **United States v. Mallen, 843 F.2d 1096** (8th Cir. 1987). The sufficiency of an indictment is a jurisdictional issue which may be considered at any time, Fed. R. Crim. P. 12(b)(2), when an indictment is challenged for the first time after a verdict, it will be liberally construed in favor of sufficiency. There will be no reversal absent present prejudice unless the indictment cannot, within reason, be construed to charge a crime.

The Crux of Mr. Prado argument establishes that his federal indictment fails to allege a legally cognizable conspiracy offense that connotes a wire fraud offense. The indictment in this case alleged that the crimes Mr. Prado had conspired to commit were conspiracy to commit wire fraud.

**The Major Problem Here is that:**

**Mr. Prado federal indictment fails to state/charge a legally cognizable generic federal conspiracy.**

The Fourth Circuit Court of Appeals made it clear that: "because his prior **21 U.S.C. 846** convictions were not categorically a controlled substance offense under 4B1.2(b) as **846** conspiracy did not require an overt act and, thus, criminalized broader range of conduct than that covered by generic conspiracy. **United States v. Whitley, 757 Fed. Appx 147** (2018).

However, the Second Circuit District had followed the same approach as the Fourth Circuit Court of Appeals decision in **Whitley, 737 Fed. Appx 147** (4th Cir. 2018). In the case of **United States v. Maldonado, 636 Fed. Appx 807** (2nd Cir. 2016). The court has held: "because **21 U.S.C. 843(b)** does not contain altercative elements, it is an indivisible statute. Therefore, the categorical approach applies, and the court must compare the elements of the "generic" crime – i.e., the offense as commonly understood. Under the categorical approach, a prior conviction qualifies as a predicate only if the statute's elements are the same as, or narrower than, those of the generic offense. Because **846(b)** additional elements not included in the definition of a "controlled substance offense" is broader than the generic offense laid out in the U.S. sentencing guidelines.

The U.S. sentencing guidelines define "controlled substance offense" as an offense under federal state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of a controlled substance or the possession of a controlled substance with intent to manufacture, import, export, distribute, U.S. Sentencing Guidelines Manual 4b1.2. **United States v. Maldonado, 636 Fed. Appx. 807** (2nd Cir. 2016).

**The Government must acknowledge that "Conspiracy to Commit Wire Fraud" Are Legally Not a Cognizable Generic federal Offense – the Non-Detention Act forbids Non-Statutory confinement in Federal Prisons in light of 18 U.S.C. 4001(a)**

In the case of **Lono v. Fenton, 581 f.2d 645** (7th Cir. 1978); **Hamdi v. Rumsfeld, 542 U.S. 507, 159 L. Ed 2d 578, 124 S. Ct. 2633** (2004). Holding that **18 U.S.C. 4001(a)**, which was originally passed in 1971, provided that no United States citizen would "be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress."

Accordingly, the Seventh Circuit Court of Appeals made it perfectly clear in the **Lono v. Fenton, 581 F.2d 645**, decision the appeals court held that: "Congress has forbidden Non-Statutory confinement in federal prisons.

The Courts are fully aware that there are absolutely no common law offenses against the United States. *See* **United States v. Britton, 27 LED 698, 108 U.S. 199** (1883). As here in the present case at hand, Mr. Prado makes the same argument that; as his indictment for "conspiracy under a federal statute must be dismissed because it fails to allege a generic offense against the United States.

**18 U.S.C. 1349** operates as a common law conspiracy because the statute does not require "overt acts" to be proven to a jury beyond a reasonable doubt. However, the statute only criminalizes "conspiracy alone" – as a matter of law, **18 U.S.C. 1349** conspiracy statute does not criminalize "agreement only".

Therefore, conspiracy to commit fraud is not an "Illegal Criminal Act of Congress" under no federal statute at all.

## CONCLUSION

Mr. Prado asserts that the District Court use its Judicial Supervisory Powers to rule in the charged defendant's favor to prevent a Miscarriage of Justice upon the court or in the alternative, further deem whatsoever this Honorable Court feels that's just and appropriate.

Respectfully Submitted

By the defendant

Thiago De Souza Prado

950 High Street

Central Falls, RI 02863