United States District Court
District of Massachusetts

FILED
IN CLERKS OFFICE
2021 DEC 27 PM 3: 41
U.S. DISTRICT COURT

United States of America            )
                                    )     Case No. 1:21-cr-10158-MLW
v.                                  )
                                    )
THIAGO DE SOUZA PRADO               )
         Defendant,                 )

# DEFENDANT'S MOTION TO IDENTIFY THE SUBSTANTIVE OFFENSE OF COMMERCIAL ACTIVITES THAT'S USED BY THE GOVERNMENT TO CORROBERATE THEIR FEDERAL CRIMINAL CHARGES CREATED UNDER TITTLE 18 U.S.C. 1349 CONSPIRACY TO COMMIT WIRE FRAUD PURSUANT TO FED. R. CRIM. P. 12(B)

The Defendant Mr. Thiago De Souza Prado appears before this Honorable Court within his Pro-Se capacity to prevent a further miscarriage of justice pursuant to **Fed. R. Crim. P. 12(b)**. Mr. Prado requests from the government to "identify" any and all "Commercial Activities" that the government actually claims the charged Defendant, Mr. Prado has done in all actuality.

### In specification of offense,

*"Allegation of time and place should be definite enough to identify offense and enable accused to understand what particular act or omission he is called upon to defend, but defects in allegations of time are merely formal except where time and place is element of offense."*

See **United States v. Neville**, *7 CMR Lexis 1015* (A.F.C.M.R. Dec. 29, 1953).

The government must present competent evidence that would establish Mr. Prado has committed some sort of fraud to: *"obtain money or property 'by means of' [the] alleged fraud"* such as the charged defendant conducted in order to obtain funds by means of *"wire fraud"*. See **United States v. Berroa**, *856 F.3d 141, 148* (1st Cir. 2017).

The First Circuit Court of appeals in the case of **United States v. Tum**, *707 F.3d 68* (1st *Cir. 2013)* has held:

*"To prove wire fraud, the government had to show beyond a reasonable doubt his knowing and willful participation in a scheme to defraud and the use of interstate wires to further that scheme. The scheme has to 'employ material falsehoods' too – i.e., false or omitted statements that a reasonable person would consider important in deciding what to do. Also, the government need not show that defendant personally used the wires, but only that such use was a reasonably foreseeable part of the scheme in which he participated."*

*"18 U.S.C. 1343, the government must establish that a defendant knowingly and intentionally participated in "a scheme to defraud involving an interstate communication by wire."*

See **United States v. Denson**, *689 F.3d 21, 24* (1st Cir. 2012)

**The First Circuit Court of Appeals has also held;**

*"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years."* See **United States v. McLellan,** *959 F. 3d 442*

In the present case at hand, the government's charged indictment fails to inform Mr. Prado of the time, place, and date that the defendant committed any type of criminal conduct that may have affected interstate commerce. There are no criminal acts of any "Wire fraud" committed by Mr. Prado throughout the entire evidence produced by the government nor was there an act of actual "Wire Fraud" committed by Mr. Prado in the whole entire case at hand.

*"Every conspiracy hinges upon some preconceived plot or plan. The plan outlines the modus operandi agreed to be taken by the conspirators in their nefarious undertaking. The courts have consistently held, that the mere allegation of a conspiracy without setting forth clearly and succinctly held, that the mere allegation of a conspiracy without setting forth clearly and succinctly the essentials of the illegal agreement is insufficient to charge the crime of*

*conspiracy. There first must be an agreement to do certain illegal acts before a conspiracy is established. Unless preceding the acts there was an agreement to perform those specific acts, the acts themselves would be no evidence of a conspiracy."*

See **United States v. Kendzierski**, 54 F. Supp. 164 (2nd Cir. 1999)

The Government must inform Mr. Prado and give "Fair Warnings" of the nature and conduct our legislatures made criminal that they intend to execute penalties upon the charged defendant for being in direct violation of said alleged criminal accusations. However, the "offense specific location" must be conclusively established before trial courts so that Mr. Prado could create a defense to overcome the Government's manufactured criminal charges that was returned by the federal Grand Jury. See Marks v. United States, 430 US 188 (1977).

The Supreme Court held in the Marks case that: **"The principle on which the clause is based-the notion that persons have a right to fair warning of that conduct which will give rise to criminal penalties – fundamental to our concept of constitutional liberty, and as such, that right is protected against judicial action by the due process clause of the Fifth Amendment."**

An accused has the Right to a Fair Warning, in language that the common world will understand, of what the law intends to do if a certain line is passed: to make the warning fair, so far as possible the line should be clear; the principle is that no one shall be held criminally responsible for conduct for which the person could not reasonably understand to be prescribed: also the requirement of fair warning reflects the deference due to the legislature. United States v. Lanier, 520 US 259 (1997).

Accordingly, in the present case at hand Mr. Prado asks the government to identify the commercial activity at hand that the government must establish to substantiate this Honorable Court jurisdiction. However, the government must acknowledge the Federal Courts Commerce Powers – To where the Federal Law is Crystal Clear that; "Where there is no Commercial Dealings – There is no Wire Fraud Crime Committed in light of the Supreme Court Interpretation of what qualifies as a Federal Wire Fraud Crime. See Lopez v. Gonzales, 549 U.S. 47 (2006).

The government must acknowledge **"An Agreement Only"** must be exceeded the authority of Congress to regulate commerce among the several states under the commerce clause and that the **"Agreement Only"** could not be sustained as a regulation of an activity that

substantially affects interstate commerce, because (1) the **"Agreement Only"** is a criminal statute that by its terms has nothing to do with commerce or any sort of economic enterprise. *See* United States v. Lopez, 514 U.S. 549 (1995).

Based upon the case authority of the highest Court of the land, Mr. Prado requests the district court to identify where his commercial activity has taken place so that he may be able to prove his innocence before court by establishing that the Government is incapable of proving that the charged defendant has committed any type of Fraudulent crime/offense in light of United States v. Denson, 689 F.3d 21, 24 (1st Cir. 2012).

## Conclusion

The defendant Mr. Prado prays that the Honorable District Court would take judicial notice of all the above raised within the said **Motion to Identify Substantive Offense of Commercial Dealings** to help prevent a further miscarriage of justice or in the alternative deems whatsoever the court feels that is just and appropriate.

Respectfully Submitted

_____

12-20-21

## Certificate of Service

I, Thiago De Souza Prado, place the said above Motion in the Mail Box under the Mail Box rule here at the Donald Wyatt Detention Facility to be mailed to the following:

United States District Court

For The District of Massachusetts

The Office of the Clerk

1 Courthouse Way

Boston MA 02210


Respectfully Submitted

By the defendant

Thiago De Souza Prado

_____

950 High Street

Central Falls, RI 02863