IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-cr-10158-7-MLW |
| | ) | |
| (7) THIAGO DE SOUZA PRADO | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT THIAGO PRADO'S *PRO SE* MOTIONS**

The United States respectfully opposes Defendant Thiago Prado's motion to dismiss the operative indictment (ECF No. 262) and his "motion to identify substantive offense of commercial dealings" (ECF No. 265). Prado's motions should be denied because they are incomprehensible, misstate the law, and raise no valid issues entitling Prado to any requested relief.

In his motion to dismiss the indictment, Prado appears to contend that conspiracy under 18 U.S.C. § 1349 does not encompass conspiracy to commit wire fraud. This is plainly incorrect. Section 1349 makes it a crime to "conspire[] to commit any offense under this chapter"; "this chapter"—Title 18, Chapter 63—includes wire fraud, 18 U.S.C. § 1343. None of the cases that Prado cites calls into question the clear application of § 1349 to conspiracy to commit wire fraud.

In the "motion to identify substantive offense of commercial dealings," Prado suggests that the operative indictment fails to inform him of the time and place of the alleged criminal conduct and fails more generally to give him fair warning of the allegations against him. He offers no explanation of how the indictment fails in these respects. The Second Superseding Indictment (ECF No. 189) outlines the fraudulent rideshare account conspiracy in sufficient detail, including time and place (¶ 32), object (¶ 33), and manner and means (¶ 34). It includes specific allegations

1

of Prado's involvement in the conspiracy (*see, e.g.,* ¶¶ 39-41, 47, 53, 55-56) as well as the predicate conduct for the aggravated identity theft charge against him (¶ 47(g)). Prado has identified no deficiency in the indictment entitling him to whatever relief it is that he seeks through this motion.

Accordingly, Prado's motions should be denied.

                                              Respectfully Submitted,

                                              NATHANIEL R. MENDELL
                                              Acting United States Attorney

By:   */s/ David M. Holcomb*
       DAVID M. HOLCOMB
       Assistant U.S. Attorney

Dated: December 29, 2021

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, including standby counsel for *pro se* Defendant Thiago Prado, and that a paper copy will be sent by mail to Prado.

Dated:  December 29, 2021

                                              */s/ David M. Holcomb*
                                              DAVID M. HOLCOMB
                                              Assistant U.S. Attorney