FILED
IN CLERKS OFFICE

United States District Court  2022 JAN -3  PM 12: 54
District of Massachusetts

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Case No. 1:21-cr-10158-MLW |
| v. | ) | |
| | ) | |
| THIAGO DE SOUZA PRADO | ) | |
| Defendant, | ) | |

**DEFENDANT MOTION TO DISMISS COUNT NINE OF HIS FEDERAL INDICTMENT OF "AGGRAVATED IDENTITY THEFT" BASED ON SOLID GROUNDS OF INDICTMENT FAILURE TO PROVIDE DUE PROCESS NOTICE AND FAILURE TO STATE AN OFFENSE IN LIGHT OF UNITED STATES v. BULGER, 928 F. Supp. 2d 305 (1ST Cir. 2013); UNITED STATES v. ROSA-ORTIZ, 348 F. 3d 33 (1ST Cir. 2003). PURSUANT TO FED. R. CRIM. P. 12(b)**

Now into Court comes the charged Defendant, Mr. Thiago De Souza Prado in the above style and cause; moves this Honorable Court to dismiss Count Nine of his federal indictment of *"Aggravated Identity Theft."* Based on solid grounds of the indictment failing to provide Due Process Notice and failure to state an offense in light of United States v. Bulger, *928 F. Supp. 2d 305* (1ST Cir. 2013); United States v. Rosa-Ortiz, *348 F. 3d 33* (1ST Cir. 2003). Pursuant to **Fed. R. Crim. P. 12(b)**

**The First Circuit District Court in the case of United States v. Bulger (citations omitted) the court has held that;**

*"Properly viewed, Fed. R. Crim. P. 12 is intended to encourage the resolution of disputes of law prior to trial. To this end, the rule permits the filing of pretrial motions relative to any defense, objection, or request that the court can determine without a trial of the general issue, Fed. R. Crim. P. 12(b), and requires the court to decide any such motion if deferring a ruling on a motion would adversely affect a party's right to appeal, or where no good cause for deferral exists.*

*Fed. R. Crim. P. 12 clearly envisions that a district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion so long as the court's findings on the motion do not invade the province of the ultimate finder of fact. Indeed, the rule in its original incarnation defined issues susceptible to pretrial determination as those in which a jury trial was not*

*required 'under the Constitution or an Act of Congress.' Fed. R. Crim. P. 12(4) (1944). Although the reference to issues that must be tried by the jury was deleted as surplusage, the deletion was not intended to effect any change in existing law or practice. Rather, the rule embodies the longstanding presumption in favor of pretrial resolution of matters to which no jury right attaches.*

*The objections and defenses referred to in Fed. R. Crim. P. 12(b)(2) are all legal bars to prosecution: former jeopardy, former conviction and former acquittal, and statute of limitations. 'Lack of jurisdiction' and 'failure of indictment or information to state an offense' similarly preclude prosecution entirely when raised by substantiated motion. Immunity is no different. It is a legal bar to prosecution, not a defense at trial."*

## This District Court held in United States v. Rosa-Ortiz, 348 F. 3d 33 (1st Cir. 2003):

*"Jurisdictional challenges to an indictment may be raised at any time, Fed. R. Crim. P. 12(b)(3)(B), including for the first time on appeal.*

*As the United States Court of Appeals for the First Circuit explains, a federal court has jurisdiction to try criminal cases only when the information or indictment alleges a violation of a valid federal law. A federal court similarly lacks jurisdiction to enter a judgment of conviction when the indictment charges no offense under federal law whatsoever."*

## Reasons for Granting Motion:

**-Legal Standard**

**Part "A"**

## Failure to Give Process Notice Violation – Government not Stating the Identity of the "Victim/Business" Involved – Government not Stating Time and Place of the Offense being Comitted in Mr. Prado's Federal Indictment

The Crux of the charged Defendant, Mr. Prado's argument revolves around the Government's Federal Indictment returned by the Grand Jury fails to inform the Defendant of his nature of charges that results to a clear violation of his Due Process rights to a fair notice. In light of **Armstrong v. Manzo,** *85 S. Ct. 1187, 14 LED2D 62, 380 US 545 (1965); and* **Argersinger v. Hamlin**, *92 SCT 2006, 32 LED2D 530, 92 SCT 2006 (1972).*

2

**The questions before the court are whether failure to notify a petitioner of the pendency of the adoption of his federal criminal charges of "*Aggravated Identity Theft*" failing to identify the name of the Victim(s) involved has deprived him of due process of law as to render Mr. Prado's Federal indictment as invalid?**

## First Issue

In disposing of the first issue, there is no occasion to linger long. It is clear that failure to give the petitioner notice of the names of the individuals involved that are to be considered as a "*Victim*" of "*Aggravated Identity Theft*" -- the time of the occurrence of the offense and as well as the location of the offense having been occurred violates the most rudimentary demands of due process of law.

"*Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require the deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.*"

Mullance v. Central Hanover Tr. Co., *339 US 306, at 313, 94 L ed 865, at 872, 70 S Ct 652*

"*The Due Process Clause requires as a minimum that the deprivation of life, liberty, or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case*" of Armstrong v. Manzo, *85 S. Ct. 1187, 14 LED2D 62, 380 US 545*

In the present case at hand, the Government fails to provide Due process notice to the charged defendant Mr. Prado exactly where has his criminal charge of "Aggravated Identity Theft" in count nine has actually taken place. *See*, Commonwealth v Thompson, *89 Mass. App. Ct. 456* (Mass. Cir. 2016).

The general rule, accepted as '*axiomatic*' by the courts in this country, is that a State may not prosecute an individual for a crime committed outside its boundaries. Vasquez, petitioner, *428 Mass. 842, 848, 705 N.E. 2d 606* (1999). Our jurisdictional doubts are reinforced by long-standing precedent indicating that Massachusetts lacks jurisdiction in cases of this kind where the defendant is found in possession of stolen goods outside the territorial boundaries of our Commonwealth even where the goods in question were first stolen in the Commonwealth. *See* Commonwealth v. Phelps, *192 Mass. 591, 593-94, 78 N.E. (1906)* ("*although possession out of the Commonwealth of goods stolen in the Commonwealth would not of itself warrant a conviction for receiving them and aiding in their concealment here, evidence of such possession would be competent against one accused of that offence*"); Commonwealth v. Obshatkin, *2 Mass. App. Ct. 1, 3, 307 N.E.2d 341 (1974)*.

In the present case at hand, the government fails to charge in the indictment exactly how did the charged defendant used an individual Identification to commit an "*Aggravated Identity Theft*".

3

The Government has failed to state a time and place the alleged *"Aggravated Identity Theft"* occurred. – **The government fails to state who the defendant *transferred* or *used* the identity of another with to commit a federal generic crime of *"Aggravated Identity Theft"*** in light of **Argersinger v. Hamlin,** *92 SCT 2006, 32 LED2D 530, 407 US 25 (1974).*

*"Providing an accused with the right to be tried by a jury of his peers gave him an inestimable safeguard against the corrupt or overzealous prosecutor against the complaint, biased, or eccentric judge. If the defendant preferred the common-sense judgment of a jury to the more tutored but perhaps less sympathetic reaction of the single judge, he was to have it. Beyond this, the jury trial provisions in the Federal and State Constitutions reflect a fundamental decision about the exercise of official power-a reluctance to entrust planary powers over the life and liberty of the citizen to one judge or to a group of judges. Fear of unchecked power, so typical of our State and Federal Governments in other respects, found expression in the criminal law in this insistence upon community participation in the determination of guilt or innocence. The deep commitment of the Nation to the right of jury trial in serious criminal cases as a defense against arbitrary law enforcement qualifies for protection under the Due Process Clause of the Fourteenth Amendment, and must therefore be respected by the States."* **391 US, at 156, 20 L Ed 2d at 500**

**Based upon the above stated facts and Supreme Court cited Authority, the charged defendant, Mr. Thiago De Souza Prado asks that this Honorable Judicial Court take Judicial Notice of all facts raised in the above stated argument grant the charged defendant's relief sought.**

## Part "B"

## Dismiss indictment for failure to state an offense:

The gravamen of Mr. Prado's substantive argument requests that the Honorable Judge to dismiss the charged defendant Count Nine of his federal indictment based on solid grounds that the defendant's indictment fails to state a federal offense of an *"Aggravated Identity Theft"*. The indictment fails to give fair notice of stating the time, place, and location; of where the alleged *"Aggravated Identity Theft"* had occurred and thus fails to state an offense.

Mr. Prado asserts that the government must acknowledge that Count Nine in his Federal indictment does not state a substantive offense – the defendant's indictment violates the **Blockburger** test for charging more than one offense. **Blockburger v. United States,** *284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306* (1932).

We apply the **Blockburger v. United States,** *284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306* (1932), test to determine whether two different statutes punish the same offense. **Blockburger** requires us to

compare the two statutes at issue and ask "whether each provision requires proof of an additional fact which the other does not. If either statute contains no element not also found in the other statute, the statutes 'fail' the **Blockburger** test and the defendant may not be punished under both of them 'in absence of a clear indication of contrary legislative intent.

Two statutory offenses need not be identical to constitute the same for double jeopardy purposes. The **Blockburger** inquiry focuses on the statutory elements of the offenses, not on their application to the facts of a specific case before the court. Thus, the question is not whether *this* violation of [the first statute] also constituted a violation of [the second statute], but whether *all* violations of the former statute constitute violations of the latter. **United States v. Singleton**, 16 f.3d 1419, 1422 (5th Cir. 1994) (emphasis in original)(footnotes omitted).

In the present case at hand the charged defendant asserts that the United States District Attorney charged more than one single offense in the Defendant federal indictment -- Here in the present indictment the government charged the defendant with (1) *"Crime of transferring identification"* (2) the government further charged the defendant with the *"possession of an unknown person's identity"* and (3) the government also charges the defendant Mr. Prado with *"the unlawful use of the unknown person's identity"* -- not to mention the government further charges that Mr. Prado *"used the identification during in relation to another federal offense"*, such as, *"Conspiracy to commit Wire Fraud"* in violation of **Title 18, United States Code, Section 1349**.

However, under the **Blockburger** test the charged defendant is charged with *several, independent, functioning, separate offenses* in one count that violates his rights to Due Process of Law and his constitutional right to be tried by a single charge in his federal indictment.

The Defendant urges dismissal of Count Nine for the reason that his indictment is duplicitous as it charged more than one offense and that it alleges multiple acts of *"Aggravated Identity Theft"* and various [unspecified] locations at various [unspecified] times from various [unspecified] *"victims"*. This form of indictment violates Rule 8(a), Fed. R. Crim. P.

**Conclusion**

Based on above legal arguments and Supreme Court Authority, the charged Defendant Mr. Prado requests this Honorable District Court to use its supervisory powers to dismiss Count Nine of his Federal indictment for failing to state a valid substantive offense to avoid a further miscarriage of justice, or in the alternative deems whatsoever this Honorable Court feels that is just and appropriate.

**Respectfully Submitted**

**By the Defendant,**

**Thiago De Souza Prado**

**950 High Street,**

**Central falls RI 02863**