```
                      UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MASSACHUSETTS



                                   )
UNITED STATES OF AMERICA,          )
                                   )          Criminal Action
          Plaintiff,               )          No. 21-10158-MLW
                                   )
v.                                 )
                                   )
THIAGO de SOUZA PRADO,             )
                                   )
          Defendant.               )
                                   )



                 BEFORE THE HONORABLE MARK L. WOLF
                   UNITED STATES DISTRICT JUDGE


                          TELECONFERENCE

                        December 17, 2021
                           2:30 p.m.


            John J. Moakley United States Courthouse
                       One Courthouse Way
                  Boston, Massachusetts  02210
```

```
                              Kelly Mortellite, RMR, CRR
                              Official Court Reporter
                              One Courthouse Way, Room 3200
                              Boston, Massachusetts  02210
                              mortellite@gmail.com
```

```
1    APPEARANCES:

2    On Behalf of the Government:
     David M. Holcomb
3    United States Attorney's Office MA
     1 Courthouse Way
4    Suite 9200
     Boston, MA 02210
5    617-756-9043
     David.Holcomb@usdoj.gov
6
7    On Behalf of the Defendant:
     John F. Palmer
8    Law Office of John F. Palmer, P.C.
     18 Main Street Extension
9    Suite 201B
     Plymouth, MA 02360
10   617-943-2602
     Jpalmer@socialaw.com
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

PROCEEDINGS

1

2          THE COURT:  Good afternoon.  Would the clerk please
3    call the case.
4          COURTROOM CLERK:  Criminal matter 21-10158, United
5    States v. Thiago de Souza Prado.
6          THE COURT:  And would the clerk please swear the
7    interpreter.
8          (Interpreter duly sworn.)
9          THE COURT:  Would counsel please identify themselves
10   for the Court and for the court reporter.
11         MR. HOLCOMB:  Thank you, Your Honor.  David Holcomb
12   for the United States.
13         MR. PALMER:  John F. Palmer for Mr. Prado.  Good
14   afternoon, Your Honor.
15         THE COURT:  Good afternoon.  Mr. Prado is present.
16   I'm conducting this hearing by video.  I was told the defendant
17   consented to that.  It's authorized by the CARES Act, by the
18   Judicial Conference of the United States, and by the Chief
19   Judge of the United States District Court for the District of
20   Massachusetts.
21         We're in the midst of a resurgence of the COVID-19
22   pandemic.  It's not prudent to conduct proceedings in court in
23   my view unless it's necessary.  Mr. Palmer's motion to withdraw
24   told me that the defendant consented by video, and indeed his
25   consent may not be required, but I think it's prudent to make

1 | sure he does consent.
2 | But Mr. Palmer, have you discussed this with
3 | Mr. Prado?  And if he wants to proceed by video, we can.  Have
4 | you discussed this with him?
5 | MR. PALMER:  I have, Your Honor, in the past.
6 | Although I haven't specifically discussed this motion, I
7 | believe he consents.
8 | THE COURT:  All right.  Mr. Prado, do you agree to
9 | having this hearing by video today?
10 | THE DEFENDANT:  Yes, Your Honor.
11 | THE COURT:  Then we will.  And you just answered me in
12 | English.  Do you understand and speak English?
13 | THE DEFENDANT:  Yes, Your Honor, I do.
14 | THE COURT:  Okay.  If there's anything that I say or
15 | anybody says that you don't understand that you would like
16 | translated into Portuguese, which I understand is your native
17 | language, just tell me and Ms. Azoff will translate it for you.
18 | Otherwise, you can respond to my questions directly.  Okay?
19 | THE DEFENDANT:  Okay, Your Honor.  Thank you so much.
20 | THE COURT:  And Mr. Palmer, I have your motion to
21 | withdraw, number 239, which states you're seeking to withdraw
22 | because Mr. Prado has expressed a desire to represent himself.
23 | Is that right?
24 | THE DEFENDANT:  Yes, Your Honor.
25 | THE COURT:  Well, to put this in perspective, in

1    September, September 3, 2021, I denied motions that Mr. Prado

2    filed without prejudice because he was represented by counsel,

3    Mr. Palmer, and therefore did not have a right to proceed to

4    make filings himself.

5           So now Mr. Prado has filed a motion to proceed pro se

6    to file defendant pro se motion or in the alternative dismiss

7    attorney of record in light of *Farreta v. California*.  It's

8    docket 236, and it concludes by saying, "The defendant prays

9    that this Honorable Court will grant the defendant his

10   constitutional right to proceed pro se so he could file pro se

11   motions to preserve his constitutional claims on record to

12   appeal."

13          This requires some clarification.  Mr. Prado, are you

14   requesting to represent yourself for all purposes in this case,

15   including trial, or just for the purpose of filing pretrial

16   motions?

17          THE DEFENDANT:  Request pro se to represent myself for

18   everything.

19          THE COURT:  Okay.  So I'm going to ask you some

20   questions to determine whether you want to knowingly and

21   voluntarily give up your right to a lawyer, which I expect

22   would continue to be Mr. Palmer.  But do you understand that

23   you do have a constitutional right to an attorney to represent

24   you in this criminal case against you and at no expense to

25   yourself if you can't afford to hire an attorney?

1           THE DEFENDANT:  Yes, I do understand, Your Honor.

2           THE COURT:  And I'm going to ask the clerk to

3    administer you the oath to assure you understand the importance

4    of giving honest and accurate answers to the questions I'm

5    about to ask you so I can determine whether you should be

6    permitted to represent yourself throughout this case, including

7    at trial.

8           (Defendant duly sworn.)

9           THE COURT:  Would you please state your true full

10   name.

11          THE DEFENDANT:  Thiago de Souza Prado.

12          THE COURT:  Okay.  Mr. Prado, I want you to understand

13   why I believe it would be very risky for you to represent

14   yourself.  If you -- based on what I know so far, if you

15   represent yourself in this case, it's much more likely that

16   you'll be convicted and punished and possibly more seriously

17   punished than you would be if Mr. Palmer served as your lawyer.

18   So I'm going to ask you some questions that may show why I

19   think that's very risky for you and, in my view, not a wise

20   choice based on what I know now.  But you do have a right to

21   knowingly and voluntarily waive your right to have a lawyer.

22   Do you understand all of that?

23          THE DEFENDANT:  Yes, I do, Your Honor.

24          THE COURT:  All right.  Where were you born?

25          THE DEFENDANT:  I was born in Brazil.

1            THE COURT:  And what's your native language?

2            THE DEFENDANT:  Portuguese.

3            THE COURT:  How far did you go in school?

4            THE DEFENDANT:  I finished high school and I did two

5     years of college.

6            THE COURT:  Do you understand that the legal materials

7     relating to this case, what's called discovery, any cases, the

8     Federal Rules of Criminal Procedure, the Local Rules of the

9     District Court, for example, are all in English?

10           THE DEFENDANT:  Yes, Your Honor, I do.

11           THE COURT:  Have you read any of those materials?

12           THE DEFENDANT:  Yes, I study at least ten hours per

13    day every day about my case, and I think I'm prepared to

14    represent myself, Your Honor.

15           THE COURT:  Do you understand that if you represent

16    yourself, you'll be required to follow all the rules that an

17    attorney would be required to follow, including the Federal

18    Rules of Criminal Procedure, the Local Rules of the United

19    States District Court for the District of Massachusetts, and if

20    you fail to follow the rules, say, with regard to some motion,

21    the motion can be denied because you failed to follow the

22    rules.  The Supreme Court has said this in *Farreta*, 442 U.S.

23    806, 834, note 46, for example.  But do you understand that?

24           THE DEFENDANT:  Yes, Your Honor, I do.

25           THE COURT:  And do you understand that the trial in

1     this case will be conducted in English?

2             THE DEFENDANT:  Yes.

3             THE COURT:  Have you ever studied law in school?

4             THE DEFENDANT:  No, Your Honor.

5             THE COURT:  Have you ever represented yourself in a

6     criminal case before?

7             THE DEFENDANT:  No, Your Honor.

8             THE COURT:  Mr. Holcomb, what are the -- as I recall,

9     the defendant is charged with conspiracy to commit mail fraud

10    and with aggravated identity theft; is that right?

11            MR. HOLCOMB:  Yes, Your Honor, it's conspiracy to

12    commit wire fraud.

13            THE COURT:  Wire fraud.

14            MR. HOLCOMB:  And aggravated identity theft.

15            THE COURT:  I'm sorry.  I misspoke.  And am I right

16    that with regard to the wire fraud count, the maximum possible

17    penalty for prison is 20 years in prison?

18            MR. HOLCOMB:  That's correct.

19            THE COURT:  And with regard to the aggravated identity

20    theft count, it's a mandatory consecutive two years after that,

21    right?

22            MR. HOLCOMB:  Yes, Your Honor.

23            THE COURT:  So Mr. Prado, do you understand that if

24    you're convicted in this case, you could be sentenced to 22

25    years in prison?

1          THE DEFENDANT:  Yes, Your Honor, I understand.

2          THE COURT:  How old are you?

3          THE DEFENDANT:  I'm 37.

4          THE COURT:  And when I conducted the review of

5    Mr. Prado's detention on November 22, I think it was estimated

6    that the advisory guideline range for the sentence would be 70

7    to 84 months in prison.  That's in the draft transcript.

8          Do you understand that that would be the starting

9    point for determining the appropriate sentence, the 70 months

10   would be if I think you pled guilty and accepted

11   responsibility, but it would be, 70 to 84 months would be the

12   starting point for determining the most appropriate sentence.

13   Do you understand that?

14         THE DEFENDANT:  Yes, I do, Your Honor.

15         THE COURT:  So that's about -- do you understand that

16   if you represent yourself, you're going to be on your own and

17   I, the judge, could not help you?

18         THE DEFENDANT:  I understand that.

19         THE COURT:  And do you understand that somebody who is

20   not a lawyer could not help you?

21         THE DEFENDANT:  I understand that, Your Honor.

22         THE COURT:  You filed a motion to proceed pro se, and

23   you filed some pro se motions in September that you sent again.

24   Did you write those motions?

25         THE DEFENDANT:  With the help of a paralegal, Your

1    Honor, but I put it together.

2              THE COURT:  And do you understand -- and I raised this

3    earlier -- if you represent yourself, you have to follow all of

4    the requirements that any lawyer would be required to follow?

5    That includes the requirements of the Federal Rules of Criminal

6    Procedure, the Local Rules of the District of Massachusetts,

7    the Federal Rules of Evidence.

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  Do you understand that you might have

10   limited access to law libraries and law materials and not as

11   much access to legal materials as a lawyer like Mr. Palmer

12   would?

13             THE DEFENDANT:  Yes, Your Honor, I understand.

14             THE COURT:  And do you understand you'd have to

15   conduct the trial on your own behalf?

16             THE DEFENDANT:  I do understand, Your Honor.

17             THE COURT:  Have you ever done that?

18             THE DEFENDANT:  No, never done.

19             THE COURT:  And do you understand that, if you wanted

20   to testify, you wouldn't be able to just get on the stand and

21   tell your story; you would have to ask yourself questions and

22   answer the questions?

23             THE DEFENDANT:  I do understand, Your Honor, the risk.

24             THE COURT:  But do you understand that's what you'd

25   have to do?

1           THE DEFENDANT:  Yes.

2           THE COURT:  And do you understand that that might

3      injure the jury's ability to understand what you're trying to

4      communicate?

5           THE DEFENDANT:  I understand, Your Honor.

6           THE COURT:  And do you understand that you've been

7      indicted with I think 17 other people in this case?

8           THE DEFENDANT:  Yes, I do understand, Your Honor.

9           THE COURT:  And do you understand that if you go to

10     trial representing yourself, I will take particular care to try

11     to assure that your conduct does not injure the other

12     defendants' right and the government's right to a fair trial?

13          THE DEFENDANT:  I understand that, Your Honor.

14          THE COURT:  Why do you want to represent yourself?

15          THE DEFENDANT:  Your Honor, I like to represent myself

16     because the government is violating all my due process.

17     Mr. Palmer doesn't want to file my motion, and basically the

18     government does not give me another option.

19          THE COURT:  Well, do you understand that basically

20     Mr. Palmer, as long as he's your lawyer, certain decisions are

21     up to you.  Like whether you want to go to trial, for example,

22     that's up to you and Mr. Palmer, or another lawyer would give

23     you advice, but ultimately you would decide.  But there are

24     certain things that a lawyer has to sign his name to, and if he

25     doesn't feel he can properly make an argument that there's no

1    basis of law or fact for it, any lawyer is going to resist

2    doing that because ultimately he believes that would hurt you,

3    it would hurt the credibility of your case.  There may be good

4    arguments to make on many points, some points and other

5    arguments that it would just be a waste of time to make and

6    actually injure your case and cause.  Do you understand that?

7         THE DEFENDANT:  I do understand, Your Honor.  I'm not

8    trying to get nobody upset, Your Honor.  I'm just trying to

9    raise the issues that I'm going to right now.

10        THE COURT:  No.  I understand that.  And I understand,

11   you know, that you believe these are meritorious issues.  Have

12   you been able to talk to Mr. Palmer?

13        THE DEFENDANT:  Yes, yes, I really like Mr. Palmer.

14   There's nothing wrong with Mr. Palmer as a lawyer.  I have good

15   faith in Mr. Palmer.  But the issues I need to raise, he don't

16   agree with me.

17        THE COURT:  And do you understand, though -- well, do

18   you understand that if I let you represent yourself, because

19   you want to file these motions, then it's very, very likely

20   that you're going to have to represent yourself for the whole

21   case, including at the trial, and in my view, you would be

22   defended much better by a trained lawyer than by yourself?  And

23   you're right, Mr. Palmer is an excellent attorney.  He's very

24   dedicated to his clients.  He's experienced.  In my view, but

25   it's going to ultimately be up to you, you would be better

1    served by being represented by a trained lawyer, including

2    Mr. Palmer.

3                THE DEFENDANT:  I do understand, Your Honor.

4    Everything you say makes a lot of sense for me, but I have to

5    do this myself because I know Mr. Palmer is not going to be

6    able to do -- to file those motions and at least get me a fair

7    trial.

8                THE COURT:  Well, we're all going to work to get you a

9    fair trial.  It's ultimately my responsibility.  But the

10   government wants the trial to be fair because that's their

11   obligation, to seek convictions fairly, and it's in their

12   interest.  Because if there's an unfair trial, it will have to

13   be done again.  And certainly your defense lawyer will be

14   advocating for a fair trial, but that's something that

15   heightens the likelihood that there will be a fair trial.  And

16   what's called the adversary process operates.  Lawyers contend

17   and, you know, your lawyer would consult closely with you but

18   not necessarily make every argument that you would want made.

19               But I think if you represent yourself, as I said --

20   and you won't be punished for representing yourself because the

21   judge, me, is upset that you're representing yourself.  But do

22   you understand that there may be good arguments that can be

23   made on your behalf that won't occur to you because you're not

24   a trained, experienced lawyer?

25               THE DEFENDANT:  I understand, Your Honor.

```
 1              THE COURT:  I will say that I'm concerned that, while
 2    you're studying ten hours a day, you're studying in a foreign
 3    language laws and rules that are technical and complicated, and
 4    you haven't done any of this before, particularly conducted a
 5    trial or questioned yourself.  So I strongly recommend that you
 6    not represent yourself.  But do you want a few minutes to think
 7    about this and maybe talk to Mr. Palmer about it?
 8              THE DEFENDANT:  Your Honor, I'm 100 percent sure of my
 9    decision to represent myself.
10              THE COURT:  And are you making that decision
11    voluntarily?
12              THE DEFENDANT:  Yes, Your Honor.
13              THE COURT:  And has anybody threatened you or tried to
14    coerce you to give up your right to a lawyer?
15              THE DEFENDANT:  No, Your Honor.
16              THE COURT:  Other than Mr. Palmer, have you discussed
17    this with any other attorney?
18              THE DEFENDANT:  Yes, Your Honor.  Mr. Levy, the
19    attorney I have before Mr. Palmer, I start raising the issues
20    to him and then he withdraw himself.
21              THE COURT:  You had another attorney before
22    Mr. Palmer?
23              THE DEFENDANT:  Yes.
24              THE COURT:  Who was that?
25              THE DEFENDANT:  Josh Levy.
```

1          THE COURT:  Yes.  And I think that's right.  And he
2    left his law firm, so he could not represent you anymore.
3          THE DEFENDANT:  Yeah.
4          THE COURT:  But did you discuss with him whether you
5    want -- well, you don't have to tell me what you discussed with
6    him.
7          THE DEFENDANT:  I didn't --
8          THE COURT:  No.  Stop, stop, stop.  Did you talk to
9    anybody who wasn't an attorney about whether you should
10   represent yourself?
11         THE DEFENDANT:  No, Your Honor.
12         MR. PALMER:  Your Honor, could I --
13         THE COURT:  I was just going to ask you, is there
14   anything you would suggest that I ask or anything you would
15   like to say?
16         MR. PALMER:  I think -- I did re-read *Farreta*.  The
17   only suggestion I make to the Court, and I'm certainly not --
18   my involvement in the case, what will help Mr. Prado, but there
19   is an option under *Farreta* that the Court, if the Court is to
20   allow him to proceed pro se, to allow counsel to assist him.
21         THE COURT:  Allow standby counsel.  That's the next
22   item on my list.
23         MR. PALMER:  Right.
24         THE COURT:  Are you willing to do that?
25         MR. PALMER:  I'm willing to do that.  As Mr. Prado

1  said, there's nothing wrong with the relationship.  But that's

2  up to the Court.

3            THE COURT:  Yes, it is.  He has no -- if you look at

4  cases like -- well, *Farreta* is one of them.  There's no right

5  to standby counsel.  But Mr. Prado, let me explain to you what

6  we're talking about.

7            THE DEFENDANT:  Sure.

8            THE COURT:  If I accept your waiver of your right to

9  counsel, I have the power but not the duty, I don't have to do

10  it, to appoint what's called standby counsel.  If Mr. Palmer is

11  willing to do it, I could appoint him as standby counsel.  He

12  could get materials from the government for you, like the

13  discovery, and send it to you.  You could talk to him.  It's

14  possible that in pretrial proceedings at least he might

15  participate but not in place of you.  Would you want him as

16  standby counsel?

17            THE DEFENDANT:  Yes, Your Honor, I would love to have

18  Mr. Palmer as standby counsel.

19            THE COURT:  And I haven't decided whether to appoint

20  standby counsel.  There's a cost to the government, to the

21  public for that.  And if I don't appoint standby counsel, do

22  you still want to represent yourself?

23            THE DEFENDANT:  Yes, Your Honor, I do.

24            THE COURT:  All right.  Well, I find that you have

25  knowingly and voluntarily waived your right to an attorney.  I

1   think it's very risky business from your perspective, but I

2   explained that all to you, and I'm satisfied you understand

3   that.  And I hope you understand that if you violate any of the

4   rules -- I particularly encourage you to read, for example,

5   Local Rule 7.1 about filing motions.  There are certain

6   requirements for filing a motion.  You have to satisfy those

7   requirements.  Because if an attorney doesn't satisfy the

8   requirements, I usually reject the motion and I would reject

9   yours.

10          THE DEFENDANT:  Okay.

11          THE COURT:  But I find that you knowingly and

12   voluntarily waived your Sixth Amendment right to counsel, so

13   I'll permit you to represent yourself.

14          Since you've asked for standby counsel and Mr. Palmer

15   is willing to do it, I am converting his appointment to standby

16   counsel.  And that means that he can, for example, provide you

17   materials if you ask him to, cases that you find -- well, he

18   can provide assistance, and he can advise you, and he can

19   attend and possibly participate in pretrial hearings.  This is

20   what the Supreme Court said in *McKaskle*, 465 U.S. 178.  And if

21   and when we get to trial, we'll decide, I'll decide what role

22   if any Mr. Palmer can play.  Okay?

23          THE DEFENDANT:  Thank you so much, Your Honor.

24          THE COURT:  All right.  What's the status of discovery

25   in this case?  The case is still before the magistrate judge.

```
1          MR. HOLCOMB:  That's correct, Your Honor.  Discovery
2     has been provided.  I did want to flag that there is a
3     protective order in place.  It's docket number 109.  And I can
4     discuss this with standby counsel, but that protective order
5     does designate a certain set of discovery as confidential to
6     protect personally identifiable information of victims and
7     others in the discovery, and it's supposed to limit the kind of
8     prison access to that information of the defendants.  And so
9     I'm happy to address that with Mr. Palmer if that would be the
10    most appropriate.
11         THE COURT:  Well, you should address it with
12    Mr. Palmer and with the magistrate judge in this case, I think
13    Magistrate Judge Dein.  Am I right?
14         MR. HOLCOMB:  That's correct.
15         THE COURT:  But that's a court order, Mr. Prado.  And
16    how this will be dealt with now that you're representing
17    yourself, it might require some revision; it might not.  The
18    magistrate judge is presumably familiar with the protective
19    order, I hope she is, and can deal with this in the first
20    instance.
21         But you don't want to be violating any court orders
22    during the pendency of this case because if it ever gets to the
23    point where you're being sentenced, that's something that would
24    weigh in favor of a longer sentence.  So, you know, lawyers
25    know that they have to obey court orders.  Now you're your own
```

1    lawyer and you need to know you have to obey court orders.  So

2    is discovery ongoing?

3            MR. HOLCOMB:  Discovery is ongoing.  We have currently

4    set a final conference before Judge Dein set for the end of

5    January.

6            THE COURT:  Because Mr. Prado, ordinarily, I wouldn't

7    receive any motions to dismiss, pretrial motions, motions to

8    suppress until the case comes to me from the magistrate judge

9    on all 18 defendants because the motions you want to file may

10   be motions that other defendants want to file, and I would take

11   all the related motions up at the same time.

12           So do you understand that, even though you're

13   representing yourself, if you file a motion now, I'll probably

14   wait to see if any other defendants want to join that motion

15   before I have the government respond to it and decide the

16   motion because it would be very inefficient for me to do it

17   piecemeal, and it might not be advantageous for you because

18   it's possible that some other lawyer or some lawyer would make

19   an argument that you didn't make that would turn out to be

20   helpful to you.

21           THE DEFENDANT:  Yeah.  Your Honor, I have a question

22   for you.  Even the motion to dismiss the Count 9, the identity

23   theft, I should wait for?

24           THE COURT:  Yes.

25           THE DEFENDANT:  Okay.

1       THE COURT:  I mean, what will happen is, when the case

2  comes to me from the magistrate judge, some defendants may want

3  to plead guilty.  One has earlier today.  There may be more.

4  So then I'll see who is left.  Then I'll have a pretrial

5  conference.  At the pretrial conference I'll see what motions

6  the defendant, each defendant wants to file.  And I'll set a

7  schedule, so here is when the motion, the memorandum, the

8  affidavit needs to be filed, here is when the government needs

9  to respond, here is when the defendants can reply, here is when

10  we'll have a hearing.

11       THE DEFENDANT:  Okay.

12       THE COURT:  Okay?

13       THE DEFENDANT:  Okay.

14       THE COURT:  All right.

15       THE DEFENDANT:  Thank you, Your Honor.

16       THE COURT:  Well, I'll issue a short order saying that

17  I've conducted a thorough inquiry of Mr. Prado.  I must have

18  asked you this before.  Do you prefer to be called de Souza, de

19  Souza Prado or both?

20       THE DEFENDANT:  Just Prado because my last name is

21  Prado.

22       THE COURT:  Okay.  So I conducted this thorough

23  inquiry.  Mr. Prado has knowingly and voluntarily waived his

24  right to be represented by counsel, that Mr. Palmer has offered

25  and is appointed to serve as standby counsel, and then the case

1    will continue to go on before the magistrate judge until it's

2    forwarded to me.  Okay?

3              THE DEFENDANT:  Thank you so much, Your Honor.

4              THE COURT:  Is there anything further in this matter

5    for today?

6              MR. HOLCOMB:  No, thank you, Your Honor.

7              MR. PALMER:  No, Your Honor.  Thank you.

8              THE COURT:  All right.  I'm ordering that the parties

9    order the transcript of this proceeding however.  It will be

10   useful for a number of purposes.  All right?

11             And Mr. Prado, if you think about this, think about

12   what I said to you today, think about it all the way through

13   trial, if you change your mind and would like counsel, at this

14   point you don't necessarily have a right to counsel, but let me

15   know.

16             THE DEFENDANT:  I will, Your Honor.

17             THE COURT:  Because I continue to think that, even if

18   you work ten hours a day, this is very risky for you.  And it's

19   a decision you may come to regret.  But you made it knowingly.

20   You were fully involved of the risks involuntarily.  But if at

21   some point you're sitting in prison for a long time, even

22   longer than you might otherwise have been sitting in prison, or

23   sitting in prison when a good lawyer might have kept you out of

24   prison, just remember that's a result of the decision you made

25   today.

1           THE DEFENDANT:  Okay, Your Honor.

2           THE COURT:  All right.  We will be in recess.  I'll

3      see my staff in the breakout room.

4              (Adjourned, 3:05 p.m.)

1                    CERTIFICATE OF OFFICIAL REPORTER

2

3              I, Kelly Mortellite, Registered Merit Reporter

4    and Certified Realtime Reporter, in and for the United States

5    District Court for the District of Massachusetts, do hereby

6    certify that the foregoing transcript is a true and correct

7    transcript of the stenographically reported proceedings held in

8    the above-entitled matter to the best of my skill and ability.

9                    Dated this   7th day of January,  2022.

10

11              /s/ Kelly Mortellite

12              _____

13              Kelly Mortellite, RMR, CRR

14              Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25