United States District Court
District of ~~Connecticut~~ MASS

United States of America           )
                                   )    Case No.1:21-cr-10158-MLW
v.                                 )
                                   )
Thiago De Souza Prado              )
                  Defendant,       )

## DEFENDANT'S MOTION TO DISMISS ALL FEDERAL CHARGES BASED ON DUE PROCESS OF LAW AND THE SPEEDY TRIAL ACT STATUTORY PROTECTIONS IN LIGHT OF UNITED STATES v. JEFFREY OLSEN, 2020 U.S. DIST. LEXIS 193045

The Defendant Thiago De Souza Prado, moves the court in interest of justice to dismiss all federal charges in light of the Due Process Clause and the Speedy Trial Act statutory protections. 18 U.S.C. 3161-3174.

In determining whether to dismiss the case with or without prejudice, the court shall consider, among other things, each of the following factors; 1 the seriousness of the offense; 2 the facts and circumstances of the case which led to the dismissal; and 3 the impact of the re-prosecution under administration of this chapter and of the administration of justice. 18 U.S.C. 3162(a)(2). A court's decision of whether to dismiss the charges with or without prejudice depends on a careful application of these factors of the particular case.

When a defendant is not brought to trial within 70 day time limit (minus all properly excludable delay) and brings a motion to dismiss, the court must dismiss the indictment. 18 U.S.C. 3162(a)(a); The strictness of this remedy highlights the importance of the rights it protects. The legislature/congress designed the Speedy Trial Act in part to protect the public's

interest in the speedy trial act and administration of justice, and imposed the sanction of dismissal under 18 U.S.C. 3162 to compel courts and prosecutors to work in furtherance of that goal.

## PART "A" THE CONSTITUTIONAL FIFTH AMENDMENT RIGHT TO SPEEDY TRIAL PROPERLY ATTACHED AFTER THE GOVERNMENT HAS LEGALLY ARRESTED AND DETAINED THE DEFENDANT IN VEIW OF UNITED STATES v. Block, 918 F.3d 243 (2d Cir. 2019)

In United States v. MacDonald, the Supreme Court again made it clear that when a defendant is arrested, in a criminal prosecution has begun, and a defendants Speedy trial right attaches. See United States v. MacDonald, 456 U.S. 1 (1982); See John the Baptist, 620 F. Supp. 1324 (2d Cir. 1985), In that case the Defendant brought a habeas corpus action appealing the magistrate's denial of bail in the state's action against defendant for drug and related offenses under the Racketeer influenced and corrupt organization act (RICO). Defendant had been held without bail for almost five (5) months and trial was not expected until at least four more, Defendants was being held without Due Process of law and was ordered released.

## PART "B" MR. PRADO 7 MONTH DELAY UNTIL TRIAL WITHOUT BAIL AND SPEEDY TRIAL ACT IS ENFORCEABLE AND UNCONSTITUTUIONAL BECAUSE THE DEFENDANT IS BEING HELD WITHOUT DUE PROCESS OF LAW. UNITED STATES V LOFRANCO, 620 F. SUPP. 1324 (2D CIR. 1985)

The Second Circuit has held that: 'Where the defendant in a complex drug racketeering case was held without bail for almost 5 months and trial was not expected until at least 4 months more, the defendant was being held without due process of law and was ordered released.

However, the charged Defendant Mr. Prado's case is incomplete "harmony" with Mr. Lofranco, 620 F. SUPP. 1324 (2D CIR. 1985). This court further made it clear: that 70 days of detention delineated by the Speedy Trial Act had expired. The court said constitutional concerns outweighed the risk to the public in the defendant's trial imposed by releasing the defendant.

## CONCLUSION

The defendant prays that the district court takes judicial notice of all facts raised with the said motion and deem whatsoever the court feels that is just and appropriate.

Date: 01/04/22

Respectfully Submitted,

*[signature]*

United States District Court
District of ~~Connecticut~~ MASS

United States of America )
 )  Case No.1:21-cr-10158-MLW
v. )
 )
Thiago De Souza Prado )
         Defendant, )

**DEFENDANT'S MOTION TO DISMISS ALL FEDERAL CHARGES BASED ON DUE PROCESS OF LAW AND THE SPEEDY TRIAL ACT STATUTORY PROTECTIONS IN LIGHT OF UNITED STATES v. JEFFREY OLSEN, 2020 U.S. DIST. LEXIS 193045**

    The Defendant Thiago De Souza Prado, moves the court in interest of justice to dismiss all federal charges in light of the Due Process Clause and the Speedy Trial Act statutory protections. 18 U.S.C. 3161-3174.

    In determining whether to dismiss the case with or without prejudice, the court shall consider, among other things, each of the following factors; 1 the seriousness of the offense; 2 the facts and circumstances of the case which led to the dismissal; and 3 the impact of the re-prosecution under administration of this chapter and of the administration of justice. 18 U.S.C. 3162(a)(2). A court's decision of whether to dismiss the charges with or without prejudice depends on a careful application of these factors of the particular case.

    When a defendant is not brought to trial within 70 day time limit (minus all properly excludable delay) and brings a motion to dismiss, the court must dismiss the indictment. 18 U.S.C. 3162(a)(a); The strictness of this remedy highlights the importance of the rights it protects. The legislature/congress designed the Speedy Trial Act in part to protect the public's

interest in the speedy trial act and administration of justice, and imposed the sanction of dismissal under 18 U.S.C. 3162 to compel courts and prosecutors to work in furtherance of that goal.

## PART "A" THE CONSTITUTIONAL FIFTH AMENDMENT RIGHT TO SPEEDY TRIAL PROPERLY ATTACHED AFTER THE GOVERNMENT HAS LEGALLY ARRESTED AND DETAINED THE DEFENDANT IN VEIW OF UNITED STATES v. Block, 918 F.3d 243 (2d Cir. 2019)

In United States v. MacDonald, the Supreme Court again made it clear that when a defendant is arrested, in a criminal prosecution has begun, and a defendants Speedy trial right attaches. See United States v. MacDonald, 456 U.S. 1 (1982); See John the Baptist, 620 F. Supp. 1324 (2d Cir. 1985), In that case the Defendant brought a habeas corpus action appealing the magistrate's denial of bail in the state's action against defendant for drug and related offenses under the Racketeer influenced and corrupt organization act (RICO). Defendant had been held without bail for almost five (5) months and trial was not expected until at least four more, Defendants was being held without Due Process of law and was ordered released.

## PART "B" MR. PRADO 7 MONTH DELAY UNTIL TRIAL WITHOUT BAIL AND SPEEDY TRIAL ACT IS ENFORCEABLE AND UNCONSTITUTUIONAL BECAUSE THE DEFENDANT IS BEING HELD WITHOUT DUE PROCESS OF LAW. UNITED STATES V LOFRANCO, 620 F. SUPP. 1324 (2D CIR. 1985)

The Second Circuit has held that: 'Where the defendant in a complex drug racketeering case was held without bail for almost 5 months and trial was not expected until at least 4 months more, the defendant was being held without due process of law and was ordered released.

However, the charged Defendant Mr. Prado's case is incomplete "harmony" with Mr. Lofranco, 620 F. SUPP. 1324 (2D CIR. 1985). This court further made it clear: that 70 days of detention delineated by the Speedy Trial Act had expired. The court said constitutional concerns outweighed the risk to the public in the defendant's trial imposed by releasing the defendant.

## CONCLUSION

The defendant prays that the district court takes judicial notice of all facts raised with the said motion and deem whatsoever the court feels that is just and appropriate.

Date: 01/04/22

Respectfully Submitted,