IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
                              )
    v.                        )          Criminal No. 21-cr-10158-7-MLW
                              )
(7) THIAGO DE SOUZA PRADO      )
                              )
         Defendant            )

**GOVERNMENT'S OPPOSITION TO DEFENDANT THIAGO PRADO'S
MOTION TO DISMISS COUNT NINE OF THE INDICTMENT**

The United States respectfully opposes Defendant Thiago Prado's motion to dismiss Count

Nine of the Second Superseding Indictment (ECF No. 270).

Count Nine charges Prado with aggravated identity theft in violation of 18 U.S.C. §

1028A(a)(1).  ECF No. 189 at 37.  Prado contends that, with respect to this charge, (i) the

indictment fails to provide him with adequate notice of the allegations against him, and (ii) the

indictment fails to state a federal offense.  Neither claim is valid.

With respect to claim (i), the alleged failures to give notice simply do not exist:

- Prado claims that the indictment fails to give him notice of the identity of the
  alleged victim.  The indictment identifies the specific victim by pseudonym
  ("Victim 9"), consistent with the victim's privacy rights, and by driver's license
  number (ending in 7244).  The automatic discovery provided by the government
  identifies this victim by name for Prado.

- Prado claims that the indictment fails to tell him the time and place of the alleged
  violation and fails to allege proper venue in Massachusetts.  The indictment alleges
  that the violation occurred "on or about February 23, 2019, in the District of

Massachusetts and elsewhere." *Id.*, ¶ 74. "Courts have found the language 'In [state] and elsewhere' to be sufficient for purposes of alleging venue." *United States v. Lyons*, No. 10-cr-10159-PBS, 2011 U.S. Dist. LEXIS 95617, at *3 (D. Mass. Aug. 25, 2011) (collecting cases).

- Prado also claims that the indictment fails to describe how he transferred or used the victim's identification. However, Paragraphs 40(k) and (l) of the indictment specify: "On or about February 23, 2020, PRADO sent victims' driver's licenses to AGUIAR via WhatsApp, including the driver's license of Victim 9, with driver's license number ending in 7244. Prado also directed a payment of $1,000 to AGUIAR. AGUIAR, in return for payment from PRADO, thereafter asked his source to find the corresponding Social Security numbers, which he then sent to PRADO." ECF No. 189, ¶¶ 40(k)-(l).

Claim (ii) in Prado's motion is more amorphous. To the extent Prado argues that the indictment does not allege facts that would satisfy the elements of aggravated identity theft, he has not identified any unsupported element. To the extent Prado invokes the *Blockburger* test to suggest that he may not permissibly be sentenced for both wire fraud conspiracy and aggravated identity theft, "the plain wording of the aggravated identity theft statute reveals that Congress 'specifically authorize[d] cumulative punishment under two statutes.'" *United States v. Martins*, 325 F. App'x 7, 8 (1st Cir. 2009) (citing *Missouri v. Hunter*, 459 U.S. 359, 368 (1983)). Finally, to the extent Prado claims that Count Nine is duplicitous, Count Nine charges only one offense: the aggravated identity theft, on or about February 23, 2019, with respect to Victim 9's driver's license number.

Prado has identified no actual deficiency in Count Nine of the indictment meriting its

dismissal.  Accordingly, Prado's motions should be denied.

<div style="margin-left: 50%;">

Respectfully Submitted,

RACHAEL S. ROLLINS
United States Attorney

By:     */s/ David M. Holcomb*
         DAVID M. HOLCOMB
         Assistant U.S. Attorney

</div>

Dated: January 14, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, including standby counsel for *pro se* Defendant Thiago Prado, and that a paper copy will be sent by mail to Prado.

Dated:  January 14, 2022

*/s/ David M. Holcomb*
DAVID M. HOLCOMB
Assistant U.S. Attorney