FILED
IN CLERKS OFFICE

2022 FEB 16  ᴬᴹ 11: 08

United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America ) | |
| ) | Case No. 1:21-cr-10158-MLW |
| v. ) | |
| ) | |
| THIAGO DE SOUZA PRADO ) | |
| Defendant, ) | |

**MOTION FOR THE COURTS PERMISSION TO GRANT AN EVIDENTIARY HEARING BASED ON GROUNDS OF MEMORANDUM ESTABLISHING TITLE 18 U.S.C. § 3661 FEDERAL SENTENCING STATUTE IS UNCONSTITUTIONAL AND UNENFORCEABLE FOR BEING OVERLY BROAD AND ALLOWING CRIMINAL SANCTIONS WITHOUT DUE PROCESS OF LAW PURSUANT TO FED. R. CRIM. P. RULE 12(B)(3)(B).**

The Defendant moves the court to rule 18 USC 3661 as being unconstitutional and unenforceable in light of the supreme court decisions Alleyne and United States v Haymond, 204 Led 2d 897 (2019). The statute violates the Federal Due Process Clause and a right to trial by jury created under the Sixth Amendment.

As a matter of first impression the question still remain ; **Are the numerous cases of this court holding that a sentencing judge may consider virtually any reliable information still good law when juries, not judges, are required to determine the matter?**

The sentencing statute 18 USC 3661 is unconstitutional because it places no limitations on the district court in light of relying upon critical information during a sentencing stage....

As at the time of the Fifth and Sixth Amendment adoption, a judge's sentencing authority derives from, and is limited by, the jury's factual finding of criminal conduct. A jury must find beyond a reasonable doubt every fact "'which the law makes essential to [a] punishment'" that a judge might later seek to impose. Blakely v. Washington, 542 U.S. 296, 304, 124 S. Ct. 2531, 159 L. Ed. 2d 403.

1

However, Apprendi, Blakely, Alleyne, and haymond now states that the district court is now limited to the factual findings that's derived from the jury verdict. Therefore, TITLE 18 U.S.C. § 3661 is **irreconcilable** with the Fifth and Sixth Amendments of the federal constitution.

## CONCLUSION

The defendant prays and respectfully request that this Honorable Court take judicial notice of all facts raised in the above cited case law and authority to help prevent a further miscarriage of justice.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local rule 7.1 (D.), the defendant is requesting all oral argument on his Motion to bar because he believes that such argument will be of assistance of the court.

Respectfully Submitted,

By [signature]

Date: ~~August~~ _____, ~~2021~~
01-31-2022

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document is being served today by United States mail to The District Court, AUSA.

FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

2022 FEB 16 AM 11:40

U.S. DISTRICT COURT

UNITED STATES OF AMERICA :

:

V. : Case No. 1:21-cr-10158-MLW

:

Thiago De Souza Prado, :

    Defendant :

**Defendant's Memorandum to Establish Congress Irrebuttable Presumptions Created under Titles 18 U.S.C 3661 Combined with 18 U.S.C. 1349 Offense Operates, Requires, and Mandates Ineffective Assistance of Counsel and a Violation of Federal Due Process- In Light of Hamdi v. Rumsfeld, 542 U.S. 507 (2004); and Strickland v. Washington, 466 U.S. 668 (1984).**

    Now into Court comes the Defendant, Thiago De Souza Prado, in the above style and cause moves the Honorable Court to take Judicial Notice of all facts raised within said motion and now ask the Court to use its Supervisory Powers to rule **18 U.S.C 1349** Conspiracy statute unconstitutional based on solid grounds that **1349** requires and mandates ineffective assistance of counsel in light of Fifth, Sixth, and Fourteenth Amendments of Federal Constitution.

    The crux of the charged Defendant's, Thiago De Souza Prado, argument revolves around the grounds of the Federal Conspiracy statute **18 U.S.C. 1349** operates as a scheme that conclusively renders his Court appointed attorney "Ineffective Assistance" of Counsel. *See* **Edward v. United States, 523 US 511** (1998). As (1) The guidelines instruct the Judge to (a) determine both the amount of money and the kind of wire fraud for which a Defendant should be held accountable and (b) Impose a sentence that varies depending upon such amount of money and kind of offense; and (2) Thus, regardless of the Jury's actual or assumed beliefs about the conspiracy, the guidelines require the Judge to determine whether the wire fraud at issue-and how much money is involved, or both.

    **18 U.S.C 1349** Conspiracy statutory offense automatically renders trial counsel highly ineffective assistance of counsel. However, the government would have to acknowledge that **18 U.S.C 1349** Conspiracy statute mandates any trial attorney incompetent and ineffective assistance. Where there is no constitutional 6th Amendment right to effective assistance of trial counsel as well, the right to trial by effective assistance counsel falls also under the same

1

umbrella as the right to have a trial by jury. **Strickland v. Washington, 104 S. Ct. 2052, 80 LED 2d 674, 466 US 668** (1984).

The Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial, since access to counsel's skill and knowledge is necessary to accord defendants the ample opportunity to meet the case of the prosecution to which they are entitled.

## Statement of Facts

The Defendant, Mr. Prado, respectfully moves this court to schedule an evidentiary hearing in this case so that he could rebut the government factual allegations that he conspired with others known and unknown, to commit wire fraud.

However, Mr. Prado was detained on May 12, 2021 in Florida and has since then been transferred to the Donald W. Wyatt Detention Facility Central Falls, Rhode Island, and has been held since his arrest. The Defendant requests the court to order an evidentiary hearing and allow him the Constitutional Right to hopefully refute the government's falsified and manufactured criminal charges in person with or without the aid of counsel.

## Reasons for Granting Motion

### Issue Number One

**18 U.S.C. 1349 CONSPIRACY STATUTE STATUTORY SCHEME FAILS TO GIVE CITIZENS FAIR WARNING THAT AN INDIVIDUAL COULD BE ARRESTED AND CRIMINALLY PROSECUTED WITHOUT BEING CHARGED WITH "WIRE FRUAD"... THEREFORE, RENDERERING TRIAL COUNSEL HIGHLY INEFFECTIVE ASSISTANCE OF COUNSEL...**

The gravamen of Mr. Prado argument is a matter of first impression that the statutory conspiracy statute deny the charged defendant of his Sixth Amendment Constitutional right to effective assistance of trial counsel because under **18 U.S.C. 1349** there is no right to a Jury Trial. *See* **Edwards v. United States, 523 US 511** (1998).

The government made clear to Mr. Prado defense attorney, Mr. Levy, that the government does not have to prove that Mr. Prado actually committed wire fraud. However, with that said and done this Honorable Court has to recognize that **1349** conspiracy statute automatically renders Mr. Prado's retained trial counsel to be highly ineffective as trial counsel.

The Conspiracy statute scheme automatically renders Mr. Prado's trial counsel as ineffective assistance of counsel. *See* **Strickland v. Washington 104 S. Ct. 2052, 80 LED 2d 674,**

2

**466 US 668** (1984). The Government violates the right to effective assistance of counsel when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense.

As for a prime example:

"Explain how trial counsel could prove that Mr. Prado is innocent of 'Conspiring to commit wire fraud' when the statute allows a defendant to be convicted of wire fraud without actually committing the wire fraud from the start."

Explain how trial counsel can refute the government's criminal allegations against Mr. Prado if the Federal Conspiracy statute created under title **18 U.S.C. 1349** does not require the Jury to make the wire fraud finding beyond a reasonable doubt?

Explain how trial counsel can establish Mr. Prado innocent of wire fraud when the government has a hidden law that allows Mr. Prado to be arrested without wire fraud and then when you are found guilty of having not committing the wire fraud the District Judge could sentence you to a different statute penalty provision that covers actual wire fraud?

Explain how trial counsel could provide assistance of counsel during a criminal trial of wire fraud when wire fraud is a sentencing factor to be determined by the court regardless of the jury's belief and factual finding?

However, the Government uses Joseph Bidden statutory amendment to **18 U.S.C. 1349** Conspiracy statute to circumvent the jury and the right to effective assistance of counsel. By amending the statutory language including: "Shall be subject to the same penalties as those prescribed for the offense" – The statute requires that an individual who violates the conspiracy statute **1349** must be sentenced under a different statute that covers different criminal conduct.

### Issue Number Two

### Part "A"

Where there is no Sixth Amendment right to a jury trial there is no constitutional right to effective assistance of counsel in light of **Strickland v. Washington, 446 U.S. 668** (1984).

The crux of Mr. Prado's argument revolves around the Federal Conspiracy statutory amendment of Joseph Bidden that has created arbitrary governmental decisions to arrest citizens of the United States without actually having committed wire fraud and to charge, and convict, the citizens based on facts that's found by the Judge on a civil standard of proof by a preponderance of the evidence. See **United States v. Cotton, 535 US 625** (2002).

The Supreme Court held in **Cotton's** case that:

"Omission from federal indictment of fact that enhanced statutory maximum sentence held not to justify Federal Court of Appeals' vacating enhanced sentences where the accused did not object in trial court."

In **Edward v. United States, 523 U.S. 511, 140 L. ed. 703, 118 S. Ct. 1475** (1998), the Supreme Court held that, as long as (1) The jury finds beyond a reasonable doubt that a defendant participated in a conspiracy, and (2) the court sentences him within the statutory maximum applicable to that conspiracy, the court may "determine both the amount of money and the object of the conspiracy" for which the defendant should be held accountable – and then... impose a sentence that varies depending upon amount and kind of object. **Id. At 513-14.** See **United States v. Eirby, 262 F. 3d 31, 37** (1st Cir. 2001) (holding, post – **Apprendi,** that when a sentence falls within the statutory maximum, "Judicial determination of wire fraud under a preponderance – of – the – evidence standard remains a viable option").

Now turning back to the present case at bar, the charged defendant, Mr. Prado, argues the wire fraud conspiracy statute operates denying defendants of their constitutional 6th amendment right to effective assistance of counsel because the statute requires the judge to make the determinations of the wire fraud in every federal wire fraud conspiracy case. See **Edward v. United States, 140 L. ed 2d 703** (1998). Thus regardless of the jury's actual or assumed beliefs about the conspiracy, the guidelines require the judge to determine both the amount of money and the wire fraud for which a defendant should be held accountable.

The Supreme Court has ruled that this scheme utilized by the District Courts is no longer good law in **Alleyne** and **Haymond, 204 L Ed 2d 897** (2019) but for some strange reason the courts are continuing to use the preponderance of the evidence standard to find uncharged criminal conduct – Judicial fact findings are made by the court without the Jury's actual findings of certain facts not found by the petit Jury.

In the Supreme Court case of **Strickland v. Washington, 466 US 668** (1984) has made it clear:

"A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding. The right to counsel is the right to effective assistance of counsel. **Mcmann v. Richardson, 397 US 759, 771, n 14, 25 L Ed 2d 763, 90 S. Ct. 1441** (1970). The government violates the right to effective assistance of counsel when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense. See **Ferguson v. Georgia, 365 US 570, 593-596, 5 L Ed 2d 783, 81 S. Ct. 756** (1961) (bar on direct examination of defendant). Counsel, however, can also deprive a defendant of the right to effective assistance, simply by failing to render "adequate legal assistance", **Cuyler v. Sullivan, 446 US, at 344, 64 L Ed 2d 33, 100 S. Ct. 1708**.

### Part "B"

### 18 U.S.C 3661 COMBINED WITH 18 U.S.C 1349 CONSPIRACY STATUTORY SHEMES DEPRIVE MR. PRADO OF HIS SUBSTANTIVE DUE PROCESS OF LAW RIGHTS AND HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTENCE OF COUNSEL AND TRIAL BY JURY

The crux of Mr. Prado's argument stands upon the position that the government has violated his constitutional rights to effective assistance of counsel by enforcing congress unconstitutional irrefutable substantive criminal laws that operates denying Mr. Prado his substantive due process of law rights – his 6th Amendment right to effective assistance of counsel – and also denying the charged defendant of his constitutional right to a jury trial.

In the case of **Strickland v. Washington, 466 US 668** (1984) the Supreme Court has held:

"Government violates the right to effective assistance of counsel when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense."

The benchmark for judging any claim of "actual effectiveness" must be whether counsels conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. The question remains unanswered by the district court:

"How can Mr. Prado enjoy his constitutional right to a fair trial if the judge makes all the factual determination without a jury's verdict?"

Explain how Mr. Prado's trial counsel be considered effective assistance of counsel when wire fraud is "sentencing factors" that requires a judge to make the factual determinations regardless of the jury actual beliefs and findings?

In the present case at hand, Mr. Prado requests this court to take judicial notice of the facts being raised now for the very first time that's based on solid grounds that **18 U.S.C. 3661** and **18 U.S.C. 1349** both of legislative statutes combined together operates as creating "conclusive presumptions" that does not allow Mr. Prado to prove his innocence before the court or an impartial jury. See **Hannah v. Larche, 363 U.S. 420, 80 S. Ct. 1502, 4 L. Ed. 2d 1303** (1960).

Both statutes functions together, **18 U.S.C. 3661** and **18 U.S.C. 1349** and create "irrebuttable presumptions" that operates to deny Mr. Prado's constitutional right to effective assistance of counsel and his 6th amendment right to trial by jury. See **McDonald v. McLucus, 371 F. Sup. 837** (2nd Cir. 1973). Irrebuttable presumptions that act to deprive persons of protected interests violate the Due Process Clause of the 5th Amendment.

5

The District Court is well aware that both statutes function together to deprive Mr. Prado of his right to effective assistance of counsel and his 6th Amendment right to a trial by jury. However, in view of the fact that the function of the district court is to allow a petit jury to make all the determinations of fact – the jury must be purely the actual fact-finder, and not the judge.

In the present case at hand, Mr. Prado argues that the district court judicial officer exercises "Three Hats" he functions as (1) The Judge of the tribunal (2) the Legislature by writing his own Laws, and (3) the Judge is the jury that determines all of the facts of the case with or without a jury.

The statutes **18 U.S.C. 3661** and **18 U.S.C. 1349** circumvent all of a defendant's constitutional rights and provides no safeguards of the of the Federal Constitutions 1$^s$, 4th, 5th, 6th, and 14th Amendments. The above alleged statutes created by our Congress transgresses all Federal Constitutional rights and makes a mockery of the entire Criminal Justice System. *See* Justice Clarence Thomas and The Constitution book written by Myron Magnet – "Myron Magnet captures the essence of Clarence Thomas thoughtful analysis of his work on the court.

## Part "C"

**18 U.S.C. 1349 CREATES AN IRREBUTTABLE PRESUMPTION: WAS TO ENSURE THAT A DEFENDANT WHO IS CHARGED WITH ONLY CONSPIRACY NOT BE IN A BETTER POSITION FOR SENTENCING THAN ONE WHO IS CHARGED WITH WIRE FRAUD.**

The above cited "Conclusive Presumption' a/k/a "Irrebuttable Presumption" created by Senator, now our President, Joseph Bidden, in the year of 1988, operates as a rule of "Substantive Rule of Law" that automatically renders Mr. Prado's trial counsel, ineffective assistance of counsel.

The unconstitutional conclusive presumption does not allow a defense in regard to Mr. Prado needing to prove that he actually and factually is innocent for committing wire fraud.

The **18 U.S.C. 1349** conspiracy statutory conclusive presumption relieves the prosecution of his burden of proving beyond a reasonable doubt that Mr. Prado *knowingly and intentionally* commit wire fraud. *See* **McDonald v. McLucas, 371 F. Supp. 837** (2nd Cir. 1973)

The 2nd Circuit Court of Appeals has held:

**"Due Process under the Fifth Amendment requires some form of notice and opportunity to be heard in administrative proceedings when ad justifications of fact are made and when a person is deprived of a protected interest."**

6

The statutory conclusive presumption created under **18 U.S.C. 1349** conspiracy statute require Mr. Prado to be convicted and sentenced without a jury finding on proof beyond a reasonable doubt. However, the conspiracy statutory "irrebuttable presumption" applied by the district court circumvents all constitutional safeguards that was promised by the Bill of Rights and the Due Process Clause of the 5th, 6th, and 14th Amendments.

As the government is aware of the facts that **18 U.S.C. 1349** conspiracy statute does not require the government to prove anything other than an "agreement only" and then impose a charge and sentence based on criminal charges of wire fraud that the government cannot prove Mr. Prado guilty beyond a reasonable doubt.

The statute **18 U.S.C. 1349** makes it a conclusive presumption that does not allow trial counsel to rebut the government charged allegations. The statute does not make the wire fraud a criminal act nor give the defense fair warning of what the government has in store for the charged Mr. Prado.

"Due Process under the Fifth Amendment requires some form of notice and opportunity to be heard in administrative proceedings when ad justifications of fact are made, and when a person is deprived of a protected interest. *See* **Hannah v. Larche, 363 U.S. 432, 80 S. Ct. 1502, 4 L. Ed 2d 1307** (1960); **Morgan v. United States, 360 U.S. 474, 3 L. Ed 548** (1972).

The unconstitutional "irrebuttable presumption" that Mr. Prado committed wire fraud based on a finding made by the court without a jury of an "agreement only" – this in itself raises a substantial constitutional question since the Supreme Court has traditionally held that "Irrebuttable Presumptions" which act to deprive persons of protected interests violate the Due Process Clause of the Fifth Amendment. *See* **Heiner v. donnan, 285 U.S. 312, 329, 52 S. Ct. 358, 76 L. Ed. 772** (1972); cf. **Dunn v. Blumstein, 405 U.S. 330, 350, 92 S. Ct. 995, 31 L. Ed. 2d 274** (1972); **Carrington v. Rash, 380 U.S. 89, 96, 85 S. Ct. 775, 13 L. Ed. 2d 675** (1965).

### Part "D"

**Mr. Prado also notes that when the "District Court Judge's authority" to make presumptive findings of Mr. Prado committed "wire fraud" under sections 18 U.S.C. 3661 and 18 U.S.C. 1349 statutory scheme's is coupled with the alleged lack of notice and opportunity to be heard, the effect of the statutory scheme appears to create more than one irrebuttable presumption...**

The Charged Defendant, Mr. Prado, stands before the District Court as a person convicted of wire fraud who at the very moment the District Court "created a conclusive presumption that Mr. Prado is presumptively guilty of wire fraud" based on facts not found by a grand jury.

7

The statutory provisions in question imposes criminal sanctions upon the charged defendant Mr. Prado that's punitive without affording Due Process of Law and the charged defendant's constitutional rights to a jury trial. See **Heiner v. Donnan, 371 F. Supp. 837** (2nd Cir. 1973). This court has held more than once that a statute creating a presumption which operates to deny a fair opportunity to rebut a statute creating a presumption which operates to deny a Defendant an opportunity to rebut, it violates the Due Process Clause of the 5th and 14th Amendments.

For example, **Bailey v. Alabama 219 U.S. 219, 238**

*"The power to create presumptions is not a means of escape from constitutional restrictions."*

**"IF A LEGISLATIVE BODY IS WITHOUT POWER TO ENACT AS A RULE OF EVIDENCE A STATUTE DENYING A LITIGANT THE RIGHT TO PROVE THE FACTS OF HIS CASE, CERTAINLY THE POWER CANNOT BE MADE TO EMERGE BY PUTTING THE ENACTMENT IN THE GUISE OF A RULE OF SUBSTANTIVE LAW."**

The Supreme Court in the case of **Estelle v. Mcguire, 112 S. Ct. 475, 116 LED2D 385, 502 U.S. 385** (1991) has held:

*"In the criminal case, a criminal defendant's simple plea of not guilty puts the prosecution to its proof as to all elements of the crime charged."*

As here, the present case at hand Mr. Prado argues that the Conspiracy statute **18 U.S.C. 1349** must be ruled as being unconstitutional because it does not constitute "appropriate legislation" within the meaning of the Federal Due Process Clause 5th and 14th Amendments.

The Conspiracy statute created under **18 U.S.C. 1349** does not criminalize "Wire Fraud" nor does it criminalize "conspiracy to commit wire fraud" as being criminal. See **Francis v. Franklin, 104 S. Ct. 1965, 85 LED2d 344** (1977).

The court held:

*"Mandatory presumption must be measured against the standards of wind ship as elucidated in sandstorm."*

Such presumptions violate the Due Process Clause if they relieve the state of the burden of persuasion on an element of an offense. **Patterson v. New York, at 215, 53 LED2D 281, 97 S. Ct. 2319**

*"A state must prove every ingredient of an offense beyond a reasonable doubt and. . . May not shift the burden of proof to the defendant by presuming that ingredient upon proof of the elements of the offense."*

8

In the present case at hand, the gravamen of Mr. Prado revolves around "Congress/Legislators" creating a "conclusive presumption" that automatically removes presumed statutory elements here, such as, "wire fraud conspiracy" from the case entirely if the government proves the "agreement only."

In **Francis v. Franklin, 471 U.S. 307** (1984), the Supreme Court has made it clear:

*"An Irrebuttable or conclusive presumption relieves the state of his burden of persuasion by removing the presumed element from the case entirely if the state proves the predicate facts."*

Based upon the above raised facts of Law along with the cited Supreme Court authority the charged Defendant, Mr. Prado, stands on a position that the legislatures created conclusive presumption under **18 U.S.C. 1349** conspiracy statute the deprive Mr. Prado of his Constitutional Due Process Clause rights and his 6th Amendment right to effective assistance of counsel along with his right to a trial by jury.

### Part "E"

**18 U.S.C. 3661 COMBINED TOGETHER WITH 18 U.S.C. 1349 STATUTORY SCHEMES THAT ACTS/OPERATES TO DEPRIVE MR. PRADO PROTECTED INTERESTS VIOLATE THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT...**

The crux of Mr. Prado petition to the court is a straightforward solid claim that both of the federal statute **18 U.S.C. 3661** and **18 U.S.C. 1349** combined together are unconstitutional under the Due Process Clause of the Fifth and Fourteenth Amendment of the federal constitution.

*"The restraint imposed by the Due Process Clause of the Fourteenth Amendment upon the legislative power of the state is the same as that imposed by the corresponding provision of the Fifth Amendment upon the legislative power of the United States."*

In the present case at hand the Due Process of the Fifth Amendment does not permit congress to deny an individual the opportunity to present evidence that would establish beyond a reasonable doubt that he is actually innocent of being committed wire fraud in a charge of conspiracy only. **Heiner v. Donnan, 285 U.S. 312, 76 L. Ed. 772** (1932).

**18 U.S.C. 1349** creates an "irrebuttable presumption" that a crime of an "agreement itself" connotes a crime of "wire fraud" violates the Due Process Clause of the Fifth Amendment. However, the statute operation does not provide fair warning of the true nature and charges nor does the conspiracy statute prescribe elements that require a jury to determine the facts of the defendant's case beyond a reasonable doubt.

9

The regulation of both substantive statutes **18 U.S.C. 3661** and **18 U.S.C. 1349** that's used by the government creates a fiction in the form of a rule of substantive law establishing a conclusive presumption, as against a rule of evidence establishing a rebuttable presumption is further erroneous in that it runs afoul the principle that courts will not construe a statute in such a way as to require that it be declared unconstitutional or to bring near the borderline of unconstitutional.

The Legal presumption that Mr. Prado committed wire fraud connotes a legal fiction that's not true in actuality -- Mr. Prado never actually or constructively committed any wire fraud throughout this entire case. However, the creation of this irrebuttable presumption of fact has been administrated by the court under a substantive rule of law that deprives Mr. Prado of his constitutional right of effective assistance of counsel and his right to a jury trial. *See* **NLRB v. Heyman, 541 F. 2d 796** (9th Cir. 1976).

As a statute creating a presumption which operates to deny a fair opportunity to rebut would not afford Due Process, **Heiner v. Donnan, 285 U.S. 312, 76 L. Ed. 772** (1932); **Vlandis v. Kline, 412 U.S. 441, 37 L. Ed. 63** (1973).

Accordingly, the government would have to acknowledge the honest truth that in the present case Mr. Prado is at a very high disadvantage because of conclusive presumption created by the court to deprive him of Due Process of Law provided by the Fifth and Fourteenth Amendment of the federal constitution. In light of **Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052** (1984).

Based upon the above law and Supreme Court authority, Mr. Prado asks the District Court to use its supervisory power to rule in the charged Defendant favor to help prevent a further Miscarriage of Justice.

### Part "F"

**18 U.S.C. 3661** and **18 U.S.C. 1349** statutory scheme that operates as "sentencing factors" creating "irrebuttable presumption" of fact that violates Due Process – The right to Notice – and the opportunity to be heard. . . In light of **Hamdi v. Rumsfeld, 542 U.S. 507** (2004); and **Armstrong v. Manzo, 380 U.S. 545** (1965).

The Crux of Mr. Prado's argument revolves around both of the legislature's unconstitutional created statutes title **18 U.S.C. 3661** and **18 U.S.C. 1349** both together violates the Law of Due Process based on solid grounds that both statutory schemes connotes a deprivation of Life, Liberty, and Property without affording Mr. Prado his Due Process of Law rights. **Handi v. Rumsfeld, 542 U.S. 507** (2004)

10

In the present case at hand the government created "wire fraud" "conspiracy to commit wire fraud" "identity theft" as mere sentencing factors that operates as "conclusive presumptions" that deprives Mr. Prado of his Fifth Amendment Due Process rights.

However, in the Supreme Court opinion of **Handi v. Rumsfeld**, citations omitted, has held that:

*"2001 Resolution authorizing use of Military Force held to provide Executive Branch with some authority to detain citizens as "Enemy Combatants," but individual held to have right to hearing with at least, an opportunity to present evidence that he was not an enemy combatant."*

As here in the present case at bar Mr. Prado walks in the same shoes as the "Enemy Combatants" because the District Court has been depriving the Defendant of his Due Process rights by not affording the charged defendant his right to notice along with the right to a hearing with, at least, providing him the opportunity to present evidence that he was not in commission of wire fraud in the state of Massachusetts nor elsewhere.

The Supreme Court made it clear in the **Handi v. Rumsfeld, 542 U.S. 507** (2004) that:

*"We therefore hold that a citizen – Detainee seeking to challenge his classification as an enemy combatant must receive notice of the factual basis for his classifications, and a fair opportunity to rebut the government factual assertions before a mutual decision maker."*
See **Cleveland Bd. Of Ed. V. Louder Mill, 470 U.S. 532, 542, 84 L. Ed. 2d 494, 105 S. Ct. 1487** (1985).

The charged Defendant, Mr. Prado, asserts that the above alleged statutes together operating schemes that does not provide the defendant Due Process of Law nor a Jury Trial. *See* **Armstrong v. Manzo, 85 S. Ct. 1187, 14 LED 2d 62** (1965). The Supreme Court held that "The failure to give a divorced father notice of pendency of proceeding for the adoption of his child deprives him of Due Process of Law."

The Due Process Clause requires as a minimum that the deprivation of Life, Liberty, or Property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of this case. However, as elementary and fundamental requirement of Due Process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

**18 U.S.C. 3661 OPERATES ALLOWING THE DISTRICT JUDGE TO CIRCUMVENT THE ENTIRE FEDERAL CONSTITUTION. THE STATUTE ALLOW THE COURT TO CREATE NUMEROUS "IRREBUTTABLE PRESUMPTIONS" THAT DOES NOT PROVIDE DUE PROCESS BY FAILING TO GIVE MR. PRADO NOTICE OF ALL THE "SENTENCING FACTORS" AND "SENTENCING ENHANCEMENTS" THE DISTRICT COURT LOOK FORWARD INTO USING TO SENTENCE Mr. Prado TO THAT FOUND BY PREPONDERENCE OF THE EVIDENCE.**

The threshold question before us is whether the unconstitutional statutes used to detain Mr. Prado **18 U.S.C 3661** and **18 U.S.C. 1349** provides Due Process of Law and a right to effective assistance of counsel along with the right to a Jury Trial. **Handi v. Rumsfeld, 159 LED 2d 578, 542 U.S. 507** (2004); and **Carey v. Pipphus, 435 U.S. 247, 259, 55 L. Ed 2d 252, 89 S. Ct. 1042** (1978). "Procedural Due Process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation on Life, Liberty, or Property." *See also* **Id., at 266, 55 L. Ed 2d 252, 98 S. Ct. 1042** (1978) (noting "the importance to organized society that procedural due process be observed, and emphasizing that the right to procedural due process is in the sense that it does not depend upon the merits a claimant's substantive assertions." However, the risk of erroneous deprivation of a citizen's liberty in the absence of sufficient process here is very real. *See* **Carey v. Piphus, 435 U.S. 247** (1978).

**THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENT PROVIDES:**

**"NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW..."**

This clause raises an impenetrable barrier to the taking of a person's possessions, or liberty, or life. *See* **Fuentes v. Shevin, 470 U.S. 67, 81, 32 I. Ed 2d 556, 92 S. Ct. 1983** (1972). Procedural Due Process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of Life, Liberty, or Property. Thus, in deciding what process constitutionally is due in various contexts, the court repeatedly has emphasized that "procedural due process rules are shaped by the risk of error inherent in the truth finding process." *See* **Mathews v. Eldridge, 424 U.S. 319, 344, 47 L Ed 2d 18, 96 S. Ct. 893** (1976).

As here in the present case at hand, Mr. Prado asserts that **18 U.S.C. 3661** and **18 U.S.C. 1349** deprive Mr. Prado of all the safeguards that must be afforded in all federal criminal prosecutions. Moreover, title **18 U.S.C. 3661** and **18 U.S.C. 1349** are unconstitutional and unenforceable because both statutes operates without affording the charged defendant due process. *See* **Armstrong v. Manzo, 85 S. Ct. 1187, 14 LED 2d 62** (1965).

Based upon the above stated arguments of law and the Supreme Court cited interpretation of the Due Process Clause Mr. Prado asks the court to use its supervisory powers to help prevent the government from depriving him of his Due Process in view of **Armstrong v. Manzo, 85 S. Ct. 1187,14 LED 2d 62** (1965); and **Handi v. Rumsfeld, 159 L. ed 2d 578** (2004).

**Part "G"**

**THE FEDERAL "SENTENCING FACTORS" A/K/A "IRREBUTTABLE PRESUMPTIONS" DEPRIVES MR. PRADO OF HIS DUE PROCESS NOTICE – DUE PROCESS RIGHT TO A HEARING – DUE PROCESS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL – ALONG WITH DENYING THE**

**RIGHT TO JURY TRIAL. . . IN LIGHT OF <u>Hamdi v. Rumsfeld, 542 U.S. 507</u>** (2004); and **<u>Armstrong v. Manzo, 380 U.S. 545</u>** (1965).

In the year of 2002 the Supreme Court deals with a situation dealing with "the judge's use of sentencing factors" in the case of **<u>Harris v. United States, 536 U.S. 545</u>** (2002). In **<u>Harris</u>** the Supreme Court made it a substantive rule of law that the "District Court" judge judicial "fact-finding" determining that Mr. Harris had "brandished" a firearm was a mere "sentencing factor" found by the court during the time frame of sentencing, held to be a "sentencing factor" that could constitutionally be found by a judge.

However, in a separate opinion Court Justice Thomas dissenting made it clear in the following:

"The range of punishment to petitioner William J. Harris was exposed turned on the fact that he brandished a firearm, a fact that was neither charged in his indictment nor proved at trial beyond a reasonable doubt. The United States court of appeals for the Fourth Circuit nonetheless held, in reliance on **<u>McMillan v. Pennsylvania, 477 U.S. 79, 91 L. Ed 2d 67, 106 S. Ct. 2411</u>** (1986) that the fact that Harris brandished a firearm was a mere "sentencing factor" to which no constitutional protections attach. **<u>243 f. 3d 806, 808-812</u>** (2001).

## THE SUPREME COURT CHIEF THOMAS MADE IT PERFECTLY CLEAR:

**"That when it boils down to 'congress labeled sentencing factors' – an individual has no constitutional rights. . . There is no Fifth Amendment right to be tried by a Federal Grand Jury indictment with Due Process notice – There is no 6th Amendment right to effective assistance of counsel combined together with a right to a trial by jury."**

In the present case at hand our legislature/congress does not criminalize "conspiracy to commit wire fraud" – The **<u>18 U.S.C. 1349</u>** conspiracy does not criminalize "wire fraud" statutory mandatory minimums because congress labeled all wire fraud crime as mere "sentencing factors" and not components of a crime.

The "sentencing factors" is actually elements of a crime in the ordinary sense; they are a violation of the Law, a public wrong which is punishable by imprisonment. *See* **<u>Bloom v. Illinois, 391 U.S. 194</u>** (1968).

In the words of Mr. Justice Holmes:

*"'Irrebuttable Presumptions of fact' are infractions of the Law, visited with punishment as such. If such acts are not criminal, we are in error as to the most fundamental characteristic of crimes as that word has been understood in English speech."*

The Ninth Circuit Court of Appeals has held that:

"*The Fourteenth Amendment guarantees that a state cannot deprive any person of property without Due Process of Law.*" **<u>U.S. Const. Amend XIV.</u>**

One of Due Process's central and undisputed guarantees is that, before the government permanently deprives a person of a property interest, that person will receive – at a minimum – notice.

However, both of the statutes **18 U.S.C. 3661** and **18 U.S.C. 1349** must be held unconstitutional based on solid grounds that both statutes statutory schemes creates a major deprivation of Life, Liberty, and Property without affording Mr. Prado Due Process. *See* **Wright v. Beck, 981 F. 3d 719** (9th Cir. 2020).

**18 U.S.C. 3661** by itself abolishes the entire federal constitution by not applying Due Process notice. Inadequate attempts to provide notice violate Due Process. Outright failures to even attempt to provide notice violates Due Process.

Due Process is not satisfied simply because Judges have facilitated the deprivation. If the right to notice and hearing is not serve its full purpose, then it is clear that it must be granted at a time when the deprivation can still be prevented.

### This District court must acknowledge that:

*"Notice is so critical to due process because it enables the opportunity to be heard. The purpose of Notice under the Due Process Clause is to apprise the effected individual of, and permit adequate preparation for, an impending hearing. It helps minimize substantially unfair or mistaken deprivations. It also preserves the high value, embedded in our constitutional and political history that is placed on a person's right to enjoy what is his, free of governmental interference. Without notice, the right to be heard has little reality or worth."* **Wright v. Beck, 981 F. 3d 719** (9th Cir. 2020).

Accordingly, as here in the present case, Mr. Prado asserts that both statutes **18 U.S.C. 3661** and **18 U.S.C. 1349** fails as a matter of Law to provide Due Process Notice – "Fair Warning" to all the "Sentencing Factors" A/K/A "irrebuttable presumptions" as the District Court intends to make judge judicial determined facts upon Mr. Prado without a jury.

The major problem here revolves around the federal government imposing unlawful criminal charges against Mr. Prado depriving him of all his constitutional rights by not affording him the opportunity to present evidence that he never committed wire fraud. **Hamdi v. Rumsfeld, 542 U.S. 507** (2004).

At the moment, the government continues to detain Mr. Prado on a conclusive presumption A/K/A Legal fiction that Mr. Prado has conspired to commit wire fraud without affording him a right to effective assistance of counsel along without a 6th Amendment right to a Jury Trial.

However, Mr. Prado finds himself in the very predicament as the "Enemy Combatant" the Supreme Court has to provide Due Process of Law in **Hamdi v. Rumsfeld, citations omitted.**

14

The Supreme Court made clear that the "Enemy Combatants" was entitled to have the right to a hearing with, at least, opportunity to prevent evidence that he was not an "Enemy Combatant."

The Second Circuit Court of Appeals in **Lopez v. Decker, 978 F. 3d 842** (2nd Cir 2020) has held:

*"The private interest affected by the official action is the most significant liberty interest there is, the interest in being free from imprisonment.* **Hamdi v. Rumsfeld, 542 U.S. 507** (2004).

*In the same vein, it is clear that commitment for any purpose constitutes a significant deprivation of Liberty that requires Due Process protection.* **Jones v. United States, 463 U.S. 354** (1983).

## Conclusion

Based upon the above case law and Supreme Court authority, Mr. Prado prays that the District Court will use its supervisory powers to deem whatsoever the court feels that is just and appropriate.

Respectfully Submitted

By the defendant

Thiago De Souza Prado

950 High Street

Central Falls, RI 02863

## Certificate of Service

I, Thiago De Souza Prado, place the said above Motion in the Mail Box under the Mail Box rule here at the Donald Wyatt Detention Facility to be mailed to the following:

United States District Court

For The District of Massachusetts

The Office of the Clerk

1 Courthouse Way

Boston MA 02210

Respectfully Submitted

By the defendant

Thiago De Souza Prado

_____

950 High Street

Central Falls, RI 02863