FILED
IN CLERKS OFFICE

United States District Court
District of ~~Connecticut~~ Boston 2022 FEB 22 PM 2:34

DISTRICT COURT

| | |
|---|---|
| United States of America ) | |
| ) | Case No. 1:21-CR-10158 (MLW) |
| v. ) | |
| ) | |
| Thiago De Souza Prado ) | |
| Defendant, ) | |

**MOTION FOR THE COURTS PERMISSION TO GRANT AN EVIDENTIARY HEARING BASED ON GROUNDS OF MEMORANDUM ESTABLISHING TITLE 18 U.S.C. § 3661 IS REPUGNANT TO THE CONSTITUTION AND THE FEDERAL SENTENCING STATUTORY PROCEDURE SCHEME IS UNCONSTITUTIONAL AND UNENFORCEABLE FOR BEING OVERLY BROAD AND ALLOWING CRIMINAL SANCTIONS WITHOUT DUE PROCESS OF LAW PURSUANT TO FED. R. CRIM. P. RULE 12(B)(3)(B).**

The Defendant Mr. Prado moves the court to use its "Supervisory Powers" to rule 18 USC 3661 as being unconstitutional and unenforceable in light of the supreme court decisions Apprendi, Blakely, Alleyne and United States v Haymond, 204 Led 2d 897 (2019). The statute violates the Federal Due Process Clause and a right to trial by jury created under the Sixth Amendment.

It is as much a violation of Due Process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made. Cole v Arkansas, 333 U.S 196 (1948).

In Oliver, 333 US 257 (1948), the guaranty of the Fourteenth Amendment that no one shall be deprived of his liberty without due process of law makes it improper to sentence an accused to prison without a public trial.

It is "the law of the land" that no man's life, liberty or property be forfeited as a punishment until there has been charge fairly made and fairly tried in a public tribunal. In re Oliver, Supra.

1

The highest court in the land has held that: "A conviction upon a criminal charged not made is a denial of Due Process. See, De Jonge v Oregon, 299 U.S. 353 (1937).

In Garner v Louisiana, 368 U.S. 157 (1961), the Supreme Court mandated: "it is much a denial of due process to send an accused to prison following conviction for a charge that was never made as it is to convict him upon a charge for which there is no evidence to support that conviction.

Just as a conviction upon a charge not made would be sheer denial of due process, so is it a violation of Due Process to convict and punish a man without evidence of his guilt. See, Thompson v Louisville, 362 US 199 (1960).

The application of 18 U.S.C. 3661 sentencing by the fair preponderance of the evidence standard - sentencing scheme procedure violates the Fifth and Fourteenth Amendment Due process clause. Santosky v Kramer, 455 U.S. 745 (1982).

The court held that a clear and convincing evidence standard adequately conveyed to the factfinder the level of subjective certainty about his factual conclusions necessary to satisfy due process. See Santosky v Kramer, 455 U.S. 745 (1982). The Supreme Court found that a "Clear and Convincing standard was necessary to protect petitioners' due process rights, and vacated and remanded so that a hearing could be conducted under a constitutionally proper standard.

This Court has mandated an intermediate standard of proof – "Clear and Convincing evidence" – When the individual interests at stake in a State proceeding are both "particularly important" and more substantial than mere loss of money." Addington v Texas, 441 U.S. at 424. Notwithstanding "the states civil labels and good intentions, Id. At 427, quoting In re Winship, 397 U.S. at 365-366, the court has deemed this level of certainty necessary to preserve fundamental fairness in a variety of government – initiated proceedings that threaten the individual involved with "a significant deprivation of liberty" or stigma. 441 U.S. at 425, 426. See, e. g., Addington v Texas, Supra (Civil Commitment); Woodby v INS, 385 U.S. at 285 (deportation).

As a matter of first impression the question still remain ; **Are the numerous cases of this court holding that a sentencing judge may consider virtually any reliable information still good law when juries, not judges, are required to determine the matter?**

The sentencing statute 18 USC 3661 is unconstitutional because it places no limitations on the district court in light of relying upon critical information during a sentencing stage....

As at the time of the Fifth and Sixth Amendment adoption, a judge's sentencing authority derives from, and is limited by, the jury's factual finding of criminal conduct. A jury must find beyond a reasonable doubt every fact "'which the law makes essential to [a] punishment'" that a judge might later seek to impose. Blakely v. Washington, 542 U.S. 296, 304, 124 S. Ct. 2531, 159 L. Ed. 2d 403.

However, Apprendi, Blakely, Alleyne, and Haymond now states that the district court is now limited to the factual findings that's derived from the jury verdict. Therefore, TITLE 18 U.S.C. § 3661 is **irreconcilable** with the Fifth and Sixth Amendments of the federal constitution.

## CONCLUSION

The defendant prays and respectfully request that this Honorable Court take judicial notice of all facts raised in the above cited case law and authority to help prevent a further miscarriage of justice.

**REQUEST FOR ORAL ARGUMENT**
Pursuant to Local rule 7.1 (D.), the defendant is requesting all oral argument on his Motion to bar because he believes that such argument will be of assistance of the court.

Respectfully Submitted,

By

Date: February _18_, 2022

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document is being served today by United States mail to The District Court, AUSA.

Respectfully Submitted

*[signature]*

2-18-22