**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| United States of America ) | |
| ) | Case No. 1:21-cr-10158-MLW |
| v. ) | |
| ) | |
| Thiago De Souza Prado ) | |
| Defendant, ) | |

## Defendant's Motion For Recusal of the Undersigned District Court Honorable judge Mark l. Wolf For Being Bias towards Defendant's constitutional rights to Pro se in light of 28 U.S.C. 455- Pursuant to Fed. R. Crim. P. 12(b)

Now into court comes the charged defendant Mr. Thiago De Souza Prado acting within his Pro se capacity moves the district court undersigned Honorable Judge Mark l. Wolf to recuse himself from defendant's case for being Bias towards Defendant utilizing his Pro se rights. **In re Bulger**, *710 f3d 42, 45 (1st Cir. 2013)*; and **Strahan v Adm'r, Nat'l Oceanic & Atmospheric Admin ("NOAA")**, *2018 U.S Dist. LEXIS 242280 (1st Cir. 2018)*.

Under **28 U.S.C. 455** "a judge shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." In **Re Bulger,** *710 F. 3d 42, 45 (1st Cir 2013)* (citation omitted). [Section 455] forbids not only the reality of partiality but its objective appearance as well." **United States v. Pulido**, *566 F.3d 52, 62 (1st Cir. 2009)* (internal quotation marks and citation omitted); See also **Liteky v. United States,** *510 US 540, 548, 114 S. CT. 1147, 127 L. Ed. 2d 474 (1994)*.

Although any appearance of partiality is forbidden, the supreme court has held that: opinions formed by the judge on the basis of facts introduced or events occurring in the course

1

of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality notion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

**Pulido**, *566 F. 3d at 62* (emphasis in original) (quoting **Liteky**, *510 U.S. at 555*). "Judges should not recuse themselves lightly." **United States v. Cruzado- Laureano**, *527 F. 3d 231, 239* (1st Cir. 2014) (citation omitted). Judges have the duty to sit unless some compelling reason for recusal exist." **United States v. Caramadre**, *807 F.3d 359, 374* (1st Cir. 2015).

## Statement of legal Argument;

This Honorable Court has violated Mr. Prado constitutional right to represent himself Pro se by holding the charged Defendant to the highest standard of a practicing attorney. See, **Haines v Kerner**, *404 US 519 (1972)*.

The United States Supreme Court holds allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers.

In the present case at bar Mr. Prado asserts that the District Court honorable Judge Mark L. Wolf has acted Bias towards him for utilizing his Pro se constitutional Rights to file defendant's Pre-trial Motions Raising Novel Issues before the court that has not been raised before any other court whatsoever and nor has been addressed by this court's prosecution properly as well.

This court denied Mr. Prado pre-trial motions without reaching the merits of his novel arguments pertaining to how the federal conspiracy statute's application of **18 U.S.C. 1349** creating "Irrebuttable Presumptions" a/k/a "Conclusive Presumptions"—The law is crystal clear

that "Conclusive Presumptions" cannot be overcome by presenting real solid evidence that refutes the government whole entire case.

For an Example: Tell the Defendant how could he fight a criminal offense that does not gives him fair warning of what he is fighting – There is no notice giving to Mr. Prado in advance stated throughout his charged indictment. Tell the Defendant how you prepare a defense to fight a charging crime that fails to set forth the location of the crime – and how the crime was committed by the defendant.

The statute **1349** also fails to state the **"Object of the Conspiracy"** – What object of the conspiracy they are talking about? – The language of **18 U.S.C. 1349** does not have its own penalty provision if it has to utilize the same penalties as those prescribed for the "Object of the conspiracy".

The Conspiracy Statute **18 U.S.C. 1349** is a non-punishable offense that requires the usage of wholly different statutory penalty provisions. Therefore, Mr. Prado has contested all these issues throughout his pretrial motions and the court has never responded or made any rulings towards his legal arguments that suggest that his trial counsel would be deemed automatically ineffectively of assistance of counsel.

The defendant further asserts that title **18 U.S.C. 3661** application is highly repugnant to the whole entire Federal Constitution and also for depriving Citizens of their Due Process Notice requirement. However, this court plays somewhat less knowledgeable about all the criminal safeguards of the federal constitution that should/must be afforded to all pro se litigants.

In defendant's Mr. Prado's Pro se pretrial motion he had established that the application of **18 U.S.C. 3661** statutory sentencing procedure is redundant to the Federal Constitution and

3

violates his procedure Due Process Notice requirement rights. However, this substantive argument was not addressed by the government and nor this court- But for some strange reason your Honorable Judge Mark L. Wolf has choose sides with the government and further denied Defendant's Motion without citing any case law authority.

The steady actions of this court undersigned Honorable District Court Trial Judge Mark L. Wolf establishes an abuse of discretion as a matter of law. Thus, the evidence Mr. Prado presents to this court shows that the judge cannot be impartial especially where there is evidence of the Honorable Judge Mark L. Wolf choosing sides with the government on all four corners of the governments arguments without them citing any case law authority for denying Mr. Prado's Novel pro se arguments that falls under the federal constitution.

This District Court Judge Choose sides with the government when the Court mandated that Mr. Prado must be denied access to the courts and barring the charged defendant from filing his Pro se motions because the court feels that it is deemed just and appropriate.

The court has violated Mr. Prado's Pro se rights when the Court has held him to a license practicing attorney. See, **Haines v Kerner**, *404 U.S 519 (1972).*

## Pro Se litigants, pleading standards

In the Supreme Court case of **Haines v Kerner**, *404 U.S 519 (1972)* has held that; "the United States Supreme Court holds allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers.

However, the Supreme Court Mandated; "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. **Haines v Kerner, Supra.**

See, **Eldridge v Block**, *832 F2d 1132 (9th Cir. 1987)*, the United States Supreme Court has instructed the federal courts to construe the "inartifull pleading" of Pro Se Litigants. The allegations of a Pro Se Litigant's complaint, "however in artfully pleaded" are held to less stringent standards than formal pleadings drafted by lawyers. The Court of Appeals for the ninth circuit holds a plaintiff's Pro Se pleading to a less stringent standard than formal pleading by lawyer. Moreover, before dismissing an action, a court should always be certain that other less drastic alternatives are not available.

Here, in the present case at hand, the charged defendant asserts that this Honorable District Court Judge to recuse himself from his case based upon the court denying the defendant his constitutional right to proceed as a Non-Practicing Attorney. In other words, Mr. Prado asks to have his trial Judge recuse himself in light of Judge's actions and actual conduct establishes "an abuse of discretion".

## Prisoner Right, Access to Courts

The crux of Mr. Prado arguments falls under the umbrella of his constitutional rights to self-representation a long with the right to have access to the courts to fight the government's alleged material allegations.

An incarcerated Pro Se Defendant has a constitutional right of access to the courts. Indigent inmates have a constitutional right to meaningful access to the courts. This right

requires prison authorities to assist inmates in the preparation of legal paper by providing to Law Libraries or assistance from trained legal personnel. See, **Carey v. Hillsborough dep't of Corr.**, *2005 US Dist lexis 38075 (1st Cir. 2005)*

### Parties, Pro Se Litigants

In reviewing a Pro Se complaint, the court must construe the pleading liberally and in favor of the pro se litigant. At the preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably draw therefrom must be accepted as true. That review ensures that Pro Se pleadings are given fair and meaningful consideration. See, **Haines v. Kerner**, *404 US 519* (Supreme Court) (1973)

Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations of physical injuries suffered by an inmate and the denial of Due Process by prison officials, however in artfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. The allegations of a Pro Se complaint are held to a less stringent standards than formal pleadings drafted by lawyers.

Accordingly, in the present case at hand Mr. Prado seeks to have this honorable to recuse himself from his case based upon solid grounds that his undersigned Honorable District court trial judge has continuously denied the charged defendant his constitutional rights and his rights to having access to the courts to file his pro-se pretrial motions that has meritorious issues that must be considered by the court as being novel.

However, this court have denied Mr. Prado pretrial motions without any type of valid response from the government. Thus, these actions alone constitutes an abuse of discretion by the district court, especially, where the Judge's actions connotes a clear act of prejudice/bias

towards all Mr. Prado's advanced novel issues that results from a matter of law that adds up to being considered by this Honorable District as being presented as **"First Impressions"**.

## Conclusion

Based on the above stated cited facts and Supreme Court authority of the protections of **Haines v Kerner**, *404 U.S 519 (1973)*, the charged defendant Mr. Prado prays that this district court Honorable Judge please remove/recuse himself from the defendant's case at bar to help prevent an further miscarriage of justice upon the court or in the alternative deems whatsoever this honorable court feels that is just and appropriate.

Respectfully Submitted

03/09/22

### Certificate of service

I Mr. Prado places the above style and cause motion in the mailbox located at Donald Wyatt Detention facility to be mailed to the following individuals:

Respectfully Submitted

03/09/22

7