IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 21-cr-10158-7-MLW |
| | ) | |
| (7) THIAGO DE SOUZA PRADO | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT THIAGO PRADO'S
MOTION FOR RECUSAL**

The United States respectfully opposes Defendant Thiago Prado's *pro se* Motion for Recusal (ECF Nos. 322), which Prado filed without leave of the Court, in violation of the Court's order of February 1, 2022 (ECF No. 296).

Calling arguments "novel" does not make them so.[1] Rejecting a defendant's incorrect or inscrutable arguments—on the merits or as improperly raised—does not make a judicial officer

---

[1] Magistrate Judge Dein rejected Prado's contention that he cannot be charged with conspiracy under 18 U.S.C. § 1349 without also being charged with an underlying substantive offense. ECF No. 316. The Court likewise rejected Prado's claims that the operative indictment fails to give him fair notice of the allegations against him. *See* ECF No. 296 ("Essentially for the reasons asserted by the government, which are hereby adopted and incorporated into this Memorandum, each motion is without merit.").

To the extent Prado claims that 18 U.S.C. § 3661 generally violates criminal defendants' constitutional rights, Supreme Court precedent is not in his favor. *See Pepper v. U.S.*, 562 U.S. 476, 480 (2011) ("This Court has long recognized that sentencing judges 'exercise a wide discretion' in the types of evidence they may consider when imposing sentence and that '[h]ighly relevant—if not essential—to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics.' … Congress codified this principle at 18 U.S.C. § 3661, which provides that '[n]o limitation shall be placed on the information" a sentencing court may consider "concerning the [defendant's] background, character, and conduct[.]'" (internal citations omitted)). More immediately, claims pertaining to sentencing are premature.

biased. And none of the civil cases that Prado raises exempts him from adhering to the Local Rules or the Court's orders simply because he has elected to proceed *pro se*.

Accordingly, Prado's motion should be denied.

Respectfully Submitted,

RACHAEL S. ROLLINS
United States Attorney

By:   */s/ David M. Holcomb*
      DAVID M. HOLCOMB
      Assistant U.S. Attorney

Dated: March 29, 2022

---

As with Prado's prior motions, the Government cannot decipher Prado's references to irrebuttable or conclusive presumptions (in connection with 18 U.S.C. § 1349) or his complaint that "his trial counsel would be deemed automatically ineffectively of assistance of counsel."

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, including standby counsel for *pro se* Defendant Thiago Prado, and that a paper copy will be sent by mail to Prado.

Dated: March 29, 2022

                                              */s/ David M. Holcomb*
                                              DAVID M. HOLCOMB
                                              Assistant U.S. Attorney