UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2022 MAR 31  AM 11: 13

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Case No. 1:21-cr-10158-7-MLW |
| | : | |
| (7)  Thiago De Souza Prado, | : | |
| Defendant | : | |

**DEFENDANT'S MOTION TO ESTABLISH THAT "18 USC 1349" CONSPIRACY CHARGED BY ITSELF WITHOUT UNDERLYING OFFENSE IS NOT A PUNISHIBLE CRIME; ALSO CONSPIRACY AND THE UNDERLYING OFFENSE ARE TWO DIFERENT AND SEPARATE OFFENSES IN LIGHT OF SUPREME COURT AMERICAN TOBACCO CO. V UNITED STATES, 328 US 781 (1946); AND UNITED STATES V GARCIA, 37 F. 3D 1359 (1994) PURSUANT TO FED. R. CRIM. P. RULE 12(b)**

     **Now** comes the charged Defendant Mr. Thiago De Souza Prado utilizing his **Pro Se** capacity to establish that conspiracy inchoate offense charged by itself without the underlying offense is not a punishable crime and also to establish that "18 USC 1349" Conspiracy and "18 USC 1343" Wire Fraud A/K/A **"Conspiracy and the Object"**; are two different and separate offenses. Pursuant to Fed. R. Crim. P. Rule 12(b).

     Mr. Prado **First** argument in this motion is that tittle 18 USC 1349 Conspiracy and tittle 18 USC 1343 Wire Fraud A/K/A "Conspiracy and the Object offense" are two different and separate crimes.

     Supreme Court has held that: Conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy. See; ***American Tobacco Co. V. United States***, *328 US 781 (1946).*

     Supreme Court also has held that: Conspiracy to commit an offense and the substantive offense itself are two wholly different and separate crimes. See; ***United States V. Halbrook, 36***

*F. Supp. 345 (1941)* see also; *United States V. Yearwood, 518 F. 3d 220 (2008); United States V. Arias, 409 F. Supp. 2d 281 (2005); Helsel V. United States, 165 F. 2d 73 (1947); Bens V. United States, 266 F. 152 (1920) and Enrique Rivera V. United States, 57 F. 2d 816 (1932)*

The charged Defendant Mr. Prado asserts that the Grand Jury only found probable cause to indict Mr. Prado for the inchoate conspiracy offense, and not for "18 USC 1343" Wire Fraud offenses, with is the **"object"** of this conspiracy and that is why Mr. Prado indictment does not charge him for 18 USC 1343 Wire Fraud.

The charged Defendant Mr. Prado prays that this Honorable Court uses its "Supervisory Powers" to bar the Government from treating the statutes **"18 USC 1349"** inchoate conspiracy and **"18 USC 1343"** Wire Fraud as one single offense A/K/A "Same Offense".

## IN LIGHT OF THE NINTH CIRCUIT COURTS OF APPEALS MR. PRADO ASSERTS THAT TITTLE 18 USC 1349 INCHOATE CONSPIRACY OFFENSE CHARGED WITHOUT THE UNDERLYING OFFENSE IS NOT A CRIME.

The crux of Mr. Prado **Second** argument is that 18 USC 1349 inchoate conspiracy does not have a penalty provision, it requires that the person need to violate the Underlying offense so it can use the Underlying offense penalty provision.

In the case of ***United States V. Garcia***, 37 F. 3d 1359 (1994) this court of appeals has held that: An element of the crime of conspiracy under section **846** is that the conspiracy must be to commit an offense under the Drug Abuse Prevention and Control Subchapter if the Jury finds no such Object of the conspiracy, **"There is not a crime"**. See also; *United States V. Lucas, 932 F. 2d 1210 (1991); State V. LaPlume, 118 R.I.670 (1977); Bigby V. Virgin Island, 125 F. Supp. 2d 709 (2000); United States V. Guest, 383 US 745 (1966); Santana-Felix V. Barr, 924 F. 3d 51 (2019); United States V. Boyden, 24 F. Cas. 1213 (1868) and United States V. Haskell, 468 F. 3d 1064 (2006)*

2

The charged Defendant Mr. Prado prays to this Honorable Court to establish that the tittle 18 USC 1349 inchoate conspiracy charged by itself without the Underlying offense, is not a crime.


**THE GOVERNMENT DOES NOT NEED TO PROVE ANY OVERT ACT TO ESTABLISH A CONSPIRACY CONVICTION, BUT TO PUNISH MR. PRADO FOR CONSPIRACY THE GOVERNMENT NEED TO PROVE THE "OVERT ACT" A/K/A "OBJECT" OF THE CONSPIRACY.**


The United States Court of appeals of the Second Circuit in the case of **United States v Alston**, *899 F.3d 135 (2nd Cir. 2018),* has also held that; "to prove conspiracy, the government must show that the defendant agreed with another to commit the offense; that he 'knowingly' engaged in the conspiracy with the "specific intent to commit the offenses that were the objects of the conspiracy; and that an **overt act** in furtherance of the conspiracy was committed." **United v Monaco**, *194 F.3d 381, 386 (2nd Cir. 1999)*


Mr. Prado **Third** argument in this motion is that in order for the government apply the Wire Fraud substantive offense penalty provision 0 to 20 years sentence to Mr. Prado, the Defendant need to be charged in his indictment for 18 USC 1343 Wire Fraud and also it need to be prove to a Jury beyond a reasonable doubt. see; **United States V. Monaco,***194 F. 3d 381 (1999); United States V. salameh, 152 F. 3d 88 (1998); United States V. Green, 818 F. 3d 1258 (2016); United States V. Westry, 524 F. 3d 1198 (2008); United States v. Calderon, 127 F. 3d 1314 ( 1997); United States v. Toler, 144 F. 3d 1423, 1426 N.3 (1998); United States V. Garcia, 409 F. 3d 1260, 1269 (2005); United States V. Thompson, 422 F. 3d 1285, 1290 (2005) United States V. Arias, 409 F. Supp. 345 (2005); United States V. Collazo, 984 F. 3d 1308 ( 2021); United States V. McGhee, 854 F. 3d 905 (1988); United States V. Rey, 641 F. 2d 222 (1981).*

**TO COMPLETE THE CRIME OF CONSPIRACY THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT AT LEAST ONE OF THE CHARGED CONSPIRACTORS MUST BE CHARGED WITH THE PERFORMANCE OF AT LEAST "ONE OVERT ACT" IN FURTHERANCE OF THE CONSPIRACY. . .**

The gravamen of Mr. Prado argument being raised now before the court stands upon the sole position that the government must prove at least one substantive overt act to the jury supported by proof beyond a reasonable doubt. **Herman v United States**, *289 f.2d 362 (5th & 11th Cir. 1961);* **United States v Medina – Martinez**, *396 F3d 1 (1st Cir. 2005).*

In order to prove a conspiracy, the government must prove that at least one conspirator committed an Overt Act to accomplish the object of the conspiracy. **Madina-Martinez, Supra.**

The United States Court of Appeals of the Fifth and Eleventh in the case of **Herman v United States**, *289 F.2d 362 (1961)* has made it well establish that; "To complete the crime of conspiracy at least one of the conspirators must be charged with the performance of at least **"One Overt Act"** in furtherance of the conspiracy. (Emphasis added). **Schnautz v United States,** *5 Cir. 1959, 263 F.2d 525; Pinkerton v. United States, 5 Cir. 1945, 151 F.2d 499, 501, affirmed 328 U.S. 640, 66 S. Ct. 1180, 90 L. Ed. 1489. See United States v Falcone, 1940, 311 U.S. 205, 61 S. Ct. 204, 85 L. Ed. 128.*

The Third Circuit district Court in the case of **United States v Hartline**, *2016 U.S. Dist. LEXIS 127025 (3rd Cir. 2016),* has held that; "With regard to the fourth element of conspiracy – overt Acts – the government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one member of the conspiracy performed at least one of the overt acts described in the indictment, for the purpose of furthering or helping to achieve the objective(s) of the conspiracy." **Third Circuit Model Jury Instruction 6. 18. 371F.** The jury "must unanimously agree on the **Overt Act** that was committed.

In the present case at bar the charged defendant Mr. Prado asserts **United States v Haskell**, *468 F.3d 1064 (8th Cir. 2006)* from the Eighth Circuit Court of Appeals because the court also held that in the case of an conspiracy, the government must prove beyond a reasonable doubt, that more than one act was done in furtherance of the conspiracy.

4

**It is not necessary that the government prove, beyond a reasonable doubt, that more than one act was done in furtherance of the conspiracy. It is sufficient if the government proves beyond a reasonable doubt, one such act; but in that event, in order to return a verdict of guilty, you must unanimously agree upon which act was done. The instruction is clear that the jurors must be unanimous to which act was done. We conclude that the instruction on overt acts required to prove conspiracy was adequate. See United States v Haskel, 468 F.3d 1064 (8th Cir. 2006).**

In the court of Appeals of the Second Circuit in the case of **United States v Tramunti**, *513 F.2d 1087 (2nd Cir. 1975),* has made it crystal clear that; "An indictment need only provide sufficient detail to assure against double jeopardy and state the elements of the offense charged, thereby apprising the defendant of what he must be prepared to meet. Under this test, an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime, although in the case of a conspiracy it has been held that at least one overt act must be set forth.

Although in the case of a conspiracy it has been held that at least one overt act must set forth. *Cf. United States v Grunewald, 353 U.S. 391, 396-97, 1 L. 2d 931, 77 S. Ct. 963 (1957); United States v Luros, 243 F. Supp. 160, 168 (D. Iowa 1965).* This court narrated the following; "An indictment must allege only that a conspiracy was in existence and that at least one overt act was committed by one of the conspirators during the period of limitations.

The Supreme Court mandates that" For where substantiation of a conspiracy charge requires proof of an Overt Act, it must be shown both that the conspiracy still subsisted within the three years prior to the return of the indictment, and that at least one Overt Act in furtherance of the conspiratorial agreement was performed within that period.

In the Supreme Court case **United States v Powell**, *469 U.S. 57 (1984) citing* **United States v Morales,** *677 F.2d 1 (CA1 1982)* (overturning a conspiracy conviction where the defendant was acquitted of all the *"Overt Acts"* charged in support of the conspiracy).

The reason that Mr. Prado is writing this clarification motion is to establish the charge for count one in his indictment and also to bar the prosecutor to continue miss-inform the court with fake information and manufactured criminal charges, which is very prejudicial to Mr. Prado's case.

5

## Conclusion

The charged Defendant Mr. Prado prays that this Honorable Court will grant the Defendant's motion just to establish that the statute 18 USC 1349 inchoate conspiracy offense charged without the underlying offense is not a punishable crime, conspiracy and the underlying offense are two different and separate offenses and bar the prosecutor from manufactoring criminal charges and penalty provisions that does not apply to Mr. Prado as a matter of law.

Respectfully submitted

Thiago De Souza Prado

_____ /2022

3 - 24 - 22