IN CLERKS OFFICE

United States District Court  2022 APR 25 PM 1:27
District of Massachusetts

| | |
|---|---|
| United States of America ) | |
| ) | Case No. 1:21-cr-10158-7-MLW |
| v. ) | |
| ) | |
| (7) Thiago De Souza Prado ) | |
| Defendant, ) | |

## JUDICIAL NOTICE REQUIREMENT

The charged defendant Mr. Prado requests this Honorable District Court trial Judge to please utilize his Supervisory Powers when making a legally decision on determining 'Whether or Not' could the Government Prosecute Non-Federal Criminal offenses that's not cognizable within Federal Criminal codes and rules book in light of Cole v Arkansas, 92 LED 644, 333 US 196 (1948).

It is as much a violation of Due Process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made. Cole v Arkansas, 92 LED 644 (1948)

As here in the present case at hand, Mr. Prado places the Honorable Court on "Notice" that by enforcing Non- Federal legally cognizable Federal offenses upon the District Court to further prosecute and convict the charged defendant would result to committing a severe miscarriage of justice. Rosales-Mireles v United States, 201 LED2D 376 (2018).

Mr. Prado request the court to take judicial notice of all factual allegations and legal arguments pertaining to the Government "manufacturing" and "altering" the legislative statutes cannot and should not be tolerated by this Honorable Court. See, In re Oliver, 333 U.S 257 ( ) It is "the Law of the Land" that no man's life, liberty or property be forfeited as a punishment until there has been a charge fairly made and fairly tried in a public tribunal.

The Executive Branch of government is "barred" by the Separation of Power Doctrine to enforce criminal sanctions that's not governed by an Unlawful Act of Congress upon the charged defendant Mr. Prado, especially where the charged defendant is fully aware of the Supreme Law of the land to where he

1

acknowledges that there is no federal crime of "Conspiracy to commit wire fraud" provided by 18 U.S.C. 1349 federal non-generic statute.

18 U.S.C. 1343 wire fraud offense cannot be prosecuted under 18U.S.C. 1349 federal conspiracy because the crime of: "Conspiracy to commit a crime" is a different offense from the crime that is the object of the conspiracy. American Tobacco Co v United States, 90 LED 1575 (1946). (18 U.S.C. 1343 covers "wire fraud "while separately charges of "18 U.S.S. 1349 only covers Attempt and Conspiracy only). Thus, Blockburger bars the court from treating the two different substantive offenses as only one. Because the crime of "Conspiracy" and "Wire Fraud" reaches out to two separate distinct functioning offenses.

The government cannot prosecute "Common law federal offenses" that are solely creatures of the "Executive Branch" – "A.U.S.A." and not "Acts of Congress" – See, De Jonge v Oregon, 299 U.S. 353 (1937). **The Highest Court in the Land has made conclusively clear that; "Conviction upon a charge not made is the sheer denial of Due Process.**

As a matter of first impression Mr. Prado asserts that the "Executive Branch" cannot alter 18 U.S.C. 1349 criminal offense by adding "Elements" from the statute 18 U.S.C. 1343 such as the "Wire Fraud" offense. In re Manning 2007 Bankr. Lexis 2595 (11th Cir. 2007). If there are problems with the way a statute operates, Congress can alter the statute to eliminate those problems; we cannot. In re Bracewell, 454 F.3d at 1246 (quoting Wright v. Sec'y for Dept of Corr, 278 f.3d 1245, 1255 (11th Cir. 2002).

Based upon the above stated case law and Supreme Court authority Mr. Prado prays that the Honorable Court take judicial notice to all facts raised to protect his constitutional rights created under the Due Process Clause to prevent a miscarriage of justice.

Respectfully Submitted

Thiago De Souza Prado

4-27-22