United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America | ) |
| | ) Case No. 1:21-cr-10158-7- (MLW) |
| V. | ) |
| | ) |
| (7) Thiago De Souza Prado | ) |
| Defendant, | ) |

**DEFENDANT'S MOTION TO ESTABLISH THAT 18 U.S.C. 1349 SIMPLE CONSPIRACY OFFENSE ALONE BY ITSELF WITHOUT INCLUDING AN (OBJECT OFFENSE) MUST CONNOTE AS A NON-SERIOUS PETTY OFFENSE IN LIGHT OF 18 U.S.C. § 3584; AND BINDING SUPREME COURT PRECEDENT LEWIS V UNITED STATES, 518 U.S 322 (1996)**

Now into court comes the charged defendant Mr. Thiago Prado in the above style and cause motion moves the court to issue an mandate that title **18 U.S.C. 1349** inchoate Conspiracy offense alone by itself conclusively establishes an **"Simple Conspiracy offense"** that must connotes as an Non-Serious Petty offense in light of **18 U.S.C. § 3584** and Binding Supreme Court Precedent **Lewis v United States**, 518 U.S. 322 (1996).

Because the presumption under **18 U.S.C. § 3584(a)** was that multiple offenses prosecuted jointly were no more serious in their aggregate than the most serious single offense. The mere fact that the state chose to consolidate the charges provided no greater justification for a jury trial than if the charges were tried separately.

The Government's federal grand jury indictment charges Mr. Prado with one count of Simple Conspiracy in violation of title **18 U.S.C. 1349** that the government seeks to prosecute multiple offenses jointly which is unconstitutional and contrary to **18 U.S.C. § 3584(a).**

**18 U.S.C. § 3584(a)** provides that, except as mandated by court order or statute, multiple terms of imprisonment imposes at the same time run concurrently. Thus, the presumption under § 3584(a) is that multiple offenses prosecuted jointly are no more serious in their aggregate than

1

the most serious single offense of conviction. See; **United States v Lewis, 65 f3d 252 (2nd Cir. 1995).**

## Brief Summary of Argument:

The Supreme Court in the case of **Williamson v United States, 207 U.S 425 (1908)** has made it crystal clear that; Conspiracy was a misdemeanor at common law, and is so under Federal statutes; the fact that it is an infamous offense not making it a felony.

However, the failure to mention or prove "Wire Fraud" in Count one charging conspiracy, is not a defect, because it was not necessary to state the object of the conspiracy with the same precision which would be required in an indictment charging the substantive offense. **Williamson v United States, 207 U.S. 425 (1908).**

In the present case at bar Mr. Thiago Prado Count one federal indictment fails to charge a violation of **18 U.S.C. 1343** offense of "Wire Fraud" – Therefore, the failure to prove the "Wire Fraud" elements in a federal conspiracy charge renders no crime of "Wire Fraud". See; **White v Levine, 40 f.2d 502 (10th Cir. 1930).**

Conspiracy to commit a crime is a different offense from the crime which may be the object of the Conspiracy, and it is not necessary that a conspiracy involve the violation of a specific substantive offense. See; **Walker v United States, 342 f.2d 22 (5th & 11th Cir. 1965).**

An indictment must set forth the elements of the offense sought to be charged, and if it does not a conviction based thereon cannot stand.

Here in the present case at bar Mr. Thiago Prado asserts that his federal indictment does not charge him for any violation that is under the "Wire Fraud Prevention Act." that would make

his conspiracy offense under **18 U.S.C. 1349** punishable as an "Illicit Wire Fraud" offense that is prohibited under title **18 U.S.C. 1343.**

Based upon the argument being raised before this honorable court for the very first time Mr. Prado stands upon the position that his charges under **18 U.S.C. 1349** conspiracy statute must be punished as a Non-Serious petty offense in light of ***Lewis v United States, 518 U.S 322 (1996).***

## Reasons for granting Motion:

**(1)...BINDING SUPREME COURT PRECEDENT LEWIS V UNITED STATES, 518 U.S 322 (1996) MANDATES THAT A VIOLATION OF 18 USC § 1349 INCHOAT CONSPIRACY STATUTORY OFFENSE WITHOUT AGGRAVATING CIRCUMSTANCES (SUCH AS A CONSPIRACY WITHOUT A VIOLATION OF 18 USC 1343 OFENSE) MUST BE PUNISHED AS A PETTY OFFENSE**

The crux of Mr. Thiago Prado novel argument stands upon solid grounds that the Supreme Court Binding Precedent ***Lewis v United States, 518 U.S 322 (1996)*** mandates that a crime of an "Agreement Only' must be punishable as a petty offense.

The prohibition against criminal conspiracy does not punish mere thought; rather, the criminal agreement itself is the Actus Reus. ***Shabani, 513 US 10 (1994).***

## Discussion:

In order to determine whether or not an offense is "serious," the Supreme Court has looked to "objective criteria." ***Baldwin v New York, 399 U.S. 66, 68, 26 L. Ed. 2d 437, 90 S. Ct. 1886 (1970)*** (plurality opinion). According to the court, the best objective indicator of the seriousness of an offense is "the severity of the maximum authorized penalty." Id. Implicit in the maximum penalty is Congress's view as to the seriousness of that crime. See; ***Blanton v North Las Vegas, 489 U.S. 538, 541 (1989); Frank v United States, 395 U.S 147, 148 (1969).*** The

legislature is better equipped than is the judiciary to measure public sentiment as to the seriousness of respective offenses and is more responsive to changes in the public attitude. See; **Blanton, 489 U.S. at 541-42; See also Landry v Hoepfner, 840 f2d 1201, 1209 (5th Cir. 1988) (en banc), cert. denied, 489 U.S 1083 (1989)**. Thus, the maximum authorized penalty for a particular offense is a strong indicator of the present sentiment as to the seriousness of that crime.

**In Lewis's case-** the Supreme Court has mandated that; "In determining whether an offense is petty, and thus not subject to the federal Constitutional right to a jury trial, the United States Supreme Court will consider the maximum penalty attached to the offense, the criterion which is considered most relevant with which to assess the character of an offense because the criterion reveals the legislature's judgment about the severity of the offense; the deprivation of liberty imposed by imprisonment makes that penalty the best indicator of whether the legislature considered an offense to be petty or serious.

To determine whether an offense is properly characterized as "petty", courts at one time looked to the nature of the offense and whether it was triable by a jury at common law. Such determinations became difficult, because many statutory offenses lack common-law antecedents**. Blanton v North Las Vegas, 489 US 538 (1989).** Therefore, more recently, we have instead sought "objective indications of the seriousness with which society regards the offense." **Frank v United States, 395 U.S 147 (1969); District of Columbia v Clawans, 300 US 617 (1937).**

Now, to determine whether an offense is petty, we consider the maximum penalty attached to the offense. This criterion is considered the most relevant with which to access the character of an offense, because it reveals the legislatures judgment about the offense severity.

***Blanton, 489 US, at 541, 103 L Ed 2d 550*** (internal quotation marks omitted). In evaluating the seriousness of the offense, we place primary emphasis on the maximum prison term authorized. While penalties such as probation or a fine may infringe on a defendant's freedom, the deprivation of liberty imposed by imprisonment makes that penalty the best indicator of whether the legislature considered an offense to be "petty" or "serious."

*Here, there is no Maximum authorized penalty for the criminal agreement itself – The prohibition against criminal conspiracy does not punish mere thought; rather, the criminal agreement itself is the actus Reus.* **Shabani, 513 U.S 10 (1994).**

Nash and Singer follow the settled principle of statutory construction that, absent contrary indications, Congress intends to adopt the common law definition of statutory terms. See; **Molzof v United States, 502 US 301, (1992).** We have consistently held that the common law understanding of conspiracy "does not make the doing of any act other than the act of conspiring a condition of liability."

## (2)...BINDING SUPREME COURT PRECEDENT MANDATES THAT IN ABSENCE OF 1349 CONSPIRACY STATUTE IMPOSING PENALTIES FOR THE CRIME OF AN AGREEMENT INDICATES THAT SIMPLE INCHOATE CONSPIRACY WITHOUT ACTUAL WIRE FRAUD INVOLVED IS NOT A SERIOUS OFFENSE: IN LIGHT OF BLANTON V N. LAS VEGAS, 489 U.S 538 (1989)

The crux of Mr. Prado novel substantive argument revolves around the federal conspiracy created under tittle **18 U.S.C. 1349** that prohibits the criminal agreement itself without imposing any type of condition of liability for the crime of the "agreement" indicates that Congress chose not to classify **1349** crime of conspiring as a serious offense.

The Supreme Court has held that in the absence of added penalties to the crime of conspiring created under **18 U.S.C. 1349** indicates that the crime of an agreement is not a serious offense. See; ***Blanton v N. Las Vegas, Supra.***

The Supreme court has made it perfectly crystal clear that: In determining whether an offense with which an accused is charged in a criminal contempt should be categorized as "petty" or "serious" for purposes of the right to a jury trial under the Federal Constitution's Sixth Amendment, the severity of the penalty actually imposed is the best indication where no maximum penalty is authorized. See; ***Blanton v N. Las Vegas, 489 U.S. 538 (1989).***

In the Supreme Court case of ***Shular v United States, 206 LED2D 81 (2020)*** has mandated that; Section **"924(e)(2)(A)(ii)'s** "serious drug offense" definition requires only that the state offense involve the conduct specified in the statute: **18 U.S.C. 924(e)(2)(A)(ii)'s** text and context leave no doubt that it refers to an offense involving the conduct of manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance.

Here in the present case at hand Mr. Prado asserts that in light of the Supreme Court interpretation of what classifies as a "serious Wire Fraud offense" must rule out **1349** crime of an agreement because "Serious Wire Fraud Offense" involves Wire Fraud. ***Shular v United States, 206 LED2D 81 (2020)***

***In Blanton v N. Las Vegas, 489 U.S. 538 (1989)*** Defendants, charged with their first offense of driving under the influence of alcohol, were not entitled to jury trials because the maximum prison term was six months, and the absence of added penalties indicated it was not a serious offense.

As in the present case at hand title **1349** conspiracy statute fails to have an attached penalty provision to determine whether or not a violation of **1349** connotes a felony or misdemeanor petty offense. Therefore, in the absence of added penalties to the crime of conspiring indicates that the crime of conspiring is actually not a serious offense.

### (3)...THE CRIME OF CONSPIRING TO COMMIT AN UNLAWFUL ACT ALONE MUST CONNOTES A PETTY OFFENSE IN LIGHT OF LEWIS V UNITED STATES, 518 U.S 322 (1996)

The gravamen of Mr. Prado argument revolves around whether or not a violation of title **18 U.S.C. 1349** federal inchoate conspiracy statute that is governed by common law connotes as a serious or petty offense in light of **_Lewis v United States, 518 U.S 322 (1996)._**

The federal "Wire Fraud Act" does not criminalize inchoate offense offenders as a misdemeanor or a felony. The Statute fails to attach any type of criminal liability to the crime of an agreement only. See; **_Shabani, Supra._**

Felonies, in the sense of the constitution and of federal statutes, are only such offenses as were felonies at common law or are by statute declared to be felonies. **_Williamson v United States, 207 US 425 (1908)._**

Conspiracy was a misdemeanor at common law, and is so under federal statutes, the fact that it is an infamous offense not making it a felony.

The Supreme Court has held that: A state offense ranks as a 'Serious drug offense" only if it "involves manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance. See; **_Shular v United States, 206 LED2D 81 (2020)_**

7

A none serious drug offense connotes an offense that does not have the elements of manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance- because such elements describe conduct. **_Shular, Supra._**

Section **1349** inchoate conspiracy offense places criminal liability for the crime of the agreement itself. Thus, nowhere in the federal conspiracy statutory language does **1349** mention the elements of Wire Fraud criminal conduct.

The conspiracy statute **1349** fails to provide notice that it is felony or misdemeanor petty offense. Therefore, the statute invites arbitrary law enforcement that the due process does not tolerate. See; **_Johnson v United States, 135 S. Ct. 2551 (2015)._**

The government would have acknowledge that **1349** inchoate conspiracy statutory offense is not a "Serious Wire Fraud Offense" nor a "felony Wire Fraud offense" in view of **_Lewis v United States, 518 US 332 (1998)_**

The United States Supreme Court will consider the maximum penalty attached to the offense, the criterion which is considered most relevant with which to assess the character of an offense because the criterion reveals the legislatures judgment about the severity of the offense; the deprivation of liberty imposed by imprisonment makes that penalty the best indicator of whether the legislature considered an offense to be petty or serious. See; **_Lewis, Supra._**

### (4)...18 U.S.C. § 3584(a) BARS THE COURT FROM AGGREGATING A SERIES OF UNCHARGED AND UNADJUDICATED 18 U.S.C. 1343 WIRE FRAUD SUBSTANTIVE OFFENSES UNDER THE FEDERAL INCHOAT CONSPIRACY STATUTE 18 U.S.C. 1349

The Second Circuit Court of Appeals binding precedent **_United States v Lewis, 65 f3d 252 (2nd Cir. 1995)_** has long ago mandated that; "Congress has not indicated that multiple offenses

for which a defendant is prosecuted jointly are necessarily any more serious in their aggregate than the most serious individual offense. Rather, **18 U.S.C. § 18 U.S.C. §3584(a)** provides that, except as mandated by court order or statute, "multiple terms of imprisonment imposed at the same time run concurrently." Thus, the presumption under **§ 3584(a)** is that multiple offenses prosecuted jointly are no more serious in their aggregate than most serious single offense of conviction.

**18 U.S.C. § 3584(a)** Provides: multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively.

However, this court procedure of taking a series of Wire Fraud offenses that's uncharged and not proven to a jury to enhance a defendant's sentence should be ruled as being unconstitutionally applied as being in violation of **18 U.S.C. § 3584(a)**. See; ***United States v Lewis, 65 f2d 252 (2nd Cir. 1995).***

## Conclusion

**Based** upon the above cited legal arguments and Supreme Court authority the charged defendant prays for his relief sought within the interest of justice



Sworn to and subscribed before me this _ day of ___, 20__

Respectfully Submitted

9

**Certificate of Service**

I, Thiago De Souza Prado, place the said above Motion in the Mail Box under the Mail Box rule here at the Donald Wyatt Detention Facility to be mailed to the following:

United States District Court

District of Massachusetts

The Office of the Clerk

1 Courthouse Way

Boston MA 02210

Sworn to and subscribed before me this 9 day of May, 2022

Respectfully Submitted

By the defendant

Thiago De Souza Prado

950 High Street

Central Falls, RI 02863