United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America ) | |
| ) | Case No. 1:21-cr-10158-7-MLW |
| V. ) | |
| ) | |
| (7) Thiago De Souza Prado ) | |
| Defendant, ) | |

**DEFENDANT'S MOTION TO DISMISS COUNT NINE OF "AGGRAVATED IDENTITY THEFT" BASED ON SOLID GROUNDS OF INSUFFICIENT FACTUAL BASIS TO SUPPORT THE GRAND JURY INDICTMENT IN LIGHT OF UNITED STATES V. BOONE, 477 FED. APPX. 99 (4TH CIR. 2012); AND UNITED STATES V. PHAN, 121 F. 3D 149 (4TH CIR. 1997). PURSUANT TO FED. R. CRIM. P. 12(b)**

Now comes into court the charged defendant Mr. Thiago Prado utilizing his **Pro Se** capacity moves this Honorable Court to order dismissal of his grand jury federal indictment count nine of *18 U.S.C 1028A(a)* Aggravated Identity Theft for insufficient factual basis to support the *§ 1028A(a)* charge/enhancement in light of **United States v. Boone,** *477 Fed. Appx. 99 (4th Cir. 2012); and* **United States v. Phan,** *121 F. 3d 149 (4th Cir. 1997).*

### Reasons to Grant Mr. Prado's Motion

**(1)... MR. PRADO CONTENDED THAT HE IS NOT CHARGED WITH ANY ENUMERATED FELONY VIOLATION AT SUBSECTION (C) WHICH IS 18 U.S.C. 1343 WIRE FRAUD SUBSTANTIVE OFFENSE.**

Mr. Prado first asserts that *18 U.S.C. 1028A(a)* discusses only a "Felony Violation" of any of the enumerated provision in subsection **(c)**. Mr. Prado indictment does not trigger the essential factual basis to support the charge/enhancement of *§ 1028A(a)*.

1

*18U.S.C.1028A(a); 1028A(c)*, in turn defines a "Felony Violation" enumerated in §1028A(c) to mean any offense that is a Felony Violation of the enumerated statutory section and chapter *§ 1028A(c)*.

Mr. Prado asserts there is not a sufficient factual basis to support the count nine in his indictment of *§ 1028A(a)* Aggravated Identity Theft because Mr. Prado is not charged under one of the statutory sections enumerated in subsection **(c)**. Thus, Mr. Prado contends, that the District Court will be committing a plain error if allows his count nine indictment to go forward in this matter without any Felony Violation enumerated at subsection **(c)**. See; *United States v. Boone, 477 Fed. Appx. 99 (4th Cir.2012).*

### (2)... THE GOVERNMENT IS USING A VIOLATION OF 18 USC 1349 INCHOATE CONSPIRACY OFFENSE WITHOUT ANY UNDERLYING OFFENSE CHARGED TO CIRCUMVENT THE SUBSECTION (C) REQUERIMENT OF FELONY VIOLATION

Mr. Prado second argument is that *18 U.S.C. 1349* is not a "Felony Offense" to support the Charge/Enhancement of *§ 1028A(a)*. The statute *§ 1349* cannot be used as a Predicate offense because it is not a Felony nor a Substantive offense. See; *United States v. Phan, 121 F. 3d 149 (4th Cir. 1997).*

Courts must presume that a legislature says in a statute what it means in a statute what it says there. Absent and Ambiguity in the words of a statute, a court's analysis begins and ends with a statute's plain language. See; *United States v. Boone, 477 Fed. Appx. 99 (4th Cir. 2021)*

Federal crimes are defined by congress, and so long as Congress Act within is constitutional power in enacting a criminal statute, a court must give effect to congress expressed

intentions concerning the scope of conduct prohibited. See; **United States v. Kozminski,** *487 U.S. 931 (1988).*

### (3)... THE PREDICATE OFFENSE THAT IS REQUIRED AT SECTION 1028A(c) MUST BE A SUBSTANTIVE FELONY OFFENSE OR AT LEAST A SUBSTANTIVE OVERT ACT CHARGED AT MR. PRADO INDICTMENT.

In the Supreme Court case of **Baily v. United States,** *516 U. S. 137 (1995)* the court made clear that the defendant need to be charged for the substantive crime or at least the substantive Overt Act of the conspiracy to meet the requirements of a Predicate offense.

**Baily** deals with the application of **§ 924(c)(1)** when the predicate offense is a substantive crime. Conspiracy however, is an inchoate crime. As stated by Supreme Court, our legal system. "Identifies the agreement to engage in a criminal venture as an event of sufficient threat to social order to permit the imposition of criminal sanctions for the agreement alone, plus an Overt Act in pursuit of it, regardless of whether the crime agreed upon actually is committed". The post-Baily application of **§ 924(c)(1)** in case where conspiracy to commit a violent crime is the Predicate offense, and the Underlying crime has been committed, is straightforward. For example, in **United States v. Elder,** *88 F. 3d 127 (2ⁿᵈ Cir. 1996)*. The defendant brandished a firearm during three of the Truck hijackings that formed the basis for his Hobbs Act conspiracy conviction. See; **United States v. Phan,** *121 F. 3d 149 (1997)*.

This analysis render moot Mr. Prado's related contention that the Predicate offense must be a "Substantive offense of conviction not merely the <u>Uncharged</u> object of a general conspiracy

3

charge" (Appellant's Br. At 10) (Relying on *United States v. Phan, 121 F. 3d 149, 152-53 (4th Cir. 1997).*

### (4)...THE CRIME OF CONSPIRING TO COMMIT AN UNLAWFUL ACT ALONE CANNOT BE USED AS A PREDICATE OFFENSE AND MUST CONNOTES A PETTY OFFENSE AND NOT A FELONY OFFENSE IN LIGHT OF LEWIS V UNITED STATES, 518 U.S 322 (1996)

The gravamen of Mr. Prado argument revolves around whether or not a violation of title **18 U.S.C. 1349** federal inchoate conspiracy statute that is governed by common law cannot be used as a Predicate offense and connotes as a serious or petty offense in light of *Lewis v United States, 518 U.S 322 (1996).*

Felonies, in the sense of the constitution and of federal statutes, are only such offenses as were felonies at common law or are by statute declared to be felonies. *Williamson v. United States, 207 US 425 (1908).*

Conspiracy was a misdemeanor at common law, and is so under federal statutes, the fact that it is an infamous offense not making it a felony.

The conspiracy statute § **1349** fails to provide notice that it is felony or misdemeanor petty offense. Therefore, the statute invites arbitrary law enforcement that the due process does not tolerate. See; *Johnson v United States, 135 S. Ct. 2551 (2015).*

The government would have acknowledge that § **1349** inchoate conspiracy statutory offense is not a "Felony Wire Fraud Offense" nor a "Serious Wire Fraud offense" in view of *Lewis v. United States, 518 US 332 (1998)*

The United States Supreme Court will consider the maximum penalty attached to the offense, the criterion which is considered most relevant with which to assess the character of an offense because the criterion reveals the legislatures judgment about the severity of the offense;

4

the deprivation of liberty imposed by imprisonment makes that penalty the best indicator of whether the legislature considered an offense to be petty or serious. See; of *Lewis v. United States*, 518 US 332 (1998)

## Conclusion

**Based** upon the above cited legal arguments and Supreme Court authority the charged defendant prays for his relief sought within the interest of justice

Respectfully Submitted

## Certificate of Service

I, Thiago De Souza Prado, place the said above Motion in the Mail Box under the Mail Box rule here at the Donald Wyatt Detention Facility to be mailed to the following:

United States District Court

The Office of the Clerk

1 Courthouse Way

Boston, MA 02210

Respectfully Submitted

Thiago De Souza Prado

950 High Street

Central Falls, RI 02863

State of Rhode Island   County of Providence

On this 28 day of June 2022 before me the undersigned notary public, personally appeared Thiago Prado, personally known to the notary or proved to the notary through satisfactory evidence of identification, which was Wyatt ID, to be the person whose name is signed on the preceding or attached document, and acknowledged to the notary that he/she signed it voluntarily for its stated purpose.

Notary Signature

5