IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 21-cr-10158-7-MLW |
| | ) | |
| (7) THIAGO DE SOUZA PRADO | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT THIAGO PRADO'S
PRE-TRIAL MOTIONS**

The government respectfully files this opposition to Defendant Thiago Prado's pending *pro se* pretrial motions (ECF Nos. 339, 358, 368, 386, 461), pursuant to the Court's June 28, 2022 order granting Prado leave to file these motions (ECF No. 464), as well as to an additional motion for which Prado subsequently requested leave to file (ECF No. 467).[1]

In the first three of these filings (ECF Nos. 339, 358, and 368), Prado continues to offer "novel" and plainly erroneous interpretations of 18 U.S.C. § 1349, as charged in Count One of the indictment.[2]  Because none of Prado's *pro se* motions raises any valid claim for relief, the Court should deny them all.

<u>Motion for Clarification of the Legal Standards for Inchoate Conspiracy Offense</u>

In ECF No. 339, Prado argues that the 18 U.S.C. § 1349 conspiracy offense lacks a penalty provision.  By its very text, Section 1349 subjects a conspirator to "the same penalties as those

---

[1] The government previously filed an opposition (ECF No. 332) to Prado's pending motion for recusal (ECF No. 322).

[2] Magistrate Judge Dein previously rejected Prado's contention that he cannot be charged with conspiracy under 18 U.S.C. § 1349 without also being charged with an underlying substantive offense.  ECF No. 316.

prescribed for the offense, the commission of which was the object of the … conspiracy"—here, wire fraud, punishable under 18 U.S.C. § 1343 by up to 20 years of imprisonment.

The rest of this motion expounds on "overt acts" in furtherance of the conspiracy. The indictment alleges plenty of these, by both Prado and co-conspirators. *See, e.g.*, ECF No. 189, ¶¶ 39-41, 47, 53, 55-56. Regardless, the First Circuit has observed that 18 U.S.C. § 1349 does not on its face mandate that the government prove an overt act. *See United States v. Clough*, 978 F.3d 810, 816 n. 11 (1st Cir. 2020).

<u>Motion to Dismiss Indictment Based on Double Jeopardy</u>

In ECF No. 358, Prado contends that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prohibits the government from prosecuting him for both wire fraud under 18 U.S.C. § 1343 and wire fraud conspiracy under 18 U.S.C. § 1349. Prado's argument is irrelevant, because the Second Superseding Indictment charges him only with wire fraud conspiracy. It is also incorrect. *See United States v. Fornia-Castillo*, 408 F.3d 52, 69 (1st Cir. 2005) ("Indeed, it has long been established that conspiracy to commit a crime is not the same offense as the substantive crime for double jeopardy purposes, because the agreement to do the act is distinct from the [completed] act itself[.]") (internal citations and quotation marks omitted).

<u>Judicial Notice</u>

In ECF No. 368, Prado asks the Court to take judicial notice of the false proposition that "there is no federal crime of 'conspiracy to commit wire fraud' provided by 18 U.S.C. § 1349 federal non-generic statute." ECF No. 368 at 2. As Prado seems to grasp in some motions but deny in others, Section 1349 makes it a crime to conspire to commit an offense under Title 18, United States Code, Chapter 63, which includes wire fraud. Prado's invocations of the *Blockburger* test and federal criminal common law are misplaced.

<u>Motion to Establish that 18 U.S.C. § 1349 is a Non-Serious, Petty Offense</u>

In ECF No. 386, Prado appears to ask the Court to determine that wire fraud conspiracy under 18 U.S.C. § 1349 is a non-serious, petty offense.  It is unclear why Prado seeks this relief, which would limit his Sixth Amendment jury trial right.  His argument, to the extent it is decipherable, appears to rely on several key misunderstandings.  First, he wrongly contends that the government has charged him with multiple offenses in a single wire fraud conspiracy count.  Second, he cites the presumption under 18 U.S.C. § 3584(a) that multiple terms of imprisonment imposed at the same time run concurrently, even though, in this case, the second offense with which he is charged (aggravated identity theft) mandates a consecutive term of imprisonment.  Third, he insists that wire fraud conspiracy is a misdemeanor because conspiracy was a misdemeanor at common law, notwithstanding that Congress provided for felony penalties under 18 U.S.C. § 1349.  Based on the very cases that Prado cites, wire fraud conspiracy plainly is not a petty offense, based on its 20-year maximum prison penalty alone.

<u>Motion for Speedy Trial</u>

In ECF No. 461, Prado asserts his Sixth Amendment speedy trial right.  The Court has scheduled an initial pretrial conference for August 24, 2022.  ECF Nos. 457 and 464.

<u>Motion to Dismiss Aggravated Identity Theft Count</u>

In ECF No. 467, Prado seeks dismissal of Count Nine of the Second Superseding Indictment, the aggravated identity theft count.  While styled as a motion for dismissal based on insufficient factual basis, the motion makes no arguments related to the indictment's allegations. Instead, Prado merely insists that wire fraud conspiracy is not a felony violation enumerated in the aggravated identity theft statute, 18 U.S.C. § 1028A.  However, among the felony statutes enumerated in that statute are "provision[s] contained in chapter 63 (relating to mail, bank, and

wire fraud)." 18 U.S.C. § 1028A(c)(5).  Chapter 63 includes 18 U.S.C. § 1349, and wire fraud

conspiracy is a felony.

*       *       *

For the foregoing reasons, Prado's motions should be denied.

Respectfully Submitted,

RACHAEL S. ROLLINS
United States Attorney

By:      */s/ David M. Holcomb*_____
DAVID M. HOLCOMB
Assistant U.S. Attorney

Dated: July 29, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, including standby counsel for *pro se* Defendant Thiago Prado, and that a paper copy will be sent by mail to Prado.

Dated:  July 29, 2022

/s/ David M. Holcomb
DAVID M. HOLCOMB
Assistant U.S. Attorney