United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America ) | |
| ) | Case No. 1:21-cr-10158-7-MLW-JGD |
| V. ) | |
| ) | |
| (7) Thiago De Souza Prado ) | |
| Defendant, ) | |

**DEFENDANT'S MOTION TO DISMISS COUNT NINE "1028A" OFFENSE/ENHANCEMENT FOR VIOLATION OF THE ELEMENT CLAUSE AND ESTABLISH THAT § 1349 CONSPIRACY DOES NOT CRIMINALIZE WIRE FRAUD AND CANNOT BE USE AS A PREDICATE OFFENSE IN LIGHT OF SUPREME COURT'S PRECEDENT UNITED STATES V. TAYLOR, 142 U.S 2015 (2022). PURSUANT TO RULE 12(b).**

**Now** comes into court the charged defendant Mr. Thiago Prado utilizing his *Pro Se* capacity to respectfully move this Honorable District Court to dismiss his Aggravated Identity Theft charge/enhancement for violation of the element clause, and also to establish that § 1349 inchoate conspiracy offense only criminalize the agreement itself and not "Wire Fraud", and does not have any element of use, transfer, or possess another person's identification in light of Supreme Court's precedent decision and interpretation of *United States v. Taylor, 142 U.S 2015 (2022)*.

### Reasons for Grant Mr. Prado's Motion

1

**TO ESTABLISH A CONVICTION OF § 1028A THE GOVERNMENT IS REQUIRED TO ESTABLISH A CONVICTION OF A PREDICATE OFFENSE THAT NEED TO HAVE THE ELEMENTS OF WIRE FRAUD, SUCH AS, TRANSFERS, POSSESSES, OR USES, WITHOUT LAWFUL AUTHORITY ANOTHER PERSON'S IDENTIFICATION TO SATISFY THE ELEMENT CLAUSE IN LIGHT OF UNITED STATES V. TAYLOR, SUPRA.**

Mr. Prado asserts that the count one of § 1349 inchoate conspiracy offense cannot be used as a predicate wire fraud offense because it does not have any wire fraud elements. The fact that § 1349 does not criminalize wire fraud and does not prohibits any wire fraud criminal conduct is a clear indication that § 1349 does not meet the requirements of subsection § 1028A(c) for felony predicate offense and also does not satisfy the element clause.

The prohibition against criminal conspiracy does not punish mere thought; rather, the criminal agreement itself is the Actus Reus. *United States v. Shabani, 513 US 10 (1994)*.

In Supreme Court case *United States v. Taylor, supra.* They tell us how and when to use the element clause, and this definition is found in § 1028A, a provision sometimes called element clause. That clause covers offenses that have as an element the use, attempted use, or threatened use. No elements of § 1349 conspiracy offense requires that the government proof that the charged defendant Mr. Prado used, transferred, or possessed of another person's identification. *See; United States v. Taylor, supra.*

Mr. Prado asserts that even if he want to plea guilty for § 1349 Conspiracy and § 1028A Aggravated Identity Theft, "which Mr. Prado has no intention to do" the court should not accept his guilty plea and act Suas Ponte to dismiss his § 1028A charge/enhancement because the government fails to charge the wire fraud which is the essential element of § 1028A charged in Mr. Prado indictment in light of *United States v. Taylor, supra.*

## THE CRIME OF § 1349 CONSPIRACY TO COMMIT WIRE FRAUD DOES NOT QUALIFY AS A CRIME OF WIRE FRAUD FOR PURPOSES OF § 1028A(c) IN LIGHT OF UNITED STATED V. TAYLOR, 142 S. Ct. 2015 (2022).

Mr. Prado asserts that under the element clause § 1349 conspiracy to commit wire fraud does not qualify as a "Wire Fraud Offense" under subsection § 1028A(c), because no element of the offense § 1349 requires proof that the charged defendant Mr. Prado committed any wire fraud and also does not requires prove that he used, transferred, or possessed of another person's identification.

The Supreme Court applies a "Categorical Approach" to determine whether a federal felony may serve as a predicate for a conviction and sentence under the element clause, which poses the question whether the felony in question "has as an element the use, transfer, or possess". § 1028A The relevant inquiry is not how any particular defendant may commit the crime but whether the federal felony at issue always requires

the government to prove – beyond a reasonable doubt, as an element of this case—the use, transfer, or possess of another person's identification. Supreme Court has long understood similarly worded statutes to demand similarly categorical inquiries. *See, e. g., **Borden v. United States,** 593 U.S \_,\_,141 s ct 1817, 210 L. Ed. 2d 63, 87.*

## IN THE PRECEDENT CASE OF UNITED STATES V. TAYLOR, 142 S CT 2015 (2022) SUPREME COURT CREATED A NEW SUBSTANTIVE RULE OF LAW THAT MUST BE FOLLOW BY THE LOWER COURTS RETROACTIVE.

In Taylor's case he was charged for § 1951 Hobbs Act offense and committing a "Crime of Violence" under § 924(c). The Hobbs Act makes it a federal crime to commit, attempt to commit, or conspire to commit a robbery with an interstate component. Mr. Taylor pleaded guilty for conspiracy to commit a Hobbs Act robbery and attempted Hobbs Act Robbery. Mr. Taylor argued neither Hobbs act offenses qualified as a "crime of violence" for purposes of § 924(c), Supreme Court made clear that Taylor's Conspiracy/Attempt offenses does not qualify as a crime of violence for purposes of § 924(c). The court found that because Taylor's Hobbs Act offenses does not have the element of use, attempt use, or threatened use, The Hobbs Act offense cannot be used as a predicate offense, to satisfy the element clause. *See;* ***United States v. Taylor, Supra.***

Mr. Prado's argument is exactly the same as Mr. Taylor's because the government charged Mr. Prado with § 1349 Conspiracy to commit wire fraud and § 1028A Aggravated Identity Theft which requires a predicate felony violation enumerated at subsection § 1028A(c).

Mr. Prado asserts that in light of the Supreme Court New Substantive Rule Of Law the government is barred to prosecute § 1349 as a predicate offense, because § 1349 Inchoate Conspiracy does not have any elements of wire fraud, and does not criminalize any wire fraud and does not have any element of use, transfer, or possess of another person's identification.

In Supreme Court case of **United States v. Johnson, 457 U.S 537 (1982)** has held that; When decision of United States Supreme Court merely applies settled precedents to new and different factual situations, it is a foregone conclusion that the rule of later case applies in earlier cases, because the later decision has not in fact altered that rule in any material way.

The United States Supreme Court does not subsequently read a decision to work a "sharp break in the web of the law," unless that ruling causes such an abrupt and fundamental shift in doctrine as to constitute an entirely new rule which in effect replaced an older one. Such a break is recognized only when a decision explicitly overrules a past precedent of the court, or disapproves a practice the court arguably has sanctioned in prior cases, or overturns a long-standing and widespread practice to which court has not

spoken, but which a near-unanimous body of lower court authority has expressly approved. See; **United States v. Johnson**, *457 U.S 537 (1982)*.

*<u>Here, there is no Maximum authorized penalty for the criminal agreement itself – The prohibition against criminal conspiracy does not punish mere thought; rather, the criminal agreement itself is the actus Reus.</u>*  **United States v. Shabani**, *513 U.S 10 (1994).*

**SUPREME COURT INTERPRETED 924(c) STATUTORY LANGUAGE ALMOST IDENTICAL TO THAT CONTAINED IN SECTION § 1028A IN LIGHT OF UNITED STATES V. RODRIGUEZ-MORENO, 526 U.S 275 (1999).**

Mr. Prado asserts that Supreme Court interpreted § 924(c) and § 1028A statutory offenses the same way to satisfy the element clause.

The second circuit court of appeals has held that: A similar conclusion is warranted here section § 1028A, like section § 924(c)(1), prohibits certain conduct committed "during and in relation to" certain predicate felony offenses. Such language plainly indicates that the predicate offense (here the bank fraud) is an essential conduct element of the section § 1028A offense. Moreover, like the kidnapping offense at issue in **United States v. Rodriguez-Moreno**, *526 U.S 275 (1999)*, it well establish that Bank Fraud in Count 7—to which the section § 1028A offense is attached and which constituted an essential element of the § 1028A offense. *See;* **United States v. Magassoba**, *619 f.3d 202 (2nd Cir. 2010).*

The Forth Circuit Court of Appeals in the case of **United States v. Beck**, 957 f.3d 440 (4th Cir. 2020) has held that; Section § 924(c)(1)(A) states that a person "shall... be sentenced" for using or possessing a firearm in furtherance of a crime of violence or a drug-trafficking crime, yet we have held that it states a freestanding offense. *See;* **United States v. Carter,** *300 f.3d 415, 424-24 (4th Cir. 2002) (affirming a § 924(c) conviction absent any predicate conviction).* So too does § 1028A(a)(1), which provides that a person "shall... be sentenced" for knowingly transferring, possessing, or using another person's identification during and in relation to certain felonies. See; **United States v. Lopes-Diaz,** *795 f.3d 106, 115 (1st Cir. 2015) (affirming a § 1028A conviction absent any predicate conviction).* And the same is true of § 2245 (one of § 2260A's enumerated offenses), which sets forth that person "shall be punished by death or imprisoned" if they murder an individual in the course of certain sex crimes. 18 USC 2245. The key difference between offense-creating provisions like §§ 924(c), 1028A, and 2245, and enhancement-creating provisions like the ACCA, is that the former include an aggravating-circumstance element that the Judy must find. 18 USC 924(c) (using of a firearm); id. § 1028A (use of another person's identification); id. § 2245 (murder). Section 2260A does as well. Id. § 2260A (involving of a minor). See; **United States v. Beck,** *954 f. 3d 440 (4th Cir. 2020).*

## Conclusion

**Based** upon the above cited legal arguments and Supreme Court authority the charged defendant prays for his relief sought within the interest of justice

Respectfully Submitted

_____  08/15/2022

**Certificate of Service**

I, Thiago De Souza Prado, place the said above Motion in the Mail Box under the Mail Box rule here at the Donald Wyatt Detention Facility to be mailed to the following:

United States District Court

The Office of the Clerk

1 Courthouse Way

Boston MA 02210

_____  08/15/2022

Respectfully Submitted

Thiago De Souza Prado

950 High Street

Central Falls, RI 02863