IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 21-cr-10158-7-MLW |
| ) | |
| (7) THIAGO DE SOUZA PRADO ) | |
| ) | |
| Defendant ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT THIAGO PRADO'S
MOTION TO DISMISS AGGRAVATED IDENTITY THEFT COUNT**

The government respectfully files this opposition to Defendant Thiago Prado's *pro se* motion to dismiss Count Nine of the Second Superseding Indictment, charging him with aggravated identity theft (ECF No. 515-1).

Prado relies on the Supreme Court's recent holding in *United States v. Taylor*, 142 S.Ct. 2015 (2022), to challenge the indictment's use of wire fraud conspiracy, under 18 U.S.C. § 1349, as the predicate felony for the aggravated identity theft count, under 18 U.S.C. § 1028A. In *Taylor*, the Court held that attempted Hobbs Act robbery is not a predicate "crime of violence" for additional penalties under 18 U.S.C. § 924(c)(3)(A) (using or carrying a firearm in relation to a crime of violence).[1] The Court noted that the statutory definition of a "crime of violence" under § 924(c)(3)(A)—the "elements clause"—calls for a "categorical inquiry" into whether the felony always requires the government to prove, beyond a reasonable doubt, as an element of its case, actual, attempted, or threatened use of force. The Court concluded that *attempted* Hobbs Act robbery—which requires proving only an intention to unlawfully take or obtain personal property

---

[1] 18 U.S.C. § 924(c)(3)(A) provides: "For purposes of this subsection the term 'crime of violence' means an offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"

by means of actual or threatened force and a substantial step toward that end—does not satisfy the elements clause because the government need not prove such use of force.

Reasoning by analogy, Prado contends that aggravated identity theft cannot be predicated on a conspiracy offense. However, the analogy fails. The aggravated identity theft statute, 18 U.S.C. § 1028A, provides for a two-year mandatory minimum sentence for knowingly transferring, possessing, or using, without lawful authority, a means of identification of another person "during and in relation to any felony violation enumerated in subsection (c)." 18 U.S.C. § 1028A(a)(1). The felony violations enumerated in subsection (c) include "any offense that is a felony violation of—… (5) any provision contained in chapter 63 (relating to mail, bank, and wire fraud)." 18 U.S.C. § 1028A(c)(5). Within Chapter 63, 18 U.S.C. § 1349 provides that it is a felony violation to conspire to commit any other offense within Chapter 63, including wire fraud.

In other words, Prado's analogy fails because § 1028A's predicate felonies are enumerated, not subject to a "categorical approach" about a predicate felony's elements. Section 1028A is not "almost identical" to § 924(c), as Prado contends; § 1028A contains no "elements clause" to be satisfied.

Accordingly, Prado's motion should be denied.

                                        Respectfully Submitted,

                                        RACHAEL S. ROLLINS
                                        United States Attorney

                              By:    */s/ David M. Holcomb*
                                        KRISTEN A. KEARNEY
                                        DAVID M. HOLCOMB
                                        Assistant U.S. Attorneys

Dated: August 31, 2022

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, including standby counsel for *pro se* Defendant Thiago Prado, and that a paper copy will be sent by mail to Prado.

Dated:  August 31, 2022

                                          */s/ David M. Holcomb*
                                          DAVID M. HOLCOMB
                                          Assistant U.S. Attorney