FILED
IN CLERKS OFFICE

United States District Court
District of Massachusetts

2022 SEP 15  AM 11: 37

U S DISTRICT COURT
DIST OF MASS

| | |
|---|---|
| United States of America | ) |
| | ) Case No. 1:21-cr-10158-7-MLW-JGD |
| V. | ) |
| | ) |
| (7) Thiago De Souza Prado | ) |
| Defendant, | ) |

**DEFENDANT'S MOTION FOR PRE-TRIAL RELEASE ON THE GROUNDS OF DURATION OF HIS DETENTION AND DENIAL OF BAIL EXCEEDED THE LIMITATIONS OF THE DUE PROCESS CLAUSE, U.S. CONST. AMEND. V. IN LIGHT OF UNITED STATES V. GONZALES CLAUDIO, 806 F. 2D. 334 (2ND CIR. 1986).**

Now into court comes the charged defendant Mr. Prado utilizing his *Pro Se* capacity to move this Honorable District Court to Revoke Mr. Prado's Pretrial Detention on solid grounds of Detention of defendant beyond **14** months exceeded the standards of Due Process, U.S. Const. Amend. V., especially when the trial delay is caused from codefendants waiting to see the outcome of Mr. Prado's case, to decide if they will pled guilty or not. In light of **United States v. Gonzales Claudio,** *806 F. 2d 334 (2nd Cir. 1986).*

## **Factual Background**

On May 12, 2021 Mr. Prado was arrested on Boca Raton Florida, where he was living with his wife and kids. After the pretrial services and the Honorable Magistrate Judge agreed to release Mr. Prado from pretrial detention on the District of South Florida,

1

the Honorable Judge Wolf revoked Mr. Prado's release order and issued an order to Mr. Prado stay detained and to be transported to Wyatt Detention Facility in Central Falls RI.

After Mr. Prado arrived on RI, he tried bail with the Honorable Magistrate Judge Dein, and she denied Mr. Prado's bail on the grounds of flight risk. Mr. Palmer defense lawyer at that time decided to appeal that decision to the Honorable District Judge Wolf, which consequently also denied Mr. Prado's bail on the same grounds of flight risk.

After that date Mr. Prado decided to become a *Pro Se* litigant and file his pretrial motions before this Honorable Court, on December 20, 2021, Mr. Prado filled an affidavit in support of his pretrial motions, See; Doc # 260, asserting his speedy trial, but it got denied by this Honorable Court together with other motions.

On June 21, 2022 after being detained for more than 14 months on pretrial detention, Mr. Prado filled an additional *Pro Se* motion requesting a speedy trial. See; Doc# 461. The Honorable Judge Wolf scheduled a pretrial conference hearing to be held on August 24, 2022 one day after the final deadline for rule 11 hearings, pursuant to discuss Mr. Prado's motions, including the motion that Mr. Prado asserted his speedy trial right.

On August 18, 2022 Mr. Prado filled another *Pro Se* motion seeking dismissal of the aggravated Identity Theft charged against him. See; Doc # 515, this caused this Honorable

District Court to cancel the hearing on August 24, 2022 and rescheduled his hearing for

September 1, 2022. See; Doc # 502.

Consequent to Mr. Prado's Motions, 4 codefendants that was schedule to plead

guilty on August 23, 2022 decided to postpone their rule 11 hearings seeking to wait on

Mr. Prado's outcome. Therefore, this Honorable Court decided to cancel Mr. Prado

September 1, 2022 hearing, and also stop the speedy trial clock till those 4 remained

codefendants decide if they will go to trial or pled guilty. See; Doc# 532.

Now Mr. Prado is suffering from longer than necessary pretrial detention

prejudice, because 4 codefendant's ineffective lawyers that had decided to take a ride on

Mr. Prado's motions, therefore causing delay on this Honorable Court Procedure.

Mr. Prado till today is over **16** months in pretrial detention without any trial date

yet, which constitutes a ***Due Process Violation of U.S. Constitution Amend. V.***

## **Reasons to Grant Mr. Prado's Motion**

## **18 U.S.C. 3142(g)(1)-(2) SPECIFICALLY INSTRUCTS THE TRIAL JUDGE TO CONSIDER, AMOUNG OTHER THINGS, THE NATURE AND CIRCUMTANCES OF THE OFFENSE CHARGED AND THE WEIGHT OF THE EVIDENCE AGAINST THE DEFENDANT TO DETERMINE WHETHER A DEFENDANT PRESENTS A RISK OF FLIGHT.**

The Second Circuit Court of Appeal at the case of ***United States v Gonzales Claudio***

has held that: Pretrial detention, on appropriate facts, to guard against the risk of flight is

3

a valid means of regulation. It is entirely reasonable to conclude that a risk of flight is more likely in circumstances where evidence indicates that a defendant has engaged in terrorist activities and faces a substantial risk of being convicted of serious pending charges and receiving significant punishment.

In Gonzalez Claudio's case, he was one of the eight defendants appealing the District Court order for pretrial detention. He was part of the seventeen defendants indicted on August 28, 1985, for the 1983 Robbery of the Wells Fargo depot in West Hartford, Connecticut. Responsibility for the robbery has been claimed by a group calling itself Los Macheteros (the machete wielders), a paramilitary, terrorist organization dedicated to achieving independence for Puerto Rico. Evidence presented to the District Court in the course of the detention hearing strongly indicates that this organization has been responsible for violent acts of terrorism, including the killing of two United States servicemen in an attack on a bus and destruction of several Puerto Rico National Guard planes at Muniz Air Base. The indictment alleges that the Wells Fargo robbery, in which $7.6 million was taken, was carried out by Victor Gerena, who is a fugitive. The other defendants are alleged to have played roles in the planning or the robbery or the transportation of the stolen money from Connecticut to locations outside the continental United States.

The appeals Court held that: Assessing the length of detention that has occurred and the non-speculative aspects of future detention, the extent to which the prosecution

4

bears responsibility for the delay in starting the trial, and the facts concerning risk of flight, we concluded that the continued detention of Gonzales Claudio and Camacho-Negron beyond fourteen months would exceed even the flexible standards od Due Process. In reaching this conclusion we recognized that the release of these defendants upon reasonable conditions creates a risk that they may flee. We are not indifferent to the prospect. But the enforcement of all constitutional restraints upon Government in its effort to administer the criminal law entails risk. Occasionally such enforcement creates the risk that the person convicted of a crime may escape punishment. In this case the enforcement of Due Process limits upon the duration of preventive detention creates the risk that a person accused of a crime may avoid a trial that might result in conviction and punishment. That risk is serious, but of at least equal gravity is the preventive detention for fourteen months of defendants who are presumed innocent and whose trial to determine guilty or innocent will not even begin until detention has at least eighteen months. In mandating fundamental fairness, the Due Process Clause endeavors to set outer limits at which risk to society must be accepted to avoid unconscionable deprivations of the liberty of individuals.

Mr. Prado asserts that his law arguments is similar to the defendant Gonzales Claudio, and the reason that Mr. Prado filled some *Pro Se* motions is not a valid reason to violate his Due Process rights, in the case of Gonzales Claudio the defendants filled over 400 motions, and the Court did not held that to be any reason for the delay.

5

The crux of the charged defendant Mr. Prado is that he is not facing any substantial punishment, which will not make any sense to flee to avoid prosecution, actuality Mr. Prado is really excited about his day on the Court to resolve this matter, he have 2 beautiful sons that need Mr. Prado support and a 68 years old mother that Mr. Prado will be living with in Framingham Massachusetts. Mr. Prado alleged criminal conduct is not near Gonzales Claudio conduct, plus Mr. Prado will comply with any condition of release that the Court think is necessary and appropriate.

Mr. Prado asserts that by October 27, 2022 when all codefendants decide if they will pled guilty or go to trial, Mr. Prado will have over **17** months in pretrial detention, and he still not have a trial date for this matter.

## MR. PRADO IS CHARGED WITH 18 U.S.C. 1349 CONSPIRACY TO COMMIT WIRE FRAUD INCHOATE CONSPIRACY OFFENSE WHICH CHARGED WITHOUT THE UNDERLYING OFFENSE IS NOT A "SERIOUS CRIME", AND HE IS NOT FACING ANY SUBSTANTIAL PUNISHMENT, IF NOT ANY PUNISHMENT AT ALL.

The Government charged Mr. Prado for 1349 Conspiracy to Commit Wire Fraud, 1028A Aggravated Identity Theft, plus 6 or 8 points for enhancements. The Government told this Honorable District Court that Mr. Prado was facing nine years sentence if lose trial or something around 45 months if Mr. Prado decide to pled guilty. (Almost giving Mr. Prado a heart attack).

6

Mr. Prado asserts that the Government version of the guidelines is not accurate. Starting with 1349 inchoate conspiracy offense does not have a penalty provision *(because Congress only punish conduct and not statutes)*, and 1349 charged without the underlying offense is not a serious offense, Mr. Prado believes that this Honorable District Court have the discretion to give anything between 0 to 6 months sentence for a no-serious 1349 Simple Conspiracy   offense. *(If we look to **Lewis v. United States**. Interpretation of petty or serious offenses); and **United States v. Shabani,** 513 US 10 (1994) (Shabani held that conspiracy only make the agreement itself the Actus Reus, and not the object of the conspiracy).*

Mr. Prado asserts that 1028A Aggravated Identity Theft conviction cannot stand because Mr. Prado does not have the factual basis, and his conduct does not qualify for the 1028A enhancement, and it violate the element clause in light of **United States v. Taylor,** *142 S. CT. 2015 (2022)*, nor any evidence show that Mr. Prado commit any wire fraud which is the essential element for 1028A *(Use of someone identification),* and also is the object of this conspiracy.

Mr. Prado also asserts that the Government does not have jurisdiction to prosecute any sentence enhancements, because it is not offenses against United States, and after **Apprendi, Blakely, Alleyne, and Haymond** now states that the district court is now limited to the factual findings that's derived from the jury verdict. As at the time of the Fifth and Sixth Amendment adoption, a judge's sentencing authority derives from,

7

and is limited by, the jury's factual finding of criminal conduct. A jury must find beyond a reasonable doubt every fact "'which the law makes essential to [a] punishment'" that a judge might later seek to impose. ***Blakely v. Washington***, *542 U.S. 296, 304, 124 S. Ct. 2531, 159 L. Ed. 2d 403.*

Mr. Prado respectfully ask this Honorable District Court to take in consideration that if Mr. Prado is facing any jail time, he probably already pay for it, and also that Mr. Prado lost almost everything because this imprisonment including his marriage.

## Conclusion

**Based** upon the above cited legal arguments the charged defendant prays for his relief sought within the interest of justice

## Request for Oral Argument

Pursuant to Local Rule 7.1 (d.), the defendant, Mr. Prado, is respectfully requesting all oral argument on his motion to revoke pretrial detention because he believes that such argument will be of assistance of the court.

Respectfully Submitted

09/15/2022

Sworn to and subscribed before me this
12 day of SEP, 2022

8