FILED
IN CLERKS OFFICE

United States District Court
District of Massachusetts 2022 OCT 17  PM 12: 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| United States of America | ) |
| | ) Case No. 1:21-cr-10158-7-MLW |
| V. | ) |
| | ) |
| (7) Thiago De Souza Prado | ) |
| Defendant, | ) |

**DEFENDANT'S MOTION TO ESTABLISH THAT § 1028A OFFENSE CHARGED WITH ANY PREDICATE OFFENSE THAT DOES NOT HAVE THE ELEMENT OF USE, TRANSFER, OR POSSESS THE MEANS OF IDENTIFICATION DOES NOT MANDATE A 24 MONTHS MANDATORY SENTENCE IN LIGHT OF 1028A(b)(3); AND FIRST CIRCUIT PRECEDENT CASE OF UNITED STATES V. VIDAL-REYES, 562 F.3D 43 (1ST CIR. 2009).**

Now into court comes the charged defendant Mr. Prado utilizing his capacity of *Pro Se* litigant to respectfully file this motion before this Honorable District Court to establish that § 1028A offense charged with § 1349 inchoate conspiracy offense as a predicate offense, does not mandate a 24 months mandatory sentence in light of 1028A(b)(3); and First Circuit Precedent case of **United States v. Vidal-Reyes, 562 F. 3d 43 (1st Cir. 2009).**

## Reasons why Mr. Prado file this motion

Mr. Prado first asserts that he know for fact that a person cannot be charged with § 1028A offense/enhancement if he is not charged for any predicate felony violation enumerated at subsection **(c)**. *(Unless he pled guilty for 1028A)*, and Mr. Prado also acknowledged that this

1

felony violation at subsection **(c)**, requires the element of transfer, possess, or use the means of identification without lawful authority, without those elements the § 1028A conviction cannot stand in light of *United States v. Taylor, 142 S. CT. 2015 (2022).*

Second Mr. Prado asserts that the Government has repeatedly stating in motion oppositions, plea agreements, and detention hearings that Mr. Prado and codefendants are subjected to 24 months consecutive mandatory imprisonment sentence for the § 1028A offense/enhancement.*(with is contrary of the law and first circuit precedent).*

Third Mr. Prado asserts that to this point he does not know if the Government will honor any law, because the Government is continually trying to enforce penalties that does not covers the Defendants allegedly conducts charged at the indictment.

## Reasons to Grant Mr. Prado's Motion

## 18 U.S.C. 1028A(b)(1); TEXT IS CLEAR THAT IF THE PREDICATE OFFENSE DOES NOT HAVE THE ELEMENT OF USE, TRANSFER, OR POSSESS THE MEANS OF IDENTIFICATION THE SENTENCE JUDGE IS NOT PRECLUDED TO CONSIDER THE 24 MONTHS MANDATORY SENTENCE IN LIGHT OF UNITED STATES V. VIDAL-REYES, 562 F.3D 43 (1ST CIR. 2009).

Mr. Prado asserts that the First Circuit Court of Appeals already establish that the language of the statute, at 18 U.S.C. 1028A(b)(3), clearly prohibits a sentence Court from taking into consideration 18 U.S.C. 1028A(a)(1)'s mandatory two—years term for aggravated identity theft to reduce the sentence that would otherwise impose when sentencing a defendant for

2

predicate offense underlying the Aggravated Identity Theft conviction, the felony during which the means of identification was used, transferred, or possessed.

In the case of **United States v. Vidal-Reyes,** *supra*. Mr. Vidal-Reyes argues that the unambiguous text of 18 U.S.C. 1028A(b)(3) only bars a Court from taking into account the mandatory two—years sentence for Aggravated Identity Theft to reduce the sentence "for the felony during which the means of identification was transferred, possessed, or used," i.e. for predicate felonies only. Noting in the statute text, however, says that the District Court may not taking the mandatory two—years sentence into account when sentencing for non—predicate offenses. According to Vidal-Reyes, absent an express prohibition in the text of the statute, Courts retain their authority to take the mandatory term into account. We agree. **See; United States v. Vidal –Reyes,** *supra.*

In the case of **United States v. Hairup,** *565 f. sup.2d 1309*  the analysis demonstrates that the exact meaning of 1028(A)(1) is at best ambiguous. When this is the case, the tradition of fair play and justice has always favored the accused. The policy embodies the instinctive distaste against men languishing in prison unless law maker has clearly said they should. (Omitted) **United States v. Bass,** *404 U.S 336,348, 92 S. Ct 515, 30 L ED. 2d 488*. In this case the first requirement is that the defendant commit an act of wire fraud, 1028(A) only comes into play if during the commission of that crime the defendant uses another person's identity.

Mr. Prado asserts that the Government cannot hang his hat to the fact that some defendants pled guilty to § 1028A elements of transfer, possess, or use the means of identification, *(without anyone being charged for those elements on the same indictment),* mandate a 24 months mandatory sentence, because the First Circuit Precedent case of **United**

*States v. Vidal-Reyes, supra.* Already establish that the mandatory sentence only applies in cases that the enumerated predicate felony violation have the elements of transfer, possess, or use the means of identification. It means that this Honorable District Court can give any sentence that this Court think that will be appropriate, and at sentencing any defendant in this case for § 1028A will be up to this Honorable Court's discretion, and not because the Government is making non-accurate statement that Mr. Prado and codefendants are facing a 24 moths mandatory sentence.

Mr. Prado asserts that this Honorable District Court have Discretion, and jurisdiction to run § 1028A sentence concurrent in this case, sentence the defendants for probation, in other words sentence the defendants for whatever sentence that he think is appropriate.

## Legislation, Statutory Interpretation

In interpreting the mean of the statute, a court's analysis begins with the stature's text. If the meaning of the text is unambiguous our task ends there as well. If the statute is ambiguous, the court looks beyond the text to the legislative history in order to determine congressional intent. A statute is ambiguous only if it admits of more than one reasonable interpretation.

When a court finds that the plain language of a statute unambiguous reveals its meaning, and the revealed meaning is not eccentric, the court need not consult other aids to statutory construction. From time to time courts, perhaps manifesting a certain institutional insecurity, employ secondary sources as a means of confirmation. *See; United States v. Vidal-Reyes, supra.*

4

## Sentence Guidelines

However long-acknowledged a sentence court's discretion to take a mandatory sentence into account may be, it is clear such discretion exists following the fundamental revival of discretion in sentencing accomplished by the United States Supreme Court's decision in *Booker* and its progeny. After *Booker,* the applicable guidelines range is treated merely as advisory and the sentencing court is free to exercise its discretion to impose a reasonable sentence outside the guideline range that is sufficient, but not greater than necessary based on the factors articulated in 18 U.S.C. 3553(a). Thus, to the extent that a mandatory term of imprisonment reasonable bears on those relevant factors, it remains, absent legislation to the contrary, within the sentencing court's discretion to take it into account. Absent an unambiguous congressional directive barring sentencing courts from considering a particular factor, a sentencing court can include that datum in its sentencing calculus, as long as the court grounds its rationale in the complex of factors enumerated in 18 U.S.C. 3553(a). *See; United States v. Vidal-Reyes, supra*.

## District Judge Consecutive Sentence Discretion

A sentencing court's discretion to take a mandatory sentence into account is long—acknowledged in the law of the United States Court of Appeals for the first circuit and reinforced by United States Supreme Court sentence jurisprudence. In departing from a guideline sentence the District Court is free to exercise its own judgment as the pertinence, if any, of a related mandatory consecutive sentence. Should the District Court think that the latter has some role

along with other factors in fixing the extent of the guideline departure in a particular case that is within its authority; and should that court decline to consider the mandatory minimum in fixing the other sentence, that too is within its authority. For the court to decide upon the ingredients of a departure one by one would go very far toward defeating discretion. *See; Vidal-Reyes, supra.*

## Conclusion

The charged defendant Mr. Prado prays to this Honorable District Court to grant this motion, to establish its sentencing authority, powers, and also to bar the Government to continue trying to enforce this 24 months mandatory sentence for a 1028A offense without a felony predicate underlying violation that covers 1028A elements against Mr. Prado and Codefendants.

Respectfully Submitted

Thiago De Souza Prado

10 /13/2022

## Certificate of Service

I, Thiago Prado, place the said above Motion in the Mail Box under the Mail Box rule here at the Donald Wyatt Detention Facility to be mailed to the following:

United States District Court

For The District of Massachusetts

The Office of the Clerk

1 Courthouse Way

Boston MA 02210

10 /13 /2022

Respectfully Submitted

By the defendant

Thiago De Souza Prado

950 High Street

Central Falls, RI 02863

7



US POSTAGE
FREE
USMS
SCREENED

quadient
FIRST-CLASS MAIL
IMI
$000.81 º
10/14/2022 ZIP 02863
043M31235627

United States District Court
1 courthouse way
Boston MA 02210

Thiago De Souza Prado
950 High Street
central falls RI 02863