IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 21-cr-10158-7-MLW |
| | ) | |
| (7) THIAGO DE SOUZA PRADO | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT THIAGO PRADO'S
MOTION REGARDING 18 U.S.C. § 1028A**

The government respectfully opposes the *pro se* motion that Defendant Thiago Prado sought leave to file on October 17, 2022 (ECF No. 552-1). In this filing, Prado continues to pursue incorrect arguments about the aggravated identity theft statute, 18 U.S.C. § 1028A. Prado previously claimed that wire fraud conspiracy is not an enumerated predicate felony violation (ECF No. 467) and that a conspiracy offense more generally cannot be the predicate felony under inapplicable case law (ECF No. 515-1). The government has addressed each of these contentions. ECF No. 479 at 3-4; ECF No. 535.

Prado now argues that he is not subject, upon conviction, to a two-year mandatory sentence for aggravated identity theft and/or that the Court would not be required to impose such a sentence consecutive to a sentence for wire fraud conspiracy. He relies on *United States v. Vidal-Reyes*, 562 F.3d 43 (1st Cir. 2009). In *Vidal-Reyes*, the First Circuit held that, while 18 U.S.C. § 1028A(b)(3) prohibits a District Court from weighing the two-year mandatory minimum sentence when it sentences a defendant "for the felony during which the means of identification was transferred, possessed or used," a District Court may consider that mandatory sentence when it sentences a defendant for non-predicate crimes. Prado appears to suggest that, under *Vidal-Reyes*,

1

the predicate felony for aggravated identity theft must have as an element the use, transfer, or possession of a means of identification, and further that wire fraud conspiracy does not have this element. *See* ECF No. 552-1 (proposed motion) at 1-4; ECF No. 552-2 (affidavit) at 1.

This argument has no basis in statute or case law (*Vidal-Reyes* or otherwise). Neither requires that the predicate felony itself have as an element the transfer, possession, or use of a means of identification. Rather, 18 U.S.C. § 1028A(a)(1) requires that a means of identification be transferred, possessed, or used "during and in relation to any felony violation enumerated in subsection (c)[.]" Count Nine of the Second Superseding Indictment properly alleges that Prado knowingly transferred, possessed, and used a specific means of identification during and in relation to the charged conspiracy to commit wire fraud. ECF No. 189 at 37. Further, the government has established that wire fraud conspiracy is a proper predicate felony. ECF No. 479 at 3-4; ECF No. 535. *Vidal-Reyes* is wholly inapplicable because, if he is convicted of both offenses, the Court will sentence Prado for aggravated identity theft and for the predicate felony, not some other non-predicate felony.

For these reasons, Prado's proposed motion should be denied.

    Respectfully Submitted,

    RACHAEL S. ROLLINS
    United States Attorney

By:    */s/ David M. Holcomb*
    KRISTEN A. KEARNEY
    DAVID M. HOLCOMB
    Assistant U.S. Attorneys

Dated: October 31, 2022

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, including standby counsel for *pro se* Defendant Thiago Prado, and that a paper copy will be sent by mail to Prado.

Dated: October 31, 2022

                                        */s/ David M. Holcomb*
                                        DAVID M. HOLCOMB
                                        Assistant U.S. Attorney