FILED
IN CLERK'S OFFICE

United States District Court
District of Massachusetts

2022 DEC 15 PM 1: 09

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| United States of America | ) |
| | ) Case No. 1:21-cr-10158-7-MLW |
| V. | ) |
| | ) |
| (7) Thiago De Souza Prado | ) |
| Defendant, | ) |

# Defendant's Motion and Memorandum to Dismiss Indictment for Violation of Fifth and Sixth Amendments pursuant Fed. R. Crim. P. 12(b) and Fed. R. Crim. P. Rule 48(b)(3).

The charged defendant, Thiago De Souza Prado herby files a motion to dismiss the indictment with prejudice because it violates the Defendant's 6th Amendment right to a fair and speedy trial (Speedy Trial Act Violation 18 U.S.C. 3161-3174), Violation of Fifth Amendment right to Due Process and based on violation of Fed. R. Crim. P. 48(b). Mr. Prado respectfully request that an evidentiary hearing be held on this motion and the issue set forth herein. *United States v. Ganious, 635 F. Supp. 2d 80, 85 (D.C. Mass. 2009) (citing United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994)*

*In support of this motion, defendant asserts the following facts and law.*

## Factual Background

On May 12, 2021 Mr. Prado was arrested on Boca Raton Florida, where he was living with his wife and kids. After the pretrial services and the Honorable Magistrate Judge agreed to release Mr. Prado from pretrial detention on the District of South Florida, the Honorable Judge Wolf revoked Mr. Prado's release order and issued an order to Mr. Prado stay detained and to be transported to Wyatt Detention Facility in Central Falls RI.

1

After Mr. Prado arrived on RI, he tried bail with the Honorable Magistrate Judge Dein, and she denied Mr. Prado's bail on the grounds of flight risk. Mr. Palmer defense lawyer at that time decided to appeal that decision to the Honorable District Judge Wolf, which consequently also denied Mr. Prado's bail on the same grounds of flight risk.

After that date Mr. Prado decided to become a *Pro Se* litigant and file his pretrial motions before this Honorable Court, on December 20, 2021, Mr. Prado filed an affidavit in support of his pretrial motions, *See; (Doc # 260)*, asserting his speedy trial, but it got denied by this Honorable Court together with other motions.

On June 21, 2022 after being detained for more than **14** months on pretrial detention, Mr. Prado filed an additional *Pro Se* motion requesting a speedy trial. See; *(Doc # 461)*. The Honorable Judge Wolf scheduled a pretrial conference hearing to be held on August 24, 2022 one day after the final deadline for rule 11 hearings, pursuant to discuss Mr. Prado's motions, including the motion that Mr. Prado asserted his speedy trial right.

On August 18, 2022 Mr. Prado filled another *Pro Se* motion seeking dismissal of the aggravated Identity Theft charged against him. See*; (Doc # 515)*, this caused this Honorable District Court to cancel the hearing on August 24, 2022 and rescheduled his hearing for September 1, 2022. See; *(Doc # 502)*.

Consequent to Mr. Prado's Motions, 5 codefendants that was schedule to plead guilty on August 23, 2022 decided to postpone their rule 11 hearings till October 27, 2022 seeking to wait on Mr. Prado's outcome (according to stand by counsel and codefendant statements to Mr. Prado). Therefore, this Honorable Court decided to cancel Mr. Prado September 1, 2022 hearing, and also stop the speedy trial clock till those 5 remained codefendants decide if they will go to trial or pled guilty. See; *(Doc # 532)*.

On October 20, 2022 this Honorable District Court issued an order re-scheduling that all 5 remaining codefendants (Luiz Narciso Alves Neto, Altacyr Dias Guimaraes Neto, Philipe do Amaral Pereira, Clovis Placido, and Alessandro Felix da Fonseca); rule 11 hearing to be held at November 7, 2022. And any motion to continue a November 7, 2022, with a support affidavit, and will be allowed only for good cause shown. See; *(Doc # 554).*

2

On October 31, 2022 *(Doc # 568)*, the Government responded to the Court's order *(Doc # 554)* saying that:

1. Defendant Luiz Narciso Alves Neto has intends to plead guilty without a plea agreement. And Mr. Neto has a pending motion to conduct his rule 11 hearing remotely *(Doc # 561)*.
2. Defendant Altacyr Dias Guimaraes Neto has signed a plea agreement, which the Government has filed October 31, 2022. *(Doc # 567)*.
3. Defendant Philipe do Amaral Pereira intends to plead guilty and has a pending motion to extend the time to file the signed plea agreement to November 3, 2022. *(Doc # 566)*;
4. Defendant Clovis Placido has filed a motion to continue his rule 11 hearing to Mid-December due to a personal matter of his defense counsel *(Doc # 563)*. Also telling that the Government anticipates negotiating a plea agreement with Mr. Placido, but defense counsel's **personal matte** has impeded the parties' ability to finalize their negotiations.
5. Defendant Alessandro Felix da Fonseca intends to plead guilty without a plea agreement and Mr. Da Fonseca has a pending motion to continue his rule 11 hearing *(Doc # 560)*.

On November 2, 2022 this Honorable District Court issued a new order saying that: There is good cause to grant at least the continuances requested by Da Fonseca and Placido. The court continues to want the defendant`s cases to preceed in tandem to the extent fair and feasible. **Therefore, it is hereby ORDERED THAT:** Altacyr Dias Guimaraes Neto, Phillipe do Amaral Pereira, Luiz Narciso Alves Neto, and Alessandro Felix da Fonseca rule 11 hearings shall be held at November 22, 2022 and Clovis Placido on December 14, 2022. See; *Doc #???(I don't have the doc number sorry)*.

Mr. Prado is suffering from longer than necessary pretrial detention prejudice, because 5 codefendant's lawyers is not respecting the interest of justice, Mr. Prado also states that Mr. Da Fonseca have 2 lawyers to assist him with a rule 11 hearing *See*; *(Doc # 551)*, and Mr. Placido counsel **personal matter** does not classified as an interest of justice because it does not have nothing to do with this case, therefore causing delay on this Honorable Court Procedure and violating Mr. Prado's speedy trial right.

Mr. Prado till today is over **19** months in pretrial detention without any trial date yet, which constitutes a ***Due Process Violation of U.S. Constitution Amend. V.***

## Argument

**Fed. R. Crim. P. 48(b) provides that:** The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in

**(1)** Presenting a charge to the grand jury;

**(2)** Filing an information against a defendant; or

**(3)** Bringing a defendant to trial

For dismissal on non-constitutional ground under Rule 48(b), the defendant must show that unnecessary delay resulted in prejudice to the defendant or that the delay was improperly motivated. ***Flemming v. United States, 378 F.2d 502, 504 (1967).*** Rule 48(b) places stricter requirement on the speed of prosecution than does the Sixth Amendment to the United States Constitution and permits dismissal of an indictment even if there has been no constitutional violation. ***United States v. Cartano, 420 F2.d 362, 363 (1970); Mathies v. United States, 374 F.2d 312, 314-15 (D.C. Cir. 1967).***

Moreover, malfeasance actions, and improper motives brought on behalf of the government resulted in unnecessary, unreasonably, oppressive, and unjustifiable delay. The government had all the information it needed necessary to indict Mr. Prado immediately following his arrest, within the statutory time limit set in 18 U.S.C. 3161(b). The government also could have provided the defendant with a prompt trial within the statutory 70-day time limit, resulting in a violation of the Speedy Trial Act, 18 U.S.C. 3161(c)(1) (STA 18 U.S.C. 3161 – 3174). Furthermore, the government's negligence violated Mr. Prado's Due Process right to the Fifth Amendment, and his Sixth Amendment right to a speedy and fair trial. The defendant is

4

prejudiced from the unnecessary delay and his ability to mount a defense has been impaired in results of the delay.

Here, Mr. Prado has suffered prejudice as a result of the delay was a result of the government's willful negligence and bad faith, and the government could have reasonably avoided any delay. Most importantly, Mr. Prado has been incarcerated for more than **19** months, and such a delay was not warranted by any valid reasonable justification. Additionally, prejudice has been established due to the fact Mr. Prado has been subjected to a lengthy pre-trial incarceration in violation of his Fifth Amendment to Due Process, for being punished without due process of law. The court of appeals for the First Circuit, however, has held that Rule 48 applies only to post-arrest delay. See e.g. **United States v. McCoy**, 977 F.2d 706, 712 & n. 6 (1st Cir. 1992) (Rule 48(b) is limited in application to post-arrest delay." (Citing **United States v. Marion**, 404 U.S. 307, 319, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971)).

"Delay of around one year is considered presumptively prejudicial for purposes of the speedy trial under U.S. Const. Amend. VI, and the presumption that delay prejudices the defendant 'intensifies over time' **United States v. Carpenter**, 781 F.3d 599 (1st Cir. 2015)

"The Due Process Clause of the United States Constitution might well be violated if the length of detention is substantial enough to constitute punishment without a trial." **United States v. Salerno**, 481 U.S. 739, 747 n.4, 95 L. Ed. 2d 697, S. Ct. 2095 (1987). Prolonged pretrial detention may become excessive and consequently punitive as to violate the person's right to due process afforded by U.S. Const. Amend. V. See **United States v. Zannino**, 798 F.2d 544, 547 (1st Cir. 1986).

In this matter, the government cannot use the Corona Virus pandemic as an excuse to delay prosecution. Because during the Covid-19 pandemic the government continued to charge people with crimes and seek detention pending trial during the Corona Virus pandemic, the government was assembling grand juries during the pandemic meaning that it was not impossible to conduct a trial during the pandemic. See **United States v. Henning**, __F. Supp. 3d__, 2021 U.S. Dist. Lexis 12246, 2021 WL 222355 (2021).

Due to the nature of the delay and prejudice to the defendant this matter should be dismissed with prejudice. Prejudice to the defendant is inherent in any pre-trial delay. In addition,

5

to the potential prejudice to the defense of this case, Mr. Prado has suffered obvious prejudice, due to the **19** month lengthy pre-trial incarceration, which has resulted in impairment to mount a defense, and unnecessary delay in bringing the defendant to trial. See **United States v. Black,** *416 F. Supp. 59 (M.D. Fla 1976).*

Fed. R. Crim. P. 48(b) provides a legal basis for dismissal of an indictment for unnecessary delay. **United States v. Hay,** *187 F. Supp. 2d 653, 660 (N.D. Tex. 2002).* It is well accepted that any "purposeful or oppressive delay" on part of the government is unjustifiable and clearly unnecessary. **Dickey v. Florida,** *398 U.S. 30, 51 (1970).* As such, the denial of a speedy trial may be found based on a "showing that [the defendant's] prosecution was delayed beyond the point at which a probability of prejudice arose and that he was not responsible for the delay, and by alleging that the government might reasonably have avoided it," *Id* at 56. Moreover, prejudice against the defendant may be presumed where the delay is long and groundless. **United States v. Mann,** *291 F. Supp. 268, 271 (S.D.N.Y. 1968).*

Therefore, due to the delay and the fact that the defendant has been prejudiced by the government's negligence and bad faith, this matter should be dismissed with prejudice. "Determination of whether dismissal shall be with or without prejudice is left to the sound discretion of the trial judge." **United States v. Brown,** *550 F.2d 241, 242 (1st Cir. 1985).* It seems only proper that when an order of dismissal based on finding of unnecessary, unjustified, and prejudicial delay, the considered judgment of the court is not to be circumvented by re-indictment of the defendant, and the case must be dismissed with prejudice.

## Speedy Trial Act violation 18 U.S.C. 3161 – 3174

Mr. Prado contends he was not brought to trial within the 70-day requirement statutory time limit set out in 18 U.S.C. 3161(c). See **United States v. Ramirez,** *973 F.2d 36 (1st Cir. 1992)* (eleven-day delay resulting from administrative and prosecutorial inadvertence warrant dismissal of indictments with prejudice).

Congress enacted the Speedy Trial Act in 1974 in order to make effective the Sixth Amendment's guarantee of a Speedy Trial. Pub. L. No. 93-619; *See **United States v. Furlow**, 644 F.2d at 768-69 (describing the Speedy Trial Act as the Sixth Amendment's "implementation")*. The Act requires that a defendant's trial begin within 70-day requirement statutory time limit set out in 18 U.S.C. 3161(c)(1). Mr. Prado was not provided with a trial date within the statutory time limit.

The prohibition in our criminal justice system against unnecessary delay designed **(1)** to protect against "undue and oppressive incarceration prior to trial', **(2)** to "minimize anxiety and concern accompanying public accusation." And **(3)** to protect the "ability of an accused to defend himself." ***Smith v. Hooey**, 393 U.S. 374 378 (1969)*.

Congress intended the "ends of justice" provision to be "rarely used." ***United States v. Nance**, 666 F.2d 353, 355 (9th Cir. 1982) (quoting the Act's legislative)*. Similarly, a New York District Court applied the ends of justice exception to exclude a 20-day period after the September 11, 2001 terrorist attacks. ***United States v. Correa**, 182 F. Supp. 2d 326, 327 (S.D.N.Y. 2001)*.

Here, the government may not use the Corona virus pandemic as an excuse to justify the unreasonable delay, which resulted in noncompliance with the STA procedures. There is no question that the current pandemic is serious, and with little precedent. But the current circumstances, it is simply not a physical or logistical impossibility to conduct a jury trial. For the purpose of Speedy Trial Act, what is more, and ends of justice exclusion must be justified with reference to the specific factual circumstances in the particular cases as of the time the delay is ordered. The "ends of justice" exclusion is to be based on specific underlying factual circumstances and cannot be involved without specific findings in the record. *See **United States v. Olsen**, 2020 U.S. Dist. Lexis 193045*.

A defendant's right to a speedy trial is damaged in the same way regardless of whether the government's delay is negligent or intentional. *See **Dickey v. Florida**, 398 U.S. 30, 51-52 (1970) (Harlan, J., concurring)*. Accordingly, "where the government has negligently delayed bringing an indictment and such delay has operated to prejudice the defendant's ability to defend

7

himself, delay is 'unnecessary.'" ***United States v. hern***, *331 F. Supp. 472, 474 (E.D. Pa. 1971)*. Even if a delay results from a good-faith miscalculation, the negligence militates in favor of dismissal with prejudice. ***United States v. Hernandez***, *676 F. Supp. 63, 64 (D. Vt. 1988)*.

The First Circuit of Appeals in ***United States v. Barnes***, *159 F.3d 4 (1ˢᵗ Cir. 1988)* has held that: The court vacated and reversed the judgment of the district court finding that the unaccounted for continuance by the courts invocation of the "Ends of Justice" exception was not appropriate, that the appellant's waiver of the Speedy Trial Act had been violated for numerous reasons. Because fault could not be placed with any one party, therefore, the indictment was dismissed.

"The Speedy Trial Act, 18 U.S.C. 3161, controls the conduct of the parties and the court itself during criminal pretrial proceedings. Not only must the court police itself, the act is much aimed at the delay caused by judicial congestion and mismanagement as it is aimed at the deliberate stalling of counsel." See ***United States v. Pringle***, *751 F.2d 419 (1ˢᵗ Cir. 1984)*.

18 U.S.C. 3174 Judicial Emergency and Implementation statute states: (a) in the event that any district court is unable to comply with the time limits set forth in section 2161(c) [18 U.S.C. 3161(c)] due to the status of its courts calendar's, the chief judge, where the existing resources are being efficiently utilized, may, after seeking recommendations of the planning group, apply to the judicial council of the circuit for a suspension of such time limits as provided in subsection (b). The judicial council of the circuit shall evaluate the capabilities of the district, the availability of visiting judges from within and without the circuit, and make any recommendations it deems appropriate to alleviate calendar congestion resulting from the lack of resources. (b) if the judicial council of the circuit fins that no remedy for such congestion is reasonably available, such council may, upon application by the chief judge of a district, grant a suspension of the time limits in section 3161(c) [18 U.S.C.(c)] in such district for a period of time not to exceed one year for the trial of cases for which indictments or informations are filed during such one year period.

In ***United States v. MacDonald***, *456 U.S. 1 (1982)* the Supreme Court again made it clear that when a defendant is arrested, in a criminal prosecution has begun, and a defendants Speedy

8

trial right attaches. *See **United States v. MacDonald**, 456 U.S. 1 (1982); See **John the Baptist**, 620 F. Supp. 1324 (2d Cir. 1985)*, In that case the Defendant brought a habeas corpus action appealing the magistrate's denial of bail in the state's action against defendant for drug and related offenses under the Racketeer influenced and corrupt organization act (RICO). Defendant had been held without bail for almost five (5) months and trial was not expected until at least four more, Defendants was being held without Due Process of law and was ordered released.

The Second Circuit in the case of **United States v Lofranco**, *620 F. SUPP. 1324 (2nd Cir. 1985)* has held that: 'Where the defendant in a complex drug racketeering case was held without bail for almost 5 months and trial was not expected until at least 4 months more, the defendant was being held without due process of law and was ordered released.

However, the charged Defendant Mr. Prado's case is incomplete "harmony" with Mr. **Lofranco**, *620 F. SUPP. 1324 (2D CIR. 1985)*. This court further made it clear: that 70 days of detention delineated by the Speedy Trial Act had expired. The court said constitutional concerns outweighed the risk to the public in the defendant's trial imposed by releasing the defendant.

## **Violation of Fifth Amendment Due Process**

*"The Fifth Amendment to the Constitution of the United States provides that "[n]o person shall . . . be deprived of life, liberty, or property without due process of law." U.S. Const. Amend. V. "*

Mr. Prado alleges that his continued detention violates his Due Process Clause. *See **United States v. Gonzales Claudio**, 806 F.2d 334 (2nd Cir. 1986)*. The Due Process limit on the duration of preventative detention requires assessment on a case-by-case basis, since due process does not necessarily set a bright line for the length of pre-trial confinement. *See **Abreu v. Barr**, 2020 U.S. Dist. LEXIS 139728* "freedom from imprisonment-from government custody, detention, or other forms of physical restraint-lies at the heart of the liberty that the clause protects. *See **Zadvydas v. Davis**, 533 U.S. 768, 690, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001)*.

"[G]overnment detention violates that clause unless the detention is an order in a criminal proceeding with adequate procedural protections... or, in certain special and narrow non-punitive circumstances..., where special justification, such as harm-threatening mental illness, outweighs the individuals' constitutionally personal interest and avoiding physical restraint." *Id.*

Other than those unique, special, and narrow circumstances, ONLY A JURY, acting on proof beyond a reasonable doubt, may take a person's liberty. That promise stands as one of the constitutions most vital protections against arbitrary government. See *Mann v. United States, 304 F.2d 394, n.4 (D.C. Cir. 1962).*

Mr. Prado has been subject to a prolonged pretrial detention, which has become excessive and consequently punitive, which has resulted in violation of Mr. Prado's due process rights to the Fifth Amendment. See *United States v. Gonzales-Claudio, 806 F.2d 334, 340 (2nd Cir.) (Quoting **United States v. Salerno**, 794 F.2d 64, 78-79 (2nd Cir. 1986).* Especially due to the fact Mr. Prado has been punished from the lengthy pre-trial incarceration without obtaining a trial, or conviction, which has exceeded **19** months.

## Sixth Amendment Speedy Trial Violation

The Sixth Amendment of the United States Constitution provides Mr. Prado with the constitutional right to a speedy trial. "[I]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." **U.S. Const. Amend. VI.** "The Speedy Trial Clause serves the public interest by penalizing official abuse of the criminal process and discouraging official lawlessness." See **Dickey v. Florida**, *398 U.S. 30, 43 (1970).* The right to a speedy trial attaches when a defendant is "indicted, arrested or otherwise officially accused," whichever comes first. See **United States v. MacDonald**, *456 U.S. 1, 6 (1982);* **Dillingham v. United States**, *423 U.S. 64, 65 (1975).* Mr. Prado was arrested on May 12th, 2021 at which point his Sixth Amendment rights attached.

10

It is well known, The United States Constitution protects our fundamental freedoms and liberties. One of the most important rights guaranteed by the Constitution is the Sixth right of the accused to a public and speedy trial. It protects against undue and oppressive incarceration prior to trial and allows the accused the ability to defend himself against the criminal charges before evidence become lost or destroyed, and witnesses' memories fade. But the Sixth Amendment protects much more than just the rights of the accused. It also protects the right of all of us. It gives each of us called for jury service a voice in our justice system, and holds the government accountable to the principles of the Constitution. Thomas Jefferson and other Framers of the Constitution wisely recognized that without jury trial, power is abused and liberty gives way to tyranny.

Furthermore, given the Constitutional importance of jury trial to our democracy, a court cannot deny an accused his right to a jury trial unless conducting one would be impossible. This is true whether the United States is suffering through a natural disaster, a terrorist attack, civil unrest, or the Corona Virus pandemic that the country and the world are currently facing. Nowhere in the Constitution is there an exception for times of emergency or crisis. There is no ifs, ands, or buts about it.

Sadly, the United States District Court for the District of Massachusetts has denied the defendant, Thiago Prado, his Sixth Amendment right to a public and speedy trial on the criminal charges that were filed against him in this case. *See **United States v. Handa**, 892 F.3d 95 (1st Cir. 2018)*.

In analyzing a speedy trial violation, the court must analyze the four factors set out by the Supreme Court in ***Barker v. Wingo**, 407 U.S. 514, 530-32 (1972)*, including: **(1)** the length of delay; **(2)** the reason for the delay; **(3)** whether and when the defendant asserted the right to a speedy trial; and **(4)** whether any actual prejudice resulted to the defendant. *Id.*

The Constitution does not succumb to considerations of safety, risk, and difficulty. Even if it is difficult to effectuate the Constitution's guarantees, courts must confront and overcome those difficulties, not surrender to them. *See **United States v. Henning**, 2021 U.S. Dist. Lexis 12246*

### Length of Delay

Mr. Prado was arrested on May 12, 2021 and the Defendant has been detained in pretrial for over **19** months, and not yet received a trial date in regards to this matter.

### Assertion of Speedy Trial Right

Mr. Prado has asserted his speedy trial, never has he waived it, Mr. Prado has not demanded his speedy trial to be waived. The right to a speedy trial may be waived, and is waived unless it is demanded by the accused. See **United States v. Provoo**, 17 FRD 183 (Dc Md), affd per curiam, 350 US 857, 100 L Ed 761, 76 S. Ct 101 (1955). Mr. Prado has signed and mailed an affidavit on December 20, 2021, **See; Doc # 260**, informing the courts that he is seeking an immediate trial and is exercising his right to request a speedy trial, also on June 21, 2022 after being detained for more than **14** months on pretrial detention, Mr. Prado filed an additional _Pro Se_ motion requesting a speedy trial. **See; Doc # 461.**

### Actual Prejudice to Defendant

Prejudice against the defendant is presumed when the length of delay is excessive. See **Dogget v. United States**, 505 U.S. 647, 652 n.1, 120 L. Ed 2d 520, 112 S. Ct. 2686 (1992). Here the defendant asserts that his ability to mount a defense has been impaired. Mr. Prado has experienced, and is still currently experiencing lengthy pre-trial incarceration, family hardships, mounting anxiety, traumatized from contracting Covid-19, or been killed by other detainee, while knowing he suffered from an underlying sleep apnea health condition and could have potentially have died from complications if his immune system was compromised, most importantly his ability to mount a defense as a whole has been impaired. Moreover, the defendant has been incarcerated for over **19** months which is substantially prejudicial and a violation of Mr. Prado's Sixth Amendment right to a speedy and fair trial, and to his Fifth Amendment Due Process rights.

"An accused's right to a prompt inquiry into criminal charges is fundamental, and the duty of the charging authority is to provide a prompt trial." See **Strunk v. United States**, 412 US 434.

"Delay of around one year is considered presumptively prejudicial for purposes of the speedy trial under **U.S. Const. Amend. VI**, and the presumption of that delay prejudices the defendant 'intensifies over time.'" See **United States v. Carpenter**, 781 F.3d 599 (1st Cir. 2015).

### United States v. Olsen, 955 F.3d 683

"In the of the Covid-19 pandemic, the Ninth Circuit finds relevant for purposes of the speedy trial act the following non-exhaustive factors: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant, if detained belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is reason to suspect recidivism if the charges against him are dismissed; and (7) whether the district .

### Conclusion

The Defendant, Thiago Prado, respectfully requests this Honorable Court to dismiss all counts with prejudice due to violation of his constitutional rights, and failure of the government's compliance with the Speedy Trial Act, Fed. R. Crim. P. 48(b), and Fed. R. Crim. P. 12(b).

### Request for Oral Argument

Pursuant to Local Rule 7.1 (d.), the defendant, Thiago Prado, is respectfully requesting all oral argument on his motion to dismiss because he believes that such argument will be of assistance of the court.

Respectfully Submitted

Thiago De Souza Prado

12/12/2022