IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-cr-10158-7-MLW |
| | ) | |
| (7) THIAGO DE SOUZA PRADO | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT THIAGO PRADO'S
MOTION TO DISMISS INDICTMENT**

The government respectfully files this opposition to Defendant Thiago Prado's *pro se*

motion to dismiss the indictment (ECF No. 605-1) (the "Motion") based on his pretrial detention.

Because none of his arguments has merit, Prado's motion should be denied.

**Fifth Amendment Due Process Clause**

Prado argues that the Court should dismiss the indictment because his pre-trial detention

violates the Fifth Amendment Due Process Clause.  Prado thus echoes the claim that he advanced

in his September 15, 2022 motion for pre-trial release on the same grounds.  ECF No. 542-1.

In its opposition to Prado's motion for release, ECF No. 547, the government explained

that Prado's pre-trail detention did not amount to a due process violation under the factors outlined

by the First Circuit in *United States v. Zannino*, 798 F.2d 544, 547 (1st Cir. 1986).  Specifically,

Prado's continued pre-trial detention has been justified based on the seriousness of the charges

against him; his substantial incentive to flee; the "very strong" weight of the evidence against him;

the expectation that trial would be scheduled in the near future; the complexity of the case; and his

filing of numerous pre-trial motions.  *See* ECF No. 547.  Especially where the Court has now set

trial for March 6, 2023, these considerations remain valid and do not support dismissal of the

indictment on Fifth Amendment due process grounds.

1

**Sixth Amendment Speedy Trial Clause**

Prado also contends that the Court should dismiss the indictment because his right to a speedy trial under the Sixth Amendment has been violated. Because it is difficult to know "how long is too long," the Supreme Court developed a four-factor test to assist courts in making the determination. *Barker v. Wingo*, 407 U.S. 514, 521 (1972). These factors are (1) the length of the delay, (2) the cause of the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether the defendant was prejudiced by the delay. *Id.* at 530.

Here, the *Barker* factors do not support a conclusion that Prado's Sixth Amendment right to a speedy trial has been violated. With respect to the first and second factors—the length and cause of the delay—the delay is reasonable in light of the fact that the case involves a complex wire fraud conspiracy with seventeen co-defendants. *See, e.g.*, *United States v. Casas*, 425 F.3d 23, 33-35 (1st Cir. 2016) (concluding that a 41-month delay was reasonable because the case had involved 60 co-defendants and a complex drug conspiracy). Moreover, as discussed above, Prado has filed numerous pre-trial motions—at least 22 to date—which require the Court's time and attention to resolve prior to trial. *See, e.g.*, *United States v. Neto*, No. 11-cv-12044-MLW, No. 06-cr-10348-MLW, 2014 WL 12689945, at *6 (D. Mass. Nov. 10, 2014) (Wolf, D.J.) (explaining that "'focal inquiry' of the constitutional speedy trial analysis is the reason for the delay" and that litigation of pre-trial motions (there, the co-defendant's) "constitutes a constitutionally 'valid reason' for pretrial delay"). Further, the parties, counsel, and the Court have had to contend with challenges that the COVID-19 pandemic created, including with respect to court appearances in multiple-defendant cases.

While Prado has asserted his Sixth Amendment speedy trial right (the third factor), he cannot establish prejudice from the delay (the fourth). Prado cites anxiety, family hardship, and

similar concerns.  The First Circuit has held that "[w]hile this type of prejudice is not to be brushed off lightly, considerable anxiety normally attends the initiation and pendency of criminal charges[.] [H]ence[,] only undue pressures are considered." *See Casas*, 425 F.3d at 34 (quoting *United States v. Henson*, 945 F.2d 430, 438 (1st Cir. 1991)). While Prado asserts that the length of his detention has hindered his ability to mount a defense, he offers no specific examples of such hinderance. Motion at 12-13.  In any event, any "delay did not prejudice [Prado's] preparation for trial" because, among other things, the "delay was attributable to litigation of pretrial motions that could have benefitted [his] defense"—namely dismissal of the indictment.  *Neto*, 2014 WL 12689945, at \*6; *see also United Staes v. Maxwell*, 247 F. Supp. 2d 25, 32 (D. Mass. 2003) (Wolf, D.J.) (denying motion to dismiss based on Sixth Amendment speedy trial violation where defendant "has submitted no evidence that her defense has been impaired by the passage of time, " and "has not identified any witness or evidence that has been lost to her pending trial," and further noting that "the passage of time may actually benefit a defendant" through fading witness memories). Accordingly, the Court should reject Prado's Sixth Amendment-related argument.

### Speedy Trial Act

Prado also argues that his statutory Speedy Trial Act rights have been violated because he was not brought to trial within 70 days.  Prado ignores entirely the Speedy Trial Act's provisions for excluding time from the calculation of that period under 18 U.S.C. § 3161(h).  A court may exclude time pursuant to § 3161(h)(7)(A) when it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  The Court has issued ten orders on excludable delay in this case, excluding all time from the 70-day trial window on this basis.  Further, 18 U.S.C. § 3161(h)(1)(D) provides that the time between the filing of a pretrial motion and its disposition is generally excludable.  Thus, even absent an "ends of

justice" exclusion of time, the time during which Prado's pre-trial motions have been pending is otherwise excludable from the Speedy Trial clock. Because all time since the return of the indictment is excludable, Prado's motion to dismiss the indictment on Speedy Trial Act grounds fails.

**Federal Rule of Criminal Procedure 48**

Finally, Prado moves to dismiss the indictment under Federal Rule of Criminal Procedure 48(b), which provides that a court may dismiss an indictment "if unnecessary delay occurs in . . . bringing a defendant to trial." The standard for dismissal under Rule 48(b) is more exacting than the standard under the Sixth Amendment and permits dismissal even if there has been no constitutional violation. *See United States v. Cortez*, No. CR 20-10198-FDS, 2021 WL 534866, at *7 (D. Mass. Feb. 12, 2021) (citing *United States v. Cartano*, 420 F.2d 362, 363 (1st Cir. 1970)). The defendant must show that there was an unnecessary delay, and that it either prejudiced him or was improperly motivated. *Fleming v. United States*, 378 F.2d 502, 504 (1st Cir. 1967).

"In determining whether to exercise its discretionary power to dismiss under Rule 48(b), the court may consider the same factors relevant to a constitutional decision regarding denial of a speedy trial." *United States v. Bouthot*, 685 F. Supp. 286, 301 (D. Mass. 1988) (Wolf, D.J.). For the reasons outlined above, those factors do not support dismissal of the indictment here.

Indeed, there has been no unnecessary delay in scheduling a trial. This is a complex case, with eighteen defendants and evidence comprising voluminous WhatsApp and text messages, mostly in Portuguese; bank and Zelle records; records from several rideshare and delivery service companies; and one or more cooperating witnesses. Following the government's completion of automatic discovery, counsel for co-defendants requested additional periods of time to review the discovery and to discuss potential plea agreements with the government. *See* Status Reports, ECF

Nos. 151, 191, 228, 274, 306, and 371.  The complexity of this case justifies the period during

which Prado has remained detained.  *Cf. United States v. Montrond*, No. 09-cr-10278-NMG, 2011

WL 1560932, at \*3 (denying motion to reconsider order of detention based on delay in trial because

"this is a complex case involving multiple defendants, a cooperating witness, and audio/video

recordings.").

Moreover, Prado gives no explanation for how any delay has resulted from "the

government's negligence and bad faith."  Motion at 4, 6.  He offers no specific allegations of

negligence or misconduct by the government, in either the Motion or his accompanying affidavit.

Finally, as explained above, Prado fails to establish that he has been prejudiced in a particularized

way by any delay.  Therefore, dismissal under Rule 48(b) also is unsupported.

### Conclusion

In sum, Prado's nineteen-month detention in this multi-defendant case has been reasonable

and does not support dismissal of the indictment on any of the grounds that Prado advances.

Accordingly, his motion should be denied.

> Respectfully Submitted,
>
> RACHAEL S. ROLLINS
> United States Attorney
>
> By:   */s/ David M. Holcomb*
>       KRISTEN A. KEARNEY
>       DAVID M. HOLCOMB
>       Assistant U.S. Attorneys

Dated: December 29, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, including standby counsel for *pro se* Defendant Thiago Prado, and that a paper copy will be sent by mail to Prado.

Dated:  December 29, 2022

/s/ David M. Holcomb
DAVID M. HOLCOMB
Assistant U.S. Attorney