FILED
IN CLERKS OFFICE

2022 DEC 30  PM 1: 20

U.S. DISTRICT COURT
DISTRICT OF MASS.

United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America ) | |
| ) | Case No. 1:21-cr-10158-7-MLW |
| V. ) | |
| ) | |
| (7) Thiago De Souza Prado ) | |
| Defendant, ) | |

**DEFENDANT'S MOTION TO ESTABLISH THAT MASSACHUSETTS LACK OF TERRITORIAL JURISDICTION (VENUE), OVER WIRE FRAUD (WHICH IS THE OBJECT OF THIS CONSPIRACY), AND AGGRAVATED IDENTITY THEFT IN LIGHT OF CONSTITUTION AMENDMENT VI; AND FED. R. C. P. 18. PURSUANT RULE 12(b).**

Now comes into court the charged defendant Mr. Prado utilizing his capacity of <u>*Pro Se*</u> litigant to respectfully move this Honorable District Court to establish that Massachusetts does not have the proper venue to prosecute Mr. Prado and codefendants for any Substantive crime of Wire Fraud, enhancements, or substantive overt acts committed in furtherance of this conspiracy outside of the state of Massachusetts in light of **Constitution Amendment VI**; *and **Fed. R. Crim. P. 18.***

## REASONS TO GRANT MR. PRADO'S MOTION

**THERE IS NO EXCEPTION ALLOWING SUBSTANTIVE CRIMES COMMITTED IN FURTHERANCE OF A CONSPIRACY TO BE PROSECUTED IN ANY DISTRICT WHERE VENUE OVER THE CONSPIRACY ITSELF MAY BE HAD. SEE; UNITED STATES V. JORDAN, 846 F. SUPP. 895 (1994).**

1

Mr. Prado asserts that the *Sixth Amendment* provides that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial Jury of the state and district wherein the crime shall have been committed. *United States Constitution Amendment VI. Federal Rule of Criminal Procedure 18* provides that venue for the place of prosecution and trial except as otherwise permitted by statute or by these rules shall be had in a district in which the offense was committed. The command of the *Sixth Amendment* and of *Fed. R. Crim. P. 18* is clear. Venue is proper only in the district where the crime shall have been committed.

It is well settled that venue over the crime of conspiracy lies in any state in which the conspiratorial agreement was formed and venue is also appropriated in any district where an overt act committed in the course of the conspiracy occurred. **United States v. Meyers,** *847 F. 2d 1408, 1411 (9th Cir. 1988).* The case of **Pinkerton v. United States,** *328 U. S. 640, 647, 66 S. Ct. 1180, 90 L. Ed. 1489 (1945)* did not purport to effect venue but merely established that a substantive crime in furtherance of the conspiracy is "attributable to the others [other conspirators] of holding them responsible for the substantive offense." *Id. At 647.*

Venue over the conspiracy offense will *ipso facto* exist in any district in which a substantive offense in furtherance of the conspiracy was committed because commission of such offense creates venue. **United States v. Meyers,** *847 F. 2d 1408 (9th Cir. 1988).* Venue over the substantive offense will exist only in those districts in which the substantive offense was "committed" and not in other districts in which venue over the conspiracy exists. *See;* **United States v. LaFleur,** *669 F. Supp. 1029 (D. Nev. 1987) (separate venue analysis conducted for conspiracy and substantive offense committed in furtherance of the conspiracy).*

2

Title *18 U.S.C. 3237* and the rules of venue regarding conspiracy merely describe where a particular crime was committed. These rules define "commission" of certain crimes such that a single crime can be "committed" in multiple districts. These rules do not alter the fundamental rule of venue: venue is proper only in the district, or districts, where the crime charged was committed. *See;* ***United States v. Jordan****, 846 F. Supp. 895 (1994).*

Mr. Prado asserts that nobody in this case is charged for wire fraud which is the object of this conspiracy, and is also the essential element of Aggravated Identity Theft enhancement as well, just that alone shows the lacking of venue to prosecute wire fraud and 1028A enhancement. Therefore, Mr. Prado contend that Massachusetts lacks venue over the wire fraud conspiracy underlying crimes.

## THE ESSENTIAL ELEMENT OF AGGRAVATED IDENTITY THEFT WHICH IS THE SUBSTANTIVE CRIME OF "WIRE FRAUD" CANNOT BE CHARGED IN THE STATE OF MASSACHUSETTS BECAUSE MASSACHUSETTS LACK OF VENUE OVER CRIMES COMMITTED IN CALIFORNIA.

The crux of the charged defendant Mr. Prado in this motion is that the prosecutor used improper venue in this case to indict Mr. Prado and codefendants. Mr. Prado asserts that sentencing any defendant in this case for wire fraud, 1028A, Amount of money, or any enhancement that legally depends on the substantive crime of "wire fraud" will be a clear error and a major miscarriage of justice created from Massachusetts lacking of territorial jurisdiction.

The United States Court of Appeals for the Fourth Circuit in the case of ***United States v. Walden***, *464 F. 2d 1015 (4th Cir. 1972)* held that: the court held that the issue was where venue was proper in South Carolina for the counts which alleged the unlawful entry of banks located in other districts. The court held that venue for those counts was improperly laid in South Carolina and that although the improper venue did not deprive the trial court of jurisdiction to try defendants, because the government failed to prove venue which was an essential part of this case, defendants were entitled to reversal of their convictions on the counts where venue was not properly laid.

## THE SUPREME COURT CASE OF PINKERTON V. UNITED STATES, 328 U.S. 640 (1945), THE RULE IS CLEAR THAT THE DEFENDANT CAN BE HELD LIABLE FOR "SUBSTANTIVE CRIMES" COMMITTED BY CO-CONSPIRATORS ONLY WHEN IT IS IN FURTHERANCE OF THE CONSPIRACY.

Mr. Prado asserts that is nobody charged as a principal for any substantive crime in furtherance of this conspiracy. Therefore, is noting to be reasonable foreseeable to any defendant in this case.

Mr. Prado contends that the only way that Massachusetts would have proper venue to prosecute wire fraud and Aggravated Identity Theft in this case was if Mr. Prado or any codefendant was charged for the substantive crime of wire fraud in the state of Massachusetts. Because the Government failed to charge the substantive crime of wire fraud in Massachusetts, and all those Companies belongs to California, even if any substantive crime was committed, only the state of California can prosecute wire fraud and subsequent apply the 1028A enhancement.

4

The Government's case is based in *Pinkerton* Theory without any substantive crime charged. Thus, Mr. Prado asserts that noting in this case can be reasonable foreseeable to him, not wire fraud, nor 1028A enhancement, nor Massachusetts venue, and nor codefendants not charged for the substantive crime testimony should be allowed at trial against Mr. Prado according to *Pinkerton* Theory and *Fed R. Evd. P. 801*. Because nobody in this case is charged for wire fraud substantive crime in the state of Massachusetts or elsewhere, wire fraud cannot be foreseeable to Mr. Prado as a matter of law.

## Conclusion

**Based** upon the above cited legal arguments the charged defendant respectfully prays for his relief sought within the interest of justice

## Request for Oral Argument

Pursuant to Local Rule 7.1 (d.), the defendant, Mr. Prado, is respectfully requesting all oral argument on his motion because he believes that such argument will be of assistance of the court.

Respectfully Submitted

12/25/2022