IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 21-cr-10158-7-MLW |
| | ) | |
| (7) THIAGO DE SOUZA PRADO | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S MOTION *IN LIMINE* REGARDING
AUTHENTICATION OF SEARCH WARRANT RETURNS**

The government respectfully moves *in limine* pursuant to Federal Rules of Evidence 902(11) and 902(13) for an Order finding that the Apple iCloud Backup Records for "wemersondutra@icloud.com" and "prihbarbosa1985@icloud.com," obtained pursuant to search warrants, are authentic and that admission of the certificates of authenticity pertaining to this evidence does not violate the Confrontation Clause. The purpose of this motion is to save the Court's and jury's time and to avoid the need for testimony from authentication witnesses at trial.[1] This motion also serves as notice to defendant Thiago de Souza Prado of the government's intent to authenticate the records under Federal Rules of Evidence 902(11) and 902(13).[2] The admissibility of the records at issue will still be subject to challenge by defendant on the basis of hearsay and relevance. *See* Fed. R. Evid. 902, Advisory Committee's Note (2017) ("A certification under this Rule can establish only that the proffered item has satisfied the admissibility requirements for authenticity. The opponent remains free to object to admissibility of the proffered

---

[1] The witnesses would include representatives of Apple, Inc.

[2] The records to be authenticated pursuant to this motion were previously produced to defendant Prado via his prior counsel.

items on other grounds—including hearsay, relevance, or in criminal cases the right to confrontation.").

## LEGAL STANDARD

Federal Rule of Evidence 902 addresses "evidence that is self-authenticating." Extrinsic evidence of authenticity is not required for admission of evidence that is self-authenticating under Rule 902. "Certified domestic records of a regularly conducted activity" may be self-authenticated under Rule 902(11). The records must satisfy the business records requirements of Rule 803(6)(A)-(C), "as shown by a certification of custodian or qualified person." Fed. R. Evid. 902(11). Rule 803(6) provides that business records are admissible if they are accompanied by a certification of their custodian or other qualified person that satisfies three requirements: (A) that the records were "made at or near the time by – or from information transmitted by – someone with knowledge"; (B) that they were "kept in the course of regularly conducted activity of a business"; and (C) that "making the record was a regular practice of that activity."

Rule 902(13), which became effective in 2017, provides that records "generated by an electronic process or system that produces an accurate result, shown by certification meeting the requirements of Rule 902(11)" are self-authenticating, removing any need to provide extrinsic evidence of authenticity. The Advisory Committee explained that "as with the provisions of business records under Rules 902(11) and (12), the Committee has found that the expense and inconvenience of producing a witness to authenticate an item of electronic evidence is often unnecessary." Fed. R. Evid. 902, Advisory Committee's Note (2017). "It is often the case that a party goes to the expense of producing an authentication witness, and then the adversary either stipulates authenticity before the witness is called or fails to challenge the authentication testimony once it is presented." *Id.* "The amendment provides a procedure under which the parties can

2

determine in advance of trial whether a real challenge to authenticity will be made, and can then plan accordingly." *Id.*

## ARGUMENT

### A.    The Apple iCloud Records Are Self-Authenticating and No Witness Testimony Is Required for Their Authentication.

The government requests that the Court rule that the Apple iCloud accounts for "wemersondutra@icloud.com" and "prihbarbosa1985@icloud.com," obtained pursuant to search warrants executed on those accounts and certified pursuant to Rule 902(11) and 902(13) are *prima facie* authentic so that a custodian witness from Apple Inc. need not appear at trial.   The corresponding certifications are attached to the accompanying Affidavit of Kristen A. Kearney.

Numerous courts, both in and outside the First Circuit, have found similar communications provider records authentic pursuant to Rule 803(6)(D) and Rule 902(11).  *See, e.g.*, *United States v. Burgos-Montes*, 786 F.3d 92, 119 (1st Cir. 2015) (affirming use of phone provider records accompanied by a certification under Rule 902(11), even if the exhibits themselves were made to comply with a request from law enforcement) (citing *United States v. Cameron*, 699 F.3d 621, 641-42) (1st Cir. 2012)); *United States v. Gal*, 606 F. App'x 868, 874-75 (9th Cir. 2015) (affirming the admission of "emails based on Yahoo's affidavit" pursuant to Rule 902(11)); *United States v. Hassan*, 742 F.3d 104, 13 & n.25 (4th Cir. 2014) (rejecting "appellants' contention that the Facebook and Google certification are insufficient because they were made for litigation purposes several years after the postings occurred" as "entirely unpersuasive").

### B.    The Government's Admission of, and Reliance on, the Certificates Does Not Violate the Confrontation Clause.

The government further requests that the Court hold that the admission of the certificates discussed above (and attached to the Kearney Affidavit as Exhibits A and B) to authenticate the

iCloud accounts seized pursuant to search warrants does not violate the Confrontation Clause.  As part of its Confrontation Clause jurisprudence, the Supreme Court has specifically distinguished affidavits or certificates authenticating records from other types of affidavits.  *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009).  In *Melendez-Diaz*, the Court held that a particular affidavit prepared by a drug analyst as part of a criminal investigation was testimonial.  *Id.* at 307.  The affidavit stated that certain powder seized from a defendant was determined to be "cocaine."  *Id.* In responding to the dissent's concern that the holding would eviscerate the usefulness of Rule 902(11), the Court explained that "[a] clerk could by affidavit authenticate or provide a copy of an otherwise admissible record, but could not do what the analysts did here: create a record for the sole purpose of providing evidence against a defendant."  *Id.* at 322-23.

Relying on *Melendez-Diaz*, numerous Circuits and lower courts have concluded that certifications authenticating records are not testimonial, and therefore are not barred by *Crawford v. Washington*, 541 U.S. 36 (2004).  *See, e.g.*, *Burgos-Montes*, 786 F.3d at 120; *United States v. Johnson*, 688 F.3d 494, 504-05 (8th Cir. 2012); *United States v. Ellis*, 460 F.3d 920 (7th Cir. 2006). The *Ellis* court explained that an authenticating certification under Rule 902(11) is "nothing more than the custodian of records . . . attesting that the submitted documents are actually records kept in the ordinary course of business" and "merely establish the existence of the procedures necessary to create a business record."  460 F.3d at 927.  It is the underlying records, not the certification, that are introduced to establish the facts at trial.  *See also United States v. Brinson*, No. 13-5138, 2014 WL 6872171 (10th Cir. Dec. 8, 2014) (holding that *Melendez-Diaz* did not apply because the certificate authenticating debit card records did not contain any analysis that would constitute out-of-court testimony but was simply a non-testimonial statement of authenticity) (citing *United States v. Yeley-Davis*, 632 F.3d 673, 680-81 (10th Cir. 2011)).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court make a *prima facie* finding that the iCloud accounts obtained pursuant to search warrants are authentic, that admission of certificates to authenticate the underlying records does not violate the Confrontation Clause, and that live testimony to authenticate those records is unnecessary.

Respectfully Submitted,

RACHAEL S. ROLLINS
United States Attorney

By:    */s/ Kristen A. Kearney*
       KRISTEN A. KEARNEY
       DAVID M. HOLCOMB
       Assistant U.S. Attorneys

Dated: January 11, 2023

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, including standby counsel for *pro se* defendant Thiago de Souza Prado, and that a paper copy will be mailed to Defendant Prado.

Dated:  January 11, 2023

       */s/ Kristen A. Kearney*
       KRISTEN A. KEARNEY
       Assistant U.S. Attorney