IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 21-cr-10158-7-MLW |
| ) | |
| (7) THIAGO DE SOUZA PRADO ) | |
| ) | |
| Defendant ) | |

**GOVERNMENT'S MOTION *IN LIMINE* FOR A PRELIMINARY FINDING OF ADMISSIBILITY AS TO WHATSAPP CHATS AND TRANSLATIONS THEREOF**

The government respectfully moves *in limine* pursuant to Federal Rules of Evidence 104, 801(d)(2), and 901 for a preliminary finding that WhatsApp chats obtained pursuant to search warrants and linked to defendant Thiago Prado and his co-conspirators are authentic and admissible as non-hearsay statements. The government further moves for a preliminary finding that English translations of the chats are admissible and may be read to the jury.[1]

## BACKGROUND

Defendant Prado is charged with one count of wire fraud conspiracy, in violation of 18 U.S.C. § 1349, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), stemming from his agreement to open driver accounts with various rideshare and delivery service companies using stolen identities and/or falsified documents, to make money by renting or selling those fraudulent accounts to individual drivers who might not otherwise qualify to drive for those services, and to exploit referral bonus programs offered by the companies. Prado and his co-

---

[1] The government recognizes that the Court may not be in a position to make a final ruling on the admissibility of the chats and translations thereof until the conclusion of the evidence at trial, but nevertheless moves *in limine* for a preliminary finding of admissibility given that defendant Prado is representing himself *pro se* and may not bring the issues highlighted in this motion to the Court's attention before trial.

conspirators generally communicated with each other in Portuguese via the encrypted messaging application WhatsApp. The government obtained a number of chats among the co-conspirators from search warrants served on Apple Inc. for the iCloud accounts of two of the co-conspirators: Wemerson Dutra Aguiar and Priscila Barbosa.[2] The chats include both text and voice messages. The government has linked these chats to Prado and his co-conspirators through various means, including telephone, bank, cable, and iCloud records and through statements and photos shared within the chats. For example, the government anticipates the evidence at trial will show that Aguiar identified a contact as "Thiago N." and had WhatsApp communications in furtherance of the scheme with this contact. The phone number associated with "Thiago N." was used to register an iCloud account under Prado's name and contact information and a Comcast account in Prado's name and associated with his address. This phone number was also used to open accounts with one of the rideshare companies that bear Prado's photo. The government intends to introduce excerpts of this chat, along with chats among other co-conspirators, and English translations thereof, into evidence at trial.[3]

---

[2] The government has separately moved for a finding under Federal Rules of Evidence 902(11) and (13) that the materials received in response to the search warrants are authentic.

[3] The chats obtained via the search warrants number in the thousands of pages. The government is currently narrowing down the excerpts it intends to introduce at trial and securing certified translations of those excerpts, which it will provide to defendant Prado (or, where limited by the Protective Order, to his standby counsel) on a rolling basis as they are received. Notably, the full untranslated chats were provided to Prado's counsel in June and October 2021. The government understands that Prado speaks both Portuguese and English.

## ARGUMENT

**A.    Evidence that the WhatsApp chats in question were sent or received by phone numbers linked to Prado or his co-conspirators is sufficient for authentication purposes.**

Federal Rule of Evidence 104(a) provides, in relevant part, that the "court must decide any preliminary question about whether . . . evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later." Fed. R. Evid. 104(b). The proponent of the evidence "need only introduce sufficient evidence to permit a reasonable jury to find the conditional fact by a preponderance of the evidence to establish that the evidence is relevant." *United States v. Balthazard*, 360 F.3d 309, 313 (1st Cir. 2004) (citing *Huddleston v. United States*, 485 U.S. 681, 689-90 (1988)).

Federal Rule of Evidence 901 governs authentication of evidence. Under that rule, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." *Id.* "The rule does not erect a particularly high hurdle." *United States v. Ortiz*, 966 F.2d 707, 716 (1st Cir. 1992), *cert. denied*, 506 U.S. 1063 (1993). "'If in the court's judgment it seems reasonably probable that the evidence is what it purports to be, the command of Rule 901(a) is satisfied, and the evidence's persuasive force is left to the jury.'" *Id.* (quoting *United States v. Ladd*, 885 F.2d 954, 956 (1st Cir. 1989)).

Here, the government anticipates the evidence at trial will demonstrate that the FBI received the Aguiar and Barbosa iCloud accounts via search warrants served on Apple, that it identified relevant chats in the iCloud accounts, and that it linked those chats to Prado and his co-

3

conspirators in various ways, including, among other things, telephone, bank, cable, and iCloud records. This is sufficient under Rule 901. *See also United States v. Rengifo*, 789 F.2d 975, 979 (1st Cir. 1986) (once government discharges its burden of authentication, burden shifts to defendant to show alteration, deletion, or other inaccuracy).[4]

### B. Chats conducted by Prado and his co-conspirators are not hearsay and do not violate the Confrontation Clause.

Under Federal Rule of Evidence 802, hearsay is not admissible unless permitted by federal statute, the Federal Rules of Evidence or a Supreme Court rule. Hearsay is a statement, other than one made by the declarant during his testimony at trial, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Statements include both oral and written assertions. Fed. R. Evid. 801(a). Statements made by the defendant or his co-conspirators fall outside the definition of hearsay. Fed. R. Evid. 801(d)(2).

Prado's own statements in his chats with Aguiar and others are admissions by a party opponent under Rule 801(d)(2). Likewise, the statements of his co-conspirators—whether in the same chat or a separate chat—are admissible for their truth as co-conspirator statements under Rule 801(d)(2)(E).[5]

---

[4] *But see United States v. Vazquez-Rivera*, 665 F.3d 351, 357 (1st Cir. 2011) (finding agent's testimony identifying defendant as the person that approached her online using a particular screenname "addressed the ultimate issue before the jury: whether the conduct the government observed on its end of the computer screen could be imputed to [defendant]" in violation of Fed. R. Evid. 602 and 701). The government does not intend to elicit testimony from an agent on the ultimate issue of the identity of the chat participants, but rather anticipates an agent will testify and authenticate evidence linking the phone numbers involved in the chats to Prado and his co-conspirators.

[5] The government is separately briefing the standard for admission of co-conspirator statements under *United States v. Petrozziello*, 548 F.2d 20, 23 (1st Cir. 1977).

Admission of these chats without calling the co-conspirators as witnesses does not violate the Confrontation Clause of the Sixth Amendment because these statements are not testimonial. *E.g.*, *United States v. Ciresi*, 697 F.3d 19, 31 (1st Cir. 2012) (co-conspirator statements "are, by their nature, not testimonial"); *United States v. Rivera-Donate*, 682 F.3d 120, 132 & n.11 (1st Cir. 2012) (finding Confrontation Clause objection "without merit because statements made during and in furtherance of a conspiracy are not testimonial and are, therefore, not subject to Sixth Amendment concerns").

> C. **English translations of the WhatsApp chats are admissible.**

Where recordings or chats are in a foreign language—here, Portuguese—translations "may be admitted into evidence as long as they are reliable and properly authenticated." *United States v. Kifwa*, 868 F.3d 55, 60 (1st Cir. 2017). In the event there is a dispute in the accuracy of a translation, "each party is 'allowed to introduce its own transcript of the recording provided that it is properly authenticated.'" *United States v. Díaz-Colón*, No. 21-cr-00017-FAB, 2022 WL 2181539, at *9 (D.P.R. June 16, 2022) (quoting *United States v. Rengifo*, 789 F.2d 975, 983 (1st Cir. 1986)).

The government anticipates introducing testimony at trial from the translators who prepared the translations regarding their qualifications and familiarity with the Portuguese language. The government further anticipates the translators will testify that the transcripts are fair and accurate translations of the chats. This is sufficient for admissibility. *Rengifo*, 789 F.2d at 983. The government further anticipates having the translators or another reader read portions of the translations of the chats to the jury, in addition to offering the certified translations into evidence. *Id.* at 982 (finding "double exposure" of transcripts at trial and in the jury room did not unduly prejudice defendant).

5

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court make a preliminary finding that WhatsApp chats obtained pursuant to search warrants and linked to defendant Prado and his co-conspirators are authentic under Rule 901 and admissible as non-hearsay statements under Rule 801(d)(2). The government further moves for a preliminary finding that English translations of the chats are admissible and may be read to the jury.

Respectfully Submitted,

RACHAEL S. ROLLINS
United States Attorney

By:   */s/ Kristen A. Kearney*
      KRISTEN A. KEARNEY
      DAVID M. HOLCOMB
      Assistant U.S. Attorneys

Dated: January 11, 2023

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, including standby counsel for *pro se* defendant Thiago de Souza Prado, and that a paper copy will be mailed to Defendant Prado.

Dated:  January 11, 2023

      */s/ Kristen A. Kearney*
      KRISTEN A. KEARNEY
      Assistant U.S. Attorney