IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 21-cr-10158-7-MLW |
| | ) | |
| (7) THIAGO DE SOUZA PRADO | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S MOTION *IN LIMINE*
REGARDING SEQUESTRATION OF WITNESSES**

The government respectfully moves *in limine* under Federal Rule of Evidence 615 for an Order sequestering witnesses, including individuals the defendant has identified as potential witnesses, during the proceedings until they testify. *See also* Hon. Jack B. Weinstein, *Weinstein's Federal Evidence* § 615.02[2][a] ("The customary practice is to exercise discretion to exclude prospective witnesses during openings and any arguments or offers of proof when a witness's testimony may be summarized.").

The government further asks the Court to find that the sequestration of witnesses is subject to two well-established exceptions. The first exception applies to the government's case agent on the trial team. *See, e.g.*, *United States v. Machor*, 879 F.2d 945, 953 & n.2 (1st Cir.1989) (rejecting defendants' argument that the court abused its discretion in not sequestering the government's case agent because "[t]he majority view . . . is that Fed. R. Evid. 615(2) has severely curtailed the discretion of the trial court to sequester the government's case agent," but noting that "[w]e are not holding . . . that the rule withdraws all discretion from the trial court to exclude a case agent in an *exceptional case*") (emphasis added). The second exception applies to summary witnesses utilized by the government or the defendant. *See, e.g.*, *United States v. Lussier*, 929 F.2d 25, 30

(1st Cir. 1991) (affirming district court's order sequestering all witnesses except the case agent and a summary witness).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that (i) potential witnesses be sequestered during the proceedings until they testify, and (ii) summary witnesses and the government's case agent be exempt from the Court's sequestration order.

Respectfully Submitted,

RACHAEL S. ROLLINS
United States Attorney

By:   */s/ Kristen A. Kearney*
      KRISTEN A. KEARNEY
      DAVID M. HOLCOMB
      Assistant U.S. Attorneys

Dated: January 11, 2023

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, including standby counsel for *pro se* defendant Thiago de Souza Prado, and that a paper copy will be mailed to Defendant Prado.

Dated:  January 11, 2023

*/s/ Kristen A. Kearney*
KRISTEN A. KEARNEY
Assistant U.S. Attorney