UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
            v.                    )        Cr. No. 21-10158-MLW
                                  )
WEMERSON DUTRA AGUIAR,            )
et al.,                           )
      Defendants.

ORDER

WOLF, D.J.                                      January 13, 2023


On December 20, 2022, the court scheduled a hearing for February 9, 2023, for the 13 defendants scheduled to be sentenced on February 13-17, 2023, to address sentencing issues likely to be common to several or all of them, including how the amount of loss attributable to each defendant should be calculated. See Dkt. No. 612. The court is informed by Probation that such issues may include: what should generally be included in the calculation of loss, such as whether payments to Zelle should be included; the standard for determining relevant conduct for the purpose of calculating loss for each defendant; and the standards for determining whether a two-level enhancement should be applied because a substantial portion of the fraud was committed outside the United States, see U.S.S.G. 2B1.1()(10)(B), or because the offense involved sophisticated means, see §281.1(b)(10)(C). After determining preliminarily the method for calculating loss, the

court will make individual determinations of the amount of loss attributable to each defendant at his or her sentencing hearing.

The court is considering whether or not to have all defendants present for the February 9, 2023 hearing. Nine of them are detained. It will be challenging for the United States Marshal to have all of the detained defendants in the courtroom on February 9, 2023. Therefore, each defendant, whether detained or not, is being ordered to report whether he or she waives any right he or she may have to be present at the February 9, 2023 hearing. Compare Fed. R. Crim. P. 43(a)(3) (defendant has a right to be present at sentencing), with Fed. R. Crim. P. 43(b)(3) (defendant does not have a right to be present for a hearing that involves a question of law).

The February 9, 2023 hearing will be facilitated if defense counsel confer and agree on one or two of them to speak for all of them on each common issue, without prejudice to the possibility that the court will also hear from other counsel who wish to be heard.

In addition, the court is now scheduled to begin a trial on February 6, 2023, which may not be completed by February 9, 2023. If it is not possible to conduct the hearing on common issues on February 9 or 10, 2023, the court may do so on February 13, 2023, and alter the previously scheduled dates and times during the week

3

beginning February 13, 2023 of each defendant's sentencing hearing.

In view of the foregoing, it is hereby ORDERED that by January 27, 2023:

1.    Counsel for each defendant shall confer with his client and report whether that defendant waives any right he or she may have to be present at the February 9, 2023 hearing or on any later date if it is postponed; and

2.    Inform the court of which attorney(s) for defendants will address, at least first, each foreseeable common issue concerning how the Guidelines ranges for the defendants should be calculated.


UNITED STATES DISTRICT JUDGE