UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
        v.                    )    Cr. No. 21-10158-MLW
                              )
THIAGO DE SOUZA PRADO,        )
     Defendant.               )

                        MEMORANDUM AND ORDER

WOLF, D.J.                                        January 13, 2023

    A hearing is scheduled for January 17, 2023, on pro se defendant Thiago de Souza Prado's pending pretrial motions. Many of the motions raise related issues or include overlapping arguments. The court intends to address the motions at the January 17, 2023 hearing in the following order and groups:

    1.   Motion for recusal (Dkt. No. 322).

    2.   Motions challenging conspiracy to commit wire fraud as a substantive offense (Dkt. Nos. 339-1, 358-1, 368, 386-1).

    3.   Motions concerning aggravated identity theft (Dkt. Nos. 467, 515-1, 552-1).

    4.   Motions regarding pretrial detention and speedy trial (Dkt. Nos. 461, 542-1, 605-1).

    5.   Motion regarding venue (Dkt. No. 625-1). Prado moved for leave to file this motion on December 30, 2022. See Dkt. No. 625. The request for leave to file (Dkt. No. 625) is hereby ALLOWED. The proposed motion and supporting affidavit attached to the

submission (Dkt. Nos. 625-1, 625-2) are deemed filed as of today, January 13, 2023. The government shall respond by January 28, 2023.

The court notes that in view of the allegations in the Second Superseding Indictment, the motion to dismiss for improper venue may not prove to be meritorious. See Whitfield v. United States, 543 U.S. 209, 218 (2005) ("[T]this Court has long held that venue is proper in any district in which an overt act in furtherance of the conspiracy was committed, even where an overt act is not a required element of the conspiracy offense."); United States v. Razo, 782 F.3d 31, 41-42 (1st Cir. 2015) (finding venue was proper in Maine despite the fact that defendant had been in California during the conspiracy, based on acts in furtherance of the conspiracy taking place in Maine). However, "[w]hen challenged, the government must prove the required connection between the crime and the venue by a preponderance of the evidence." Razo, 782 F.3d at 41 (citing United States v. Hall, 691 F.2d 48, 50 (1st Cir. 1982)). It may be necessary or appropriate for the court to hear the evidence at trial before deciding whether venue is proper in the District of Massachusetts. Fed. R. Crim. P. 12(d); see United States v. Barletta, 644 F.2d 50, 58 (1st Cir. 1981); United States v. Djokich, No. 08-10346, 2010 WL 276336, at *1 (D. Mass. Jan. 19, 2010).

6. Motion to regarding participation in a restorative justice program (Dkt. No. 546).

_____
UNITED STATES DISTRICT JUDGE