IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-cr-10158-7-MLW |
| | ) | |
| (7) THIAGO DE SOUZA PRADO | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT THIAGO PRADO'S
MOTION TO DISMISS INDICTMENT FOR LACK OF VENUE (Dkt. 625-1)**

The government respectfully submits this opposition to Defendant Thiago de Souza Prado's *pro se* motion to dismiss the indictment for lack of venue (Dkt. 625-1) (the "Motion"). Because the Indictment adequately alleges conduct occurring in this District in furtherance of the charged conspiracy (Count 1) and the charge of aggravated identity theft (Count 9), the Motion should be denied.

**LEGAL STANDARD**

A defendant is entitled to be tried in a venue where the alleged crime was committed. U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed[.]"); Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."). "To deal with continuing offenses such as conspiracy, Congress enacted 18 U.S.C. § 3237(a) (1982), establishing that 'any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.'" *United States v. Uribe*, 890 F.2d 554, 558 (1st Cir. 1989).

1

It is black-letter law that in a conspiracy case, venue is proper so long as any act in furtherance of the conspiracy was committed in the district, even if the defendant was not physically present there. *See id.*; *United States v. Josleyn*, 99 F.3d 1182, 1191 (1st Cir. 1996) ("As a general rule, venue in a conspiracy case depends upon whether an overt act in furtherance of the alleged conspiracy occurred in the trial district . . . . The defendant need not have been physically present in the trial district during the conspiracy.") (internal citations omitted); *see also United States v. Georgiadis*, 819 F.3d 4, 10-11 (1st Cir. 2016) (noting that if the defendant or any of his co-conspirators took an overt act in furtherance of the conspiracy to commit money laundering in Massachusetts, then venue in the District of Massachusetts was proper, and citing 18 U.S.C. § 1956(i)(2) and *Whitfield v. United States*, 543 U.S. 209, 218 (2005) for the proposition that § 1956(i)(2) "functions as a confirmation of the 'longstanding rule' that 'venue is proper in any district in which an overt act in furtherance of the conspiracy was committed, even where an overt act is not a required element of the conspiracy offense'"); *see also* Dkt. 651 (citing *Whitfield*, 543 U.S. at 218 and *United States v. Razo*, 782 F.3d 31, 41-42 (1st Cir. 2015)). Venue for the offense of aggravated identity theft "properly lies . . . in any district in which venue lies for the predicate" offense. *United States v. Magassouba*, 619 F.3d 202, 206 (2d Cir. 2010).

A motion to dismiss for lack of venue will be granted only if the indictment does not sufficiently allege conduct occurring in the trial district in furtherance of the alleged conspiracy. *See United States v. Acherman*, 140 F. Supp. 3d 113, 117-18 (D. Mass. 2015) (Sorokin, J.). At the motion to dismiss stage, "the allegations of the indictment and the unchallenged statement of proof of the prosecutor must be accepted as true." *Id*. at 118 (quoting *United States v. Ferris*, 807 F.2d 269, 271 (1st Cir. 1986)). "The government's ability to prove th[ose] allegation[s] is a question for trial." *Id*. (citations omitted); *see also United States v. Razo*, No. 1:11-CR-00184-JAW, 2012

WL 5874667, at *6 (D. Me. Nov. 20, 2012) ("For now, the allegations in the superseding indictment assert that the criminal conduct occurred in part in the District of Maine, and are thus facially sufficient to support venue in the District of Maine. [The defendant] remains free to challenge those allegations at trial.").

## ARGUMENT

The Second Superseding Indictment (Dkt. 189) ("Indictment") alleges that the defendant conspired to create fraudulent driver accounts with rideshare and delivery companies and to rent or sell those accounts to individuals who might not otherwise qualify to drive for those services. The Indictment alleges that defendant Prado and 14 of his co-conspirators resided in Massachusetts during the relevant period of the conspiracy in Count 1; that Prado resided in Massachusetts on or about the date of the charged aggravated identity theft offense in Count 9; and that those offenses occurred in the District of Massachusetts and elsewhere. Dkt. 189 ¶¶ 1-3, 5-9, 14-17, 19-20, 32, 58, 74. These allegations alone are sufficient for purposes of alleging venue. *See United States v. Lyons*, No. 10-cr-10159, 2011 U.S. Dist. LEXIS 95617, at *3 (D. Mass. Aug. 25, 2011) (collecting cases).

The Indictment further alleges that applications to drive for rideshare companies in Massachusetts are required to pass a separate background check run by the Massachusetts Department of Public Utilities. *Id.* ¶ 30. Among the acts in furtherance of the conspiracy alleged in the Indictment is an allegation that, on or about September 20, 2020, co-defendant Luiz Alves Neto advertised a delivery account available in the Worcester, Massachusetts area, *id.* ¶ 49(h), as well as an allegation that, on or about February 15, 2020, co-defendant Itallo Sousa Correa notified co-defendant Wemerson Dutra Aguiar that he was having a template of a Massachusetts driver's license made and asked Aguiar to take a high-quality photo of a Massachusetts driver's license for

Sousa Correa to use in the template. *Id.* ¶ 44(c). Each of these allegations is re-alleged and incorporated by reference into Counts 1 and 9. *Id.* ¶¶ 57, 73.[1]

Prado does not contend that these allegations are insufficient or that he was not in Massachusetts on or about the dates of the charged offenses. Rather, he argues that, for venue to be proper in this District on conspiracy and aggravated identity theft charges, he must be charged with the substantive crime of wire fraud in Massachusetts. Dkt. 625-1 at 4. This is not the law. As the Court has previously held, and as the government has laid out in its responses to several of Prado's prior motions to dismiss, the government need not charge the substantive crime of wire fraud in order to bring charges of conspiracy to commit wire fraud or aggravated identity theft. *See* Dkt. 296 (Wolf, J. denying Prado's motions at Dkts. 262 and 265 which argued that the conspiracy count is not proper without a substantive wire fraud charge); Dkt. 316 (Dein, M.J. denying Prado's motions at Dkts. 303 and 304 arguing the same); Dkt. 479 (government's opposition to Prado's motions at Dkts. 339, 358, 368, 386, and 467 arguing the same) (citing *United States v. Fornia-Castillo*, 408 F.3d 52, 69 (1st Cir. 2005) ("Indeed, it has long been established that conspiracy to commit a crime is not the same offense as the substantive crime for double jeopardy purposes, because the agreement to do the act is distinct from the [completed] act itself.") (internal citations and quotation marks omitted)); Dkt. 535 (government's opposition to

---

[1] While the foregoing is sufficient at the motion to dismiss stage, the government is prepared to prove at trial additional acts in Massachusetts, including, among other things, that, records from Rideshare Company A reflect that driver accounts with Rideshare Company A were created in the vicinity of Overlook Ridge in Revere, Massachusetts, where Prado resided, and records from Delivery Company B reflect that delivery accounts with Delivery Company B were created via an IP address subscribed to Prado at the Overlook Ridge address. *See, e.g.*, Dkt. 30-1 (Affidavit of Special Agent Terrence Dupont in Support of Criminal Complaint and Search Warrants, May 6, 2021) ¶¶ 78-79, 81.

Prado's motion at Dkt. 515 explaining that aggravated identity theft can be predicated on wire fraud conspiracy).

## CONCLUSION

For the foregoing reasons, the Indictment properly alleges venue in the District of Massachusetts and Prado's Motion should be denied.

Respectfully Submitted,

RACHAEL S. ROLLINS
United States Attorney

By:  /s/ Kristen A. Kearney
KRISTEN A. KEARNEY
DAVID M. HOLCOMB
KRISS BASIL
Assistant U.S. Attorneys

Dated: January 13, 2023

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, including standby counsel for *pro se* Defendant Thiago Prado, and that a paper copy will be sent by mail to Prado.

Dated:  January 13, 2023

/s/ Kristen A. Kearney
KRISTEN A. KEARNEY
Assistant U.S. Attorney
