UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------)_
UNITED STATES OF AMERICA                               )
                                                       )
v.                                                     )    Docket No. 21-10158-7-MLW
                                                       )
                                                       )
THIAGO DE SOUZA PRADO                                  )
_____)
```

## RENEWED MOTION FOR REVOCATION OF ORDER OF DETENTION

After hearing, *inter alia*, Defendant's *pro se* speedy trial concerns on January 17, 2023, the Court issued an order, dated January 18, 2023, directing Defendant Thiago De Souza Prado ("Defendant" or "Prado") to "file any renewed motion for release from pretrial detention by February 3, 2023." Document 658. Defendant, accordingly, hereby renews his Motion For Revocation Of Order Of Detention, entered on October 5, 2021. See Document 200. In support of this motion, Prado incorporates herein by reference the Motion For Release From Custody, filed on July 13, 2021 (See Document 141), and the Motion For Revocation Of Order Of Detention, filed on October 25, 2021 (See Document 211).

In addition to the arguments for release advanced in his prior motions, Prado would add the concerns for due process raised by his prolonged pretrial detention. See *United States* v. *Cardona*, 2020 U.S. Dist. LEXIS 67797 (D. Mass., April 17, 2020) (Hillman, D.J.). Prado has been in custody since his arrest in Florida on May 12, 2021, a period of over 21 months as of the hearing in this matter on February 23, 2023. By the time this case goes to trial in September, 2023, Prado will have been detained for 28 months. The First Circuit has opined that "in many, perhaps most cases, [a period of] sixteen months would be found to exceed the due process limitations on the duration of pretrial confinement." *United States v. Zannino*, 798 F.2d 544, 548 (1st Cir. 1986).

"The Court considers six factors in assessing the constitutionality of continued detention: (1) 'the seriousness of the charges,' (2) 'the strength of the government's proof that defendant poses a risk of flight or a danger to the community,' (3) 'the strength of the government's case on the merits,' (4) 'the length of the detention that has in fact occurred,' (5) 'the complexity of the case,' and (6) 'whether the strategy of one side or the other has added needlessly to that complexity.' *United States v. Cardona*, supra, quoting from *United States v. Zannino*, 798 F.2d at 547. While evidence submitted at the initial detention hearing may very well have weighed against release, such evidence, when "evaluated against the background of the duration of pretrial incarceration and the causes of that duration, may no longer justify detention." *United States v. Accetturo*, 783 F.2d 382, 388 (3rd Cir. 1986). A balancing of these factors in Prado's case, particularly the length of his pretrial detention, weighs in favor of his release at this time. Prado, moreover, would proffer for the Court's consideration a new release plan from what he initially proposed. Rather than stay with his spouse in Florida, Prado would live with his mother in Framiingham.at 1323 Worcester Road, Apt. G1 (Prado's sister, Tatiana Leurini, owns the apartment). He would submit to whatever conditions the Court deems appropriate, including curfew and electronic monitoring. This release proposal would ensure that Prado would remain in Massachusetts, to be closely monitored by the Court while preparing for trial.

In light of the circumstances outlined above, and in Defendant's previously filed Motion For Release From Custody, the Defendant respectfully submits that this Court should revoke the detention order previously entered, and release Defendant on conditions that may alleviate "any serious risk that the defendant will flee." 18 U.S.C. §3142(f)(2)(A).

Respectfully Submitted,

          DEFENDANT PRADO by his attorney

          */s/John F Palmer*
          John F. Palmer
          B.B.O.#387980
          18 Main Street Extension
          Suite 201B
          Plymouth, MA 02360
          Tel: 617-943-2602

## CERTIFICATE OF SERVICE

I, John F. Palmer, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on February 3, 2023.

        */s/John F. Palmer*