United States District Court
District of Massachusetts

United States of America        )
                                )   Case No. 1:21-cr-10158-7-MLW
V.                              )
                                )
(7) Thiago De Souza Prado       )
            Defendant,          )

# DEFENDANT'S MOTION TO CERTIFY INTERLOCUTORY APPEAL

The charged defendant Mr. Prado humbly and respectfully seeks the Honorable District Court permission to consider Mr. Prado's motion to certify interlocutory appeal under section 28 U.S.C. 1292(b) in light of the protections of **Heines v. Kerner, 404 U.S. 519 (1972)**.

# INTERLOCUTORY APPEAL

An appeal from an interlocutory order staying an action and directing the parties to arbitrary may not be taken except as provided under 28 U.S.C. 1292(b). 9 U.S.C. 16(b). **"Section 1292(b)"** provides for certification of an order for interlocutory appeal when the court determines: (1) That such order involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) that an immediate appeal

3

from [that] order May materially advance the ultimate termination of the litigation. ***In Re Facebook, Inc, IPO sec. & Derivative Litig***, 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014). (Quoting 28 U.S.C. 1292(b))(Alteration in original). "The proponents of an interlocutory appeal have the burden of showing that all three of the substantive criteria are met." Id

However allowing for appeal of interlocutory order to extraordinary cases where the appellate review might avoid protect and expensive litigation, and is not intended as a vehicle to provide early review of difficult rulings in hard cases. See; ***McBeth v. Gabrielli Truck Sales, Ltd.***, 768 F. Supp. 2d 392 (2nd Cir. 2011).

## REASONS FOR INTERLOCUTORY APPEAL

The charged defendant has a compelling need for the First Circuit Court of Appeals rule upon novel issues and Supreme Court's interpretations issues that has been raised in the District Court of Massachusetts for the very first time—

1) Can **18 U.S.C. 1349** be charged without the underlying object offense connotes a Wire Fraud offense?

2) Can the Executive branch apply **18 U.S.C. 1343** substantive Wire Fraud penalty provision to **18 U.S.C. 1349** inchoate offense?

4

3) Does Supreme Court *Lewis v. United States*, 518 U.S. 322 (1996), establish that **18 U.S.C. 1349** inchoate offense, without the object offense connote as a non-serious petty offense?

4) Is **18 U.S.C.1349** inchoate offense an enumerated felony violation of **18 U.S.C. 1028A** subsection **(c)**?

5) Is **18 U.S.C. 1349** inchoate offense, without the object offense a felony violation?

6) Does applying **18 U.S.C. 1349** as a predicated offense for **18 U.S.C 1028A** enhancement, violates the element clause in light of Supreme Court case of *United States v. Taylor, 142 S. Ct. 2015 (2022)*?

7) In light of Supreme Court case *of United States v. Taylor, 142 S. Ct. 2015 (2022)*, is **18 U.S.C. 1349** an (predicated offense) applicable with the Federal Categorical Approach for purpose of **18 U.S.C. 1028A** enhancement?

8) Does Mr. Prado's pretrial detention exceed the standards of Due Process, *U.S. Const. Amend V*?

9) Is Mr. Prado's right to speedy trial had been violated in light of *U.S. Constitutional Amendment 6th and Federal Rule 48(b)*?

10) Does Massachusetts has proper venue to prosecute **18 U.S.C. 1028A** enhancement, without any defendant in this case been charged for the substantive count of Wire Fraud in the state of Massachusetts or elsewhere?

The District Court should grant Mr. Prado's an interlocutory appeal to determine those novel issues of law and Supreme Court's interpretation, raised before trial.

## CONCLUSION

The charged defendant Mr. Prado seek the protections of *Heines v. Kerner* to help a further miscarriage of justice because the Court should not hold the charged defendant to the same high standards of a license attorney of law.

Respectfully Submitted

*[signature]* 2/28/2023

Thiago De Souza Prado

United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America ) | Case No. 1:21-cr-10158-7-MLW |
| V. ) | |
| ) | |
| (7) Thiago De Souza Prado ) | |
| Defendant, ) | |

## Defendant's Re – Affidavit in Support of defendant's Motion to certify interlocutory appeal.

**Under The Pains and Penalty of Perjury:**

I, Thiago De Souza Prado, is the affiant in this said affidavit who swears under the penalty of perjury to the following facts and circumstances:

I swears to God under oath that I believe and feels that my 5th Amendment right to Due Process has been significantly violated.

I swears to God under oath that I believe and feels that my 6th amendment right to a fair and speedy trial has been significantly violated as well.

I swears to God under oath that I never waived my speedy trial right nor that I properly consented to any extensions of time.

I swears to God under oath that I believe and feels that in light of Supreme Court case of Lewis v. **Lewis v. United States,** *518 U.S. 322 (1996),* 18 U.S.C. 1349 without the

7

Underlying substantive offense charged, does not have a penalty provision and should be treat as a petty offense.

I swears to God under oath that I believe and feels that 18 U.S.C. 1349 inchoate offense cannot be used as a predicated offense for purpose of 18 U.S.C. 1028A enhancement, because it is not an enumerated offense at 1028A(c) and 1028A fails under the federal categorical approach.

I swears to God under oath that I did my best to resolve this issues at the District Court but it got nowhere.

**The above facts are true and are not everything I know about what happened that day Sworn to under the pains and penalties of perjury on this day of 2/28/2023**

Respectfully Submitted

2/28/2023

Thiago De Souza Prado



## Certificate of Service

I, Thiago De Souza Prado, respectfully place the said above appeal and motion for certify of appeal in the Mail Box under the Mail Box rule here at the Donald Wyatt Detention Facility to be mailed to the following:

FIRST CIRCUIT COURT OF APPEAL AND
United States District Court

The Office of the Clerk

1 Courthouse Way

Boston MA 02210

2/28/2023

Respectfully Submitted

Thiago De Souza Prado

950 High Street Central

Falls, RI 02863

9