UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THIAGO DE SOUZA PRADO,<br><br>Defendant | No. 21-cr-10158-7-MLW |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Under Fed. R. Crim. P. 30, the government respectfully proposes that the Court give the following jury instructions, in addition to the Court's customary instructions in criminal cases. The government reserves the right to supplement, modify, or withdraw these requested instructions in light of the requested instructions filed by the defendant and the evidence introduced at trial. The government withdraws its previously submitted jury instructions (ECF 636).

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: /s/Kriss Basil
KRISS BASIL
DAVID M. HOLCOMB
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                               /s/Kriss Basil
                                               KRISS BASIL
                                               Assistant U.S. Attorney

## DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY *OR* DEFENDANT'S DECISION TO TESTIFY

The defendant has a constitutional right not to testify, and no inference of guilt, or anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference – or even to discuss in your deliberations the defendant's decision not to testify – would be wrong and would violate your oath as a juror.

There are many reasons why a defendant might not want to take the stand or might choose not to take the stand, not the least of which is that he doesn't have to. So, you may not consider that fact in determining the outcome of this case.[1]

*OR*

In this case, the defendant decided to testify. You should examine and evaluate his testimony just as you would the testimony of any other witness.[2]

---

[1] Pattern Crim. Jury Instr. 1st Cir. §3.03.
[2] Adapted from *United States v. Gonsalves*, 435 F.3d 64, 72 (1st Cir. 2006); Pattern Crim. Jury Instr. 1st Cir. § 2.20 cmt. 1.

## PUNISHMENT OR OTHER CONSEQUENCES

The question of possible punishment of the defendant—or other consequences to the defendant, such as immigration consequences—is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The consequence of a conviction does not bear on the charged crimes and is not evidence.

Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.

Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant or of any other consequences if he is convicted, to influence your verdict in any way or to enter into your deliberations in any sense.[3]

---

[3] Adapted from L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 9-1 (2021); *see also United States v. Lynch*, 903 F.3d 1061, 1081 (9th Cir. 2018); Ninth Circuit Model Criminal Jury Instructions, § 7.4; Fifth Circuit Model Criminal Jury Instructions, § 1.22; Sixth Circuit Model Criminal Jury Instructions, § 8.05; Eighth Circuit Model Criminal Jury Instructions, § 3.12; Tenth Circuit Model Criminal Jury Instructions, § 1.20; Eleventh Circuit Model Criminal Jury Instructions, § B10.4; Third Circuit Model Criminal Jury Instructions, § 3.16.

## PERSONS NOT ON TRIAL

You may not draw any inference, favorable or unfavorable, as to either side from the fact that no persons other than the defendant is on trial here. You may not speculate as to the reasons why other people are not on trial with this defendant. Those matters are wholly outside your concern and have no bearing on your function as jurors.[4]

---

[4] Adapted from *L. Sand et al., Modern Federal Jury Instructions: Criminal,* Instr. 1.21 (2021).

## CAUTION AS TO COOPERATING WITNESSES

You have heard testimony from one or more witnesses who provided testimony under an agreement with the government and participated in the crimes charged against the defendant. The fact that a witness entered a guilty plea is not a factor that you may consider in assessing the guilt of the defendant. A witness may be presumed to have acted after an assessment of his or her own best interest, for reasons that are personal to him or her, but that fact has no bearing on any other parties to this case. A guilty plea and the accompanying plea agreement are to be considered only in assessing the credibility of the testimony of the witness who is affected by the plea.

A witness who admits to committing a crime and testifies against others pursuant to a plea agreement with the government almost always does so in the expectation of more lenient treatment as a reward for his cooperation. A witness testifying in such circumstances may, of course, be completely truthful. Still, you should consider the testimony of a witness testifying pursuant to a plea agreement with particular caution. You should scrutinize the testimony carefully to be certain that it is not shaded or slanted in such a way to serve the interests of the witness rather than that of the truth.[5]

---

[5] Adapted from *United States v. Hernandez*, 109 F.3d 13, 17 (1st Cir. 1997); *United States v. Simonelli*, 237 F.3d 19, 29 (1st Cir. 2001); *United States v. Foley*, 783 F.3d 7, 17-18 (1st Cir. 2015). *See also* Pattern Crim. Jury Instr. 1st Cir., § 2.08; *United States v. Paniagua-Ramos*, 251 F.3d 242, 245 (1st Cir. 2001) (there are "no magic words that must be spoken").

# CONSPIRACY TO COMMIT WIRE FRAUD[6]
# COUNT ONE

Count One charges the defendant with conspiracy. The object of the conspiracy charged in Count One is wire fraud.

I will now provide you with certain general instructions regarding conspiracy that apply to Counts One.

### **Conspiracy – Generally**

A conspiracy is an agreement to commit a crime. The crime of conspiracy is an independent, freestanding crime. It is an entirely separate and different offense from the underlying or substantive crime the defendant is alleged to have agreed to commit.

A simple example illustrates the difference between a crime and a conspiracy to commit that crime. It is a federal crime to commit bank robbery. If a person robs a bank, he has committed a bank robbery. If three people agree to rob a bank – one thinks up the plan, one agrees to rob the bank, and one agrees to drive the getaway car – all three have conspired to rob the bank.

Again, a conspiracy is an agreement to commit a crime. If a conspiracy exists – even if it does not succeed – the conspiracy itself is still a crime. To find a defendant guilty of conspiracy to commit wire fraud, there is no need for the government to prove that the defendant committed wire fraud. The agreement to commit wire fraud, as I will describe, is enough.

For you to find the defendant guilty of the conspiracy charged in Count One, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

---

[6] Adapted from Pattern Crim. Jury Instr. 1st Cir., §§ 371, 1349 & cmt. 1 (no overt act required); *United States v. Iwuala*, 789 F.3d 1, 9-10 (1st Cir. 2015); *United States v. Wyatt*, 561 F.3d 49, 54 (1st Cir. 2009) (listing elements for Section 1349 conspiracy and excluding overt act requirement).

<u>First</u>, that the agreement specified in the Indictment, and not some other agreement or agreements, existed between at least two people to commit wire fraud; and

<u>Second</u>, that the defendant willfully joined in that agreement.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. It is not necessary to show that the participants directly by spoken or written words stated among themselves exactly what their object or purpose was or exactly what the details of the scheme were or exactly what means they would adopt to achieve their goals. Nevertheless, the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.

A conspiracy is, by its very nature, usually secret in its origin and in its execution. Because of the secretive nature of the crime of conspiracy, the agreement between two or more people may be express or tacit. It is sufficient if the government demonstrates conduct evidencing a silent understanding to share a purpose to violate the law. In addition, because a conspiracy by its very nature is often secret, neither the existence of the agreement nor the fact of the defendant's participation in it must be proved by direct evidence. They may be proved by circumstantial evidence.

Mere similarity of conduct among various people, or the fact that they may have met with each other or discussed common aims and interests, does not by itself establish the existence of a conspiracy. Mere association with other persons, even persons involved in criminal activity, does not by itself establish the existence of a conspiracy. You may, however, consider such factors in deciding whether a conspiracy existed.

The extent of a defendant's participation in a conspiracy and the importance of his/her role in effectuating the purposes of the conspiracy do not determine that defendant's guilt. A conspirator's guilt or innocence is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others may play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.[7]

The government does not have to prove that the conspiracy succeeded or that its objects were achieved. A conspiracy is complete, and the crime has occurred, once the agreement has occurred. Returning to the bank robbery example, the three conspirators committed the crime of conspiracy as soon as they agreed to rob the bank. Even if they had been arrested before the robbery occurred, or if the robbery had been attempted but failed, they would have nonetheless committed the crime of conspiracy to commit bank robbery.

To act willfully for the purposes of Count One means to act voluntarily and intelligently and with the specific intent that the underlying crime or crimes be committed; that is to say, with bad purpose, either to disobey or disregard the law, not to act by ignorance, accident, or mistake. The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime or crimes be committed. Intent need not be proved directly and instead may be inferred from surrounding circumstances and circumstantial evidence because, ordinarily, there is no way of directly scrutinizing the workings of the human mind. Proof

---

[7] Adapted from L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 19-6 (2021).

that the defendant willfully joined in the agreement must be based upon evidence of his own actions and/or words.

You need not find that the defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator, or that the defendant participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.

On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator. In determining what the defendant knew or intended at a particular time, you may consider any statements he may have made; anything that he did, or failed to do; and any other evidence that may reflect his knowledge or intent. You may infer – although you are not required to – that a person intends the natural and probable consequences of his or her acts when those acts are done knowingly.

The government is not required, however, to prove that the defendant conspired with each and every person named in the indictment.[8] The government only has to prove that the defendant agreed with at least one other person to commit the crime of wire fraud, even if that other person is not specifically named in the indictment.[9]

---

[8] *See United States v. Penagaricano-Soler*, 911 F.2d 833, 840 n.5 (1st Cir. 1990) (It is settled law that "the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of conspiring with persons whose names are unknown." (quoting *Rogers v. United States*, 340 U.S. 367, 375 (1951)); *see also United States v. Delarosa Arias*, 979 F.3d 80, 82 (1st Cir. 2020) (same).

[9] *See, e.g., United States v. Rivera Diaz*, 538 F.2d 461, 465 (1st Cir. 1976) (finding sufficient basis for conviction based on alleged agreement with unknown others).

## WIRE FRAUD
## COUNT ONE (UNDERLYING OFFENSE)
## COUNTS TWO, THREE, AND FOUR (SUBSTANTIVE OFFENSE)

As previously noted, Count One of the Indictment charges the defendant with conspiracy to commit the underlying offense of wire fraud. Counts Two, Three, and Four charge the defendant with committing wire fraud. So that you can determine whether a conspiracy between at least two people to commit wire fraud existed for the purposes of Count One and whether the defendant committed wire fraud for the purposes of Counts Two, Three, and Four, I will now provide you with instructions regarding the elements of wire fraud.[10]

The crime of wire fraud, Section 1343 of Title 18 of the United States Code has four elements. Those elements are as follows:

<u>First</u>, that there existed a scheme, substantially as charged in the Indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses;

<u>Second</u>, that the scheme to defraud involved the misrepresentation or concealment of a material fact or matter, or the omission of a material fact or matter, or the scheme to obtain money or property by means of false or fraudulent pretenses involved a false statement, assertion, half-truth, or knowing concealment concerning a material fact or matter;

<u>Third</u>, that the defendant knowingly and willfully participated in this scheme with the intent to defraud; and

<u>Fourth</u>, that for the purpose of executing the scheme or in furtherance of the scheme, the defendant caused to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme an interstate wire communication would be used.

I will now explain the four elements of wire fraud in more detail.

---

[10] Adapted from Pattern Crim. Jury Instr. 1st Cir., § 1343.

      *a.*     *Element One – Scheme to Defraud*

The first element of wire fraud is that there was a scheme to defraud or to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises.

A "scheme" includes any plan, pattern, or course of action.

The term "defraud" means to deceive another in order to obtain money or property by misrepresenting or concealing a material fact.

The term "false or fraudulent pretenses" means any false statements or assertions that were either known to be untrue when made or were made with reckless indifference to their truth and that were made with the intent to defraud. The term includes actual, direct false statements as well as half-truths, the knowing concealment of facts, and the knowing omission of material facts.

It is not necessary that the alleged scheme actually succeeded in defrauding anyone. Put another way, it is not necessary to establish that the intended victim was *actually* defrauded. Financial loss is not an element of wire fraud, and the government does not have to prove that the defendant actually obtained money from the scheme to defraud, so long as it proves that the goal of the scheme was to get money through fraud. Although whether or not the scheme actually succeeded is not the question, you may consider whether it succeeded in determining whether the scheme existed.

It is not necessary that the government prove all of the details alleged in the Indictment concerning the precise nature and purpose of the scheme. But the government must prove beyond a reasonable doubt that the scheme was substantially as charged in the Indictment.

The government is not required to prove that the defendant originated the scheme to defraud. A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

You are not required to agree on a means or a particular false statement that the defendant used to carry out the fraudulent scheme.

   *b.*   *Element Two – Materiality*

The second element of wire fraud is that the false representation or fraudulent failure to disclose related to a material fact. A "material fact or matter" is one that has a natural tendency to influence or is capable of influencing the decision of the decision-maker to whom it was addressed. Information is "material" for an employer if the employee had reason to believe the information would lead a reasonable employer to change its business conduct. Put differently, if you find that a fact was intentionally withheld or omitted, you must determine whether the fact was one that a reasonable person might have considered important in making his or her decisions.

The government, however, need not prove that anyone actually relied on a statement. If a scheme to defraud has been or is intended to be devised, it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright, or whether the potential victims thwart or avoid the fraud.[11]

   *c.*   *Element Three – Defendant's Knowing and Willful Participation in the Scheme*

The third element of wire fraud is that the defendant participated in the scheme to defraud knowingly and willfully and with the intent to defraud.

The defendant acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

Note that, in deciding whether the defendant acted knowingly, you may infer that he had knowledge of particular facts if you find that he deliberately closed his eyes to facts that otherwise

---

[11] *See United States v. Brien*, 617 F.2d 299, 311 (1st Cir. 1980).

would have been obvious to him. This is called "willful blindness." In order to infer knowledge, you must find that two things have been established. *First*, that the defendant was aware of a high probability of the existence of the facts in question. *Second*, that the defendant consciously and deliberately avoided learning of those facts. That is, the defendant willfully made himself blind to those facts. It is entirely up to you to determine whether he deliberately closed his eyes to the facts and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence or mistake in failing to learn the facts is not sufficient. There must be a deliberate effort to remain ignorant of the facts in question.[12]

As to acting "willfully," an act is willful if done voluntarily and intentionally, and with the specific intent to do something the law forbids (here, defraud others), or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law. Note that, with regard to finding a specific intent to defraud, you may find such an intent, though you are not required to do so, if you find that the defendant acted with reckless disregard or reckless indifference to the truth or falsity of their statements or omissions. Conversely, if the defendant acted in good faith, he cannot be guilty of the crime. The burden to prove intent, as with all other elements of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by him and all other facts and circumstances received in evidence that may aid in your determination of his knowledge or intent. You may infer, but you certainly are not required to infer, that a person

---

[12] Pattern Crim. Jury Instr. 1st Cir., § 2.16; *see also United States v. Prange*, 11-cr-10415-NMG (D. Mass.), ECF No. 246 at 123-24 (willful blindness instruction).

12

intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

### d. *Element Four – Use of an Interstate Wire Communication*

As to the fourth element of wire fraud, the government must prove that the defendant caused the interstate wire communication to be used, or that it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, an interstate wire communication would be used, on or about the date alleged.

An interstate wire communication includes a telephone communication from one state to another, an email transmission or other internet or electronic communication, or a financial or wire transaction from one state to another. The interstate wire communication does not itself have to be essential to the scheme, but it must have been made for the purpose of carrying it out. There is no requirement that the defendant himself was responsible for the wire communication, that the wire communication itself was fraudulent, or that the use of the wire communication in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud. But the government must prove beyond a reasonable doubt that the defendant knew, or could reasonably have foreseen, that use of the wire communication would follow in the course of the scheme, in furtherance of the scheme, or for the purpose of executing the scheme.

## AGGRAVATED IDENTITY THEFT
## COUNTS FIVE, SIX, AND SEVEN

Counts Five, Six, and Seven charge the defendant with aggravated identity theft.

It is against federal law to steal someone's identity. For you to find the defendant guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

<u>First</u>, that the defendant knowingly transferred, possessed, or used a means of identification of another person, without lawful authority;

I instruct you that as a matter of law that a name, Social Security Number, or Massachusetts driver's license number is a means of identification.[13]

<u>Second</u>, that the defendant transferred, possessed, or used the means of identification during and in relation to the crime of wire fraud or of conspiracy to commit wire fraud;[14]

<u>Third</u>, that the means of identification actually belonged to another person; and

<u>Fourth</u>, that the defendant knew that the means of identification belonged to another person.

To transfer, possess, or use a means of identification "during and in relation to" an underlying fraud, the misuse of the means of identification must do more than just facilitate the fraud. Rather, in the case of a crime involving alleged fraud or deceit, the means of identification must be used specifically in a manner that is fraudulent or deceptive, and it must play a "central" rather than merely "ancillary" or "passing" role in the criminal conduct.[15]

---

[13] 18 U.S.C. § 1028(d)(7)(A).

[14] 18 U.S.C. § 1028A(c)(5); *United States v. Tull-Abreu*, 921 F.3d 294, 299 (1st Cir. 2019).

[15] *Dubin v. United States*, No. 22-10, 2023 U.S. LEXIS 2420, at *20-21 (June 8, 2023) ("When a means of identification is used deceptively, this deception goes to 'who' is involved, rather than just 'how' or 'when' services were provided. Use of the means of identification would therefore be at 'the locus of [the criminal] undertaking,' rather than merely 'passive,' 'passing,' or ancillary employment in a crime." (citation omitted)).

14

To transfer, possess, or use another person's means of identification "without lawful authority" means to do so without the lawful right or permission to act on that person's behalf.[16] This could include stealing or wrongfully acquiring the means of identification, or misappropriating a means of identification that was initially lawfully acquired.[17]

Someone knows a fact if he has actual knowledge of it.  Knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what the defendant knew at a particular time, you may consider any statements made or acts done or omitted by the defendant and all other facts and circumstances received in evidence that may aid in your determination of the defendant's knowledge.

---

[16] *United States v. Ozuna-Cabrera*, 663 F.3d 496, 499 (1st Cir. 2011).
[17] *See Dubin*, 2023 WL 3872518, at *8 & n.6.