UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------------)
UNITED STATES OF AMERICA            )
                                    )
v.                                  )            Docket No. 21-10158-7-MLW
                                    )
                                    )
THIAGO DE SOUZA PRADO               )
_____)

## MOTION TO AMEND PROTECTIVE ORDER

Defendant Thiago De Souza Prado ("Prado") requests that the Court amend the Protective Order entered on July 14, 2021, to enable Defendant to review the voluminous discovery in this case without the necessity of his counsel being present.

As grounds for this motion, Defendant avers that he has been detained at Wyatt Detention Facility ("Wyatt") while his case has been pending. On July 14, 2021, when Defendant was represented by prior counsel, the Court entered an assented to protective order that provided, *inter alia*, that "defendant may access and view …Confidential Discovery Materials solely in the presence of the defense (defense counsel or their office staff) and under the direct supervision and control of the defense." Document 143, Filed 07/14/21. The order did not "preclude any party from applying to the Court for further relief or for modification of any provision hereof." Id.

Since undersigned counsel's appointment on January 17, 2023, as trial counsel in this case, counsel has reviewed voluminous discovery materials and engaged the services of "discovery counsel" to assist in the downloading and organization of thousands of communications between Defendant and others. Included in such discovery are extractions from phones seized from defendants allegedly evidencing criminal conduct. The Government

has previously taken the position that the audio and video components of these communications represent "Confidential Discovery Materials", and thus must be viewed/listened to only in the presence of counsel at Wyatt. Defense counsel is a sole practitioner and does not have the time or capability to sit with Defendant at Wyatt while Defendant spends untold hours reviewing the discovery in this case (in one prior case counsel has been involved in, the government has provided a computer to Wyatt, "loaded" with applicable discovery to which defendant only has access at specified times and in a supervised location at Wyatt; in other cases Wyatt has provided computers for a defendant's review of "thumbdrives" or hard drives provided by counsel containing discovery). In this case, Wyatt has confirmed to counsel that it will afford access to a computer for Defendant to review evidence provided by counsel. The Defendant's access will be at designated times, and supervised by Wyatt staff. Wyatt will otherwise retain possession of the computers, "thumbdrives", or other devices containing the discovery.

Any risk that the Defendant will misuse discovery in this case is mitigated by the fact that he remains in custody, closely monitored by Wyatt officials. He is the only remaining defendant in the case. All of the other fourteen defendants have pled guilty. He will not maintain possession of any of the materials provided. Against the speculative risks that might concern the government must be weighed the significant time and expense incurred by defense counsel, and the limitation of defendant's access to crucial evidence in the case. The Government has not made the "particularized, specific showing" that would justify the continuation of the protective order, particularly as defendant prepares for trial. *United States v. Bulger*, 283 F.D.R. 46, 52 (D. Mass.2012); <u>see also</u> *United States v. Williams*, Crim. No.

15-10145-RGS (D. Mass. Oct. 9, 2015), quoting from *United States v. Smith*, 985 F. Supp. 2d 506, 545 (S.D.N.Y. 2013).

      The Court should modify the Protective Order to permit Defendant to view/listen to communications via WhatsApp and other platforms that have been provided in discovery. Defendant should be able to review such discovery at Wyatt without the requirement that his counsel, or any other member of the "defense team", be present.   Specifically, Defendant requests that paragraphs 4(a) and 4(d) of the Protective Order be amended to permit defendant to access discovery while at Wyatt without the requirement that his counsel be present, while otherwise maintaining the restrictions for Confidential Discovery Materials. A proposed amended Protective Order is submitted herewith.

      The Government (AUSA Basil) has been consulted and does not object to the amended Protective Order, as proposed herein.

DEFENDANT PRADO
By his attorney,

/s/John F. Palmer

John F. Palmer
Law Office of John F. Palmer
18 Main Street Extension
Suite 201B
Plymouth, MA 02360
Tel: 617-943-2602
BBO #387980

CERTIFICATE OF SERVICE

I, John F. Palmer, hereby certify that this document filed through the ECF system will be

sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on July 7, 2023.

*/s/John F. Palmer*