UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 21-cr-10158-7-MLW |
| THIAGO DE SOUZA PRADO, | |
| Defendant | |

### GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT DESIGNED TO ELICIT JURY NULLIFICATION

The government respectfully moves *in limine* to preclude defendant Thiago de Souza Prado from presenting any evidence or arguing matters that may elicit or encourage jury nullification in general, and specifically regarding any potential punishment or immigration consequences Prado faces and any claim of selective prosecution.[1]

### LEGAL STANDARD

A defendant in a criminal case may not encourage or suggest in any way that the jury should acquit him even though the government has met its burden of proof. *See United States v. Bunchan*, 626 F.3d 29, 34 (1st Cir. 2010) ("Neither the court nor counsel should encourage jurors to exercise their power to nullify."); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("The applicable rule is that, although jurors possess the raw power to set an accused free for any reason or for no reason, their duty is to apply the law as given to them by the court."); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly.  Jury nullification . . . is not a right, either of the jury or of the defendant.").

---

[1] This motion *in limine* replaces the motion (ECF 639) on the same issue filed on January 11, 2023.

Although juries have the power to nullify the law, they do not have the authority to do so. *United States v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1996) (explaining that, although "federal courts have long noted the de facto power of a jury to render general verdicts 'in the teeth of both law and facts,' . . . courts have consistently recognized that jurors have no right to nullify.") (emphasis in original) (citations omitted).   Accordingly, district courts have an obligation to prevent defendants from pursuing lines of inquiry or argument aimed at inducing the jury to acquit for any reason other than the relevant facts and the law.  *See United States v. Young*, 470 U.S. 1, 7-10 (1985) (holding that district court had duty to prevent counsel from making improper arguments to the jury, including those that are designed to "divert the jury from its duty to decide the case on the evidence"); *Sepulveda*, 15 F.3d at 1190 ("A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification.").

## ARGUMENT

### A.     Defendant should be precluded from eliciting testimony or other evidence concerning his potential punishment, any effect on his immigration status, or other consequences of a guilty verdict.

Where a jury plays no role in sentencing, it should not be made aware of a defendant's potential sentence because such information is irrelevant and could disturb it from its fact-finding responsibilities. *See* Fed. R. Evid. 401 (evidence is not relevant unless it makes a fact "of consequence in determining the action" "more or less probable"); *see also Shannon v. United States*, 512 U.S. 573, 579 (1994).  In *Shannon*, the Supreme Court made clear that "when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." *Id*. (citations and footnotes omitted).  In that case, a trial court refused to instruct the jury on the consequences of its verdict.  *Id*. at 577-78.  In reaching the conclusion that such information was not required, the Court highlighted the critically important division of labor in our legal system between the judge and jury, explaining that "[t]he jury's function is to

2

find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id.* at 579. Thus, the Court found, the consequences of a verdict are irrelevant to the jury's task. *Id.* Significantly, the Court also observed that providing juries with sentencing information effectively "invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id.*; *see also, e.g.*, *United States v. DiMarzo*, 80 F.3d 656, 660 (1st Cir. 1996) ("[U]nder our criminal justice system it is the jury's responsibility to determine guilt or innocence on the basis of the facts it has found, whereas the court is responsible, among other things, for sentencing a defendant after a guilty verdict."); *United States v. Maisonneuve*, 654 F. Supp. 114 (1st Cir. 1997) (citing well settled rule against juries considering penalties when reaching their verdicts and explaining that the rule applies even when a statutory mandatory minimum sentence is involved).

Here, as in the cases cited above, the jury will play no part in the defendant's sentencing or in the determination of other consequences to the defendant of a guilty verdict. Thus, the mere mention of the potential sentence faced in this case is irrelevant and would serve only to invite jury nullification. The same would result from implied references to potential follow-on consequences of a guilty verdict, such as an effect on defendant's immigration status or arguments that defendant's "freedom" is in the jury's hands or that the defendant's family should not be left alone or that the defendant has already been punished in some manner for his crimes.

**B.    Defendant should be precluded from eliciting testimony or other evidence concerning selective prosecution.**

Evidence suggesting that Prado has been selectively prosecuted because he is Brazilian or an immigrant would only serve to promote what amounts to a selective prosecution defense, which has no place at trial. *See, e.g.*, *United States v. Valerio*, 676 F.3d 237, 242 (1st Cir. 2012) (affirming

3

district court's denial of motion to dismiss based on "selective prosecution" where counsel "was reprimanded for it by the judge on many occasions"); *United States v. O'Brien*, 18 F. Supp. 3d 25, 36 (D. Mass. 2014) (Saylor, J.) (claims of "selective prosecution" are "improper"); *see also United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006) ("[T]he defense of selective prosecution is a matter that is independent of a defendant's guilt or innocence, so it is not a matter for the jury."); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) ("[T]he issue of selective prosecution is one to be determined by the court, as it relates to an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which she was charged.") (citations omitted). Evidence or arguments suggesting that other individuals routinely engaged in the same conduct and have not faced criminal charges for engaging in similar conduct also amounts to a selective prosecution defense and should be precluded. *See, e.g.*, *United States v. Pitt-Des Moines, Inc.*, 168 F.3d 976, 991 (7th Cir. 1999) (concluding district court correctly excluded evidence of industry custom and practice "based on a fear that the jury might find [the defendant] not guilty because 'everyone does it'"); *Newton v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 135 F.3d 266, 274 (3d Cir. 1998) (en banc) ("Even a universal industry practice may still be fraudulent."); *United States v. Fowler*, 932 F.2d 306, 315-16 (4th Cir. 1991) (affirming district court's exclusion of testimony supporting "the everybody-does-it defense" as irrelevant).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court preclude defendant Prado from mentioning, eliciting evidence about, or making arguments that encourage jury nullification in general, and specifically regarding any potential punishment, immigration outcome, or other consequences Prado faces and any claim of selective prosecution.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:     /s/Kriss Basil
DAVID M. HOLCOMB
KRISS BASIL
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/Kriss Basil
KRISS BASIL
Assistant U.S. Attorney