UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                                )<br>)<br>THIAGO DE SOUZA PRADO         )<br>) | CRIMINAL NO. 21-CR-10158-MLW |

PROPOSED QUESTIONS FOR PROSPECTIVE JURORS

Defendant submits the following questions to be asked of prospective jurors:

1. Please state:
   a. name;
   b. city of town where you live;
   c. marital status;
   d. number and ages of children;
   e. your occupation and spouse's occupation;
   f. your present employer;
   g. your educational background, including degrees or specialized training;
   h. did you serve in the military? If so, what branch, when, and what rank?

2. Do you know or recognize any of the attorneys, parties, potential jurors or anyone else in the courtroom? If so, please explain.

3. Are you or do you have any friends or relatives who are or have been connected with law enforcement, a district attorney's office, the U.S. Attorney's Office, or other quasi law enforcement agency? If so, please describe. Would that connection with law enforcement affect your ability to be fair and impartial in a criminal case which is being prosecuted by law enforcement?

4. Members of law enforcement are expected to be witnesses in this case. Would you tend to believe the testimony of a police officer or law enforcement officer over the testimony of a civilian witness? If so, please explain.

5. Have you ever sat as a juror in a criminal case? If so, please describe. Would that experience affect in any way your ability to be fair and impartial in a criminal case?

6. Have you or any member of your family or close friend ever been a witness or a victim or defendant in a criminal case? If so, please describe. Would that experience affect your ability to be fair and impartial in this criminal case?

7. Have you ever sat on a Grand Jury, either Federal or State? If so, please describe when, for how long, and whether that experience would affect your ability to be fair and impartial in this case.

8. The defendant in this case is charged with wire fraud, conspiracy to commit wire fraud, and aggravated identity theft. In essence he is accused of stealing the identities of certain persons and with others participating in a scheme to create false driver accounts with Rideshare companies like Uber and Lyft. Is there anything about the nature of the charges that would make it difficult for you to be a fair and impartial juror in this case? If so, please explain. Have you or a close friend or relative ever been a victim of fraud or theft? Would that experience affect your ability to be a fair and impartial juror in this case?

9. Do you understand and agree with the proposition that an indictment is merely a device for setting in motion the presentation of a case to the jury for your individual determination of a person's innocence or guilt; that it is not proof and no unfavorable inference may be drawn against a person merely because he or she is charged with a crime?

10. How do you feel about our basic constitutional presumption that every person charged with a criminal offense is presumed innocent of any crime until proven guilty beyond a reasonable doubt? Would you have any difficulty applying this presumption?

11. Do you understand and accept the proposition that the burden of proof is greater in a criminal case than for a civil case. The proof to establish guilt of any person must be beyond a reasonable doubt?

12. Do you understand and accept the proposition that the burden of proof rests with the prosecution? Would you require the prosecution to prove each and every element of an offense beyond a reasonable doubt? If the prosecution failed its burden of proof beyond a reasonable doubt, would you have any difficulty in finding a person not guilty?

13. Knowing now that the burden of proof is for the prosecution to establish guilt beyond a reasonable doubt, would you require the defendant at any time to satisfy you as to his innocence?

14. Do you understand and accept the principle that a defendant in a criminal case is not required to explain his side of the case since the burden of proof does, in fact, rest with the prosecution?

15. If the defendant chose to exercise his constitutional right not to testify, would you consider this to be any indication whatsoever of guilt?

16. If, after you hear the evidence, you thought that the defendant was probably guilty—you weren't convinced beyond a reasonable doubt but you thought the evidence showed he

was probably guilty—would you nevertheless be able to return a verdict of not guilty in this case?

17. Have any of you at this time formed any opinion about the guilt or innocence of the defendant that would require evidence to remove such opinion?

18. Do you know of any reason, or has anything occurred during this questioning period, that might make you doubtful as to whether you could be a completely fair and impartial juror?

                DEFENDANT
                By his attorney

                /s/John F. Palmer
                John F. Palmer
                Law Office of John F. Palmer
                18 Main Street Extension
                Suite 201B
                Plymouth, MA 02360
                (617)943-2602
                BBO# 387980

Dated: July 21, 2023

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                /s/John F. Palmer