INSTRUCTION NO. 1
**Presumption of Innocence**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that defendant is guilty of the crime with which he is charged beyond a reasonable doubt. It is a heavy burden, but the law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to defendant. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to [defendant]'s guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of [defendant]'s guilt of a particular crime, you should vote to convict him.

INSTRUCTION NO. II
**Proof Beyond A Reasonable Doubt**

As I have said, the burden is upon the Government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions—one that a defendant is guilty as charged, the other that the defendant is not guilty—you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond a reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable double, and thus satisfied you that you can, consistently with your oath a jurors, base your verdict upon it. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.

<u>Judge Keeton instruction, cited in Comment to First Circuit Pattern Instruction No. 3.02.</u>

INSTRUCTION NO. III<br>**Defendant's Constitutional Right Not to Testify**

[Defendant] has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that [defendant] did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.
<u>First Circuit Pattern Instruction No 3.03</u>

INSTRUCTION NO. IV<br>**Witness Credibility**

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interest. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

<u>Sand et al., *Modern Federal Jury Instructions* 7-3 (2005)</u>

INSTRUCTION NO. V
**Caution as to Cooperating Witness/Accomplice/Paid Informant/Immunized Witness**

You have heard the testimony of [name of witness]. [He/She]:

(1) provided evidence under agreements with the government;

[and/or]

(2) participated in the crime charged against [defendant];

[and/or]

(3) received money [or . . .] from the government in exchange for providing information;

[and/or]

(4) testified under a grant of immunity.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of [name of witness] with particular caution. [He/She] may have had reason to make up stories or exaggerate what others did because [he/she] wanted to help [him/her]self. [You must determine whether the testimony of such a witness has been affected by any interest in the outcome of this case, any prejudice for or against the defendant, or by any of the benefits [he/she] has received from the government as a result of being immunized from prosecution.] [You may consider their guilty pleas in assessing their credibility, but you are not to consider their guilty pleas as evidence against this defendant in any way.]

First Circuit Pattern Instruction No. 2:08

INSTRUCTION NO. VI
**(Conspiracy to commit wire fraud)**

Prado is accused of conspiring to commit a federal crime—specifically, the crime of wire fraud.. It is against federal law to conspire with someone to commit this crime.

For you to find Prado guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to commit wire fraud; and

> Second, that Prado willfully joined in that agreement; and
>
> Third, that one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.

But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before [defendant] can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that Prado willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that Prado agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if Prado was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

[An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that [defendant] personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.]

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime [and the commission of one overt act].

First Circuit Pattern Instruction No. 4.18.371 (1)

INSTRUCTION NO. VII
**(Multiple conspiracies)**

With respect to the first element of conspiracy specified in the indictment, the government must prove that specific conspiracy alleged and not some other agreement or agreements, existed at or about the time or times specified in the indictment. It is not enough that the government simply prove that some type of conspiracy existed, even one involving some of the same alleged conspirators. The proof, rather, must persuade you that the conspiracy proved is in fact the one alleged in the indictment.

*United States v. Bedini*, 861 F.3d 10, 17-18 (1st Cir. 2017)

If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed. If you find that a defendant was not a member of the conspiracy charged in the indictment, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

Fifth Circuit Instruction 2.21