United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America ) | |
| ) | Case No. 1:21-CR-10158-7-MLW |
| V. ) | |
| ) | |
| (7) Thiago De Souza Prado ) | 08 /02 /2023 |
| Defendant, ) | |

# DEFENDANT'S MOTION TO DISMISS THIRD SUPERSEDING INDICTMENT FOR FAILURE TO STATE A FEDERAL OFFENSE AND LACK OF JURISDICTION IN LIGHT OF SUPREME COURT AUTHORITY CIMINELLI V UNITED STATES, 143 S. CT. 1121 (2023); PERCOCO V UNITED STATES, 143 S. CT. 1130 (2023); AND FIRST CIRCUIT DECISION UNITED STATES V ABDELAZIZ, 68 F.4th 1 (1st Cir. 2023). PURSUANT TO FED. R. CRIM. P. 12(b).

The charged Defendant, Mr. Thiago De Souza Prado exercising his constitutional right to self-representation (Pro-Se) respectfully moves this Honorable District Court to dismiss his third superseding indictment for failure to state a federal offense and lack of jurisdiction, in light of Supreme Court *Ciminelli v. United States, 143 S. Ct. 1121 (2023)*; *Percoco v United States, 143 S. Ct. 1130 (2023)*; and First Circuit Precedent decision *United States v. Abdelaziz, 68 F.4th 1 (1st Cir. 2023)*. Pursuant to *Fed. R. Crim. P. 12(b)*.

## Legal Standard on a Motion to Dismiss

## Fed. R. Crim. P. 12(b)

The First Circuit District Court in the case of *United States v. Bulger, (citations omitted)* the court has held that; *"Properly viewed, Fed. R. Crim. P. 12 is intended to encourage the resolution of disputes of law prior to trial. To this end, the rule permits the*

1

*filing of pretrial motions relative to any defense, objection, or request that the court can determine without a trial of the general issue, Fed. R. Crim. P. 12(b), and requires the court to decide any such motion if deferring a ruling on a motion would adversely affect a party's right to appeal, or where no good cause for deferral exists.*

*The objections and defenses referred to in Fed. R. Crim. P. 12(b)(2) are all legal bars to prosecution: former jeopardy, former conviction and former acquittal, and statute of limitations. 'Lack of jurisdiction' and 'failure of indictment or information to state an offense' similarly preclude prosecution entirely when raised by substantiated motion. Immunity is no different. It is a legal bar to prosecution, not a defense at trial."*

This District Court held in **United States v. Rosa-Ortiz**, *348 F. 3d 33 (1ˢᵗ Cir. 2003)*: *"Jurisdictional challenges to an indictment may be raised at any time, Fed. R. Crim. P. 12(b)(3)(B), including for the first time on appeal. As the United States Court of Appeals for the First Circuit explains, a federal court has jurisdiction to try criminal cases only when the information or indictment alleges a violation of a valid federal law. A federal court similarly lacks jurisdiction to enter a judgment of conviction when the indictment charges no offense under federal law whatsoever."*

## Statement of Facts

On June 27ᵗʰ, 2023 little over 25 months after Mr. Prado's arrest, and after 18 months allowed by **Fed. R. Crim. P. 6(g)** the grand jury returned a third superseding indictment against Mr. Prado charging him with one count of *18 U.S.C § 1349* Conspiracy to commit Wire Fraud (Count 1); three counts of *18 U.S.C. § 1343* Wire Fraud (counts 2, 3, and 4); and three counts of *18 U.S.C §§ 1028A(a)(1) and 2* (counts 5, 6, and 7).

The third superseding indictment charged the principal object of the scheme to defraud and of the conspiracy was to commit wire fraud, in violation of Title *18 United States Code, Section 1343*, among other things, creating fraudulent driver accounts with Rideshare Companies, and renting or selling the accounts to individuals who might not otherwise qualify to drive for those services, in order to obtain "<u>money and property</u>". The principal purpose of the conspiracy was to enrich the co-conspirators and to conceal

2

their conduct from the Rideshare Companies, from law enforcement, and from individual victims' whose personal identifiers were used to open the fraudulent driver accounts.

### Third Superseding Indictment

**Count One:** charged Mr. Prado with *18 U.S.C 1349* Conspiracy to commit Wire Fraud, alleging that Mr. Prado conspired with others known and unknown to the Grand Jury, to commit wire fraud, that is, having devised and intending to devise a **"scheme and artifice to defraud and to obtaining money and property"** by means of materially false and fraudulent pretenses, representations and promises, to transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writing, signs, signals, pictures and sounds, for the purpose of executing the scheme to defraud, in violation of Title *18, United States Code, Section 1343*.

All in violation of *18 U.S.C 1349*.

**Count two, three and four:** charged Mr. Prado with *18 U.S.C 1343* Wire Fraud, alleging that he devised and intending to devise a **"scheme and artifice to defraud and to obtaining money and property"** by means of materially false and fraudulent pretenses, representations and promises, to transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writing, signs, signals, pictures and sounds, for the purpose of executing the scheme to defraud, to wit, interstate wires *creating Rideshare Company A "accounts"* in the names of the victims listed below.

| Count | Date | Rideshare Company A Account |
|-------|------|-----------------------------|
| 2 | 6/18/2019 | Victim 1 |
| 3 | 2/26/2020 | Victim 2 |
| 4 | 3/7/2020 | Victim 3 |

All in violation of Title *18, United States Code, Section 1343*.

3

**Count five, six and seven:** alleged that Mr. Prado did knowingly transfer, possess, and use, without lawful authority, a means of identification of the individuals below, during and in relation to a felony violation enumerated in Title *18, United States Code, Section 1028A(c)*, to wit, wire fraud, in violation of Title *18, United States Code, Section 1343*.

| Count | Date | Victim | Means of Identification |
|---|---|---|---|
| 5 | 2/23/2020 | Victim 2 | Massachusetts Driver's License |
| 6 | 3/4/2020 | Victim 3 | Massachusetts Driver's License |
| 7 | 5/4/2020 | Victim 4 | Social Security Number |

All in violation of Title *18, United States Code, Sections 1028A(a)(1) and 2*.

## Reasons to Grant Mr. Prado's Motion

### Argument

Defendant asserts that the third superseding indictment counts one to four fails to state valid federal Wire Fraud and Aggravated Identity Theft offenses because charged Mr. Prado devised and intended to devise a scheme and artifice to defraud and to obtain *"**money and property**"* against the Ride-share Company A by creating *"accounts"* in the names of the Victims 1, 2 and 3.

4

The defendant's argument is that Company A *"accounts"* are not *"traditional money and property"* with the means of the *18 U.S.C. 1343 federal Wire Fraud statute* in light of the recent Supreme Court decisions *Ciminelli v. United States, 143 S. Ct. 1121 (2023); Percoco v United States, 143 S. Ct. 1130 (2023);* and First Circuit Precedent decision *United States v. Abdelaziz, 68 F.4th 1 (1st Cir. 2023).*

The main argument in this motion is that this Honorable District Court needs to decide on this ultimate question of law **(If Company A accounts constitute traditional money or property with the means of wire fraud statute?)** in order to decide if the third superseding indictment states any fraud against one property right with the means of the wire fraud statute. *See; Abdelaziz, Supra.*

Defendant asserts that he never had the intent to steal any property or money from company A, or cause any type of pecuniary harm. Mr. Prado asserts that the statute *18 U.S.C. 1343 Wire Fraud* does not cover any intangible rights except for the bribe-and-kickback core of the *pre-McNally* case law. Supreme Court made it crystal clear in *Ciminelli and Percoco* that the wire fraud statute only covers the traditional property right. The Wire Fraud statute reaches only traditional property interest, and does not cover <u>by-product loss nor person property, private property and intangible property rights</u>.

Also to reinforce Mr. Prado's argument that Company A accounts do not qualify as traditional property the defendant state that accounts are not Company's property. See; *United States v Sullivan, 2022 U. S. Dist. Lexis 114187 (N. D. C. 2022);* that the Government points to Uber's contractual relationships with drivers in California as alleged in the Superseding Indictment. See; *Oppo. At 10:1-10*. Paragraph 7 states that Uber drivers were not considered "employees," nor were they promised a "traditional wage." *SI ¶ 7*. Drivers paid Uber service fees to use its Ride-sharing platform and Uber collected fares from its users, acting as drivers' agent. See; *United States v Sullivan, Supra.*

At Mr. Prado's co-defendant's *(Wemerson Dutra Aguiar)* sentence hearing, the government mentioned that Company A suffered some by-product loss because they spend money with fraud prevention. As Judge Easterbrook has elaborated, even a practical joke could be a federal felony *(in the Government point of view)*. See **United States v. Walters, 997 F.2d 1219, 1224 (CA7 1993)**. His example goes: "A [e-mails] **B** an invitation to a surprise party for their mutual friend **C**. **B** drives his car to the place named in the invitation," thus expending the cost of gasoline. *Ibid*. "But there is no party; the address is a vacant lot; **B** is the butt of a joke." *Ibid*. Wire fraud? **No**. And for the reason Judge Easterbrook gave: "[T]he victim's loss must be an objective of the [deceitful] scheme rather than a byproduct of it." *Id., at 1226*.

The Supreme Court decision in **Pasquantino** explain that courts must determine whether the alleged property interest constitutes "property" as the term ordinarily is employed. When interpreting a statute, courts must give words their ordinarily or natural meaning. The court's Mail and Wire Fraud decisions offer several guideposts for that inquiry, including whether the purported property at issue falls within a dictionary definition of that term, whether it has been recognized as property in case law or other legal sources, and whether it exhibits traditional attributes of property. A prosecution for property fraud under those statutes *(1341 or 1343)* requires the government to prove "that the object of the fraud... [was] [money or] property in the victim's hands." See; **Pasquantino v United States, 544 U.S. 349 (2005)** *(second alterations and omission in original) (Internal quotation marks omitted)* (quoting **Cleveland**, *531 U.S. at 26*).

The Conspiracy and Aggravated Identity Theft charges raise no separate issues. None of the parties doubt that those charges stand or fall with those three substantive offenses *(Counts 2, 3 and 4)*. If there was property fraud here, there was also conspiracy to commit it. But if no, not.

The Supreme Court in *Dubin* has traditionally exercised restraint in assessing the reach of a federal criminal statute. This restraint arises bot out of deference of the prerogatives of Congress and out of concern that a fair warning should be given to the word in language that the common word will understand of what the law intends to do if a certain line is passed. After all, crimes are supposed to be defined by legislature, not by clever prosecutors riffing on equivocal language.

A court cannot construe a criminal statute on the assumption that the Government will use responsibly. To rely upon prosecutorial discretion to narrow the otherwise wide-ranging scope of a criminal statutory language places great power in the hands of the prosecutor. See; *Dubin v United States, 216 L. Ed. 2d 136, 2023 U. S. Lexis 2420, 143 S. Ct. 1557 (2023).*

## SUPREME COURT'S RECENT DECISIONS

### *Ciminelli v United States, 143 S. Ct. 1121 (2023);*

Justice *Thomas* delivered the opinion of the Court: The Wire Fraud statute criminalizes "scheme[s] or artifice[s] to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises." **18 U.S.C. 1343** although the statute is phrased in the disjunctive, we have consistently understood the "money or property" requirement to limit the "scheme or artifice to defraud" element because the "common understanding" of the words "to defraud" when the statute was enacted referred "to wronging one in his property right. *Cleveland, 531 U.S. at 19, 121 S. Ct. 365, 148 L. Ed. 2D 221 (internal quotation marks omitted).*

7

This understanding reflects not only original meaning of the text, but also that the fraud statutes do not vest a general power in "the federal Government...to enforce *(its view of)* integrity in broad swaths of state and local policy-making." *Kelly v United States,* 590 U.S.\_,\_,140 S. Ct. 1565, 206 L. Ed. 2D 882 (2020)(split op., at 12). Instead, those statutes "protect property rights only." *Cleveland,* 521 U. S. at 19. Accordingly, the Government must prove not only that wire fraud defendants "engaged in deception," but also that money or property was "an object of their fraud." *Kelly v United States,* 590 U.S.\_,\_,140 S. Ct. 1565, 206 L. Ed. 2D 882 (2020)(split op., at 7)(alterations omitted).

## *Percoco v United States, 143 S. Ct. 1130 (2023);*

Justice *Alito* delivered the opinion of the Court: Stating that in *Mc-Nally v United States,* 483 U. S. 350 (1987) holding on honest services fraud, however, lasted for less time than *Margiotta's* "Congress responded swiftly" and enacted *18 U.S.C. 1346,* which provides that the "'the term "scheme or artifice to defraud, " "'which appears in both *1341* and *1343,* "includes a scheme or artifice to deprive another of the intangible right of honest services." *Skilling,* 561 U. S., at 402, 130 S. Ct. 2896, 177 L. Ed. 2D 619 (quoting *18 U.S.C. 1346).*

Decades later this Court considered and rejected the board argument that *1346* is unconstitutional vague, and in doing so, clarified the meaning of the phrase "the intangible right of honest services." *id. At 402-405. [\*\*314].* noting in *1346*'s use of "[T]he definite article "the" ' "in the phrase "the intangible right of honest services, "we held that *1346* covers the "core" of *per-McNally* honest services case law and did not apply to "all intangible right of honest services whatever they might be thought to be.'"

Percoco challenges the *Margiotta's* theory that underlay the Jury instructions in this case, and we must therefore decide whether those instructions are correct. **<u>We hold that they are not.</u>**

### *Dubin v United States, 134 S. Ct. 1557 (2023);*

A defendant "use" another person's means of identification "in relation to" a predicate offense when this use is at the crux of what makes the conduct criminal. To be clear, being at the crux of the criminality requires more than a casual relationship, such as "facilitation" of the offense or being a but-for cause of its "success." Instead, with fraud or deceit crimes, the means of identification specifically must be used in a manner that is fraudulent or deceptive. Such fraud or deceit going to identity can often be succinctly summarized as going to "who" is involved. *See; Dubin, supra*.

### *United States v Abdelaziz, 68 F.4th 1 (1st Cir. 2023);*

We emphasize the narrowness of our holding: we do not hold that the admission slots cannot ever be property. Nor do we hold that the jury instructions given by the District Court could never be appropriate. The resolution of these questions will require much more detail, both legal and factual, on the nature of the purported property interest at issue. It may well be that there must be resolution of disputed facts by a jury and resolution of the ultimate legal question by the court.

A Court may well be able to validly conclude on the evidence in a particular case that admissions slots constitute property. Such increased detail would better position a District Court to consider, for example, whether dictionaries, case law, treatises, or other legal sources establish that similar interest are treated as property, *See, e. g., id. At 356*

9

*(citing such sources);* ***Carpenter v United States****, 484 U. S. 19, 26, 108 S. Ct. 316, 98 L. Ed. 2d 275 (1987)(similar)*, and whether expert educational and/or economic evidence is warranted. But here, the Government does not identify from the record of this case adequate details about the admissions slots at issue, or admissions slots generally, that would support the instructions given. Thus, we see no basis for concluding that the District Court validly instructed the jury that "for purposes of the Mail and Wire Fraud statutes, admission[s] slots are property of the [u]niversities."

We hold that, based on the arguments made by the Government, the District Court's jury instructions was error. We therefore vacate the defendant's convictions on *Mail* and *Wire Fraud* charges, including the related *Conspiracy* charges.

## Rule of Lenity

The Supreme Court has instructed that ambiguity concerning the ambit of criminal statutes, including the mail and wire fraud statutes, should be resolved in favor of lenity. Similarly in the honest services context, the court has repeatedly declined to construe federal criminal statutes in a manner that leaves their outer boundaries ambiguous and involves the federal Government in setting standards of good Government for local and state officials. See; ***United States v Abdelaziz****, 68 F.4th 1 (1st Cir. 2023)*

The Supreme Court stated in ***Cleveland*** *531 U.S. at 19, 121 S. Ct. 365, 148 L. Ed. 2D 221 (internal quotation marks omitted)*: To the extent that the word "property" is ambiguous as placed in [the mail and wire fraud], we have instructed that "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity. "This interpretive guide is especially appropriate in construing [the mail and wire fraud statutes] because...mail [and wire] fraud [are] predicate offense[s] under RICO... in

10

deciding what is "property" [in this [**70] context], we think "it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite." *See;* ***Abdelaziz, Supra.***

## *Black's Law Dictionary Sixth Pocket Edition:*

**Property:** Collectively, the rights in a valued resource such as land, chattel.

**Personal Property:** Any movable or intangible thing that is subject to ownership and not classified as real property.

**Private Property:** Property – protected from public appropriation – over which the the owner has exclusive and absolute rights.

**Intangible Property:** Property that lacks a physical existence · Example includes stock options and business goodwill.

## Request for Oral Argument

Pursuant to Local Rule 7.1 (d.), the defendant, Mr. Prado, is respectfully requesting all oral argument on his motion to dismiss third superseding indictment because he believes that such argument will be of assistance of the court.

## Conclusion

Based on above legal arguments and Supreme Court Authority, the charged Defendant Mr. Prado requests this Honorable District Court to use its supervisory powers to dismiss his third superseding indictment for failing to state a valid offense to avoid a further miscarriage of justice.

Respectfully Submitted<br>
Thiago De Souza Prado

## Certificate of Service

I, Thiago De Souza Prado, place the said above Motion in the Mail Box under the Mail Box rule here at the Donald Wyatt Detention Facility to be mailed to the following:

United States District Court<br>
The Office of the Clerk<br>
1 Courthouse Way<br>
Boston MA 02210

Respectfully Submitted<br>
Thiago De Souza Prado<br>
950 High Street<br>
Central Falls, RI 02863