# Exhibit 1

2010 WL 276336
Only the Westlaw citation is currently available.
United States District Court, D. Massachusetts.

UNITED STATES of America,
v.
Nicholas DJOKICH and Eginardo Deangelis, Defendants.

Cr. No. 08–10346–MLW.
|
Jan. 19, 2010.

**Attorneys and Law Firms**

James F. Lang, Robert E. Richardson, United States Attorney's Office, Boston, MA, for United States of America.

Jeffrey A. Denner, R. Bradford Bailey, Gary G. Pelletier, Paul J. Andrews, Jr., Denner Pellegrino LLP, Boston, MA, for Defendants.

*MEMORANDUM AND ORDER*

WOLF, District Judge.

*1 On January 14, 2010, the court held a hearing regarding defendant Djokich's Motion for Order Compelling the Production of Certain Requested Documents and Records (the "Motion to Compel"). Argument regarding the Motion to Compel necessarily included preliminary discussion of the proper time for deciding and merits of defendant Nicholas Djokich's Motion to Dismiss based on alleged manufactured jurisdiction, a series of related possible bases for relief discussed in cases such as *United States v. Archer*, 486 F.2d 670 (2d Cir.1973), and *United States v. Wallace*, 85 F.3d 1063 (2d Cir.1996).

To the extent that the question of whether the government improperly manufactured jurisdiction is one to be decided by the court, the court will resolve it after hearing the evidence presented to the jury at trial, and perhaps additional evidence. See Fed.R.Crim.P. 12(b)(2), (d). Rule 12(b)(2) generally provides for pretrial decisions on motions if they can be "determine[d] without a trial of the general issue." However, Rule 12(d) permits the court to defer ruling on a pretrial motion if there is good cause to do so. As the First Circuit stated in *United States v. Barletta*, the court must defer deciding the motion if it "require[s] review of a substantially complete portion of the evidence to be introduced at trial." 644 F.2d 50, 58 (1st Cir.1981). Even if that is not the case, "where a decision requires more than a *de minimis* review of evidence relevant to the general issue but less than a substantially complete duplication of such evidence, the provision vests the timing of the decision in the sound discretion of the district court." *Id.*

Here, deciding whether the government improperly manufactured jurisdiction appears to require hearing substantially all of the evidence the court expects the government to present to the jury at trial to prove the existence of the alleged conspiracy to commit kidnaping and murder. Specifically, both issues will require evidence of the sequence and substance of the communications and transactions between the defendants and the government's agents. Accordingly, it is appropriate, if not necessary, that the court defer until trial any decision regarding the Motion to Dismiss that must be decided by the court rather than the jury. See Fed.R.Crim.P. 12(d); *Barletta*, 644 F.2d at 58; *United States v. Jalbert*, 242 F.Supp.2d 44, 45–46 (D.Me.2003). The court notes that, although the cases do not always clearly indicate when the issue was decided, it appears that those in which the court decided the issue of manufactured jurisdiction involved post-trial claims for relief. See, e.g., *United States v. Coates*, 949 F.2d 104, 105 (4th Cir.1991); *United States v. Podolsky*, 625 F.Supp. 188, 190 (N.D.Ill.1985), aff'd, 798 F.2d 177 (1986). But see, e.g., *United States v. Mayer*, 503 F.3d 740, 747 (9th Cir.2007).

In addition, the court has reached several tentative conclusions regarding the defense of manufactured jurisdiction. First, to the extent that the Motion to Dismiss raises the issue of whether the government engaged in outrageous misconduct in violation of the defendant's right to due process, it presents a question to be decided by the court rather than by the jury. See *United States v. Luisi*, 482 F.3d 43, 58 (1st Cir.2007) ("Outrageous government conduct is an issue of law, and it is the province of the district court—and not the jury—to rule on a defendant's motion to dismiss on that ground."); *Wallace*, 85 F.3d at 1065–66.

*2 Second, to the extent this defense presents the issue of whether the defendant was improperly lured into the United States to commit a federal offense, it presents a question to be decided by the jury if the defendant adduces sufficient

evidence of such entrapment at trial to justify an instruction on this issue. *See United States v. Vasco*, 564 F.3d 12, 18, 20 (1st Cir.2009); *Luisi*, 482 F.3d at 51–58.

Third, the motive for the government's actions is not relevant to either the due process or entrapment issues. *See Wallace*, 85 F.3d at 1065–66; *United States v. Robinson*, 763 F.2d 778, 783 (6th Cir.1985); *United States v. Smith*, 817 F.Supp. 1366, 1369 (E.D.Ky.1993). It is, therefore, not a proper subject for discovery in this case as the court now understands it.

Accordingly, for the foregoing reasons, which were amplified in court on January 14, 2010, it is hereby ORDERED that:

1. By February 5, 2010, the parties may file supplemental memoranda addressing the court's tentative conclusions regarding manufactured jurisdiction and any related issues. Any responses shall be filed by February 12, 2010.

2. A further hearing on the issues concerning manufactured jurisdiction and other pending motions, including the Motion for Severance, will be held on March 3, 2010, at 3:00 p.m.

3. To the extent that Defendant's Motion to Dismiss (Docket No. 55) requests dismissal, it will be decided after trial. To the extent that Defendant's Motion to Dismiss (Docket No. 55) and related submissions request an evidentiary hearing prior to trial, they are DENIED without prejudice. Any party may request that the court reconsider these decisions in the submissions to be made by February 5, 2010.

4. The Motion for Order Compelling the Production of Certain Requested Documents and Records (Docket No. 73) is DENIED without prejudice.

5. The Government's Motion to File Oversized Memorandum in Opposition to Defendant Djokich's Motion to Dismiss (Docket No. 63) is ALLOWED.

6. Trial will commence on May 3, 2010.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 276336

---

End of Document                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2023 Thomson Reuters. No claim to original U.S. Government Works.                    2