United States District Court
District of Massachusetts

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Case No. 1:21-CR-10158-MLW |
| V. | ) | |
| | ) | |
| Thiago De Souza Prado | ) | <u>08 / 08 /2023</u> |
| Defendant, | ) | |

**MOTION TO DISMISS THIRD SUPERSEDING INDICTMENT OR RECUSE PROSECUTOR (JOSHUA S. LEVY) ON SOLID GROUNDS OF 5th, 6th AMEND. CONST. RIGHT TO FAIR TRIAL, DUE PROCESS VIOLATION AND PREJUDICIAL CONFLICTS OF INTEREST IN LIGHT OF STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984); CUYLER V. SULLIVAN, 446 U.S. 335 (1980); UNITED STATES v. JOHN DOLAN, 570 F.2d 1177 (3th Cir. 1978). PURSUANT TO FED. R. CRIM. P. 12(b)**

The charged Defendant, Mr. Thiago De Souza Prado exercising his constitutional right to self-representation Pro-Se/Hybrid respectfully moves this Honorable District Court to dismiss his third superseding indictment for violation of his *6th Amend. Const. Right to fair trial and violation of his Due Process*, in light of Supreme Court **Strickland v. Washington**, *466 U.S. 668 (1984);* **Cuyler v. Sullivan**, *446 U.S. 335, 100 S. Ct. 1708 (1980).* Pursuant to *Fed. R. Crim. P. 12(b).*

## <u>Sixth Amendment Constitutional Right</u>

The Sixth Amendment of the United States Constitution, U.S. Const. amend. VI, guarantees each defendant the "assistance of counsel for his defense." This guarantee "contemplates that such assistance be untrammeled and unimpaired."

Representation of co-defendants by one attorney, when it is possible to discern a prejudicial conflict of interest arising therefrom, is not "untrammeled and unimpaired" and will constitute a constitutionally defective denial of effective counsel.

1

## Due Process Clause

THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENT PROVIDES:

This clause raises an impenetrable barrier to the taking of a person's possessions, or liberty, or life. *See **Fuentes v. Shevin**, 470 U.S. 67, 81, 32 l. Ed 2d 556, 92 S. Ct. 1983 (1972)*. Procedural Due Process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of Life, Liberty, or Property. Thus, in deciding what process constitutionally is due in various contexts, the court repeatedly has emphasized that "procedural due process rules are shaped by the risk of error inherent in the truth finding process." *See **Mathews v. Eldridge**, 424 U.S. 319, 344, 47 L Ed 2d 18, 96 S. Ct. 893 (1976)*.

## Legal Standard on a Motion to Dismiss

## Fed. R. Crim. P. 12(b)

The First Circuit District Court in the case of ***United States v. Bulger**, (citations omitted)* the court has held that; *"Properly viewed, Fed. R. Crim. P. 12 is intended to encourage the resolution of disputes of law prior to trial. To this end, the rule permits the filing of pretrial motions relative to any defense, objection, or request that the court can determine without a trial of the general issue, Fed. R. Crim. P. 12(b), and requires the court to decide any such motion if deferring a ruling on a motion would adversely affect a party's right to appeal, or where no good cause for deferral exists.*

*The objections and defenses referred to in Fed. R. Crim. P. 12(b)(2) are all legal bars to prosecution: former jeopardy, former conviction and former acquittal, and statute of limitations. 'Lack of jurisdiction' and 'failure of indictment or information to state an offense' similarly preclude prosecution entirely when raised by substantiated motion. Immunity is no different. It is a legal bar to prosecution, not a defense at trial."*

## **Reasons to grant Mr. Prado's motion**

The Defendant's argument in that the Government has violated his Constitutional right to a Fair Trial when Mr. Prado's court appointed lawyer Mr. Joshua S. Levy withdraw himself from the defense side and later became the Acting United States Attorney for the District of Massachusetts and subsequently stated working with the prosecution side against Mr. Prado' defense.

Mr. Prado contends that will be impossible for this Honorable District Court to provide a Fair Trial to Mr. Prado. When a defense lawyer (Joshua Levy) that had access to all confidential information about this present matter, and all personal information that Mr. Prado had never shared with anyone before (ex: email and password), now Mr. levy in on the prosecution side trying to convict Mr. Prado.

The defendant states that previous unethical statements from Mr. Levy to Mr. Prado raised a presumption to the defendant that no secrets will be kept between prosecution and Mr. Levy. Example: Mr. Levy told Mr. Prado that the prosecutor Mr. David Holcomb had previously worked for Mr. Levy and he knew Mr. Holcomb very well and also Mr. Levy knew how Mr. Holcomb works and he was very familiar with the prosecutors, because he used to be a prosecutor too.

Mr. Prado also states that his relationship with Mr. Levy did not ended well, on the last zoom meeting Mr. Prado confronted Mr. Levy with some misleading law that Mr. Levy told Mr. Prado, and Mr. Prado subsequently called Mr. Levy a liar. Which he did not appreciate it. After that date Mr. Prado sent few messages to Mr. Levy through Mr. Prado's wife (emails) and also sent a letter to the court asking for another lawyer and explained the reasons for the lack of communication and lack of thrust.

The charged defendant assert that he never signed a waiver of conflicts of interest to Mr. Levy and was never informed that Mr. Levy became the Acting United States Attorney for this District…

Mr. Prado also believe that the Government violated his Due Process rights to effective assistance of counsel because By Mr. Levy defense lawyer and now being part of the prosecution team, presumably lead the prosecution how to prosecute this matter to circumvent Mr. Prado's defense strategies, since Mr. Levy is very familiar with Mr. Prado's case and facts of the defense, based on all the facts that he learn from Mr. Prado.

The defendant believe that the government violates the right to effective assistance of counsel when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense.

## Supreme Court's decisions

### Strickland v. Washington, 466 US 668 (1984)

In the Supreme Court case of **Strickland v. Washington**, *466 US 668 (1984)* has made it clear:

In representing a criminal defendant, counsel owes the client a duty of loyalty, a duty to avoid conflicts of interest, a duty to advocate the defendant's cause, a duty to consult with the defendant on important decisions, a duty to keep defendant informed of important developments in the course of the prosecution, and a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process.

Prejudice to a criminal defendant by reason of his counsel's conflict of interest is presumed only if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance.

In adjudicating a claim of actual ineffectiveness of criminal defense counsel, the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged and on whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.

One type of actual ineffectiveness claim warrants a similar, though more limited, presumption of prejudice. In **Cuyler v Sullivan**, *446 US, at 345-350, 64 L Ed 2d 333, 100 S Ct 1708*, the Court held that prejudice is presumed when counsel is burdened by an actual conflict of interest. In those circumstances, counsel breaches the duty of loyalty, perhaps the most basic of counsel's duties. Moreover, it is difficult to measure the precise effect on the defense of representation corrupted by conflicting interests. Given the obligation of counsel to avoid conflicts of interest and the ability of trial courts to make early inquiry in certain situations likely to give rise to conflicts, see, e.g., *Fed. Rule Crim. Proc 44(c)*, it is reasonable for the criminal justice system to maintain a fairly rigid rule of presumed prejudice for conflicts of

interest. Even so, the rule is not quite the per se rule of prejudice that exists for the Sixth Amendment claims mentioned above. Prejudice is presumed only if the defendant demonstrates that counsel "actively represented conflicting interests" and that "an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v Sullivan, supra, at 350, 348, 64 L Ed 2d 333, 100 S Ct 1708 (footnote omitted).*

Conflict of interest claims aside, actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice.  The government is not responsible for, and hence not able to prevent, attorney errors that will result in reversal of a conviction or sentence. Attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. They cannot be classified according to likelihood of causing prejudice. Nor can they be defined with sufficient precision to inform defense attorneys correctly just what conduct to avoid. Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another.  Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must show that they actually had an adverse effect on the defense.

It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, *cf. United States v Valenzuela-Bernal, 458 US 858, 866-867, 73 L Ed 2d 1193, 102 S Ct 3440 (1982)*, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. Respondent suggests requiring a showing that the errors "impaired the presentation of the defense." Brief for Respondent 58.  That standard, however, provides no workable principle.  Since any error, if it is indeed an error, "impairs" the presentation of the defense, the proposed standard is inadequate because it provides no way of deciding what impairments are sufficiently serious to warrant setting aside the outcome of the proceeding.

On the other hand, we believe that a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case. This outcome-determinative standard has several strengths. It defines the relevant inquiry in a way familiar to courts, though the inquiry, as is inevitable, is anything but precise. The standard also reflects the profound importance of finality in criminal proceedings.

"A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding. The right to counsel is the right

to effective assistance of counsel. ***Mcmann v. Richardson***, *397 US 759, 771, n 14, 25 L Ed 2d 763, 90 S. Ct. 1441 (1970)*. The government violates the right to effective assistance of counsel when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense. *See **Ferguson v. Georgia**, 365 US 570, 593-596, 5 L Ed 2d 783, 81 S. Ct. 756 (1961) (bar on direct examination of defendant)*. Counsel, however, can also deprive a defendant of the right to effective assistance, simply by failing to render "adequate legal assistance", ***Cuyler v. Sullivan***, *446 US, at 344, 64 L Ed 2d 33, 100 S. Ct. 1708.*

 "Government violates the right to effective assistance of counsel when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense."

## CUYLER v. SULLIVAN, 100 SCT 1708, 446 US 335

Multiple representation in the sense that the same counsel actively represented two or more defendants charged with the same crime does not violate the Sixth Amendment unless it gives rise to a conflict of interest, and since a conflict of interest inheres in almost every instance of multiple representation, a defendant who objects to it must have the opportunity to show that a potential conflict impermissibly imperils his right to a fair trial; unless the trial court fails to afford such an opportunity, however, a reviewing court cannot presume that the possibility for conflict has resulted in ineffective assistance of counsel, since such a presumption would preclude multiple representation even in cases where a common defense gives strength against a common attack.

In order to establish a Sixth Amendment violation arising from multiple representation by an attorney, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance, and until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance of counsel; such unconstitutional multiple representation is never harmless error, and accordingly a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief, the conflict itself demonstrating a denial of the right to have the effective assistance of counsel.

**UNITED STATES v. JOHN DOLAN, 570 F.2d 1177 (3th Cir. 1978)**

ABA Standards Relating to the Prosecution Function and the Defense Function § 3.5 (Approved Draft 1971) at 211. To the same effect is the Code of Professional Responsibility, DR5-105 (Refusing to Accept or Continue Employment if the Interests of another Client May Impair the Independent Professional Judgment of the Lawyer). If the trial judge finds that no competent waiver can be made, then the defendant cannot "give an informed consent," and the attorney runs the risk of disciplinary proceedings if he refuses to *{1978 U.S. App. LEXIS 15}* withdraw from the case. See *Geer*, Conflict of Interests.

Altogether, then it would seem logical that a defendant could waive the right to have the counsel of his choice free from any conflicts of interest. ***United States v. Garcia***, *517 F.2d 272, 277 (5th Cir. 1975)*. This line of reasoning is not persuasive, however, because it runs contrary to express language in ***Faretta***. The Court stated that while the right of self-representation is necessarily implied by the structure of the sixth amendment, it is an independent right which does not arise mechanically from a defendant's power to waive the right to the assistance of counsel, *422 U.S. at 819-20 & n.15*. Because the source of the right of self-representation in the sixth amendment is independent from the right to assistance of counsel, the absolute right to self-representation does not imply the absolute right to counsel of one's choice. ***Geer, Conflict of Interests***. *See also* ***United States v. Sexton***, *473 F.2d 512 (5th Cir. 1973)*, (while the sixth amendment grants a criminal defendant an unqualified right to assistance of counsel, it does not necessarily follow that his right to particular *{1978 U.S. App. LEXIS 18}* counsel is absolute and unqualified).

*In* ***United States v. Dardi***, *330 F.2d 316 (2d Cir.), cert. denied, 379 U.S. 845, 13 L. Ed. 2d 50, 85 S. Ct. 50 (1965)*, the Second Circuit held that the right to be represented by a particular attorney is not absolute when it would unduly delay and require the adjournment of a trial because of counsel's illness. Accord, ***Maynard v. Meachum***, *545 F.2d 273 (1st Cir. 1976)*. Under such circumstances, temporary assignment of a co-defendant's counsel when there appears to be no conflict of interest is not, in itself, a denial of effective assistance of counsel. ***United States v. Dardi***, *supra, at 335*. Moreover, an indigent defendant does not have an absolute right to the assignment of counsel of his or her own choice; rather, the appointment is left to the sound discretion of the court. E.g., ***United States v. Smith***, *464 F.2d 194,*

197 *(10th Cir. 1972)*. If the right to particular counsel is not absolute for an indigent or when it will unduly delay or subvert judicial proceedings, then certainly "the sixth amendment should not be interpreted to allow a defendant to sanction *{1978 U.S. App. LEXIS 19}* a lawyer's breach of ethical duties, when such duties serve the public interest as well as the client's. " *Geer, Conflict of Interests*.

Faced with an actual serious conflict of interest, rather than a mere possibility, in which it is obvious that Mr. DeLuca cannot "adequately represent the interest" of his client, Dolan, must the court accede to Dolan's waiver of conflict of interest? 11 We think not. In the current effort to elevate the standards of the organized bar, the ABA Code of Professional Responsibility provides that "a lawyer may represent multiple clients [only] if it is obvious that he can adequately represent the interest of each . . . ." ABA Code of Professional Responsibility (1975) DR5-105(C). Accordingly, we hold that when a trial court finds an actual conflict of interest which impairs the ability of a criminal defendant's chosen counsel to conform with the ABA Code of Professional Responsibility, the court should not be required to tolerate an inadequate representation of *{1978 U.S. App. LEXIS 22}* a defendant. Such representation not only constitutes a breach of professional ethics and invites disrespect for the integrity of the court, but it is also detrimental to the independent interest of the trial judge to be free from future attacks over the adequacy of the waiver or the fairness of the proceedings in his own court and the subtle problems implicating the defendant's comprehension of the waiver. 12 Under such circumstances, the court can elect to exercise its supervisory authority over members of the bar to enforce the ethical standard requiring an attorney to decline multiple representation. See Note, Conflict of Interests in Multiple Representation of Criminal Co-Defendants, *68 Crim. L. & C. 226, 250 (1977)*. *{1978 U.S. App. LEXIS 23}* Accordingly, the order of the district court disqualifying Attorney DeLuca will be affirmed.

## **Request for Oral Argument**

Pursuant to Local Rule 7.1 (d.), the defendant, Mr. Prado, is respectfully requesting all oral argument on his motion to dismiss third superseding indictment because he believes that such argument will be of assistance of the court.

## <u>Conclusion</u>

Based on above legal arguments and Supreme Court Authority, the charged Defendant Mr. Prado requests this Honorable District Court to use its supervisory powers to dismiss his third superseding indictment or disqualify the prosecutor Joshua S. Levy for conflicts of interest to avoid a further miscarriage of justice.

Respectfully Submitted
Thiago De Souza Prado

Signed by Thiago Prado

_____

United States District Court

District of Massachusetts

United States of America )
) Case No. 1:21-CR-10158-MLW
V. )
)
(7) Thiago De Souza Prado )    08/ 08 /2023
Defendant, )

**Defendant's Re Affidavit in Support of – MOTION TO DISMISS THIRD SUPERSEDING INDICTMENT OR RECUSE PROSECUTOR (JOSHUA S. LEVY) ON SOLID GROUNDS OF 6th AMEND. CONST. RIGHT TO FAIR TRIAL, DUE PROCESS VIOLATION AND PREJUDICIAL CONFLICTS OF INTEREST.**

### Under The Pains and Penalty of Perjury:

I, Thiago De Souza Prado, is the affiant in this said affidavit who swears under the penalty of perjury to the following facts and circumstances:

1. I swears under oath that I have been deprived of my right to fair trial due the fact of conflicts of interest.

2. I swear under oath that I never had been informed that Mr. Levy became the Acting United States Attorney for the District of Massachusetts.

3. I swear under oath that I give Mr. Levy true facts of my case and access to my defense strategies.

4. I swear under oath that sent emails through my wife and also sent a letter to the court explained the lack of communication and thrust between me and Mr. Levy.

   **Sworn to under the pains and penalties of perjury on this day of      08 / 08 /2023**

Respectfully Submitted by
Thiago De Souza Prado

Signed by Thiago Prado

10