UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THIAGO DE SOUZA PRADO,<br><br>Defendant | No. 21-cr-10158-7-MLW |

**GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS
THE THIRD SUPERSEDING INDICTMENT**

The defendant has moved *pro se* to dismiss the Third Superseding Indictment ("TSI" (ECF 1038)) under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) for failure to state the offenses of wire fraud conspiracy and wire fraud, in Count One and in Counts Two to Four, respectively. (Mot. at 4 (ECF 1088-1)). The defendant argues that these charges fail adequately to allege a scheme to defraud, given the holding in *Ciminelli v. United States*, 143 S. Ct. 1121 (2023), that the wire fraud statute only reaches traditional property interests. This argument is fundamentally flawed because, as the defendant concedes, the TSI alleges that he schemed to get "money" from rideshare companies using fraudulent driver accounts. (Mot. at 4.) Money is traditional property. The TSI nowhere alleges that the scheme aimed to steal intangible property or that fake driver accounts are the property at issue in this case. Rather, the TSI alleges that the fraudulent accounts were the manner and means of the scheme, *i.e.*, the "false or fraudulent pretense" through which the defendant stole money. Accordingly, the Court should deny the defendant's motion.

LEGAL FRAMEWORK

A motion to dismiss under Rule 12(b)(3) must be raised before trial if the motion can be determined "without a trial on the merits." Fed. R. Crim. P. 12(b)(3); *see also, e.g.*, *United States v.*

*Covington*, 395 U.S. 57, 60 (1969) (holding a pretrial motion to dismiss an indictment is ripe only if "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense"); *cf. United States v. Djokich*, No. 08-10346-MLW, 2010 U.S. Dist. LEXIS 9965, at *1-2 (D. Mass. Jan. 19, 2010) ("[T]he court must defer deciding the motion if it 'require[s] review of a substantially complete portion of the evidence to be introduced at trial.'" (quoting *United States v. Barletta*, 644 F.2d 50, 58 (1st Cir. 1981))).

In deciding a motion to dismiss, the question for the Court is "solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense." *United States v. Savarese*, 686 F.3d 1, 7 (1st Cir. 2012). An indictment only needs a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment can satisfy this requirement if it outlines the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense. *United States v. Stepanets*, 879 F.3d 367, 372 (1st Cir. 2018) (quoting *United States v. Guerrier*, 669 F.3d 1, 3 (1st Cir. 2011)). It is settled law that "an indictment that tracks a statute's terms is legally sufficient" provided it also "lets the defendant know the 'general factual scenario on which the charges rest.'" *Id.* at 372-73 & n.4.

Moreover, if an indictment charges multiple means of violating a statute in the conjunctive, "a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive." *United States v. Pena*, 24 F.4th 46, 75 (1st Cir. 2022) (quoting *United States v. Garcia-Torres*, 341 F.3d 61, 66 (1st Cir. 2003)); *see also United States v. Gerhard*, 615 F.3d 7, 31 (1st Cir. 2010) ("We have routinely affirmed the use of the conjunctive in indictments followed by the use of the disjunctive in jury instructions." (citing *United States v. Capozzi*, 486 F.3d 711, 718 (1st Cir. 2007))).

The wire fraud statute prohibits using an interstate wire to execute a "scheme . . . to defraud, or for obtaining money or property by means of false and fraudulent pretenses." 18 U.S.C. § 1343; *see also United States v. DiRosa*, 761 F.3d 144, 150 (1st Cir. 2014); *United States v. Tum*, 707 F.3d 68, 75 (1st Cir. 2013); *United States v. Harris*, No. 09-10243-MLW, 2012 U.S. Dist. LEXIS 87771, at *10-11 (D. Mass. June 26, 2012) (same). For the purposes of 18 U.S.C. § 1343, a scheme to defraud must involve deprivation of "traditional property interests." *Ciminelli*, 143 S. Ct. at 1124 (citing *Cleveland v. United States*, 531 U. S. 12, 24 (2000)).

## ARGUMENT

The defendant argues that the TSI does not state an offense because, according to him, it only alleges deprivation of intangible property (fake driver accounts). Yet the defendant also acknowledges that, in fact, the TSI alleges a scheme "to obtain money." (Mot. at 4.) His argument thus fails by its own terms. The defendant has confused the object of the fraud ("money and property") with the manner and means of the fraud (creating and using fake driver accounts).

Under First Circuit precedent, an indictment that "tracks a statute's terms is legally sufficient if the indictment itself gives the defendant adequate notice of the charges she must meet." *Stepanets*, 879 F.3d at 372 (*citing Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887 (1974); *United States v. Savarese*, 686 F.3d 1, 6 (1st Cir. 2012); and *United States v. Troy*, 618 F.3d 27, 34 (1st Cir. 2010)). The TSI does exactly that. The charging paragraphs for Counts One through Four both mirror 18 U.S.C. § 1343's language: "to obtain money and property by means of materially false and fraudulent pretenses." *Compare* 18 U.S.C. § 1343 with TSI ¶¶ 28 and 30. To the extent the defendant suggests that because the TSI alleges that he aimed to obtain money *and* property, the government must prove that he intended to obtain *both* money *and* property, he is wrong. *See Pena*, 24 F.4th at 75. The First Circuit has long recognized that an indictment can

3

charge a crime in the conjunctive but that the charged crime can be proven in the disjunctive. *Id.* The defendant cannot seriously contend that, under *Cimonelli*, the wire fraud statute does not reach the theft of money through the false pretense of fraudulent driver account. The TSI also provides detailed allegations of the facts and circumstances of the scheme to defraud to inform the defendant about the specific offenses with which he has been charged. *See* TSI ¶¶ 20-26. It alleges dates, transactions, conduct, and the identities of the co-conspirators. *Id.* That is sufficient to state an offense for the purposes of Rule 12(b)(3). *See Savarese*, 686 F.3d at 6 (*citing United States v. Mojica-Baez*, 229 F.3d 292, 309 (1st Cir. 2000)).

The defendant is therefore wrong when he argues that this Court must decide whether rideshare company driver accounts are property.[1] That is not what the government alleges, and the TSI repeatedly describes driver accounts as the instruments used to defraud the rideshare companies. *See*, *e.g.*, TSI ¶ 13 ("executed a scheme to defraud by creating, using, renting out, and selling fraudulent driver accounts"), ¶ 14 ("to create fraudulent Rideshare Company accounts … to sell to others who were involved in schemes to defraud Rideshare Companies"). The TSI explicitly states that, while the fraudulent driver accounts were the means of the fraud, the object was to get *money*. *Compare* TSI ¶ 17 with ¶ 18. The Court does not need to decide whether driver accounts are property because the defendant is not charged with stealing such accounts. He is charged with stealing money from rideshare companies through fraudulent accounts created with stolen or misappropriated identities.

---

[1] The defendant acknowledges that if the government has alleged theft of a traditional property interest such as money, his motion must fail. *See* Mot. at 6 ("The Conspiracy and Aggravated Identity Theft charges raise no separate issues. . . . If there was property fraud here, there was also conspiracy to commit it.").

To the extent that the defendant challenges whether the government can prove that the object of the scheme was money, that is an issue for trial, not a motion to dismiss. "Indeed, courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations." *United States v. Ngige*, 780 F.3d 497, 502 (1st Cir. 2015).

Accordingly, the Court should deny the defendant's motion because the TSI correctly states the elements of wire fraud by tracking the statutory language and detailing conduct constituting the fraud; because an indictment that charges objects in the conjunctive ("money and property") can be proven in the disjunctive ("money" or "property"); and because the Court should not consider the sufficiency of the government's evidence in deciding a motion to dismiss.

Respectfully submitted,

ZACHARY A. CUNHA
United States Attorney
Acting Under Authority
Conferred by 28 U.S.C. § 515

By:   /s/Kriss Basil
      DAVID M. HOLCOMB
      KRISS BASIL
      Assistant United States Attorneys
      U.S. Attorney's Office
      District of Massachusetts

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/Kriss Basil
KRISS BASIL
Assistant U.S. Attorney