UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THIAGO DE SOUZA PRADO,<br><br>    Defendant | No. 21-cr-10158-7-MLW |

### GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE THIRD SUPERSEDING INDICTMENT UNDER THE SIXTH AMENDMENT

The defendant Thiago Prado has moved *pro se* to dismiss the Third Superseding Indictment ("TSI" (ECF 1038)) under Federal Rule of Criminal Procedure 12(b) based on an alleged violation of his right to counsel. The defendant argues that his rights were violated because his former counsel, Joshua S. Levy, the First Assistant U.S. Attorney from January 2022 to May 2023 and now the Acting U.S. Attorney for the District of Massachusetts, is "working with the prosecution against Mr. Prado's defense" and is "part of the prosecution team." (Mot. at 3 (ECF 1093-1)).

In fact, Mr. Levy is not now, nor has he ever been part of the prosecution team. At all times since he joined the U.S. Attorney's Office in January 2022, Mr. Levy has been walled off from this case, and the prosecution team has not worked with him on this case, consulted with him about this case, or obtained approvals from him for this case. *See* Aff. of Kriss Basil ("Basil Aff." (Exhibit A)). The prosecution team has no knowledge of any confidential communications between the defendant and Mr. Levy. *See id.* The use of Mr. Levy's name on a signature block in filings in July 2023 was a clerical error. *Id.* Accordingly, there is no conflict, and the Court should deny the motion.

### LEGAL FRAMEWORK

The Sixth Amendment provides the right of a criminal defendant to have the assistance of counsel in his or her defense. United States Const. Amend. 6. This right includes the right to

private communication with his attorney without intrusion by the government.  *See Greater Newburyport Clamshell Alliance v. Pub. Serv. Co. of N.H.*, 838 F.2d 13, 19-20 (1st Cir. 1988) (*citing Weatherford v. Bursey*, 429 U.S. 545, 554 (1977)).  To seek relief based on government knowledge of attorney-client communications, a defendant must both demonstrate intrusion and allege prejudice that resulted.  *See United States v. DeCologero*, 530 F.3d 36, 64 (1st Cir. 2008) (no Sixth Amendment claim asserted where defendant did not allege that confidential information was provided to prosecutor); *see also Weatherford*, 429 U.S. at 558.  There cannot be prejudice to a defendant if the government does not actually receive privileged materials.  *See Greater Newburyport Clamshell Alliance*, 838 F.2d at 20 (no prejudice if the government did not receive confidential information); *United States v. Dyer*, 821 F.2d 35, 38 (1st Cir. 1987) (same).  If a defendant makes a showing that the government received confidential communications, then the government must prove that no prejudice resulted.  *DeCologero*, 530 F.3d at 64 (*citing United States v. Mastroianni*, 749 F.2d 900, 907-8 (1st Cir. 1984)).

Under Massachusetts Rule of Professional Conduct 1.11, the conflicts of interest attributable to an attorney who joins a government agency are not imputed to other attorneys in the government agency.  *See* Mass. R. Prof. Conduct 1.11, Comment 2.

ARGUMENT

The defendant's motion must fail because he has not alleged, nor is there any basis to assert, that Mr. Levy communicated any privileged information to the prosecution team.  At most, the defendant alleges that Mr. Levy knew confidential information, including an email and a password, and that Mr. Levy previously knew the prosecutors.  *See* Mot. at 3.  The prosecution team has no knowledge of the defendant's communications with Mr. Levy, other than as disclosed by the defendant in his *pro se* filing, and they have not consulted or communicated with Mr. Levy about the case.  *See* Basil Aff.  The defendant's right to counsel has not been compromised.

To the extent that the defendant bases his motion on some kind of imputed disqualification, his motion also must fail because such imputation based on mere association cannot constitute prejudice for the purpose of the Sixth Amendment.  The First Circuit rejected an analogous Sixth Amendment claim based on mere association in *DeCologero*.  In that case, the defendant alleged that government informants had received confidential information.  However, the defendant could not allege that the informants passed that information to the prosecutors, who provided affidavits stating that they had not received any information.  The mere fact that informants had the information was not enough to impute it to the prosecutors.  *See DeCologero*, 530 F.3d at 64 (quoting *Weatherford*, 429 U.S. at 558).

For the reasons stated above, the Court should deny the defendant's motion.

        Respectfully submitted,

        ZACHARY A. CUNHA
        United States Attorney
        Acting Under Authority
        Conferred by 28 U.S.C. § 515

By:   /s/Kriss Basil
      DAVID M. HOLCOMB
      KRISS BASIL
      Assistant United States Attorneys
      U.S. Attorney's Office
      District of Massachusetts

## **CERTIFICATE OF SERVICE**

       I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

       /s/Kriss Basil
       KRISS BASIL
       Assistant U.S. Attorney