UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THIAGO DE SOUZA PRADO,<br><br>Defendant | No. 21-cr-10158-7-MLW |

**GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION FOR LEAVE TO FILE REPLIES TO THE GOVERNMENT'S OPPOSITIONS**

With leave of Court, the defendant Thiago Prado filed two *pro se* motions to dismiss the Third Superseding Indictment ("TSI" (ECF 1038)). The government filed opposing memoranda. Now, the defendant seeks leave to file replies. The government respectfully asks the Court to deny the defendant's motion for leave and to strike his proposed replies from the docket because they are "frivolous," as defined by the Court on August 2, 2023. On that day, the Court indicated that it would accept a motion if it met the standard of Federal Rule of Civil Procedure 11: "If it's not filed for an improper purpose, if . . . there's either a justification under existing law or a nonfrivolous argument for extending, revising the law, and that there's a factual foundation." Hr'g Tr. 13-24 (August 2, 2023). The defendant's counsel affirmed that he believed the proposed motions to dismiss were not frivolous, and this Court noted that the cases relied upon by the defendant in his motions were newly decided and could not have been included in earlier motion practice in this case. *Id*.

The defendant's new proposed filings, however, do not meet the standard laid out by the Court on August 2, 2023.

The defendant's proposed reply regarding his right to counsel does not address the factual shortcomings of his purported Sixth Amendment claim, and he makes no argument for revising the legal standard, which requires a prima facie showing that the government obtained confidential

attorney-client information. Absent disclosure of such confidential information, the defendant cannot have been prejudiced under the Sixth Amendment.

The defendant's proposed reply regarding the sufficiency of the wire fraud charges in the TSI rehashes his prior argument, which, as the government previously pointed out, was based on a misreading of the TSI. Now the defendant simply contradicts the TSI. He writes, "The defendant contends that the Government theory that money is 'involve' [sic] fails as a matter of law because the specific intent of the alleged scheme was to create [C]ompany A account[s] in order to obtain employment for drivers, and not to steal any 'money' or property from Companies." Proposed Rely at 3. The TSI plainly does not allege that. Rather, it states, in relevant part, "The principal object of the scheme to defraud . . . was to commit wire fraud . . . [by] creating fraudulent driver accounts . . . *in order to obtain money*." TSI ¶ 17 (ECF 1038) (emphasis added). Other than denying the plain language in the TSI, the defendant's proposed reply does not explain why the allegations do not pass muster under Rule 12.

Accordingly, the government submits that the defendant's proposed replies are frivolous, as defined by this Court; that the Court should not allow them to be filed; that the Court should strike them from the record; and that the Court should rule on the pending motions without further argument from the parties.

        Respectfully submitted,

        ZACHARY A. CUNHA
        United States Attorney
        Acting Under Authority
        Conferred by 28 U.S.C. § 515

By:  /s/Kriss Basil
      DAVID M. HOLCOMB
      KRISS BASIL
      Assistant United States Attorneys
      U.S. Attorney's Office
      District of Massachusetts

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                          /s/Kriss Basil
                                          KRISS BASIL
                                          Assistant U.S. Attorney