UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>THIAGO DE SOUZA PRADO )<br>    Defendant                      ) | CRIMINAL NO. 21-10158-MLW |

MEMORANDUM RE: DA SILVA'S GUILTY PLEA

      The Defendant Prado ("Defendant") has partially objected to Government Exhibit No. 116 (Flavio Da Silva's plea agreement) to the extent that it refers in paragraph 1 to the specific charges which Defendant is being tried for, i.e., conspiracy to commit wire fraud and aggravated identity theft. The Court has directed the parties to submit memoranda on the question of whether prejudice from the admission of Da Silva's plea to the specific charges that Defendant is on trial for may be cured by jury instruction. The Defendant submits that a jury instruction will not cure the prejudice. While in general the Government is entitled to introduce into evidence the plea agreement of a cooperating witness and curative instructions may cure any prejudice [see *United States v. Dockray*, 943 F.2d 152, 157 (1st Cir. 1991) and *United States v. Tse*, 135 F. 3d 200, 207 (1st Cir. 1998)], the probative value of the specific charges in this case is substantially outweighed by the danger of unfair prejudice. See Federal Rule of Evidence 403.

      In the 403 analysis, the redaction of the specific charges from the plea agreement would not materially affect the Government's ability to rehabilitate the witness's credibility. On the other hand, the admission of such evidence will cause significant prejudice to Defendant, particularly where one of the charges against Defendant is conspiracy with the witness to commit the same crime the Defendant is charged with. See *United States v. Gullo*, 502 F.2d 759, 761 (3d Cir. 1974). [ "The guilty plea to a conspiracy charge carries with it more potential harm to the defendant on trial because the crime by definition requires the participation of another. The jury could not fail to appreciate the significance of this and would realize . . . that 'it takes two to tango.' A plea by a co-conspirator thus presents a

unique situation which may require the courts to scrutinize more closely the purported remedial effect of instructions."]; see also, *United States v. Universal Rehabilitation Servs. (PA),* 205 F.3d 657, 679-80 (3rd. Cir.)(dissenting opinion).

                                                  DEFENDANT PRADO

DATE: September 8, 2023         By his attorney,

                                      /s/John F. Palmer
                                      John F. Palmer
                                      Law Office of John F. Palmer
                                      18 Main Street Extension
                                      Suite 201B
                                      Plymouth, MA 02360
                                      (617-943-2602)
                                      BBO# 387980

## CERTIFICATE OF SERVICE

I, John, F. Palmer, hereby certify that this document filed through the ECF system on September 8, 2023, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to non-registered parties.

                                                /s/John F. Palmer