UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THIAGO DE SOUZA PRADO,<br><br>    Defendant | No. 21-cr-10158-7-MLW |

## GOVERNMENT'S RESPONSE TO COURT ORDER [ECF 1125]

At the final pretrial hearing, counsel for the defendant asked the Court to preclude the government from eliciting testimony from a convicted co-conspirator that he pleaded guilty to a conspiracy with the defendant, Thiago Prado. However, counsel also stated that he intends to cross examine the co-conspirator about his plea agreement as part of an attack on the witness's credibility. The Court then ordered the parties to submit memoranda on whether prejudice to the defendant from the jury hearing the exact charges to which his co-conspirators pled guilty to can be properly cured with a jury instruction. *See* ECF 1125. The government responds as follows.

The Court should allow the government to elicit testimony from Flavio Da Silva that he conspired with the defendant to commit wire fraud, in violation of 18 U.S.C. § 1349, and that he pleaded guilt to that charge, as well as to aggravated identity theft related to the scheme to defraud. *See* ECF 242 (Superseding Information), 243 (Plea Agreement), and 252 (Rule 11 for Da Silva). Any unfair prejudice to the defendant can be mitigated by a jury instruction, which instructs the jury that they are not to consider the fact of Da Silva's guilty plea to prove Prado's guilt. Jurors are presumed to follow instructions, and there is no reason why they would not regarding Da Silva's conviction.

The government expects that Da Silva will testify that he joined with Prado in a conspiracy to defraud rideshare companies using fraudulent driver accounts. The government expects that Da

Silva will testify that he agreed with Prado to perpetrate the fraud and that they acted together to accomplish it. That was the substance of his guilty plea, even if the Superseding Information to which Da Silva pleaded guilty was broader and did not focus on Prado in the manner of the Third Superseding Indictment, which is the charging document for trial. The government does not intend to argue that Da Silva's guilty plea proves that Prado is guilty, but the government will argue that Da Silva's substantive testimony about his conduct with Prado does.

The First Circuit has held that a guilty plea can be admitted "for the limited purpose of assessing the witness's credibility, … or to dampen the effect of an anticipated attack on the witness's credibility[.]" *United States v. Torres-Colón*, 790 F.3d 26, 30 (1st Cir. 2015) (citations omitted); *see also United States v. Richardson*, 421 F.3d 17, 40-41 (1st Cir. 2005) ("government properly sought to introduce evidence of [witness's] guilty plea so that the jury could evaluate her credibility"); *United States v. Galatis*, 849 F.3d 455, 460 (1st Cir. 2017) (reference by government to witness's guilty plea "was an entirely proper use of [witness's] admission of guilt to strengthen [witness's] credibility and to blunt uses of the guilty plea by the defense to attack his credibility." (citing *Torres-Colón*)).

Moreover, the First Circuit has found that a jury can hear evidence of a co-conspirator's guilty plea, "even though it similarly invites an inference of the defendant's guilt, when such evidence is accompanied by appropriate limiting instructions." *United States v. Foley*, 783 F.3d 7, 17 (1st Cir. 2015) (citing *United States v. Dworken*, 855 F.2d 12, 29-30 (1st Cir. 1988) and *United States v. Gaev*, 24 F.3d 473 (3d Cir. 1994)). In *Foley*, a witness testified that he had pleaded to 24 counts of misprison of a felony, and when asked what that meant, the witness answered in detail, directly naming the defendant as a participant in criminal conduct related to the witness's guilty plea. *Foley*, 783 F.3d at 17. The First Circuit found no error, because the trial court instructed the jury that the "guilty plea may only be considered by you in assessing the credibility of the[]

2

witness['s] testimony." *Id.* at 18 (1st Cir. 2015); *but see Galatis*, 849 F.3d at 460 (rejecting claim that *Dworken* and *Foley* created a "per se rule" requiring the district court to give a limiting instruction). The First Circuit is far from alone in finding that admission of the facts of a guilty plea is proper for the purpose of helping the jury assess a witness's credibility. *See United States v. Whitney*, 229 F.3d 1296, 1306 (10th Cir. 2000) (collecting cases).

Here, fairness weighs in favor of allowing the government to blunt the defendant's anticipated attack on Da Silva's credibility. The government cannot meaningfully do this by introducing the mere fact of Da Silva's plea to one or more offenses, but not the actual offenses to which he pled guilty. To preclude the government from using the plea agreement in the manner long accepted by the First Circuit would in the circumstances of this case allow the defendant to suggest that the government was hiding facts from the jury. In short, the defendant would be able to play "gotcha" with Da Silva in a manner that would unfairly undercut his credibility. Accordingly, the Court should allow the government to elicit testimony from Da Silva about the substance of his guilty plea, subject to a limiting instruction.

        Respectfully submitted,

        ZACHARY A. CUNHA
        United States Attorney
        Acting Under Authority
        Conferred by 28 U.S.C. § 515

By:   /s/Kriss Basil
       DAVID M. HOLCOMB
       KRISS BASIL
       Assistant United States Attorneys
       U.S. Attorney's Office
       District of Massachusetts

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                               /s/Kriss Basil
                                               KRISS BASIL
                                               Assistant U.S. Attorney