UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THIAGO DE SOUZA PRADO,<br><br>Defendant | No. 21-cr-10158-7-MLW |

**GOVERNMENT'S MEMORANDUM ON AGENT TESTIMONY**

The United States respectfully submits this memorandum to the Court to address issues that arose today, September 13, 2023, regarding testimony from a Federal Bureau of Investigation ("FBI") Special Agent at trial in the above-captioned matter.

After testimony ended for the day, the government asked for guidance on the presentation of the defendant's and of co-conspirators' statements to the jury. The government's question concerned the reading of such statements in translation from WhatsApp chats between the defendant and Flavio Da Silva and Wemerson Aguiar (Exhibits 92-A, 92-B, and 92-C and 93) and between co-conspirators Aguiar and Luiz Neto (Exhibit 91). At that time, counsel for the defendant expressed surprise about the scope of the agent's testimony.

The United States responds as follows.

**BACKGROUND**

This case was originally set for trial in March 2023. On January 11, 2023, the government filed a trial brief that alerted the defendant to the government's intent to present summaries of voluminous records. *See* Trial Brief at 10 (ECF 641). On January 18, 2023, the Court continued the trial to September 2023, and the Court entered a new trial order on February 23, 2023. *See* ECF 774. Under that trial order, by July 21, 2023, the government had to file a new trial brief, and the parties had to file motions *in limine*, and trial documents. *Id.* at 2. The government filed its

trial brief in advance of the deadline, on July 12, 2023. In the trial brief, the United States again alerted the defendant that the government would seek to admit summaries of voluminous records. *See* Trial Brief (ECF 1060) at 6-7. In addition, the government disclosed anticipated testimony, including FBI agent testimony to present the defendant's statements from WhatsApp chats:

> An FBI agent will testify about the content of the translated communications and show the jury how the communications relate to documents embedded within the communications stream. For example, the WhatsApp chats between the defendant and his co-conspirators include driver's licenses, and the agent can show the jury how the chats worked. The government expects to move into evidence items such as certified copies of driver's licenses and vehicle registrations, during such agent testimony. The FBI agent will also testify about the location of devices linked to fraudulent accounts and to the defendant, based on information from rideshare company business records.

*Id*. at 10. Although the government filed its trial brief nine days in advance of the defendant's deadline for motions *in limine*, the defendant did not move *in limine* regarding either the government's anticipated summary evidence or the law enforcement testimony, including regarding WhatsApp.

Thereafter, the defendant did not object to the government's exhibits that contained the untranslated chats (which reveal transfers of stolen identities), to exhibits containing the translated chats, or to the government's summary exhibits. When the Court required the defendant to confirm that he did not object to the government's exhibits, the defendant confirmed that he had no objections. *See* ECF 1117.

When the government disclosed its witnesses to the defendant on July 27, 2023, two weeks before the Court's deadline of August 11, 2023, the United States named as witnesses both a summary witness and an FBI Special Agent, as described in the government's trial brief. In advance of trial, the government simplified its witness list to present summary testimony through the FBI Special Agent as well as to have the FBI Special Agent testify as stated in the trial brief.

## **DISCUSSION**

The United States respectfully submits that the presentation of summary evidence and testimony regarding the WhatsApp chats and other documents, relied upon in the preparation of the summary exhibits, comprises relevant, permissible, run-of-the-mill, non-expert testimony within the competence of an FBI Special Agent.

First, summaries are permissible under Federal Rule of Evidence 1006. Fed. R. Evid. 1006. The government fully complied with the rule. The government informed the defendant of its intent to use summaries, and it provided the defendant with copies of all underlying records. The defendant has not objected to the summary exhibits. *See* ECF 1117. In *United States v. McElroy*, 587 F.3d 73 (1st Cir. 2009), the First Circuit, after noting limitations on summary testimony, concluded that an IRS agent could testify about tax liability because "his testimony did 'no more than analyze facts already introduced into evidence and spell out the tax consequences that necessarily flow from those facts.'" *United States v. McElroy*, 587 F.3d 73, 82 (1st Cir. 2009) (quoting *United States v. Stierhoff*, 549 F.3d 19, 28 (1st Cir. 2008), and citing *United States v. DeSimone*, 488 F.3d 561, 577 (1st Cir. 2007)). The court also concluded that, based on the same reasoning, an insurance executive could give summary testimony about unpaid insurance premiums. *Id.*; *see also United States v. Appolon*, 695 F.3d 44, 63 (1st Cir. 2012) (allowing testimony by government investigator that "was limited to introducing and explaining the summary charts he prepared.").

In the case against Prado, with respect to its summary exhibits, the government does not propose to have its summary witness , the FBI Special Agent, testify about testimony from other witnesses. Rather, the government would ask the agent to explain how he developed the charts. Part of that explanation, as to one of the summaries, would entail stating that the agent knows what an "IP address" is. The anticipated testimony is equivalent to the defendant's *own* description of

what an IP address is.  In Exhibit 92-A, at line 598, on March 12, 2020, Prado stated as follows, "[I]f ten of your accounts were shutdown, it can only be because of something they have in common, right?  Either the *computer IP* or referral . . . The things those ten-ten accounts have in common, you know."  (Emphasis added.)  The agent's testimony is no more expert than the defendant's admission of the fact of what an IP address is.

Second, with respect to the defendant's statements in WhatsApp chats, the government anticipated presenting based on the agent's personal experience.  Such testimony is admissible under Federal Rule of Evidence 701.  First, it would be based on the witness's perception and helpful to clearly understanding the witness's testimony.  An FBI agent's testimony that he knows what WhatsApp is or that he can identify the speaker in a WhatApp chat is not specialized expert opinion.  It is commonplace.  Indeed, the government anticipates that the agent would testify that he knows what WhatsApp is both from his personal life and from his daily, routine work in federal law enforcement.  WhatsApp is one of the most commonly used messaging apps in the world. Testimony that an agent knows what WhatsApp is would be equivalent to saying that he knows what an iPhone is or what Facebook is.

Moreover, the First Circuit has long recognized that "Rule 701 lets in testimony based on the lay expertise a witness personally acquires through experience, often on the job." *United States v. Belanger*, 890 F.3d 13, 25 (1st Cir. 2018) (cleaned up); *see also United States v. Amador-Huggins*, 799 F.3d 124, 130 (1st Cir. 2015) (finding no abuse of discretion in a district court's ruling that a law-enforcement witness presented only lay testimony in accordance with Rule 701 when the knowledge underpinning his testimony "was 'rationally based on the witness's perception,' acquired in the course of his work as an FBI agent"); *United States v. Habibi*, 783 F.3d 1, 5 (1st Cir. 2015) (concluding it was not an abuse of discretion to permit an agent to offer lay testimony when the testimony was based on the agent's "experience as a federal law enforcement

4

officer"). In 2022, citing the cases listed above, the First Circuit accepted that a drug agent could testify under Rule 701about the practices of drug traffickers because it was based on the agent's "on the job experiences." *United States v. Agramonte-Quezada*, 30 F.4th 1, 20-21 (1st Cir. 2022).

In the case against Prado, the government will not ask the agent to discourse on patterns and practices of criminal conduct. The government seeks only to have the agent explain facts about the unobjected-to exhibits. For example, the agent would testify that he knows who the correspondents are in a chat based on the chat itself and other documents in the case that he has personally reviewed. Such testimony does not repeat earlier introduced evidence or improperly bolster any other witness's testimony. *See also United States v. Norris*, 21 F.4th 188, 199 (1st Cir. 2021) (finding no error in law enforcement testimony under Rule 701, particularly because the defendant was "on notice" by the government's pretrial filings that such testimony was anticipated). The anticipated testimony does not require the agent to testify about a technical understanding of the government's forensic tools or its internal mechanics. Prado has not objected to the admissibility of the chats, and therefore, testimony about the details of forensic extraction is not necessary. Rather, the agent would be testifying based on recognition of what a WhatApp extraction shows. In *United States v. Montijo-Maysonet*, 974 F.3d 34 (1st Cir. 2020), the First Circuit found no error in allowing an agent to "interpret" a phone extraction in this manner.

Accordingly, the government respectfully asks the Court to allow the testifying agent to explain the WhatsApp chats under Rule 701.

6

        Respectfully submitted,

        ZACHARY A. CUNHA
        United States Attorney
        Acting Under Authority
        Conferred by 28 U.S.C. § 515

By:   /s/Kriss Basil
        DAVID M. HOLCOMB
        KRISS BASIL
        Assistant United States Attorneys
        U.S. Attorney's Office
        District of Massachusetts