UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

THIAGO DE SOUZA PRADO,

Defendant

No. 21-cr-10158-7-MLW

**GOVERNMENT'S SUPPLEMENTAL SUBMISSION ON MULTIPLE CONSPIRACIES**

On September 15, 2023, the Court informed the parties that it was inclined to instruct the jury consistent with the holding in *United States v. Balthazard*, 360 F.3d 309 (1st Cir. 2004). The Court asked the parties to provide any additional authority for its consideration in crafting jury instructions on the issue of multiple conspiracies.

The government agrees that *Balthazard* is apt. Specifically, the *Balthazard* court explained that "multiple conspiracy is not a defense unless it creates a reasonable doubt about whether the defendant is guilty of the charged conspiracy" and that the government need not prove that all acts proven at trial were "undertaken in furtherance of the charged conspiracy in order to establish the defendant[']s guilt as long as [the government was] able to demonstrate that the defendant[] w[as] guilty of the charged conspiracy." 360 F.3d at 316; *see also id.* at 315 ("While the government was free to argue that all of the operations were part of the charged conspiracy, it was not required to prove this contention to establish defendants' guilt.").

The government also respectfully asks the Court to consider the following.

In *United States v. Camacho-Santiago*, 851 F.3d 81 (1st Cir. 2017), the First Circuit clarified that the "fact that the conspiracy had several integrated steps does not mean that each step could reasonably be seen as a separate conspiracy, at least where the evidence shows [the defendant] was aware of all the steps." *Id.* at 86 (citing *United States v. Hansen*, 434 F.3d 92, 101

(1st Cir. 2006)).  The First Circuit also noted that a "person need not be involved at every level of a conspiracy to be a participant in it." *Id*. (citation omitted).

In *United States v. Dunbar*, 553 F.3d 48 (1st Cir. 2009), the First Circuit noted that "even if [a defendant] belonged to certain [] conspiracies in which he was the only member in overlap with certain other conspiracies, he would still have engaged in the conspiracy charged in the indictment" and found no prejudicial variance. *Id.* at 61-62.

Finally, the government refers the Court to the First Circuit's comment that a defendant "can hardly be heard to complain when the government's proof at trial establishes 'a scheme similar to but somewhat narrower in breadth and malignity than that charged in the indictment.'" *United States v. Mubayyid*, 658 F.3d 35, 48-49 (1st Cir. 2011) (quoting *United States v. Mueffelman*, 470 F.3d 33, 38 (1st Cir. 2006)).

                                                              Respectfully submitted,

                                                              ZACHARY A. CUNHA
                                                              United States Attorney
                                                              Acting Under Authority
                                                              Conferred by 28 U.S.C. § 515

                                    By:    /s/Kriss Basil
                                                              DAVID M. HOLCOMB
                                                              KRISS BASIL
                                                              Assistant United States Attorneys
                                                              U.S. Attorney's Office
                                                              District of Massachusetts

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                     /s/Kriss Basil
                                                     KRISS BASIL
                                                     Assistant U.S. Attorney