UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THIAGO DE SOUZA PRADO,<br><br>Defendant | No. 21-cr-10158-7-MLW |

### GOVERNMENT'S MOTION FOR AN ADDITIONAL JURY INSTRUCTION ON COUNT 7, AGGRAVATED IDENTITY THEFT

The United States respectfully requests that the Court instruct the jury on Count 7 of the Third Superseding Indictment, which charges aggravated identity theft, involving victim Bradley Teeman, in violation of 18 U.S.C. § 1028A, as to an uncharged wire fraud offense, in violation of 18 U.S.C. § 1343.

### LEGAL AUTHORITY

The government does not have to charge a predicate offense to convict a defendant of aggravated identity theft. In *United States v. Stepanian*, 570 F.3d 51 (1st Cir. 2009), the First Circuit accepted the principle that aggravated identity theft can be proven as to an uncharged predicate offense. The Court explained that a requirement that the government separately charge a predicate offense has "no support" in the statutory language in 18 U.S.C. § 1028A. 570 F.3d at 60 n.15. Similarly, in *United States v. López-Díaz*, 794 F.3d 106 (1st Cir. 2015), the First Circuit held that to convict a defendant of violating 18 U.S.C. § 1028A, the government did not have to charge the defendant with the predicate offense. *See* 794 F.3d at 115 (holding that government did not have to charge defendant separately with predicate health care fraud offenses). The court explained that the predicate offense is an element of the crime and that the statute requires proof beyond a reasonable doubt of a *violation*, "not a felony conviction." *Id*.

Court in other circuits are in accord. *See United States v. Harrison*, 843 F. App'x 524, 525 (4th Cir. 2021); *United States v. Jenkins-Watts*, 574 F.3d 950, 970 (8th Cir. 2009) ("Suffice it to say that the government's decision to charge Jenkins with four counts of aggravated identity theft, and not an additional four counts of access device fraud, did not render the indictment fatally insufficient so as to fail to charge the offense of conviction[.]" (citations omitted)); *see also, e.g.*, *United States v. Sedlak*, No. 1:CR-09-079-01, 2015 U.S. Dist. LEXIS 28929, at *26 (M.D. Pa. Mar. 10, 2015) ("[T]he government did not have to charge Defendant with a predicate offense to charge him with a violation of section 1028A(a)(1)." (citation omitted)); *United States v. Khalili*, No. 2:19-CR-242 JCM (EJY), 2021 U.S. Dist. LEXIS 210298, at *8 (D. Nev. Nov. 1, 2021) ("[The statute] does not say, for instance, 'a felony which the defendant is convicted of,' nor 'any conviction under this subsection.' The language relays only that if the government proves conduct which would violate one of the predicate crimes in subsection (c), it has proven a violation of § 1028A.").[1]

**<u>REQUESTED INSTRUCTION</u>**

Consistent with the case law cited above, and the statutory language of 18 U.S.C. § 1028A, the Court should instruct the jury on Count 7 using a modified version of its instruction on Counts 5 and 6.[2] Specifically, the government must prove the following:

---

[1] 18 U.S.C. § 1028A is thus equivalent to 18 U.S.C. § 924(c), which contains comparable "during and in relation to" language. *See, e.g., United States v. Mendoza*, 25 F.4th 730, 741 (9th Cir. 2022) ("Of course, the government need not 'separately charge[] . . . and convict[]' a defendant charged under § 924(c) 'of the underlying offense[.]'" (citation omitted)); *United States v. Carter*, 300 F.3d 415, 425 (4th Cir. 2002) ("[Section] 924(c) convictions do not require a conviction on the predicate drug trafficking offense."); *United States v. Nelson*, 27 F.3d 199, 200 (6th Cir. 1994) ("[W]hile it is necessary for the government to present proof of the underlying crime to convict under § 924(c), a defendant need not be convicted or even charged with the underlying crime to be convicted under § 924(c)." (collecting cases)).

[2] The government has attempted to conform its suggested instruction to the aggravated identity theft instruction that the Court orally previewed for the parties in Court this morning, September 18, 2023.

2

First, the defendant knowingly transferred, possessed, or used a means of identification of another person, without lawful authority. Count 7 alleges the use of a Social Security Number. I have instructed you as a matter of law that a Social Security Number is a means of identification.

Second, the defendant transferred, possessed, or used the means of identification during and in relation to the crime of wire fraud. For this count, the government must prove, beyond a reasonable doubt, as to the defendant's transfer, possession, or use of Mr. Teeman's social security number, that the crime of wire fraud occurred. I have instructed you on the elements of wire fraud, and to convict the defendant of aggravated identity theft for Court 7, the government must prove, beyond a reasonable doubt, all of the elements of wire fraud involving Mr. Teeman's identity. In short, to convict the defendant on Court 7, you must be convinced beyond a reasonable doubt that Mr. Teeman's stolen identity was central to the crime of wire fraud.

Third, the means of identification actually belonged to another person.

Fourth, that the defendant knew that the means of identification belonged to another person.

### FACTUAL BASIS FOR THE INSTRUCTION

The jury received evidence proving these elements beyond a reasonable doubt. First, the jury heard from Mr. Teeman, who testified that he did not work for Uber and that his social security number as it appears in Exhibit 111 is correct. Second, the jury saw the chats in which Wemerson Dutra Aguiar requested Mr. Teeman's social security number (Exhibit 92-C at lines 37-40) and in which the defendant provided the social security number (Exhibit 92-C at line 59). Thereafter, the jury saw the chats in which the defendant and Aguiar discussed the creation of a fraudulent Uber

3

account using Mr. Teeman's identity and in which Aguiar showed the defendant that he had, in fact, created such a fraudulent account. *See* Exhibit 92-A at line 1212. The jury also received the Uber record of Mr. Teeman's fake account, with Aguiar's face on a fake license, Aguiar's face on the "selfie," and Aguiar's name on the vehicle registration. *See* Exhibit 36. The jury could reasonably infer that Aguiar created the account to obtain money under false and fraudulent pretenses, and the jury had evidence beyond a reasonable doubt that the defendant knew Aguiar had done so. The jury received Uber records showing that the fake account was created on May 4, 2020. *See* Exhibit 24. Finally, the jury heard testimony that Uber accounts were created by uploading information through the Uber application to Uber servers that were in Virginia and Arizona and not in Massachusetts.

It is permissible for the jury to understand Prado's and Aguiar's actions in the context of the overall scheme to defraud Uber through the use of fraudulent driver accounts and that Prado and Aguiar knew that the social security number was for a real person, based on the evidence that the co-conspirators got accounts approved only if the means of identification they obtained was genuine and corresponded to records accessed by the Department of Public Utilities and by Uber.

## CONCLUSION

Accordingly, because the government can prove aggravated identity theft without separately charging the predicate offense; because the Court's existing instruction for Counts 5 and 6 can be adapted, as proposed above, to instruct the jury correctly; and because the government presented evidence to the jury supporting all of the elements of the charge, the Court should give the jury an instruction to allow for consideration of Count 7.

        Respectfully submitted,

        ZACHARY A. CUNHA
        United States Attorney
        Acting Under Authority
        Conferred by 28 U.S.C. § 515

By:   /s/Kriss Basil
       DAVID M. HOLCOMB
       KRISS BASIL
       Assistant United States Attorneys
       U.S. Attorney's Office
       District of Massachusetts

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

        /s/Kriss Basil
        Kriss Basil
        Assistant United States Attorney