UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| -VS- ) | Case No. 1:21-CR-10158-MLW |
| ) | |
| THIAGO DE SOUZA PRADO ) | |

## DECLARATION OF THIAGO DE SOUZA PRADO

I, Thiago De Souza Prado, declare the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the defendant in the above referenced federal criminal matter, I am mentally competent to state the matters stated herein, and the matters stated herein are based on my first-hand knowledge and recollection of relevant events.

2. I was brought into this case via the Second Superseding Indictment ("SSI"), and I filed a *pro se* motion seeking a bill of particulars, and a motion to dismiss count 7 (the only substantive count I was charged in) of the SSI for lack of notice, because it did not state the name of the alleged victim. Those are reflected in the docket of this case as Doc. 270 and Doc. 296.[1]

3. In the government's opposition (Doc. 286) it stated that the SSI identified the specific victim by pseudonym ("Victim 9"), consistent with the victim's privacy rights, and by driver's license number (ending in 7244). The government also noted that in the automatic discovery it provided, it identifies this victim by name for me.

---

[1] Cites preceded by "Doc." are to the entries in the docket of D. Mass Case No. 1:21-CR-10158-MLW.

4.  The Court agreed with the government and found my motions without merit and denied them both. (Doc. 296).

5.  On June 27, 2023 the government filed its Third Superseding Indictment ("TSI") charging me in seven counts. There was one count of conspiracy (Count 1) to commit wire fraud against Companies A, B, and C, three substantive counts (Counts 2, 3, and 4) of wire fraud against Company A using the identification of the Victims 1, 2, and 3, and also three substantive counts (Counts 5, 6, and 7) of aggravated identity theft as to Victims 2, 3, and 4.

6.  But the TSI did not identify the victims by name, initials, or any other identifier such as the last four digits of the victims' driver's licenses (like the SSI did). I had absolutely no information from the indictment to get an understanding as to the identities of any alleged victims so as to give me the minimum notice necessary to conduct the investigation necessary to aid my lawyer in preparing a meaningful defense.

7.  The automatic discovery previously provided by the government was useless in my effort to identify the alleged victims because there was nothing in the indictment, such as a partial driver's license number or partial social security number or anything else I could have used to identify any victims in issue in the TSI.

8.  From the moment I was provided with the TSI and could not get any understanding as to who the alleged victims were, I began asking my attorney, Mr. Palmer, for discovery or any other information to help me identify the alleged victims. From the time I was provided with the TSI in late July of 2023, I only had access to the electronic discovery provided to me through the "Evidence Coordinator" at the Donald Wyatt Detention Facility ("Wyatt") for no more than 6 hours

prior the start of my trial on September 11, 2023.

9. Although the Court ordered that I was to be provided access to discovery for 1 hour per day during trial days when I got back to Wyatt from court, and from 9 a.m. to 3 p.m. on non-trial days, as the Court was made aware more than once after trial started, I was not provided with any access at all on the non-trial days and I only got the 1 hour per day on the days of trial when I got back to Wyatt from court.

10. The discovery provided to me is very voluminous and had names of over 100 people (that I was able to see so far but it could be more) that were potentially victims in the case but I had no information in the indictment to point me in any direction as to who within the names provided in discovery were the victims in the charges against me.

11. During the entire trial there was no notice of the victims' identity as the government used the generic terms "Company A" and "Victim 1", "Victim 2", "Victim 3", and "Victim 4". After the government rested its case on September 15, 2023, the Court advised the government to add the names of the companies' in issue in the case to the indictment, which the government apparently did and also added the names of the victims and provided the same to my attorney later that day when I was already back at Wyatt, according to what my attorney later told me.

12. I did not learn the names of the victims involved in the charges I was tried on until the morning of September 18, 2023 when I was shown the newly amended TSI after I asked my attorney if the government added the information to the indictment the Court told it to add.

13. I brought the lack of notice of the victims to the Court's attention and the Court made me swear under oath I was telling the truth, which I did and I explained everything to the Court relating to the lack of notice in the indictment. Although I framed the issue as a constructive amendment of the indictment, I did clearly state the lack of notice aspect of the issue. Mr. Palmer did not raise any objection regarding the lack of notice in the indictment and/or the lack of notice to me in some other way, and he also never discussed the lack of notice issue with me before September 18, 2023, *i.e.*, after the lack of notice already ran its course through trial.

14. After I explained the situation, the Court asked the prosecutor (Kris Basil) if he provided me with any information as to the victims' identities, and he said because I was represented by counsel he told my lawyer on a phone call at some point after Mr. Palmer came back from vacation, what the victims' names were.

15. Mr. Palmer confirmed what the prosecutor said about getting the names of the victims in a phone call, and in the dialogue that followed between the Court and Mr. Palmer, Mr. Palmer did not provide any affirmative indication that he provided me with the names of the victims at any point prior to or during trial, and I again state here that he did not provide me with those names at any point prior to September 18, 2023.

16. During the discussion I also told the court that I did raise the lack of notice issue in a *pro se* motion in the context of the SSI that the Court denied several months prior. (Doc. 296).

17. On September 19, 2023 after the jury found me guilty on all counts, the Court recognized that I did raise the issue of lack of notice issue in a motion to dismiss the aggravated identity theft charge in the

SSI (Count 7), (Doc. 270), and the Court then decided to allow me to file a Rule 29 motion regarding the lack of notice in the TSI.

END OF DECLARATION

Executed this 27 day of September, 2023, at the Donald Wyatt Detention Facility, Central Falls, RI.

By: _____ 9/27/23
Thiago De Souza Prado
Fed. No. 44659-509
Donald Wyatt Detention Facility
950 High Street
Central Falls, RI 02863