UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THIAGO DE SOUZA PRADO,<br><br>Defendant | No. 21-cr-10158-7-MLW |

### AFFIDAVIT OF ASSISTANT U.S. ATTORNEY KRISS BASIL

I, Kriss Basil, state under penalty of perjury that the following is true and correct:

1. I am an Assistant United States Attorney in the District of Massachusetts.

2. On or about June 6, 2023, counsel for the defendant requested a call with the government. Thereafter, on June 6 and on June 8, 2023, I spoke with counsel about the expected length of the trial, possible motions the defendant intended to file, and the government's intention to seek a superseding indictment to add substantive wire fraud counts and aggravated identity theft counts. I told counsel that one of the wire fraud counts would pertain to Christina Caruso, the victim of the then-existing aggravated identity theft count. Counsel asked me not to seek the indictment until after June 25, 2023, because he would be out of the country on vacation. I agreed, as a matter of professional courtesy, to ensure counsel's availability for an arraignment.

3. On June 27, 2023, the grand jury returned the Third Superseding Indictment (Dkt. 1038), which included three counts of wire fraud and three counts of aggravated identity theft. The wire fraud counts anonymized the pertinent victims as Victim 1, Victim 2, and Victim 3. The aggravated identity theft counts anonymized the pertinent victims as Victim 2, Victim 3, and Victim 4, thus providing notice that the victim of Count 7 did not correspond to a victim identified with a wire fraud count.

4. Thereafter, on a date I cannot specify before July 7, 2023, but which I believe to be June 30, 2023, based on U.S. Attorney's Office phone records, counsel for the defendant and I spoke about a possible resolution of the matter through a plea agreement, as required by the Court's pre-trial order. Part of our conversation concerned the changed structure of the case, given the addition of substantive wire fraud counts. In the course of that conversation, I told counsel who the victims of the counts were. On July 7, 2023, counsel informed me that his client would not agree to a pre-trial resolution.

5. On July 27, 2023, before the deadline of August 11, 2023 set by the Court, the government provided counsel with a complete witness list. The list included, among other witnesses, Christina Caruso, Christopher Rodday, Kevin Sweeney, and Bradley Teeman. The witness list identified only Uber and Lyft witnesses for the rideshare companies.

6. On July 28, 2023, counsel asked to speak with the government about the witness

list, and on August 1, 2023, Assistant U.S. Attorney David Holcomb and I called counsel. During the call, we discussed the witnesses on the government's list. Counsel specifically asked what the government expected each witness to say. At that time, in running through each witness on the list, the government identified Christina Caruso, Christopher Rodday, Kevin Sweeney, and Bradley Teeman as the victims in the indictment. The issue of the victims came up in the conversation specifically in the context of whether the defendant intended to get money from the riders or from Uber and Lyft, in the charged counts.

7. On August 2, 2023, the defendant was arraigned on the Third Superseding Indictment (*see* Dkt. 1080).

8. On August 10, 2023, the government provided the defendant with an updated witness list that also identified Christina Caruso, Christopher Rodday, Kevin Sweeney, and Bradley Teeman as witnesses.

9. On August 14, 2023, defense counsel asked to have a call to discuss the government's exhibits and the revised witness list.

10. On August 15, 2023, Assistant U.S. Attorney David Holcomb and I called counsel to discuss the witnesses and the exhibits. During the call, we again identified who the witnesses were. During the call, we discussed Kevin Sweeney and the possibility that we would call a relative to testify in his place as to Counts 4 and 6, given his physical condition.

11. On August 29, 2023, the government produced another updated witness list to counsel for the defendant, noting specifically the substitution of witness Lauren White for Kevin Sweeney.

12. On September 6, 2023, I submitted a sealed witness list that included the names of Christina Caruso, Christopher Rodday, Bradley Teeman, and Lauren White to the Courtroom Deputy Clerk via email, with a copy to counsel for the defendant.

13. On September 15, 2023, Assistant U.S. Attorney David Holcomb emailed to counsel for the defendant and to the Courtroom Deputy Clerk a version of the Third Superseding Indictment showing the names of alleged victims, pursuant to the Court's instructions.

14. On September 18, 2023, in Court, the defendant asserted for the first time that he did not know until that day the identities of the victims in the charged counts in the Third Superseding Indictment. I informed the Court that I had disclosed the identities of the victims to defense counsel both before and after the Third Superseding Indictment. Defense counsel confirmed my representation to the Court, stating in substance that he knew who the victims were because he had spoken with the prosecution. The Court noted that there was no dispute between the parties on the issue.

*/s/ Kriss Basil*_____   October 16, 2023
KRISS BASIL
Assistant U.S. Attorney