UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | 2023 OCT 27 AM 11: 36 |
| ) | Case No. 1:21-CR-10158-MLW |
| -VS- ) | |
| ) | |
| THIAGO DE SOUZA PRADO ) | October 23, 2023 |

## DEFENDANT THIAGO DE SOUZA PRADO'S REPLY TO THE GOVERNMENT'S OPPOSITION TO PRADO'S MOTION SEEKING JUDGMENT OF ACQUITTAL PER FED. R. CRIM. P. 29(a)

Thiago Prado, Defendant *pro se*, respectfully submits this reply to the government's opposition, (Doc. 1177), to Prado's Court authorized motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(a). (Doc. 1163). For the reasons set forth in Prado's initial filing, there is ample basis for this Court to add this case to the very few that this Court has ever granted post-trial relief to, and as discussed further herein, the government has not offered a legitimate basis to undermine that proposition.

### A. REPLY ARGUMENT

1. **Prado's motion is properly before the Court as it specifically granted Prado an opportunity to have the notice issue heard on the merits, even if it is characterized as an untimely Rule 12(b) motion**

The government devotes a substantial part of its filing to arguing that the Court should find that the lack of notice issue as to the TSI is untimely and that there is no good cause to entertain the argument. (Doc. 1157, at 10-12). The two problems with that argument are...

**First**, the Court's unobjected to granting Prado leave to have an opportunity to argue what the Court noted on the record was in fact a late motion to dismiss, (Doc. 1151 (order expressly granting Prado leave to file motion addressing lack of notice issue)); Doc. 1177, at 7-8 (quoting relevant part of the record)), was either a

1

finding that there was good cause, or at least an implied finding of such as the Court did specifically grant leave, (Doc. 1151), making it appropriate for the Court to exercise its unquestionable discretion to hear the motion on the merits, which discretion is recognized by the government in its filing. (Doc. 1177, at 9 (citing *United States v. Santana-Dones*, 920 F.3d 70, 81 (1st Cir. 2019)(noting it is in a District Court's discretion whether to grant leave to permit an untimely Rule 12(b) motion)). Indeed, the government has properly noted this Court's own awareness and exercise of its power to adjust application of the rules, Rule 29 in particular, when and where appropriate. (Doc. 1117, at 9 n. 5 (citing this Court's decision in *United States v. Sampson*, 335 F.Supp.2d 166 (D.Mass. 2004)(Wolf, J.)).

**Second**, even if the above were not true, the government's same counsel who have now submitted affidavits and argument raising a procedural argument opposing the relief Prado seeks on grounds of a technical violation of Rule 12(b) that it acknowledges the Court has the power to excuse (and from Prado's perspective already did excuse when it, without objection, granted Prado leave to pursue the issue, (Doc. 1151)), were present and alert when this Court granted Prado leave to submit a *pro se* filing on the notice issue. Those competent and experienced government attorneys, are presumed to have known of this Court's power to grant leave for Prado to seek relief under Rule 12(b) (if that is what the present motion needs to be converted to) or per an adjusted application of Rule 29 on September 19th when the Court said it was granting Prado leave for an opportunity to pursue the present relief he now seeks, and they are presumed to have known the significance of the Court granting Prado leave to pursue the issue he now pursues. Yet they stood mute and raised no objection to the Court granting Prado leave. To the extent that the government seeks to muddy things by breaking from proper decorum and criticizing Prado as pursuing this lack of notice issue as "a last-ditch effort after two years of unsuccessful *pro se* attempts to dodge the charges in this case[,]" (Doc. 1177, at 11), the actual truth is that the government is trying to evade the

consequences of its fatally defective indictment by raising a meritless procedural argument it arguably waived by not voicing any objection or concern when it had ample opportunity to. After the Court specifically noted it might have said a motion raising a fatal defect based on lack of notice in the indictment at this juncture was too late, followed by its further statement that it was "not saying that[,]" and then followed that statement by specifically noting that the Court told Prado he "could personally file a motion as if it were on the Rule 29 schedules[,]" (Doc. 1177, at 8 (quoting the record from September 19th)); the government could and should have objected if it had any legitimate procedural concern, yet it did not. Simply put, there was no basis for the government to urge the Court to change its mind on allowing Prado to have a motion heard on the merits attacking lack of notice in the indictment on September 19th when this Court granted Prado the opportunity now being exercised, and with all due respect, there is no valid basis for the Court to entertain the government's new argument in that regard apparently raised as an after-thought in its recent filing.

### 2. Whichever standard the Court decides to apply, the outcome Prado argues for is unaffected

Prado argues in his initial filing that this Court acted within its authority by inviting Prado to file a *pro* se Rule 29 motion to argue the fatally defective nature of the indictment based on the lack of notice, and that the modified approach this Court is aware it can take to bring an issue within the purview of Rule 29 to enable justice to be served, is appropriate to apply here. (Doc. 1163, at 4-5 (citing *Carlisle v. United States*, 517 U.S. 416, 425-26, 134 L. Ed. 2d 613, 116 S. Ct. 1460 (1996) (noting that federal courts may, within limits, formulate procedural rules not specifically required by the Constitution or the Congress, but holding that such inherent authority did not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure), and this Court's decision in *Sampson, supra*)).

3

Nevertheless, regardless of whether the Court utilizes Rule 29 per the modified approach along the lines that it fashioned in *Sampson*, or decides to apply the Rule 12(b) standard urged by the government, (Doc. 1177, at 8-9), that does not change the outcome as under either standard the remedy is dismissal of the indictment. (Doc. 1163, at 8-9 (discussing *United States v. Murphy*, 762 F.2d 1151, at 1154-55 (1st. Cir. 1985), where the First Circuit reversed a conviction and remanded with instructions to dismiss an indictment based on the defective indictment in issue there even when raised for the first time on appeal under the plain error standard)).

3. **The government cannot evade the consequences of its lapse in not providing Prado personally with proper notice in the TSI by relying on its position that it informed Prado's counsel of the information missing from the TSI**

The government tries to evade the consequences of its own lapse as to notice by pointing fingers at Prado's counsel and claiming that government counsel identifying facts that were missing from the indictment to Prado's counsel in a phone call vindicates the lapse in not including that information in the place where it belonged, *i.e.*, the indictment. (Doc. 1177, at 4-5, 6, 12, and 13 (discussing affidavits attached to the government's opposition submitted by AUSAs Kriss Basil and David Holcomb where government counsel notes occasions when the government provided information as to the notice missing from the indictment to Prado's counsel and arguing that such insulates the government from Prado's present issue on the lack of notice in the indictment)).

The government neglects the fact that Prado has submitted facts in his declaration submitted with his Rule 29 motion, declaring that he was not informed by his attorney, or the discovery he had limited access to per the failure of the government to ensure that staff at Wyatt Detention Facility adhered to this Court's order requiring specific access to discovery for Prado leading into trial and during

trial, as to the information missing from the indictment relating to notice. (Doc. 1163, at 2-3).[1]

More relevant and to the point though, the government has not submitted an affidavit from Prado's counsel that claims he provided the information to Prado regarding the notice missing from the indictment that the government claims it provided to Prado's counsel, which information Prado specifically told the Court on the record he never received prior to trial. (Doc. 1177, at 11 (citing and quoting 9/18/23 Tr. At 10:11-20 "Until today, I had no idea who was the victims on the identity theft charge...")). Even more importantly, all who were present in Court on September 18th (including the two AUSAs who submitted affidavits with the government's opposition) who heard what is quoted above concerning the lack of notice to Prado, were reminded of the same in Prado's declaration where Prado also reminded all present in Court on September 18th that upon this Court questioning Prado's counsel on the matter, defense counsel "did not provide any affirmative indication that he provided [Prado] with the names of the victims at any point prior to or during trial," (Prado Decl., at ¶ 15), which the government avoids mentioning despite the repeated references in its filing that it notified defense counsel of the victims names. (Doc. 1177, at 4-5, 6, 12, and 13).

Nevertheless, the Court can resolve the matter without the need to have government counsel break the rules by serving as advocates and witnesses in this matter (even though its arguable they may already have done so), or by having to assess whether Prado's counsel rendered ineffective assistance by not providing the information as to the notice missing from the indictment to Prado after the government provided it to him,[2] because the legal standard does not require that

---

[1] The lapse in Wyatt staff's failure to provide the discovery review time ordered by this Court, and which Prado desparately needed prior to the strart of trial, must be charged to the government and Prado submits such should be counted as a factor against it at this juncture as the govermnment is responsible for Prado's custody and it should have ensured that this Court's order was adhered to by Wyatt staff as Wyatt is a privately owned entity in business for profit and its staff will do whatever the government tells them to do.

[2] To be clear, Prado is not waiving any claim of ineffective assistance as to this issue or any other issues in the case.

5

notice be given at some point in the case when the government feels like disclosing information regarding notice to a defendant's attorney. The standard requires notice to the defendant directly, via the indictment itself. (Doc. 1163, at 5-6 (setting forth standard regarding notice in indictments, and as to each count individually, and related due process aspect that confines the government to trying defendants solely on the precise charges and basis for them (in this case, particular victims), the grand jury voted in favor of).

4. **The government cannot evade the consequences of its lapse in not providing Prado personally with proper notice in the TSI by relying on its position that it provided the information in discovery as it did not ensure Wyatt staff complied with this Court's order on discovery access**

To the extent that the government argues that Prado should have been able to figure out who the victims were from the discovery it provided, it has broken a cardinal rule of brief writing by submitting inconsistent positions between what it says in the body of its argument on pages 12-16 and its position in footnote 9 on pages 13-14.

Specifically, while arguing that Prado had the relevant information missing from the indictment in the discovery provided by the government, it contradicts that argument when the government states in footnote 9 that its "irrelevant" that Wyatt staff disregarded this Court's order regarding pre-trial discovery access and that there was no need for Prado to have meaningful discovery access because "Prado did not reperesent himself at the trial." *Id.*

The government cannot have it both ways. It cannot refuse to ensure this Court's order as to discovery access was complied with and then argue that the non-compliance is irrelevant while at the same time arguing that it should be innoculated from the consequences of its lapse as to notice in the indictment because it provided the relevant information in the discovery it did not ensure Prado was able to see, despite a Court order requiring the same. That, and the government's position that during trial the victims were identified, (Doc. 1177, at 14 n. 10), is again all irrelevant

6

to the ultimate question which is: Did the indictment in this case give Prado directly the *pre-trial notice* he was entitled to as to the identities of the victims? For the reasons amply stated in Prado's initial filing, (Doc. 1163, at 5-9), without any plausible challenge in the government's opposition claiming that notice was sufficient, (Doc. 1177, at 12-16), which implausible challenge is not based on any legal authority that undermines the First Circuit authority upon which Prado relies, the fair and obvious answer on that question is: No!

**5. The government has not contested the structural nature of the error here**

Prado unequivocally advanced an argument that the lack of notice here is in fact structural in nature and that the relief should be a *per se* setting aside of the jury's verdict and dismissal of the indictment. (Doc. 1163, at 9-10).

The government has not contested that argument and instead argues in opposition to a matter Prado aired in Court on September 18th, that is not part of Prado's instant filing. (Compare, Doc. 1163, at 5-10; with, Doc. 1177, at 16-18).

Whether that is some form of an attempt at sleight of hand by the government to distract this Court from the question actually posed by Prado as to structural error, or a misunderstanding by the government as to what Prado has tried to clearly argue, this Court should assess the structural error argument from Prado's perspective as the government had a fair opportunity to raise a proper argument and its lack of a challenge to the argument should be seen as the government not having a valid basis to mount a plausible challenge regarding the structural nature of the error in this case, as Prado has properly laid out the authority that supports his position. (Doc. 1163, at 9-10)

## B. CONCLUSION

This Court said after the verdict was returned in this case that it was going to give Prado leave to have one more try to show why this case should be dismissed as to Prado. Prado respectfully submits he has made good use of that opportunity and that he has amply shown why, at this point, he is entitled to relief in the form of the

Court setting aside the jury's verdict, dismissing the TSI, and ordering the release of Prado.

Respectfully submitted,

_____
Thiago De Souza Prado
Fed. No. 44659-509
Donald Wyatt Detention Facility
950 High Street,
Central Falls, RI 02863

## Certificate of Service

I, Thiago Prado, place the said above Motion in the Mail Box under the Mail Box rule here at the Donald Wyatt Detention Facility to be mailed to the following:

United States District Court
For The District of Massachusetts
The Office of the Clerk
1 Courthouse Way
Boston MA 02210

_____
By the defendant
Thiago De Souza Prado
950 High Street
Central Falls, RI 02863

8